Lawrence George Hash  C.D.C # P-00376
Correctional Training Facility /North
P.O.Box 705 /Cell # RB-235L
Soledad, Calif 93960-0705

# ORIGINAL

FILED

AUG 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF CALIFORNIA

Lawrence George Hash,
    Plaintiff,

E-filing CASE NO: CV 08 3729

MC

V.

Matthew Cate, Secretary of
California Department of
Corrections and Rehabilitation
et, al
    Defendants.

(PR)

## SEPARATELY BOUND

# EXHIBITS

FOR COMPLAINT FOR
DECLARATORY AND PRELIMINARY INJUNCTIVE
RELIEF; AND FOR DAMAGES

# TABLE OF CONTENTS

**EXHIBITS**                                                              **PAGE**

A.  PROGRAM STATUS REPORT/RIOT  9-24-2002.                                20.

B.  DECLARATION OF JOHN BENGAR.                                           24,64

C.  HASH'S DISCIPLINARY REPORT OF 7-17-2004.                              25,37
                                                                          60,6

D.  LVN SERRATO'S MEDICAL REPORT OF INJURIES FOR 7-17-2004.               25,37
                                                                          61,

E.  HEALTH CARE SERVICES REQUEST OF 7-20-2004 AND 7-25-2004.              26
    ALSO LOW BUNK LOWER TIER CHRONO FOR 7-29-2004.

F.  RULE VIOLATION REPORT BY OFFICER J. BURKE ON 7-24-2004.               28,73

G.  RULE VIOLATION REPORT OF 9-27-2004 BY SGT. WASHINGTON AND             29,34
    OFFICER J. HICKS.                                                     73,77

H.  HASH'S 602 APPEAL OF 9-30-2004.                                       30,66
                                                                          77

I.  RULE VIOLATION REPORT OF 10-10-2004 BY OFFICER D. PEREZ.              31,74

J.  ICC 128G COMMITTEE CHRONO FOR 11-04-2004.                             32,8

K.  LETTER DATED 5-4-2005 FROM U.S. SUPREME COURT.                        32,78

L.  RULE VIOLATION REPORT OF 4-19-2005 BY OFFICER T. MAYS.                34,74

M.  DISMISSAL OF BATTERY CHARGE FROM MONTEREY SUPERIOR COURT.             36

1.

CONTINUATION OF
## TABLE OF CONTENTS

EXHIBITS:

N.  FIVE MEDICAL CHRONOS FOR SERIOUS MEDICAL NEEDS.    37

O.  HASH'S 602 APPEAL DATED 6-17-2005.    37

P.  114-D AD/SEG lock UP ORDER OF 6-27-2005.    38, 83

Q.  NOTICE OF (MCS) MANAGEMENT CELL STATUS  7-10-2005.    39, 67
75, 78
83

R.  MEDICAL CHRONO FOR SERIOUS MEDICAL NEEDS 7-19-2005.    39

S.  ICC 128G COMMITTEE CHRONO OF 7-21-2005.    40, 42
75, 84

T.  PROGRAM STATUS REPORT OF 7-20-05 (OFFICERS STABBED).    41

U.  HASH'S 602 APPEAL DATED 7-22-2005.    42, 8

V.  HASH'S INCIDENT REPORT OF 7-26-2005.    43, 75

W.  HASH'S SURGERY REPORT OF 7-26-2005.    44, 75

X.  HASH'S CONSENT TO OPERATE AGREEMENT 7-31-2005.    44, 68
75

Y.  HASH'S PRE-OPERATION PROCEDURE CHECKlist 8-1-2005.    44, 68
75

Z.  HASH'S WRIST SURGERY REPORT 8-01-2005.    45, 7

CONTINUATION OF
## TABLE OF CONTENTS

EXHIBITS:

I-A.   AD/SEG 114-D lockup ORDER OF 8-02-2005.    46,68 85

I-B.   I.C.C 128G Committee CHRONO OF 8-11-2005.    46,86

I-C.   MEDICAL CHRONO FOR SERIOUS MEDICAL NEEDS/HASH's 602 APPEAL 8-17-05    47,69 86,8 88,8

I-D.   HOSPITAL DISCHARGE SUMMARY 8-02-2005.    48,88

I-E.   HASH's 602 APPEAL DATED 8-29-2005.    49

I-F.   DR. LADD's CONSULTATION REPORT ON HASH's WRIST 10-3-2005.    50,66

I-G.   I.C.C 128G Committee CHRONO 10-13-2005.    51

I-H.   HASH's MULTIBLE 602 APPEALS FOR PUBLIC RECORDS.    51

I-I.   AD/SEG 114-D lock up ORDER OF 11-18-2005.    51

I-J.   HASH's (CCCMS) MENTAL HEALTH PLACEMENT.    53,6

I-K.   HASH's 602 APPEAL DATED 10-13-2006.    53,70

I-L.   HASH's 602 APPEAL DATED 4-5-2007.    54,70

I-M.   HASH's 602 APPEAL DATED 8-12-2007.    55,70

3.

CONTINUATION OF
TABLE OF CONTENTS

1-N.  HASH's 4-7-2008 MRI REPORT.                                    55

1-O.  HASH's STANFORD HOSPITAL EYE REPORTS.                          55, 76

1-P.  PUBLIC RECORDS REQUEST TO S.V.S.P WARDEN's OFFICE              56
      DATED JUNE 29. 2008.

1-Q.  NOTICE OF HASH's AUGUST 2008 CLASSIFICATION                    59
      HEARING IN WHICH HASH's SINGLE CELL STATUS
      WILL EITHER REMAIN IN-TACT OR BE REMOVED.

# EXHIBIT

# A

PART B – PLAN OF OPERATION / STAFF & INMATE NOTIFICATION

| INSTITUTION | EFFECTIVE DATE OF PLAN | PRECIPITATING INCIDENT LOG NUMBER |
|---|---|---|
| SALINAS VALLEY STATE PRISON | June 11, 2002 | SVP-FBY-02-05-0279 |

| ☐ NORMAL PROGRAM | ☐ MODIFIED PROGRAM | ☒ LOCKDOWN | ☒ STATE OF EMERGENCY |
|---|---|---|---|

| ☒ INITIAL | ☐ UPDATE | ☐ CLOSURE |
|---|---|---|

## RELATED INFORMATION (CHECK ALL THAT APPLY)

| AREA AFFECTED | INMATES AFFECTED | REASON |
|---|---|---|
| ☐ INSTITUTION | ☒ ALL | ☐ BATTERY |
| ☒ FACILITY: **FACILITY 'B'** | ☐ BLACK | ☐ DEATH |
| ☐ HOUSING UNIT: _____ | ☐ WHITE | ☒ RIOT / DISTURBANCE |
| ☐ VOCATION: _____ | ☐ HISPANICS | ☐ GROUPING |
| ☐ EDUCATION: _____ | ☐ OTHER: | ☐ OTHER: |

| MOVEMENT | WORKERS | DAYROOM |
|---|---|---|
| ☐ NORMAL | ☐ CRITICAL WORKERS ONLY | ☐ NORMAL |
| ☒ ESCORT ALL MOVEMENT in restraints. All races to be escorted separately. | ☐ CULINARY | ☒ NO DAYROOM ACTIVITIES |
| ☐ UNCLOTHED BODY SEARCH PRIOR TO ESCORT | ☒ CLERKS Program only as approved by Captain | ☐ MODIFIED: |
| ☐ OTHER: | ☐ CANTEEN | **RECREATION** |
| **FEEDING** | ☐ RESTRICTED WORK PROGRAM | ☐ NORMAL |
| ☐ NORMAL | ☐ PORTERS | ☒ NO RECREATION ACTIVITIES |
| ☒ CELL FEEDING | | |
| ☐ CONTROLLED FEEDING IN DINING ROOM | **SHOWERS** | **CANTEEN** |
| ☐ HOUSING UNIT/DORM AT A TIME | ☐ NORMAL | ☐ NORMAL |
| ☐ DORM POD AT A TIME | ☐ ESCORTED | ☒ NO CANTEEN |
| ☐ TIER AT A TIME | ☐ EVERY 72 HOURS | ☐ MODIFIED: |
| ☐ HOUSING UNIT SECTION AT A TIME | ☐ CELL PARTNERS TOGETHER – OWN TIER | |
| ☐ SACK MEAL BREAKFAST | ☐ DORM SHOWERING BY GROUP | **PACKAGES** |
| ☒ SACK MEAL LUNCH | ☐ CRITICAL WORKERS ONLY | ☐ NORMAL |
| ☐ SACK MEAL DINNER | ☒ NO SHOWERS | ☒ NO PACKAGES |
| **DUCATS** | **MEDICAL** | ☐ MODIFIED: |
| ☐ ALL DUCATS HONORED | ☐ NORMAL MEDICAL PROGRAM | |
| ☐ MEDICAL DUCATS ONLY | ☒ PRIORITY DUCATS ONLY | **PHONE CALLS** |
| ☐ CLASSIFICATION DUCATS | ☒ MTA CONDUCT ROUNDS IN UNITS | ☐ NORMAL |
| ☒ PRIORITY DUCATS ONLY | ☐ INMATES ESCORTED TO SICK CALL | ☒ NO PHONE CALLS |
| **VISITING** | ☐ EMERGENCY MEDICAL ONLY | ☐ MODIFIED: |
| ☐ NORMAL VISITING | ☐ OTHER: | |
| ☐ NON-CONTACT ONLY | | **RELIGIOUS SERVICES** |
| ☒ NO VISITING | **LEGAL LIBRARY** | ☐ NORMAL |
| ☐ OTHER: | ☐ NORMAL | ☒ NO RELIGIOUS SERVICES |
| | ☒ APPROVED COURT DEADLINES | ☐ MODIFIED: |

**REMARKS:** On 09-24-02, at approximately 1007 hours a Riot erupted on the Facility B Recreation Yards #1 & #2 to include Buildings B1, B2, B3 and B4. The inmates involved included Black, White and Other inmates. There were numerous injuries sustained by inmates, numerous weapons discovered both on the Recreation Yards and inside of the Buildings. This incident is currently under investigation by Facility B Staff.

| PREPARED BY: D.M. Mantel, Facility B Captain (A) | DATE 9/24/02 | NAME / SIGNATURE (WARDEN) E.J. Caden, Chief Deputy Warden | DATE 9-24-02 |
|---|---|---|---|

EX " "

STATE OF CALIFORNIA

**PROGRAM STATUS REPORT**
**PART B – PLAN OF OPERATION / STAFF & INMATE NOTIFICATION**

DEPARTMENT OF CORRECTION

| INSTITUTION | EFFECTIVE DATE OF PLAN | PRECIPITATING INCIDENT LOG NUMBER |
|---|---|---|
| SALINAS VALLEY STATE PRISON | October 15, 2002 | SVP-FBY-01-11-0690 |

☐ NORMAL PROGRAM  ☒ MODIFIED PROGRAM  ☐ LOCKDOWN  ☒ STATE OF EMERGENC

☐ INITIAL  ☒ UPDATE  ☐ CLOSURE

**RELATED INFORMATION (CHECK ALL THAT APPLY)**

| AREA AFFECTED | INMATES AFFECTED | REASON |
|---|---|---|
| ☐ INSTITUTION | ☒ ALL | ☐ BATTERY |
| ☒ FACILITY: FACILITY 'B' | ☐ BLACK | ☐ DEATH |
| ☐ HOUSING UNIT: _____ | ☐ WHITE | ☒ RIOT / DISTURBANCE |
| ☐ VOCATION: _____ | ☐ HISPANICS | ☐ GROUPING |
| ☐ EDUCATION: _____ | ☐ OTHER: | ☐ OTHER: |

| MOVEMENT | WORKERS | DAYROOM |
|---|---|---|
| ☒ NORMAL Others | ☒ CRITICAL WORKERS ONLY Others only. NO VOLUNTEERS WHO ARE NOT ASSIGNED!!!! | ☐ NORMAL |
| ☒ ESCORT ALL MOVEMENT in restraints. Southern/Mexican National separate from Northern & Separate White & Black inmates. | ☐ CULINARY | ☒ NO DAYROOM |
| ☐ UNCLOTHED BODY SEARCH PRIOR TO ESCORT | ☒ CLERKS Program only as approved by Captain | ☐ MODIFIED: |
| ☐ OTHER: | ☒ CANTEEN Other Critical Workers | **RECREATION** |

| FEEDING | | |
|---|---|---|
| ☐ NORMAL | ☐ RESTRICTED WORK PROGRAM | ☐ NORMAL |
| ☒ CELL FEEDING | ☒ PORTERS Others, Mexican National, Southern Hispanic | ☒ NO RECREATION ACTIVITIES |

| CONTROLLED FEEDING IN DINING ROOM | SHOWERS | CANTEEN |
|---|---|---|
| ☐ HOUSING UNIT/DORM AT A TIME | ☐ NORMAL | ☐ NORMAL |
| ☐ DORM POD AT A TIME | ☒ ESCORTED | ☒ NO CANTEEN White, Black, Hispanic |
| ☐ TIER AT A TIME | ☒ EVERY 72 HOURS | ☒ MODIFIED: Critical Workers Only |
| ☐ HOUSING UNIT SECTION AT A TIME | ☒ CELL PARTNERS TOGETHER – OWN TIER | |
| ☐ SACK MEAL BREAKFAST | ☐ DORM SHOWERING BY GROUP | **PACKAGES** |
| ☒ SACK MEAL LUNCH | ☒ CRITICAL WORKERS | ☒ NORMAL Others, Critical Workers |
| ☐ SACK MEAL DINNER | ☐ NO SHOWERS | ☒ NO PACKAGES White,Black & Hisipanic |

| DUCATS | MEDICAL | ☐ MODIFIED: |
|---|---|---|
| ☐ ALL DUCATS HONORED | ☒ NORMAL MEDICAL PROGRAM Others | |
| ☐ MEDICAL DUCATS ONLY | ☒ PRIORITY DUCATS ONLY White,Black,Hispanic | **PHONE CALLS** |
| ☐ CLASSIFICATION DUCATS | ☒ MTA CONDUCT ROUNDS IN UNITS | ☐ NORMAL |
| ☒ PRIORITY DUCATS ONLY | ☐ INMATES ESCORTED TO SICK CALL | ☒ NO PHONE CALLS White,Black & Hispani |

| VISITING | ☐ EMERGENCY MEDICAL ONLY | ☒ MODIFIED: Critical Workers only. 2 hours 1900-2100 hours. |
|---|---|---|
| ☒ NORMAL VISITING Southern, Mexican National & Other | ☐ OTHER: | |
| ☐ NON-CONTACT ONLY | | **RELIGIOUS SERVICES** |
| ☒ NO VISITING Northern Hispanic, White, Black | **LEGAL LIBRARY** | ☐ NORMAL |
| ☐ OTHER: | ☒ NORMAL Others | ☒ NO RELIGIOUS SERVICES |
| | ☒ APPROVED COURT DEADLINES White,Black,Hisp | ☐ MODIFIED: |

**REMARKS:** On 11-11-01, at approximately 1125 hours, a Riot erupted on Facility B Recreation Yard #1 involving Southern and Northern Hispanic inmates. Northern Hispanic inmates received stab wounds and 12 inmate stabbing weapons were discovered. On 12-04-01 the Black, White & Other inmates resume Normal Program.

On August 26, 2002, two (2) separate incidents involving Northern/Southern Hispanic inmates occurred on Facility B. On September 01, 2002, an incident involvi Northern, Southern and Mexican National inmates occurred in the Facility B Visiting Room. No visiting for Hispanic inmates.

On 09-24-02, at approximately 1007 hours a Riot erupted on the Facility B Recreation Yards #1 & #2 to include Buildings B1, B2, B3 and B4. The inmates involve included Black, White and Other inmates. There were numerous injuries sustained by inmates, numerous weapons discovered both on the Recreation Yards a inside of the Buildings. This incident is currently under investigation by Facility B Staff. Incident log number SVP-FBY-02-09-0479.

On Friday, September 27, 2002, Normal Visiting will be resumed for Mexican National/Southern Hispanic inmates only. EFFECTIVE OCTOBER 3, 2002 A PACKAGES WILL BE RETURNED TO SENDER FOR ALL WHITE, BLACK AND HISPANIC INMATES.

| PREPARED BY: | DATE | NAME / SIGNATURE (WARDEN) | DATE |
|---|---|---|---|
| R. Kim, Facility B Captain (A) | | | |

# EXHIBIT B

# DECLARATION OF INMATE JOHN BENGAR

I John BENGAR C.D.C # C-61476, A SALINAS VALLEY STATE PRISON INMATE, DECLARE THAT ON JULY 17, 2004, CORRECTIONAL OFFICER FREDERICO RAMIREZ I.D. # 2862945 REQUESTED ME TO TAKE RESPONSIBILITY FOR AN EMERGENCY SITUATION THAT OCCURRED IN MY HOUSING FACILITY, "BUILDING B-3". THE FACTS AND CIRCUMSTANCES OF SAID EMERGENCY SITUATION ARE DESCRIBED AS FOLLOWS:

SOMETIME AROUND OR ABOUT THE LATTER HALF OF JUNE 2004 WHILE I/m DIBBLE C.D.C # P-29878 AND I/m PEACOCK C.D.C # J-21505 WERE CELL-MATES IN CELL B-3-130 THERE WAS AN EMERGENCY SITUATION IN WHICH I/m DIBBLE BECAME VIOLENT AND ATTEMPTED, OR DID, COMMIT AN ASSAULT AND BATTERY ON I/m PEACOCK.

TO THE BEST OF MY RECOLLECTION I BELIEVE THERE WAS A PRISON LOCK DOWN IN EFFECT WHEN SAID EMERGENCY OCCURRED IN CELL B-3-130. IN RESPONSE TO SAID EMERGENCY OFFICER FREDERICO RAMIREZ RELEASED I/m BARNES FROM CELL B-3-135 AND MYSELF FROM CELL B-3-208 AND INSTRUCTED US BOTH TO TAKE RESPONSIBILITY FOR HANDLING THE SEPARATION OF I/m DIBBLE FROM I/m PEACOCK TO PREVENT I/m DIBBLE FROM COMMITTING ANY FURTHER ACTS OF ASSAULT AND BATTERY ON I/m PEACOCK.

ADDITIONALLY, OFFICER FREDERICO RAMIREZ INSTRUCTED I/m BARNES AND I TO TAKE RESPONSIBILITY FOR HANDLING AN EMERGENCY CELL MOVE TO REHOUSE I/m DIBBLE. AS SUCH, I/m BARNES AND I BOTH CONTACTED I/m HASH C.D.C # P-00376 WHO WAS LIVING IN CELL B-3-246 WITHOUT

(1) OF (5)

A CELL-MATE. WE INFORMED ¾/M HASH THAT IT WAS AN EMERGENCY SITUATION AND IT WAS MANDATORY THAT HE ACCEPT ¾/M DIBBLE AS A CELL-MATE. ¾/M HASH PROTESTED AND REFUSED TO ACCEPT ¾/M DIBBLE AS A CELL-MATE BASED UPON HIS BELIEF THAT HE WAS NOT COMPATIBLE WITH ¾/M DIBBLE AND IF HE WAS TO ALLOW ¾/M DIBBLE TO MOVE INTO HIS CELL, ¾/M DIBBLE WOULD ONCE AGAIN BECOME VIOLENT AND ASSAULTIVE JUST AS HE HAD BEEN PREVIOUSLY IN CELL B-3-130 WITH ¾/M PEACOCK.

I UNDERSTOOD AND AGREED WITH ¾/M HASH'S BELIEFS AND AFTER RECONSIDERING THE SITUATION I INFORMED OFFICER RAMIREZ AS TO EACH OF ¾/M HASH'S CONCERNS AND BELIEFS. IN RESPONSE, OFFICER RAMIREZ INSTRUCTED ¾/M BARNES TO TELL ¾/M HASH THAT ¾/M DIBBLE WAS MOVING INTO HIS CELL WHETHER HE LIKES IT OR NOT, AND FOR ¾/M BARNES TO CONTACT THE APPROPRIATE INDIVIDUALS IN THE "B" FACILITY PROGRAM OFFICE WHO WILL PROCESS ¾/M DIBBLE'S CELL MOVE FROM B-3-130 TO ¾/M HASH'S CELL B-3-246.

BASED UPON THE INSTRUCTIONS OF OFFICER RAMIREZ, AND IN SPITE OF ¾/M HASH'S REFUSAL TO ACCEPT ¾/M DIBBLE AS A CELL-MATE, ¾/M BARNES WAS ABLE TO SEE TO IT THAT ¾/M DIBBLE'S CELL MOVE FROM CELL B-3-130 TO CELL B-3-246 WITH ¾/M HASH, WAS PROCESSED THROUGH THE AUTHORITIES WORKING IN THE "B" FACILITY PROGRAM OFFICE. ON OR ABOUT JULY 14, 2004 ¾/M DIBBLE'S VIOLENT BEHAVIOR CAUSED HIM TO ASSAULT AND BATTER ¾/M HASH WITHIN THE CONFINES OF CELL B-3-246. ON OR ABOUT JULY 14, 2004 I PERSONALLY INFORMED OFFICER RAMIREZ AS TO ¾/M DIBBLE'S ASSAULT AND BATTERY UPON ¾/M HASH, BUT OFFICER RAMIREZ ADVISED ME THAT HE HAD ALREADY BEEN INFORMED AS TO ¾/M DIBBLE'S CELL FIGHT WITH ¾/M HASH, AND HAD IN FACT OBSERVED ¾/M HASH WITH (2) BLACK EYES.

(2) OF (5)

ON OR ABOUT JULY 15ᵀᴴ AND 16ᵀᴴ OF 2004, I ASKED OFFICER RAMIREZ IF HE WAS GOING TO REHOUSE ℈/M DIBBLE DUE TO HIS ATTACK ON ℈/M HASH. IN RESPONSE, OFFICER RAMIREZ SAID, "NO", BUT LET HIM KNOW IF IT HAPPENS AGAIN.

ON OR ABOUT 1900 HOURS ON JULY 17, 2004 I AGAIN INFORMED OFFICER RAMIREZ THAT ℈/M DIBBLE HAD ASSAULTED AND BATTERED ℈/M HASH A SECOND TIME AND SOMETHING NEEDED TO BE DONE TO PREVENT IT FROM HAPPENING A THIRD TIME. IN RESPONSE THERETO OFFICER RAMIREZ SAID THAT HE WAS AWARE THAT ℈/M HASH WANTED ℈/M DIBBLE TO BE REMOVED FROM HIS CELL AND THAT I SHOULD TRY TO GET ℈/M DIBBLE REHOUSED AS SOON AS POSSIBLE.

OFFICER RAMIREZ THEN RELEASED ℈/M BARNES FROM CELL B-3-135 AND INSTRUCTED HIM TO TRY TO REHOUSE ℈/M DIBBLE WITH SOMEONE ELSE IN BUILDING B-3, WHILE I GO FROM BUILDING TO BUILDING IN SEARCH OF AN AVAILABLE BUNK OR INMATE TO REHOUSE ℈/M DIBBLE WITH. OFFICER RAMIREZ THEN DISCUSSED THE PROBLEM WITH CONTROL TOWER OFFICER M. ROSA WHO THEN REMOTELY OPENED THE RETONDA DOOR AND ALLOWED ME TO EXIT BUILDING B-3 SO THAT I COULD GO FROM BUILDING TO BUILDING IN SEARCH OF A CELL TO REHOUSE ℈/M DIBBLE IN.

APPROXIMATELY, 30-TO-40 MINUTES LATER AT 1942 HOURS ON THAT SAME EVENING OF JULY 17, 2004 WHILE SEARCHING FOR A CELL TO REHOUSE ℈/M DIBBLE IN BUILDING B-2 I HEARD THE ALARM GO OFF IN BUILDING B-3. UPON MY RETURN TO BUILDING B-3 I WAS INFORMED BY NUMEROUS INMATES THAT ℈/M DIBBLE HAD ATTACKED ℈/M HASH WHILE HE WAS IN FRONT OF CELL B-3-135 WHERE ℈/M BARNES LIVED.

(3 OF 5)

Sometime between 2000 Hours and 2100 Hours on that same evening of July 17, 2004 I was summoned to Facility "B" program office to discuss this matter with Lieutenant Blackstone. During my conversation with Lieutenant Blackstone he acknowledged that several officers had informed him that I/m Dibble had assaulted I/m Hash in cell B-3-246 prior to the incident that had taken place that same night in front of cell B-3-135 at 1942 Hours. I confirmed that what Lieutenant had been told was in fact true.

On or about the period of time between July 18, 2004 and July 21, 2004 I had personal conversations with Officer F. Ramirez, Officer T. Stevens, Officer S. Thacker, and Female Officer Gant, all of whom freely acknowledged that they had personal knowledge prior to July 17, 2004 that I/m Dibble had assaulted and battered I/m Hash in cell B-3-246.

Based on all of the forgoing facts and circumstances I believe all of the above named correctional officers, especially Officer Ramirez, were all negligent for failing to separate I/m Dibble from I/m Hash during the three days that preceeded the incident that occurred at 1942 Hours on July 17, 2004 in Building B-3.

Additionally, I declare and assert that at no time did I possess a bonified authority to carry out the responsibility to separate inmates involved in cell fights, and the subsequent emergency rehousing of cell-mates involved in such disputes or other problems.

As such, it is my belief that Officer F. Ramirez was negligent for knowingly using I/m Barnes and myself to stop I/m Dibble from assaulting and battering I/m Hash, and for instructing I/m Barnes and myself to handle their emergency

CELL MOVE ARRANGEMENTS ON JULY 17ᵀᴴ, 2004 WHEN THE ATTACK ON ¾ₘ HASH OCCURRED.


APRIL 25, 2005

*John Bengar*
JOHN BENGAR CDC# C-61476
DECLARANT.


## VERIFICATION :

C.C.P. SECTION 446, 2015.5 ; 28 USC SECTION 1746

I, JOHN BENGAR, DECLARE UNDER THE PENALTY OF PERJURY THAT: I AM THE DECLARANT TO THIS (5) PAGE DECLARATION; I HAVE READ THE FOREGOING DECLARATION AND KNOW THE CONTENTS THEREOF; THAT THE SAME IS TRUE OF MY OWN PERSONAL KNOWLEDGE, OR UPON INFORMATION AND BELIEF WHICH I BELIEVE TO BE TRUE; THAT IF CALLED TO TESTIFY AS TO THE CONTENTS THEREOF, I CAN, AND WILL DO SO COMPETENTLY AS A SWORN WITNESS.

EXECUTED THIS 25ᵀᴴ DAY OF APRIL 2005, AT SALINAS VALLEY STATE PRISON, SOLEDAD, CA 93960.


*John Bengar*
JOHN BENGAR CDC# C-61476
DECLARANT.

(5) OF (5)

# EXHIBIT
# C

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

## RULES VIOLATION REPORT

MCPD

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| P-00376 | Hash (Whi) | 11 29 2019 | S.V.S.P. | B3-246L | B04-07-00 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR§ 3005(c) | Battery on an Inmate W/SBI | Fac. "B" Building #3 | 07-17-04 | 1942 Hour |

CIRCUMSTANCES    On 07-17-04, at approximately 1942 hours, while performing my duties as Facility B, Building #3 Floor Officer #2, I was conducting the Medical and Workers' shower in Building #3, when I observed Inmate Hash (P-00376, B3-246L) approached Inmate Dibble (P-29878, B3-246U) who was standing in front of Cell B3-135, talking to the occupants. Inmate Hash proceeded to strike upon Inmate Dibble to the right side of the temporal area with his right fist. Inmate Dibble fell to his side, **unconscious**. Inmate Hash then positioned himself on top of Inmate Dibble and proceeded to strike him to the back of head and facial areas with both fists. I immediately responded to the area, simultaneously ordered Inmate Hash to get down, cease fighting and prone out, with negative results. Inmate Hash continued to strike Inmate Dibble to the back of head and facial areas with both fists. My verbal orders for Inmate Hash to cease his aggressions alerted Correctional Officer M. Rosa (B-3 Control Booth Officer) who then activated his audible alarm. **(CDC-115 Continued on Supplemental Page #2)**

Inmate Hash **Is Not** a Participant in the Mental Health Services Delivery System.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ► F. Ramirez, Correctional Officer | 7/20/04 | 3rd Watch B-3 Floor #2 | Su/M |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☒ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ► SGT. AMcad | 7/20/04 | DATE ___ LOC. ___ | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | (A-1) 181-360 | 7-21-04 | ► F. WINN, CCII | ☐ HO ☒ SHO ☐ SC ☐ FC |

| COPIES GIVEN INMATE BEFORE HEARING | | | | |
|---|---|---|---|---|
| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) ► | DATE 7/31/04 | TIME 1300 | TITLE OF SUPPLEMENT ① ISSUE S.A. ② ISSUE I.R. |
| ☒ CDC-115A | BY: (STAFF'S SIGNATURE) ► | DATE 7/31/04 | TIME 1300 | |
| ☒ INCIDENT REPORT LOG NUMBER: SVP-FB3-04-07-0437 | BY: (STAFF'S SIGNATURE) ► | DATE 7/31/04 | TIME 1300 | BY: (STAFF'S SIGNATURE) ① OFFINA ② ISSUE I.R. ► | DATE 8-22-04 | TIME 1200 |

HEARING

**Plea:** Not Guilty

**Findings:** Inmate Hash was found **Guilty** of violating CCR §3005(c); of the charged offense, for the specific act of, Battery on an Inmate With SBI, a Division A-1 offense, pursuant to CCR §3323(b)(3).

**Disposition:** Assessed 360 days forfeiture of behavioral credits, consistent with a Division A-1 offense, CCR §3323(b)(3). Inmate Hash was counseled, warned, and reprimanded.

**Additional Disposition:** None

**Classification Referral:** Referred to ICC for program review, and possible SHU Term Assessment.

### Disposition continued on CDC-115C

| REFERRED TO ☒ CLASSIFICATION ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) M. Ross, Correctional Lieutenant | SIGNATURE ► | | DATE 08/27/04 | TIME 2005 |
| REVIEWED BY: (SIGNATURE) ► G. Lewis, Facility B Captain | DATE 10/13/04 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ► L.B. Scribner, Corr. Admin., Complex I | DATE 10-22-04 | |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ► | | DATE 10/27/04 | TIME 1200 |

CDC 115 (7/88)

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**                                   PAGE __2__ OF __2__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|------------|---------------|------------|-------------|--------------|
| P-00376 | Hash | B04-07-0042 | S.V.S.P. | 07-17-04 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☒ 115 CIRCUMSTANCES | ☐ HEARING | ☐ IE REPORT | ☐ OTHER____ |

(CDC-115 Continued From Page #1)

As I arrived to the scene, I gave Inmate Hash additional direct orders to cease fighting and prone out, still with negative results. After repeated direct verbal orders to cease fighting and warnings that O.C. would be used with no compliance, I sprayed Inmate Hash with MK-9 O.C. spray, striking him to the facial and upper torso areas, and gave him another direct verbal orders to cease fighting and prone out, with negative results. I sprayed Inmate Hash with O.C. again, and gave him more repeated verbal orders to prone out, still with negative results. At this time, my O.C. canister has been depleted. Utilizing my PR-24 Side Handle Baton, I performed a forward power thrust, striking Inmate Hash to the left buttock area, with negative results. Inmate Hash jerked forward from the blow, regained his balance and continued to strike on Inmate Dibble to the facial and back of head areas with his fists. At this time, I performed another power thrust, striking Inmate Hash to the left biceps area, this time with positive results. Inmate Hash separated himself from Inmate Dibble and assumed the prone position on the dayroom floor. Responding staff arrived, placed both inmates in handcuffs and escorted them out of the building for decontamination and medical evaluation or treatment without further incident.

**Note:** Inmate Dibble was bleeding profusely from his left temporal area, due to a laceration he sustained during the attack. Furthermore, Inmate Dibble was unconscious as a result of the first punch thrown by Inmate Hash. During the attack, Inmate Dibble was unable to defend himself from Inmate Hash's aggressions. Inmate Dibble's blood stained the pluming chase door and the floor between Cells B3-134 and B3-135. Due to Inmate Dibble's Loss of Consciousness during the attack and the laceration on his left temporal area would leave a permanent scar and/or disfigurement, which is also a visible scar(s), this constitutes Serious Injury.

Inmate Hash is aware of this report.

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| F. Ramirez, Correctional Officer | | 7/20/04 |
| ☑ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | | 7/31/04 | 1300 |

CDC 115-C (5/95)                                                     OSP 99 25082

# EXHIBIT
# D

# MEDICAL REPORT OF INJURY
## OR UNUSUAL OCCURRENCE

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT *(circle)* | ON THE JOB INJURY | DATE |
|---|---|---|---|---|
| SVSP | B-Yard | INJURY   USE OF FORCE   (UNUSUAL OCCURRENCE) | PRE AD/SEG ADMISSION | 07-17-04 |

| | NAME | LAST | FIRST | CDC NUMBER | HOUSING LOC. | NEW HOUSING LOC. |
|---|---|---|---|---|---|---|
| THIS SECTION FOR INMATE ONLY | | Hash | | P-00366 | B-2 246 | |

| | NAME | LAST | FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
|---|---|---|---|---|---|---|
| THIS SECTION FOR STAFF ONLY | | | | | | |

| | NAME | LAST | FIRST | MIDDLE | DOB | OCCUPATION |
|---|---|---|---|---|---|---|
| THIS SECTION FOR VISITOR ONLY | | | | | | |
| | HOME ADDRESS | CITY | STATE | ZIP | HOME PHONE | |

| PLACE OF OCCURRENCE | DATE/TIME OF OCCURRENCE | NAME OF WITNESS(ES) |
|---|---|---|
| B/y #2 | 07-17-04   1740 | |

| TIME NOTIFIED | TIME SEEN | ESCORTED BY | MODE OF ARRIVAL *(circle)* | | AGE | RACE | SEX |
|---|---|---|---|---|---|---|---|
| 1740 | 1741 | Custody | (AMBULATORY) LITTER WHEELCHAIR ON SITE | | 47 | White | M |

**BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE**

" Just a fist fight "



| INJURIES FOUND?   YES / NO | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | (4) |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | (14) |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other | 17 |
| | 18 |
| | 19 |

| | |
|---|---|
| O.C. SPRAY EXPOSURE? | YES / (NO) |
| DECONTAMINATED? | (YES) / NO |
| Self-decontamination instructions given? | (YES) / NO |
| Refused decontamination? | YES / (NO) |
| Q 15 min. checks | |
| Staff issued exposure packet? | YES / (NO) |

| RN NOTIFIED/TIME | PHYSICIAN NOTIFIED/TIME |
|---|---|
| | |

TIME/DISPOSITION

| REPORT COMPLETED BY/TITLE   (PRINT AND SIGN) | BADGE # | RDOs |
|---|---|---|
| | | T/W |

*Medical data is to be included in progress note or emergency care record filed in UHR*

CDC 7219 (Rev. 11/02)       DISTRIBUTION:  ORIGINAL - UHR     CANARY - CUSTODY     PINK - HEALTH AND SAFETY/RTW COORDINATOR

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART B2- STAFF**
CDC 837-B2 (09/03)

DEPARTMENT OF CORRECTIONS

PAGE __3__ OF __3__

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| Salinas Valley State Prison | Facility B Building 3 | SVP-FB3-04-07-0437 |

**STAFF (ENTIRE SHEET)**

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| Gallardo | R | | License Vocational Nurse | M | Hispanic | W/Th |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY  ☐ CAMERA | N/A | ▓▓▓ | N/A | Facility B Medical Clinic LVN |
| ☒ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED  ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | ☐ YES  ☒ NO | ☐ YES  ☒ NO |
| ☐ DECEASED DATE: _____ ☒ N/A | ☒ N/A | TYPE: _____ | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| Serrato | S | | License Vocational Nurse | F | Hispanic | T/W |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY  ☒ CAMERA | N/A | ▓▓▓ | N/A | Facility B Medical Clinic LVN |
| ☒ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED  ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | ☐ YES  ☒ NO | ☐ YES  ☒ NO |
| ☐ DECEASED DATE: _____ ☒ N/A | ☒ N/A | TYPE: _____ | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| | | | | | | |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY  ☐ CAMERA | | | | |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☐ N/A | | | |

| ☐ HOSPITALIZED  ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | ☐ YES  ☐ NO | ☐ YES  ☐ NO |
| ☐ DECEASED DATE: _____ ☐ N/A | ☐ N/A | TYPE: _____ | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| | | | | | | |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY  ☐ CAMERA | | | | |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☐ N/A | | | |

| ☐ HOSPITALIZED  ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | ☐ YES  ☐ NO | ☐ YES  ☐ NO |
| ☐ DECEASED DATE: _____ ☐ N/A | ☐ N/A | TYPE: _____ | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| | | | | | | |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY  ☐ CAMERA | | | | |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☐ N/A | | | |

| ☐ HOSPITALIZED  ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | ☐ YES  ☐ NO | ☐ YES  ☐ NO |
| ☐ DECEASED DATE: _____ ☐ N/A | ☐ N/A | TYPE: _____ | |

# EXHIBIT E

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

# HEALTH CARE SERVICES REQUEST
CDC 7362 (New 10/94)

*You may be charged $5.00 for each health care visit*                  № 994391

| NAME:   Last   First   MI | CDC NUMBER: |
|---|---|
| HASH   LAWRENCE  GEORGE | P-00376 |

| YARD/BUILDING/BUNK: | ESTIMATED PAROLE DATE: | JOB CODE NUMBER: |
|---|---|---|
| D-1 AD/SEG CELL 129 | 2019 | N/A |

| WORK/OTHER ASSIGNMENT: | WORK HOURS | DAYS OFF: |
|---|---|---|
| N/A | FROM: N/A  TO: | N/A  OPEN |

**Check the box or boxes below to tell us why you want to see health care staff. In the lined area below, write down anything else you want health care staff to know.**

- [ ] Stomach Ache
- [x] Headache
- [ ] Indigestion
- [x] Vomiting
- [ ] Diarrhea
- [x] Dizziness

- [ ] Seizure
- [ ] Coughing
- [ ] Fever/Chills
- [ ] Chest Pain
- [x] Urinary Problems
- [x] Medication Refill
  What medicine?

- [ ] Feeling Depressed
- [ ] Hearing Voices
- [x] Can't Sleep
- [ ] Want to Hurt Myself/Others
- [ ] Rash?  Where
- [x] Pain?  Where HEAD / BACK

- [ ] Diabetic
- [ ] Asthma
- [ ] TB Care
- [ ] OB/GYN
- [ ] Toothache
- [x] Other Dental Problems

**How long have you been feeling this way?**    [ ] 1-2 days    [ ] 3-4 days    [x] 5+ days

**Other problems not listed above:** TERRIBLE HEAD AND BACK PAIN
REQUESTING A H-Pylori TEST / I HAVE SEVERE INJURIES FROM
A FIGHT AND A EMERGENCY MEDICAL TREATMENT IMMEDIATELY.
NEED

*Larry Hash*                                          7/26/2004
Signature of Inmate Patient                          Date of Signature

Take this form to the clinic window or any other location designated for health care.
You will be notified of the date and time of your appointment.
A copy of this form will be sent to you after your appointment.
If you do not complete all of the above information, your appointment may be delayed.

**COPAYMENT INFORMATION - TO BE FILLED OUT BY DEPARTMENTAL STAFF**
1. [ ] Visit was for an emergency.
2. [ ] Visit was for diagnosis or treatment of a communicable disease condition. (See Title 17, Chapt. 4, Subchapt. 1, Sec. 2500-2520)
3. [ ] Visit was for mental health services.
4. [ ] Visit was a follow-up requested by the clinician.
5. [ ] Visit was for state mandated evaluation or treatment (e.g., Annual TB tests).
6. [ ] Visit was for reception screening and evaluation only.

7. [ ] Visit is NOT exempt from copayment. Send PINK copy to Inmate Trust Office.

_____    _____    _____
Signature of Treating Clinician    Printed Name    Date of Signature

**DISTRIBUTION:**

ORIGINAL-Health Services File                          PINK-Inmate Trust
YELLOW-Pharmacy                                        GOLDENROD-Inmate/Patient

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

**HEALTH CARE SERVICES REQUEST**
CDC 7362 (New 10/94)
*You may be charged $5.00 for each health care visit*                № 967755

| NAME: | Last | First | MI | CDC NUMBER: |
|---|---|---|---|---|
| | HASH | LAWRENCE GEORGE | | P-00376 |

| YARD/BUILDING/BUNK: | ESTIMATED PAROLE DATE: | JOB CODE NUMBER: |
|---|---|---|
| AD/SEG D-1 C129L | 2017 | N/A |

| WORK/OTHER ASSIGNMENT: | WORK HOURS | DAYS OFF: |
|---|---|---|
| N/A | FROM: N/A   TO: N/A | N/A |

**Check the box or boxes below to tell us why you want to see health care staff. In the lined area below, write down anything else you want health care staff to know.**

| | | | | | |
|---|---|---|---|---|---|
| ☒ Stomach Ache | ☒ Seizure | ☐ Feeling Depressed | ☐ Diabetic |
| ☒ Headache | ☒ Coughing | ☐ Hearing Voices | ☐ Asthma |
| ☐ Indigestion | ☐ Fever/Chills | ☒ Can't Sleep | ☐ TB Care |
| ☐ Vomiting | ☒ Chest Pain | ☐ Want to Hurt Myself/Others | ☐ OB/GYN |
| ☐ Diarrhea | ☐ Urinary Problems | ☐ Rash? Where | ☒ Toothache |
| ☐ Dizziness | ☒ Medication Refill | ☒ Pain? Where BACK/CHEST | ☒ Other Dental Problems |
| | **What medicine?** | | |
| | SEROQUEL | I'VE BEEN HAVING SEIZURES. | |

How long have you been feeling this way?   ☐ 1-2 days   ☐ 3-4 days   ☒ 5+ days

Other problems not listed above: I'VE BEEN REQUESTING EMERGENCY MEDICAL TREATMENT EVER 7/17/04 WHEN I WAS IN A FIGHT MY INJURIES ARE HEALING BUT I STILL HAVE BLOOD IN MY URINE & IN MY STOLE I'M ALSO COUGHING UP BLOOD & OTHER INJURIES

_Lawrence A Hash_                                            _7/25/04_
Signature of Inmate Patient                                  Date of Signature

Take this form to the clinic window or any other location designated for health care.
You will be notified of the date and time of your appointment.
A copy of this form will be sent to you after your appointment.
If you do not complete all of the above information, your appointment may be delayed.

**COPAYMENT INFORMATION – TO BE FILLED OUT BY DEPARTMENTAL STAFF**
1. ☒ Visit was for an emergency.
2. ☒ Visit was for diagnosis or treatment of a communicable disease condition.(See Title 17, Chapt. 4, Subchapt. 1, Sect 2500 CCR)
3. ☒ Visit was for mental health services.
4. ☒ Visit was a follow-up requested by the clinician.
5. ☒ Visit was for state mandated evaluation or treatment (e.g. Annual TB tests)
6. ☒ Visit was for reception screening and evaluation only.

7. ☒ Visit is NOT exempt from copayment. Send PINK copy to Inmate Trust Office.

_____      _____      _____
Signature of Treating Clinician      Printed Name      Date of Signature

**DISTRIBUTION:**

ORIGINAL-Health Services File                              PINK-Inmate Trust
YELLOW-Pharmacy                                            GOLDENROD-Inmate/Patient

| DATE | TIME | PROB# | |
|------|------|-------|---|
| | | | *Ad Seg - Transferred from B.    Parole 2019* |
| | | | *47.40 WNU* |
| 7/26/2004 | 10.00 | | **S:** (history includes details pertinent to the patient's medical complaint) |
| *Lab/Lab's 7/6/04* | | | ① *F/U of pain Head, back from fight* ② *bloody eye* |
| *not in chart but Faxed* | | | *"Claims blood in stool, urine, coughing blood"* |
| *try link to Dupe* | | | ② *GERD + Benedict Disease - GED 200 03 (next one 24s 7/26-05)* |
| *CBC-WNL* | | | ③ *Hepatitis Et Dr 2009 but RNA < 600 (A - B -) Vaccine; PPB Given* |
| *Chem 34-WNL* | | | ④ *BPH - Treated Hytrin 5mg/d; PSA Ø 59* |
| *TSH-3 - w.n 2.84* | | | ⑤ *Depression mood D - no pain meds now* |
| *PSA - 0.59 = wn* | | | *Tot-Ø Occ-Ø Caffine - occ Cannon-Øcps Hg.* |
| | | | **O:** (physical assessment) T:*97* P:*63* R:*18* B/P:*163* Wt:*201/144* |
| | | | *W/D W/N NAD VS U NL Aulcldes well A&O x3* |
| | | | *Heart - Perrla nose - welly Ⓔ patd no Rod This's ok* |
| | | | *Throd clear noblood Gums lip simplmi Neck FROM x6* |
| | | | *Abd soll nonb L Esare - tendente* |
| | | | |
| | | | |
| | | | **A:** (medical/nsg diagnosis. MTAs may not independently analyze or interpret data.) |
| | | | *as above ① ② ③ ④ ⑤* |
| | | | |
| | | | **P:** (MTA – referral to a higher licensure for prioritization and evaluation.) |
| | | | (RN -action to be taken by the RN so that the patient receives appropriate medical care.) |
| | | | *See orders 7/26/05* |
| | | | |
| | | | |
| | | | |
| | | | **E:** (education provided) *Decusses* |

| INSTITUTION | Salinas Valley State Prison | ROOM / WING | FDB1T1000000129L |
|-------------|---------------------------|-------------|------------------|

OUTPATIENT INTERDISCIPLINARY
PROGRESS NOTES

CDC NUMBER, NAME, (LAST, FIRST, MI)

P00376
HASH, LAWRENCE
5/2/1957

CDC 7254 (8/89)

STATE OF CALIFORNIA        DEPARTMENT OF CORRECTIONS

## SALINAS VALLEY STATE PRISON MEDICAL CHRONO

| INMATE: | HASH, LAWRENCE | CDC NUMBER: | P00376 | HOUSING: | |

As ordered by Dr. Pistone:

Due to medical reasons (gastro-esophageal reflux disease symptoms), the above-named inmate/patient is to be housed in a lower bunk on a lower tier.
DURATION: One (1) year.

CHARLES D. LEE, MD                    Date
Health Care Manager

Orig:   Health Record          FAX TO:  Yard Program Office
cc:     C-file                          Yard Medical Clinic
        Inmate                          Central Control
                                        Inmate Assignment
DATE ORDERED:    07/26/04          CDL/sm    DATE TYPED:    07/27/04

# EXHIBIT

# F

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT – PART C**                    PAGE 1 OF 1

| CDC NUMBER P00376 | INMATE'S NAME HASH | LOG NUMBER | INSTITUTION | TODAY'S DATE 7/24/2004 |
|---|---|---|---|---|
| ☐ SUPPLEMENTAL | ☐ CONTINUATION OF: ☒ 115 CIRCUMSTANCES | ☐ HEARING ☐ IE REPORT | | ☐ OTHER ____ |

On Friday July 23, 2004, at approximately 1730 hours, I instructed inmate Hash, P00376, Facility D, Building 1, 129L, that he expected to (as per Operational Procedure #36) and would be receiving a compatible cellmate. Inmate Hash refused to accept the cellmate by stating the following: I do not want to house with someone who is affiliated with any groups. I instructed inmate Hash that this excuse was not acceptable. I again instructed inmate Hash that he was expected to and would be receiving a compatible cellmate or he would receive a 115 rules violation for refusing. Inmate Hash again refused to accept the compatible cellmate by stating the following to me: I will not accept any cellmate that is affiliated. You guys did this on purpose didn't you? You knew he was affiliated didn't you? I don't care about any of your 115's. A review of inmate Hash's CDC-114-D was conducted and it reflects that he has been approved for double cell by P. Mandeville in I.C.C. on 7/22/2004. Due to inmate Hash's refusal to accept a cellmate, he is in direct violation of O.P. #36 and disrupts the normal operation of ASU and the need to consolidate is high as is the need to place inmates awaiting ASU placement in the facilities is high. Inmate Hash is aware of this report and its specific charges.

| | SIGNATURE OF WRITER C/O J. BURKE | | DATE SIGNED 7-24-04 |
|---|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

CDC 115-C(5/95)

# EXHIBIT
# G

804 to Records: _____ Date: _____

STATE OF CALIFORNIA

**RULES VIOLATION REPORT**

DEPARTMENT OF CORRECTIONS

RE ISSUE

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| P-00376 | HASH | | SVSP | D1-129 | FD-04-09-0150 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR §3005(c) | AGGRAVATED BATTERY ON A PEACE OFFICER (GASSING) | D1 | 9/27/04 | 2100 hours |

CIRCUMSTANCES

On 9/27/04, at approximately 2100 hours while performing my duties as D1 S&E #1, I was conducting mail pick up in the D1 building. As I entered "C" Pod I began picking up mail at cell #132. I then turned left and began picking up mail down the rest of the tier. After picking up the envelope from the cell doors, I turned the envelopes over and wrote the cell numbers of the house, at which I picked the letters up from. As I approached cell #129, I observed a white envelope sticking out of his food port. I retrieved the letter from the food port and wrote the number #129 on the back of envelope. After returning to the office in D1, I was sorting through the mail that I had previously picked up, when I noticed a white U Save Em envelope with the words Sergeant Washington D1 written in pencil. The envelope was sealed and I did not open it. At approximately 2145 hours, I handed the sealed U Save Em envelope to Sergeant Washington, I watched him open the envelope and pull out paper inside. Inmate HASH **is not** a participant in the Mental Health Services Delivery System. (Con't See CDC-115-C) **(Inmate HASH does not have T.A.B.E. score)**

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ J. Hicks, Correctional Officer | 10/7/04 | D1 S&E #1 | S/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ | | | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | | | ▶ | ☐ HO ☒ SHO ☐ SC ☐ FC |
| ☒ SERIOUS | | | | |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | ① Issue IR ② Issue 2nd IR/SA |
|---|---|---|---|---|---|
| | ▶ | 10/16/04 | 1000 | | |
| ☒ INCIDENT REPORT LOG NUMBER: FD1-04-09-055 | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
| | ▶ | 10/16/04 | 1000 | ▶ N. Jones | 12-15-04 | 1700 |

HEARING

**Plea:** Not Guilty

**Findings:** Inmate HASH was found Not GUILTY of CCR §3005(c), specifically "Aggravated Battery On A Peace Officer" a Division "B(2)" offense. This finding is based on the preponderance of evidence presented at the hearing which **does not** substantiate the charge. The evidence presented at the hearing included: (Con't See CDC 115-C)

**Disposition:** Dismissed in the interest of justice.

**Additional Disposition:** None.

**Classification Referral:** None.

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
| J. Bennett, Correctional Lieutenant | | 8/6/05 | 1430 |
| REVIEWED BY (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
| ▶ FC | 11/23/05 | DA Trans | 12/1/05 |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
| | ▶ | 12/9/05 | |

CDC 115 (7/88)

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT - PART C**                                                   PAGE___OF___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-00376 | HASH | FD-04-09-0150 | SVSP | 08/25/05 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER_____ |
|---|---|---|---|---|---|

**Hearing:** 08/25/05.    **Time:** 1430 hours.    **Any Postponement Explained:** This hearing was postponed on 08/25/05 and reconvened on 09/01/05 due to witnesses and evidence not available. This Hearing postponed on 08/25/05 at 1550 hours due to lack of evidence again, as well as witnesses.

**Inmate's Health:** Inmate HASH claims to be in fair health and prepared to proceed with the disciplinary process.
**MHSDS:** Inmate HASH is not a participant in the Mental Health Delivery System.

Date of Discovery: 09/27/04.        Initial RVR copy issued on: 10/16/04.
Hearing started on: 08/25/05.       Last document issued to Inmate on: 10/16/04.
D.A. postponed date: N/A.           D.A. results issued date: N/A.

**Time Constraints:** Were not met persuant to CCR §3320(b). The charge was not heard within 30 days from the date Inmate HASH was provided with a copy of the CDC 115 form, and this RVR was not issued within 15 days of the incident.

**Staff Assistant (SA):** Officer R. Ramirez assistant as Staff Assistant and was present at the hearing and confirmed he interviewed Inmate HASH 24 hours prior to the hearing. Officer R. Ramirez also confirmed he explained the hearing procedures, disciplinary charge and supporting evidence to Inmate HASH. The complexity of the issue(s) is such that assistance is deemed necessary to comply with the disciplinary due process.

**Investigative Employee (IE):** Inmate HASH requested and does meet the criteria for assignment of an Investigative Employee. Correctional Officer C. Sickelton was assigned. Officer C. Sickelton interviewed Inmate HASH as part of the investigative process, gathered information from witnesses, asking each witness specific questions posed by Inmate HASH and follow up questions posed by I.E. for clarification purposes. Officer Lonero prepared his report, to include his summation of the facts, and provided a copy of the report to Inmate HASH more than 24 hours prior to this hearing.
**D.A. Referral:** N/A.
**Evidence Requested or Used:** N/A.
**External/Outside Evidence:** N/A.
**Video Tape Evidence:** N/A.

**Inmate Plea and Statement:** Inmate HASH entered a plea of Not Guilty. And made no statement.

**Witness Requested:** Correctional Officer J. Burke and Correctional Officer R. Chavez.

**Witness Testimony at Hearing Via Speaker Phone:**
**Staff C/O J. Burke:**
Q (1) : Do you recall an Inmate called Big Foot in D1-C-pod?
A (1) : Inmate CAVANAUGH.
Q (2) : Do you recall Big Foot lived in 230 and broke his window twice?
A (2) : Yes. Yes.
Q (3) : Did Big Foot have priors for putting feces/urine on the tier?
A (3) : Not to my knowledge.
Q (4) : Do you recall Inmate CAVANAUGH (Big Foot) fishing to the cell below him?
A (4) : I remember him fishing on a regular basis, but not to a specific cell.

J. Bennett, Correctional Lieutenant

| | SIGNATURE OF WRITER | DATE SIGNED |
|---|---|---|
| | | 8/25/05 |
| COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature)  *Lonero* | DATE SIGNED  12/9/15 | TIME SIGNED  1200 |

CDC 115-C (5/95)                                                                        OSP 99 25082

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE___ OF ___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|------------|--------------|------------|-------------|--------------|
| P-00376 | HASH | FD-04-09-0150 | SVSP | 08/25/05 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER_____

Q (5) : Do you recall a fishing relationship between 230 CAVANAUGH and 130 RUSSEL?
A (5) : No.
Q (6) : Did Inmate CAVANAUGH have an on going problem with Sergeant Washington?
A (6) : not really. He had one with everyone.
Q (7) : Do you recall Inmate CAVANAUGH being removed from his cell by Sergeant Washington and placed in a holding cell which set him off?
A (7) : Not really.

**Staff R. Chavez:**
Q (1) : Do you recall an Inmate called Big Foot in D1-C-pod?
A (1) : Inmate CAVANAUGH
Q (2) : Do you recall Big Foot lived in 230 and broke his window twice?
A (2) : Yes.
Q (3) : Did Big Foot have priors for putting feces/urine on the tier?
A (3) : I don't recall, but he did flood.
Q (4) : Do you recall Inmate CAVANAUGH (Big Foot) fishing to the cell below him?
A (4) : He fished alot.
Q (5) : Do you recall a fishing relationship between 230 Inmate CAVANAUGH and 130 Inmate RUSSEL?
A (5) : Not really.
Q (6) : Did Inmate CAVANAUGH have an on going problem with Sergeant Washington?
A (6) : Same as above.
Q (7) : Do you recall Inmate CAVANAUGH being removed from his cell by Sergeant Washington and placed in a holding cell which set him off?
A (7) : Not really.
Q (8) : Do you recall a specific day were Inmate CAVANAUGH had tried to speak to Sergeant Washington and got really angry cursing, yelling and acting out?
A (8) : No. there was a time (Don't remember specific day) were Inmate CAVANAUGH yelled, beat on door was really going off and Sergeant Washington Didn't have time to talk to him.
Q (9): Do you recall me having a problem with Sergeant Washington?
A (9): No.
Q (10): Do you recall Inmate CAVANAUGH flooding with feces and urine?
A (10): I don't recall.
Q (11): Do you recall Inmate CAVANAUGH ever being referred to as Cave Man?
A (11): No.

**Confidential Information:** N/A.

**Enemy Concerns:** N/A.

**Findings:** Inmate HASH is found not GUILTY as charged. This finding is based upon the following preponderance of evidence:
1) Lack of substantiation by reporting employee. special act of aggravated batter was not proven in circumstances section of RVR.

**Appeal Rights:** Inmate HASH was advised of his rights to appeal and also the policy pursuant CCR §3084.1 and procedure of credit restoration per CCR §3327 and §3328. Inmate HASH was advised he will receive a completed copy of the RVR upon final audit by the Chief Disciplinary Officer.

J.D. Bennett, Correctional Lieutenant

| SIGNATURE OF WRITER | DATE SIGNED |
|---------------------|-------------|
| _[signature]_ LT | 8/25/05 |

☐ COPY OF CDC 115-C GIVEN TO INMATE

| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|-------------------------------|-------------|-------------|
| _[signature]_ CRPO | 12/9/05 | 1200 |

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA
**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE _2_ OF _2_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-00376 | HASH | FD-04-09-0150 | SVSP | 9/27/04 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☒ 115 CIRCUMSTANCES  ☐ HEARING  ☐ IE REPORT  ☐ OTHER_____

Sergeant Washington was not wearing any gloves. The paper inside the envelope was an inmate request for interview slip. The writing on it was in pencil, it was addressed to, "Dick Head" and in the space to write reason for interview were the words written stating, "Big Foot Strikes Back Again." Also on the paper was what appeared to be and smelled to be feces, smeared on both sides of the paper. I did not see if Sergeant Washington touched any of the feces with his bare hands. Sergeant Washington asked who had sent the letter to him. I replied that I didn't know but for him to check the back of the envelope. The number #129 was written on the back in black ink pen, I then said I picked that particular letter up from cell #129, which is solely occupied by Inmate HASH, P-00376 (D1-129). Sergeant Washington instructed other building staff to have HASH removed from his cell and temporarily placed in a holding cell and conduct a cell search of his assigned cell. At that time, I received (2) two sheets of blue paper, which had hand writing samples from HASH on them. I placed both papers into an evidence envelope. I also placed the U Save Em envelopes and the inmate request for interview into a evidence envelope and both envelopes were placed into evidence locker #1.

J. Hicks, Correctional Officer

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| | | 10/7/04 |
| COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | | 10/16/04 | 1000 |

CDC 115-C (5/95)

OSP 99 25082

ΓΕ OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

..ES VIOLATION REPORT - PART C

PAGE **2** OF **4**

| NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|--------|---------------|------------|-------------|--------------|
| 00376 | HASH | FD-04-09-0150 | SVSP | 12/07/04 |

| SUPPLEMENTAL | [X] CONTINUATION OF: | [ ] 115 CIRCUMSTANCES | [ ] HEARING | [X] IE REPORT | [ ] OTHER_____ |

ate HASH requested that the following Inmates be interviewed for the following questions.
ate BEVIN, (D1-128)

A couple of months ago was there a problem with your floor officers getting the razor blades ed up, during shower time?
Not relevant concerning the circumstances within this RVR.

Was it your previous neighbors in cell #124 and the inmates in cell #130, that had this ,blem with their razor blades getting mixed up?
Not relevant concerning the circumstances within this RVR.

' When this razor blade mix up happened were your neighbors upset or angry over the mix up?
ᵖ Not relevant concerning the circumstances within this RVR.

) What about Inmate Patrick CAVANAUGH, did this razor blade mix up involve him also?
) Not relevant concerning the circumstances within the RVR.

) Inmate CAVANAUGH isn't he the guy everyone calls, "Big foot"
) Not relevant concerning the circumstances within this RVR.

) Is, "Big foot" still causing all kinds of problems for everyone in the pod?
) Not relevant concerning the circumstances within this RVR.

) Does Inmate RUSSELL in cell #130 know if "Big foot" had a problem with this razor blade
x up?
) Not relevant concerning the circumstances within this RVR.

) Inmate RUSSELL in cell #130 knows who big foot is, doesn't he?
) Not relevant concerning the circumstances within this RVR.

) Does big foot still live in cell #230 above you or has he moved?
) Not relevant concerning the circumstances within the RVR.

.mate RUSSELL

) A couple of months ago, did you file a 602 appeal about your razor blade getting mixed
, with other inmates blades?
) Not relevant concerning the circumstances within the RVR.

!) Can you briefly describe what happened and who's razor blade you believe you may have shaved
.th?
!) Not relevant concerning the circumstances within the RVR.

)) Do you feel this mix up of the razor blades may have subjected you to some sort of disease
: infection?
)) Not relevant concerning the circumstances within the RVR.

⁴) How was it that you learned that the officers mixed up the razor blades?
⁴) Not relevant concerning the circumstances within the RVR.

5) What about Inmate CAVANAUGH, did he have a problem with his razor blades?
5) Not relevant concerning the circumstances within the RVR.

6) Is Inmate CAVANAUGH still in cell #230 directly above you or has he moved?
6) Yes.

7) Why is it that everyone calls him, "Big foot".
7) His A.K.A. is caveman.

8) Do you feel it's possible that you will suffer any future damage as a result of shaving
ith someone else's razor blade?
8) Not relevant concerning the circumstances within the RVR.

9) Does this razor blade mix up happen on October through September 2004.
9) Not relevant concerning the circumstances within the RVR.

| [signature] 12/9/05 1200hs · | SIGNATURE OF WRITER C/O C. Sickelton, Correctional Officer | DATE SIGNED 12-10-04 |
|---|---|---|
| [ ] COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) [signature] | DATE SIGNED 12-11-04 | TIME SIGNED 1700 |

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS

PAGE __4__ OF __4__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-00376 | HASH | FD-04-09-0150 | SVSP | 12/07/04 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☐ HEARING  ☒ IE REPORT  ☐ OTHER_____

Inmate HASH requested that the following staff be present as witnesses during the PVR hearing: **Officer Burke, Officer Smith, Officer J. Hicks.**

Inmate HASH also requested that Investigative Employee or Staff Assistant provide him with a full and complete incident package, including a copy of the alleged inmate request for interview form that allegedly had the feces on it, as well as the U-Save Em envelope used to mail the request for interview form. Inmate HASH also requested copies of both items. HASH requested a copy of the (2) two pieces of blue paper with his handwriting samples on them that was confiscated during a search on 09/27/04 that was placed into evidence locker #1. Additionally Inmate HASH requested that a copy of the log page for the temporary holding cage, showing the time and which officers put me in that holding cage.

**INVESTIGATIVE EMPLOYEE'S STATEMENT:** Correctional Officer C. Sickelton made the following statement: "I interviewed Inmate HASH, who originally refused Officer Montana as his Investigative Employee, however to ensure due process I completed the investigation. Inmate HASH had following questions for Inmates JETTER (D1-128), RUSSELL (D1-130), Inmate CAVANAUGH, (D1-230), and Inmate HOLLIS E-37508 (D6-127). I then interviewed Officer J. Hicks the Reporting Employee and Sergeant Washington concerning this RVR.

C. Sickelton, Correctional Officer

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| C. Sickelton  C/O | | 12-10-04 |

| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | | 12/17/04 | 1200 |

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA                                                                                      DEPARTMENT OF CORRECTIONS
# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| P-00376 | HASH | CCR §3005(c) | 12/07/04 | SVSP | FD-04-09-0150 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT  [X] YES  [ ] NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [X] **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| [ ] **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [ ] **I REVOKE** my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| [ ] REQUESTED   [ ] WAIVED BY INMATE | | ▶ | |
| [X] ASSIGNED | DATE 12-15-04   NAME OF STAFF C/O R. Ramirez | | |
| [ ] NOT ASSIGNED | REASON Lt. CPL | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| [ ] REQUESTED   [ ] WAIVED BY INMATE | | ▶ | |
| [X] ASSIGNED | DATE 12/1   NAME OF STAFF C. ___ | | |
| [ ] NOT ASSIGNED | REASON | | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

[ ] REPORTING EMPLOYEE   [ ] STAFF ASSISTANT   [ ] INVESTIGATIVE EMPLOYEE   [ ] OTHER _____   [X] NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | [ ] | [ ] | | [ ] | [ ] |
| | [ ] | [ ] | | [ ] | [ ] |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

On 12/07/04, I was assigned as Investigative Employee for CDC-115, Log #FD-04-09-0150. I informed Inmate HASH of my assignment and that as Investigative Employee my duties were as a fact finder for the Senior Hearing Officer. Inmate HASH refused Officer Montana on 12/07/04, at approximately 1000 hours, however to ensure due process I was assigned to complete this investigation.

**DEFENDANT'S STATEMENT:** Inmate HASH (P-00376) made the following statement: Inmate HASH had no statement, however HASH had following questions for Inmate JETTER, (D1-128), Inmate RUSSELL, (D1-130), Inmate CAVANAUGH, (D1-230), Inmate HOLLIS, (E-37508 D6-127).

**REPORTING EMPLOYEE'S STATEMENT:** Correctional Officer J. Hicks made the following statement: "HASH made available an envelope with paper inside of it. Once I opened the letter, it appeared to have feces on it and smelled like feces also. The letter was addressed to Sergeant Washington. This letter was supplied by Inmate HASH."

**STAFF WITNESS STATEMENT:** Correctional Sergeant Washington made the following statement: "I received a U-Save EM envelope from Officer J. Hicks that he had picked up from cell #129, addressed to me. I then opened the letter and saw that it was a request for interview, the letter was written in pencil and addressed, 'Dick head' and in the space to write reason for interview was 'Big foot strikes again.' I then instructed staff to search cell #129, occupied by Inmate HASH and for them to take (2) two sheets of blue paper, which had writing samples from HASH and place them into evidence." **(Con't See CDC-115-C) (1 OF 4)**

I/m HASH received a copy of IE report on 8-25-04.
C/O A. Garcia R.E.
**C. Sickelton, Correctional Officer**

| | INVESTIGATOR'S SIGNATURE ▶ C. ___ C/O | DATE 12-10-04 |
|---|---|---|
| [X] COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME 1000   DATE 10/16/04 |

CDC 115-A (7/88)                 — If additional space is required use supplemental pages —                OSP 98 8819

# EXHIBIT H

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category
5 V 5 P / 2          08-00042          5

2.

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.    *Confiscated Prop-Cell Search*

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| LARRY HASH  Lawrence | P-00376 | UNASSIGNED | D-8 / 121L |

**A. Describe Problem:** BASED ON AN ORDER FROM Sgt. WASHINGTON ON 9/27/04 AT APROX 9:45 P.M. C/o SMITH AWAKENED ME AND REMOVED ME FROM MY ASSIGNED CELL (D-1/129L). PURSUANT TO C.C.R 3287(a)(3) C/o SMITH AND C/o WATSON THEN CONDUCTED A "SPECIAL SEARCH" FOR ITEMS OF MY HANDWRITING SUSPECTED OF BEING IN MY CELL. DURING THE SEARCH I WAS CONFINED IN A TEMPORARY HOLDING CAGE WHERE I WAS NOT ALLOWED TO OBSERVED THE "SPECIAL SEARCH" OF MY CELL, IN VIOLATION OF CCR 3287(a)(3). AS A RESULT OF THE SEARCH (2) PAGES OF BLUE PAPER CONTAINING MY HAND WRITTEN LEGAL WORK WERE CONFISCATED AND REMOVED FROM MY CELL SO THAT THEY COULD BE READ AND EXAMINED DURING THE INVESTIGATION OF →

If you need more space, attach one additional sheet.  A CRIME. ← (SEE ATTACHED ADDENDUM FOR CONTINUATION)

**B. Action Requested:** I REQUEST THE IMMEDIATE RETURN OF THE (2) PAGES OF BLUE PAPER CONTAINING MY PRIVILEGED AND CONFIDENTIAL LEGAL COMMUNICATIONS, AS WELL AS THE FOLLOWING ITEMS OF MY PERSONAL PROPERTY. ALL LEGAL MATERIALS, DOCUMENTS, CASE RECORDS, COURT MOTIONS, AND PLEADINGS ASSOCIATED WITH MY WRIT OF HABEAS CORPUS CHALLENGING CRIMINAL CONVICTION

Inmate/Parolee Signature: _Larry Hash_            Date Submitted: 9-30-04

RECD DEC 31 2004

**C. INFORMAL LEVEL** (Date Received: _____)

Staff Response: _____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

ADDENDUM TO APPEAL LOG#SVSP-D-05-00042

SPECIFICALLY, THE CONFISCATION OF THE (2) PAGES OF BLUE PAPER VIOLATED CCR 3175 (J) BECAUSE THEY BOTH CONTAINED PRIVILEGED AND CONFIDENTIAL LEGAL COMMUNICATIONS RELEVANT TO A LEGAL VISIT WITH AN ATTORNEY AND A PRIVATE INVESTIGATOR. ADDITIONALLY, THE FOLLOWING ITEMS WERE ALSO REMOVED FROM MY CELL: MOST ALL OF MY STATE ISSUED PROPERTY; ALL OF MY AUTHORIZED MEDICATIONS; MY MEDICAL MATTRESS AND PILLOW; AND ALL OF MY CONFIDENTIAL LEGAL MATERIALS, CASE RECORDS, COURT DOCUMENTS, MOTIONS AND PLEADINGS, ETC, ETC, WERE ALL CONFISCATED AND REMOVED FROM MY CELL.

THE CONFISCATION OF THIS PROPERTY WAS IMPROPER AND UNLAWFUL BECAUSE THE PROPERTY HAD "All" BEEN ISSUED TO ME BY AUTHORIZED STAFF MEMBERS WHILE I WAS HOUSED IN AD/SEG AND THE LEGAL PROPERTY WAS OF A PRIVILEGED AND CONFIDENTIAL NATURE. FURTHERMORE, I WAS CHARGED $59.50 FOR MY MEDICAL MATTRESS AND PILLOW, WHICH WERE BOTH ISSUED WITH MEDICAL CHRONOS STATING MY MEDICAL NECESSITIES, THEREFORE THE CONFISCATION AND REMOVAL OF THOSE ARTIFICIAL MEDICAL APPLIANCES FROM MY CELL VIOLATED CCR 3350 (b) (1) AND CCR 3358 (a) (b).

PURSUANT TO CCR 3287 (a) (4) THE STAFF MEMBERS RESPONSIBLE FOR THIS SPECIAL SEARCH FAILED TO PROVIDE ME WITH A WRITTEN NOTICE/CELL SEARCH RECEIPT FOR THE PROPERTY CONFISCATED AND REMOVED FROM MY CELL. ON 10/6/04 A PORTION OF MY PROPERTY WAS RETURNED TO ME, BUT NUMEROUS ITEMS OF MY PROPERTY WERE MISSING AND HAVE NEVER BEEN RETURN TO ME.

---

AND PRISON SENTENCE. ADDITIONALLY, I REQUEST THAT MY SHAMPOO, DEODERANT, MEDICAL MATTRESS AND PILLOW BE RETURNED TO ME, OR THAT I RECEIVE REIMBURSEMENT FOR THERE FAIR MARKET VALUE.

---

THE "ORIGINAL" OF THIS APPEAL WAS EITHER LOST OR INTENTIONALLY DISPOSED OF BY STAFF, THEREFORE THIS APPEAL WAS RECREATED AND DATED 9/30/04 WHEN IT WAS ORIGINALLY SUBMITTED. THE RECREATION AND RESUBMITAL OF THIS APPEAL WAS AUTHORIZED BY APPEALS COORDINATOR T. VARIZ.

California Dep... .men. of Corrections                                    Salinas Valley State Prison

# APPEAL - FIRST LEVEL REVIEW

**DATE:** 03-25-2005

**NAME:** Hash        **CDC #** P00376

**APPEAL LOG #SVSP-D-05-00042**

**APPEAL DECISION:** DENIED

**SUMMARY OF APPEAL:** Appellant states that based on a order from Sgt. L. Washington, Correctional Officer Smith and Correctional Officer Watson remove him from his cell and did a "special search" for items of his handwriting suspected to be in his cell. Appellant states that he was placed in a holding cell where he could not see the cell search. Appellant states as a result of the cell search (2) pages of blue paper containing his hand written legal work was confiscated. Appellant claims that the confiscation of the blue papers violated legal communications relevant to a legal visit with attorney and private investigator. Appellant also claims that the following items were also removed from his cell. State issued property, authorized medications, case records, court documents, motions and pleadings. Appellant claims that the confiscation of his property was improper and unlawful because the property was issued to him by authorized staff members. Appellant stated that he was charged 59.50 for his medical mattress and pillow that was issued by medical staff. Appellant stated that a portion of his property was returned to him, but there were still missing items.

Appellant requests on appeal that the immediate return of the (2) pages of blue paper, as well as the following items: All legal Materials, Documents, Case records, Court Motions and pleadings associated with his Writ of Habeas Corpus, Shampoo, deodorant, Medical Mattress and Pillow, or reimbursement for fair market value.

**SUMMARY OF INVESTIGATION:** On 3-25-2005, Inmate Hash was interviewed in regards to this appeal. Hash stated that Correctional Officer Diaz had inventoried his property. Hash stated that the deodorant was issued to him out of his property. Hash also stated that he signed a trust withdrawal for his mattress and pillow, which never came with him when he was moved from D1 to D8. Hash stated that he was told the papers were placed into evidence.

On April 01, 2005 ISU was contacted in regards to legal papers being placed into evidence. I was informed by C/O Salao that (2) blue sheets of paper work had been logged into evidence on 09/27/04 in regards to incident # SVP-FD1-04-09-0595. Officer Salao informed me that proper procedure for reissuance of confiscated material is that upon final closure of the incident (to include D.A. referral through prosecution) must be completed before reissuance of confiscated property. At this time the incident is still pending closure.

On April 01, 2005 An interview was conducted in regards to the actual search of the assigned cell. I was informed that the only items removed from the cell during alleged cell search was (2) pages of blue paper. In the appeal the appellant stated the confiscation of aforementioned paperwork was in violation of CCR 3175 (J), which is incorrect based on the fact the CCR 3175 deals with Standards of Conduct for Inmates and their Visitors.
A review of appellants file indicates that appellant did in fact sign a trust withdrawal for mattress and pillow and was issued to appellant by the ADA Coordinator.

*APPEAL LOG # SVSP-D-05-00042*

**APPEAL RESPONSE: Your appeal is being Denied at the First Level. The appellant has failed to prove that the loss of personal property was due to staff misconduct. Also, in accordance with Institutional Policy items placed into evidence will not be reissued to Inmate until the closure of the incident. Incident #SVP-FD1-04-09-0595 is still active thus your appeal is denied.**

If you are dissatisfied with this decision, you may appeal to the Second Level by following the instructions on your appeal form.

L. Wright
D 1/2 ASU Sergeant
Salinas Valley State Prison

Noted:
J. Allison
Correctional Administrator/Complex II

<u>ADDENDUM TO APPEAL SECTION "F", LOG #SVSP-D-05-00042</u>

<u>CONTINUATION OF SECTION "F" BELOW :</u>

AND THIS APPEAL WAS GOING TO BE EITHER GRANTED OR PARTIALLY GRANTED. ADDITIONALLY, THE INSTITUTIONAL POLICY OF NOT RETURNING THE (2) SHEETS OF BLUE PAPER BECAUSE THEY WERE REMOVED FROM MY CELL AS "EVIDENCE" RELEVANT TO AN INCIDENT THAT HAS NOT BEEN CLOSED YET. SUCH A BASIS FOR DENYING THIS APPEAL IS ERRONEOUS AND INCORRECT BECAUSE LOG # SVP-FDI-04-09-0595 IS NOT AN "INCIDENT", TO THE CONTRARY IT'S A TOTALLY DIFFERENT (602 APPEAL) THAT HAS ABSOLUTELY NO RELATION TO THE CELL SEARCH ON 9/27/04, OR TO THIS PARTICULAR APPEAL.

FURTHERMORE, THE 1ST LEVEL REVIEW OF THIS APPEAL INDICATES % SALAO CONFIRMED (2) BLUE SHEETS OF PAPER WERE LOGGED INTO EVIDENCE ON 9/27/04, WHICH COOBORATES APPELLANT'S STAFF MISCONDUCT CLAIM THAT PERSONAL PROPERTY WAS REMOVED FROM HIS CELL AND NO RECEIPT WAS PROVIDED PURSUANT TO CCR 3287 (a)(3). AS FOR APPELLANT'S CLAIM THAT THE CONFISCATION OF THE (2) PAGES OF BLUE LEGAL DOCUMENTS VIOLATED CCR 3175 (J). APPELLANT QUOTED THE INCORRECT CCR SECTION AND IS NOW AMENDING THAT SECTION TO CCR 3178 (n)(1).

PURSUANT TO CCR 3350 (b)(1) AND CCR 3358 (a)(b) THERE WAS NO JUSTIFICATION TO CONFISCATE APPELLANT'S MEDICAL MATTRESS AND PILLOW. THE FACT OF THE MATTER IS, THE ONLY SO CALLED "EVIDENCE" THAT WAS CONFISCATED WAS (2) SHEETS OF BLUE LEGAL DOCUMENTS, WHICH IN ITSELF WAS A VIOLATION OF APPELLANT'S CONFIDENTIAL ATTORNEY/CLIENT RELATIONSHIP, BECAUSE SUCH LEGAL MATERIALS WERE NOT TO BE READ BY STAFF MEMBERS. APPELLANT "AGAIN" REQUEST THAT <u>ALL</u> OF HIS LEGAL DOCUMENTS AND MATERIALS, INCLUDING THE (2) SHEETS OF BLUE LEGAL DOCUMENTS, BE RETURNED TO HIM IMMEDIATELY.

AS FOR <u>ALL</u> OTHER ITEMS OF PERSONAL PROPERTY APPELLANT <u>AGAIN</u> REQUEST THERE IMMEDIATE RETURN OR REIMBURSEMENT FOR THERE FAIR MARKET VALUE.

State of California

Department of Corrections

# Memorandum

Date:    May 11, 2005

To:    Inmate Hash, P-00376
Salinas Valley State Prison

Subject:  SECOND LEVEL APPEAL RESPONSE LOG NO.:  SVSP-D-05-00042

### ISSUE:

Appellant states his legal documents which consisted of two (2) pages of blue
paperwork, were confiscated by the direction of L. Washington, Correctional
Sergeant during a cell search.  The appellant also contends the following items
of personal property are missing: state issued property; all authorized
medications; medical mattress and extra pillow; all confidential legal materials.
The appellant further claims that there are personal property items missing and
have never been returned.

Appellant is requesting that his legal notes be returned, as well as all other
missing items.

**INTERVIEWED BY:**  J.D. Bennett, Correctional Lieutenant

**REGULATIONS:**  The rules governing this issue are:

> **CCR 3164 Legal Documents; Administrative Segregation**
> **CCR 3335 Administrative Segregation**
> **CCR 3006 Contraband**

### SUMMARY OF INVESTIGATION:

The First Level Response (FLR) was completed on 4/1/05.   J. D. Bennett,
Correctional Lieutenant was assigned to investigate this appeal at the Second
Level Review.  All submitted documentation and supporting arguments have been
considered.  Additionally, a thorough examination has been conducted regarding
the claim presented, and evaluated in accordance with Salinas Valley State
Prison (SVSP) Operational Procedures (OP); the California Code of Regulations
(CCR); and the Departmental Operations Manual (DOM).

Appellant stated in the interview that he had legal documents that were
confiscated and/or missing.   The appellant further stated he had numerous
personal property items that were missing, as well as a medical mattress issued
by the Americans with Disabilities Act (ADA) Coordinator.

On April 27, 2005, Correctional Officer Salao (Investigative Services Unit) was
interviewed regarding this appeal issue by Lieutenant J. D. Bennett. Officer Salao
recalled having the confiscated material noted in the appeal in evidence storage.

**Inmate HASH, P-00376**
**CASE NO. SVSP-D-05-00042**
**PAGE 2**

Officer Salao stated that the paperwork in evidence did not appear to be confidential in nature, as there was no legal letter head, nor was the document noted as confidential. The document in question was blue colored paper with writings in pencil. On April 27, 2005, Correctional Sergeant Washington was interviewed regarding this appeal issue by Lieutenant J.D. Bennett. Sergeant Washington stated the paperwork was not confidential legal material and was confiscated by ISU to have a hand writing analysis completed in regards to an investigation.

A thorough review of this appeal has been completed and is partially granted, in that the medical mattress will be returned. As to the documents; the confiscation of those documents was for an on-going investigation. Sergeant Washington stated the only property removed from the appellant's cell was the two sheets of blue paper. The appellant could not provide an accurate inventory of the missing items, nor show previous possession of the items alleged to be missing. Therefore, this portion of the appeal is denied.

<u>DECISION</u>: The appeal is Partially Granted.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

L. E. SCRIBNER
Chief Deputy Warden
Salinas Valley State Prison

## ADDENDUM TO APPEAL SECTION "H" DIRECTOR'S LEVEL REVIEW:

CONTINUATION→ AND THE RETENTION OF THE (2) DOCUMENTS IN QUESTION.
ADDITIONALLY, STAFF OFFICIALS ADMIT THEY CONFISCATED APPELLANTS
MEDICAL MATTRESS AND HAVE VOWED TO RETURN IT TO APPELLANT,
BUT HAVE THUS FAR, FAILED TO DO SO.

BASED UPON THESE STAFF ADMISSIONS, C.D.C OFFICIALS HAVE
FAILED TO DISPROVE APPELLANT'S CONTENTION THAT STAFF MEMBERS
VIOLATED C.C.R 3350 (b)(1) AND C.C.R 3358 (a)(b) BY CONFISCATING
HIS MEDICAL MATTRESS, THEN FURTHER FAILED TO REIMBURSE APPELLANT
FOR THE $59.50 COST OF HIS MEDICAL MATTRESS.

STAFF OFFICIALS ADMIT THAT THEY CONFISCATED SPECIFIC ITEMS OF
PERSONAL PROPERTY FROM APPELLANT'S CELL, BUT HAVE FAILED TO PRODUCE
A CELL SEARCH RECEIPT LIMITING THEIR SEIZURES TO THE ITEMS THEY
ADMIT TO TAKING. AS SUCH, APPELLANT HAS ESTABLISHED THAT C.D.C
OFFICIALS CONFISCATED AND REMOVED THESE ITEMS OF HIS PERSONAL PROPERTY
FROM HIS CELL, AND WAS NOT PROVIDED WITH A RECEIPT FOR THOSE ITEMS,
PURSUANT TO THE REQUIREMENTS OF C.C.R 3287 (a)(3).

BASED UPON ALL OF THESE STAFF ADMISSIONS, AND THEIR FAILURE
TO OFFER A DEFENSE TO THESE VIOLATIONS OF CALIFORNIA CODE OF
REGULATIONS, THEIR ACTIONS CONSTITUTE "MISCONDUCT AND STAFF
NEGLIGENCE", THEREFORE APPELLANT'S CLAIMS, THUS FAR, HAVE BEEN
SUBSTANTIATED AND SHOULD NOT BE DENIED BY A FAIR MINDED
REVIEWER OF THIS APPEAL.

WITH REGARD TO THE BALANCE OF APPELLANT'S PROPERTY LOSS,
ONE MUST GIVE CONSIDERATION TO THE FACT THAT IT WAS "STAFF
NEGLIGENCE" THAT CAUSES APPELLANT'S LACK OF A RECEIPT FOR THIS
CONFISCATED PROPERTY. IN VIEW OF THIS FACT, APPELLANT REQUEST THAT
THE 3RD LEVEL REVIEWER OF THIS APPEAL MAKE AN EFFORT TO

Varify records held by S.V.S.P Ad/seg property officer Younce to confirm that officer Younce issued legal property to appellant from his personal property storage between 7/17/04 when appellant was admitted to Ad/seg to 9/27/04 when the confiscation took place in Ad/seg.

Additionally, appellant request the 3rd level reviewer of this appeal to varify records held by the S.V.S.P mailroom that confirm that appellant received numerous legal documents after being admitted to Ad/seg on 7/17/04 up and through 9/27/04 when the confiscation occurred. Appellant is still in Ad/seg and has been unable to get any response to his request for these records.

Again, a fair minded 3rd level reviewer can and should varify the existance of these records so that that information can be used to support the 3rd level review of this appeal. Appellant once again request that C.D.C return all items of personal property confiscated on 9/27/04, or offer appellant fair compensation for his loss due to staff negligence.

This is a case in which the 3rd level reviewer has a "OPPORTUNITY" to SAVE C.D.C a substantial amount of money by settling this claim right away, or on the other hand, the 3rd level reviewer of this appeal may COST C.D.C a substantial amount of money by denying this claim and letting it proceed by way of a complaint under the Civil Rights Act, 42 U.S.C Section 1983 law suit. In other words, the liability for future finanical damages against C.D.C and it's employees rest entirely on the efforts made by the 3rd level reviewer. I suggest that that reviewer assess this claim thoroughally and wisely, because the cost to defend this claim in Federal Court will be far more costly than it would be to settle it while you still can!

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION          ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



August 14, 2005

Hash, CDC #P-00376
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA  93960-1020

Re: Institution Appeal Log #SVSP-D-05-00042 Personal Property

Dear Mr. Hash:

The enclosed documents are being returned to you for the following reasons:

Your appeal is incomplete.  You must include supporting documentation.  Your
appeal is missing proof of ownership .

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can
answer any questions you may have regarding the appeals process.  Library staff
can help you obtain any addresses you need.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

PLEASE FIND (5) PAGES OF DOCUMENTATION SUPPORTING APPELLANT HASH's CLAIM TO POSSESSION AND OWNERSHIP OF PERSONAL/LEGAL PROPERTY RELEVANT TO APPEAL LOG # SVSP-D-05-00042.

I FIRST MUST EXPLAIN WHY THERE WAS A DELAY IN RESPONDING TO YOUR RECENT REQUEST FOR "PROOF OF OWNERSHIP". I RETURNED TO S.V.S.P DURING THE FIRST WEEK OF AUGUST AFTER UNDER GOING TWO SEPARATE OPERATIONS AT STANFORD HOSPITAL. AT THAT TIME I WAS IN RECOVERY DUE TO SEVERE HEAD, BACK, AND ARM INJURIES. MY RECOVERY HAS BEEN VERY COMPLICATED & DIFFICULT, BUT AS SOON AS THE CAST WAS REMOVED FROM MY WRITING HAND I FORWARDED THIS RESPONSE & DOCUMENTATION TO YOU AS QUICKLY AS POSSIBLE. SEE BELOW:

1. SEE ATTACHED (2) C.D.C 1083 FORMS DATED 8/3/04 & 8/27/04 AS PROOF OF LEGAL RECORDS & DOCUMENTS RELEVANT APPEAL CLAIM. THE OFFICER THAT COMPLETED THIS FORMS WAS NEGLIGENT, IN THAT HE FAILED TO ITEMIZE EACH RECORD & DOCUMENT.

2. APPELLANT HASH KEPT METICULOUS RECORDS OF HIS LEGAL MATERIALS, AND AS SUCH, THEY ARE ITEMIZED 1-THRU-12. SEE ATTACHED LEGAL MATERIALS LIST.

3. APPELLANT HASH FURTHER SUPPORTS HIS CLAIM TO OWNSHIP OF ADDITIONAL RECORDS & DOCUMENTS BY WAY OF HIS INCOMING LEGAL MAIL LOG SHOWING RECEIPT OF LEGAL MATERIALS FROM LEGAL COUNSEL & THE U.S. COURT OF APPEALS. SEE ATTACHMENT TO APPEAL.

4. SEE ATTACHED TRUST ACCOUNT STATEMENT FOR PROOF OF PURCHASE FOR MEDICAL MATTRESS. UNFORTUNATELY PROOF OF PURCHASE FOR THE MEDICAL PILLOW IS UNAVAILABLE TO APPELLANT, THEREFORE APPELLANT SPECIFICALLY REQUEST THE REVIEWER OF THE APPEAL TO CONFIRM WITH S.V.SP THAT APPELLANT'S MEDICAL PROPERTY CARD SHOWS HIS OWNERSHIP OF SAID MEDICAL PILLOW.

--- REVERSE SIDE ---

7 BE ADVISED I'll BEEN CORRESPONDING WITH "ROSEN BIEN & ASARO LLP ATTORNEY
AT LAW AND THIS CASE HAS ISSUES THAT FALL UNDER A FEDERAL CIVIL RIGHTS CLASS
ACTION, I.E. "ARMSTRONG -V- SCHWARZENEGGER" AND THATS EXACTLY WHERE IT'S
HEADED IF DENIED. IF YOUR SETTLEMENT OFFER IS NOT REASONABLE, THEN DON'T MAKE i

## IMPORTANT POINTS OF ISSUE:

1. APPELLANT HASH IS ADAMATELY REQUESTING THAT THE SACRAMENTO INMATE
APPEALS BRANCH MAKE A EARNEST AND THOROUGH EFFORT TO LOCATE
ALL OF HIS MISSING LEGAL MATERIALS AT S.V.S.P, THEN INCLUDE A
DISCRIPTIVE ACCOUNT OF THOSE EFFORTS IN THE WRITTEN RESPONSE TO
THIS 3ᴿᴰ LEVEL APPEAL REVIEW.

2. S.V.S.P OFFICIALS HAVE ALREADY "ADMITTED" THAT THEY HAVE THE (2) PAGES
OF BLUE PAPER ALLEGED TO BE PRIVILAGED/CONFIDENTIAL LEGAL COMMUNICATIONS
AS DESCRIBED IN SECTION "B" OF THIS APPEAL. THIS INCIDENT OCCURRED OVER
(1) YEAR AGO, THEREFORE THE INVESTIGATION OF THIS MATTER WAS CLOSED
QUITE SOME TIME AGO AND ALL CHARGES AND OR ALLEGATIONS AGAINST
APPELLANT HASH HAVE BEEN DISMISSED IN FULL. AS SUCH, THIS APPEAL
CANNOT BE DENIED JUSTIFIABLY WITHOUT RETURNING THESE PARTICULAR
LEGAL DOCUMENTS TO APPELLANT HASH. THERE RETURN IS MANDATORY,
AS WILL BE DETERMINED BY THE FEDERAL COURT BASED UPON THE ADMISSIONS
BY S.V.S.P OFFICIALS IN THIS APPEAL.

3. S.V.S.P OFFICIALS HAVE ALSO "ADMITTED" IN THIS APPEAL THAT APPELLANT
HASH IS ENTITLED TO COMPENSATION FOR THE MEDICAL MATTRESS THAT
WAS ILLEGALLY & UNLAWFULLY CONFISCATED FROM HIS CELL IN VIOLATION
OF CCR 3350(b)(1) AND 3358(a)(b). HOWEVER, TO DATE APPELLANT HASH
HAS RECEIVED NO SUCH COMPENSATION. I SUGGEST YOU MAKE A FAIR
AND REASONABLE SETTLEMENT OFFER, IF NOT, I WILL ADAMATELY PURSUE
THIS CLAIM AS A CIVIL RIGHTS FEDERAL ᶜˡᵃˢˢ ᵃᶜᵗⁱᵒⁿ LAW SUIT FOR DEPRIVING ME OF COURT
ACCESS NEEDED TO REGAIN MY FREEDOM AND FOR 8ᵀᴴ AMENDMENT VIOLATION'S
RELEVANT TO DEPRIVING ME OF ARTIFICIAL MEDICAL APPLIANCES NEEDED TO
TREAT MY MEDICAL DISABILITIES (A COPY OF THIS APPEAL IS UNDER REVIEW B...

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:  JAN 0 5 2006

In re:    Hash, P-00376
          California Men's Colony
          P.O. Box 8101
          San Luis Obispo, CA 93409-8101


IAB Case No.: 0503850          Local Log No.: SVSP 05-00042


This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner Jack Batchelor, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I    APPELLANT'S ARGUMENT:  It is the appellant's position that his property has been lost through negligence on the part of staff. The appellant indicates that his legal documents consisting of two pages of blue paperwork were confiscated during a recent search of his cell. The appellant further indicates that other property items consisting of state issued property; authorized medications; medical mattress and pillow; confidential legal materials, as well as personal property items were removed from his cell.

The appellant requests that his legal notes be returned, as well as all of the other missing items.

II   SECOND LEVEL'S DECISION:  The reviewer found that the institution established that no staff negligence was involved; therefore, the institution does not accept liability. The institution stated that only two pieces of blue paper were removed from his cell.

The blue paper was examined and determined not to be legal documents. The institution stated that the two pieces of blue paper did not appear to be confidential in nature, as there was no legal letter head, nor was the documents noted marked as confidential. The documents were removed from the appellant's cell in order to have a handwriting analysis completed in reference to an investigation being conducted by the Investigative Services Unit (ISU).

The institution stated that documentation was discovered indicating that the mattress and pillow were issued to the appellant. Because these items were not removed from the appellant's cell, the appellant's request for the return of these items is moot. The institution determined that because the appellant could not provide specific details and/or an inventory of the alleged missing property items, or that he was actually in possession of these items at the time his cell was searched, the institution denied the appellant's appeal at the Second Level of Review.

III  DIRECTOR'S LEVEL DECISION:  Appeal is denied.

   A.  FINDINGS:  The regulations are clear in that the department cannot accept responsibility for the appellant's property where there is no liability established. The appellant could not provide an inventory or show that he was in possession of the alleged items that he claims were removed from his cell.

The two pieces of blue paper that were removed from the appellant's cell are being retained pending the outcome of an investigation being conducted by the ISU. The appeals examiner contacted the institution to ascertain the status of the investigation. The appeals examiner was informed that the documents were being examined by the California Department of Justice (DOJ) and that the results of this examination have not been forwarded to the institution. Therefore, the investigation will continue until such time as the DOJ completes their examination. The institution cannot control the time it takes for this agency to complete their examination.

The appellant has failed to provide an inventory of the specific items allegedly removed from his cell nor was that he was in possession of these items at the time his cell searched, with the exception of the two pieces of blue paper. Without any evidence or documentation, a modification of the decision reached by

HASH, P-00376
CASE NO. 0503850
PAGE 2

the institution in this matter is not justified. Therefore, the appellant will not be provided any relief at the Director's Level of Review.

**B. BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3191, 3193

**C. ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, CMC
       Appeals Coordinator, CMC
       Appeals Coordinator, SVSP

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
**INMATE PROPERTY INVENTORY**
CDC 1083 (Rev 2/00)

| INMATE'S NAME | CDC NUMBER | PRIVILEGE GROUP | INSTITUTION | DATE |
|---|---|---|---|---|
| NASH | P-0097C | | SUSP | 8-3-04 |

| PROPERTY INVENTORIED BY | TITLE | REASON FOR INVENTORY | NUMBER OF BOXES |
|---|---|---|---|
| J. YOUNGER | C/O | ADJ. SEG ISSUE | 6 |

## CANTEEN ITEMS

| | |
|---|---|
| ☐ Cereal | ☐ Cheese |
| ☐ Cocoa | ☐ Cookies |
| ☐ Crackers | ☐ Creamer |
| ☐ Dry Meat | ☐ Dry Drink Mix |
| ☐ Health Food | ☐ Protein Supplement |
| ☐ Vitamins | ☐ Soup |
| ☐ Nuts | ☐ Sugar Cubes |
| ☐ Tea | ☐ Instant Coffee |
| ☐ Soda | ☐ Peanut Butter |
| ☐ Jelly | ☐ Chips |
| ☐ Honey | ☐ Pork Rinds |
| ☐ Hot Sauce | |

### Stationary Items

| | |
|---|---|
| ☑ Envelopes | ☐ Stamps |
| ☐ Stamped Envelopes | ☐ Greeting Cards |
| ☐ Writing Tablets | ☐ Stationary |
| ☐ Pencil Sharpener | ☐ Pens |
| ☐ Writing Paper | ☐ Pencils |

### Hygiene Items

| | |
|---|---|
| ☐ Razor | ☐ Tweezers |
| ☐ Shaving Cream | ☐ After Shave |
| ☐ Nail Clippers | ☐ Nail Polish |
| ☐ Soap | ☐ Soap Dish |
| ☐ Toothpaste | ☑ Mouthwash |
| ☐ Baby Powder | ☐ Talc |
| ☐ Shampoo | ☐ Conditioner |
| ☐ Hair Grease/Gel | ☐ Deodorant |
| ☐ Perm Kit | ☐ Mirror |
| ☐ Nail Polish | ☐ Foundation |
| ☐ Makeup Ball | ☐ Blush |
| ☐ Mascara | ☐ Other: |

### Tobacco Items

| | |
|---|---|
| ☐ Pipe Tobacco | ☐ Chewing Tobacco |
| ☐ Other Tobacco | ☐ Cigarette Lighter |
| ☐ Tobacco Pouch | ☐ Cigarette Case |
| ☐ Cigarette Roller | ☐ Smoking Pipe |

### Other Items

| | |
|---|---|
| ☐ Immersion Heater | ☐ Tumbler |
| ☐ Bowl | ☐ Can Opener |
| ☐ Shoe Polish | ☐ Extension Cord |
| ☐ Batteries | Size: |

## PERSONAL ITEMS

| | |
|---|---|
| ☐ Photo Albums | ☐ Photos |
| ☐ Cassette Tapes | ☐ CDs |
| ☐ Religious Medallion | ☐ Ring G S |
| ☐ Chain G S | ☐ Earrings G S |
| ☐ Watch G S | ☐ Wallet |
| ☐ Prescription Glasses | ☐ Sunglasses |
| ☐ Handkerchief | ☐ Wash Cloth |
| ☐ Magazines | ☐ Books |
| ☐ Address Book | ☐ Calendar |
| ☐ Shoe Horn | ☐ Shaving Bag |
| ☐ Brush | ☐ Comb |
| ☐ Cosmetic Bag | ☐ Perm Rods |

### Clothing Items

| | |
|---|---|
| ☐ B/B Hat | ☑ Watch Cap |
| ☐ Head Band | ☐ Gloves |
| ☐ Shower Thongs | ☐ Slippers |
| ☐ Sweat Pants | ☐ Sweat Shirt |
| ☐ Tennis Shoes | ☐ Raincoat |
| ☐ Thermal Top | ☐ Thermal Pants |
| ☐ Bras | ☐ Panties |
| ☐ Gym Shorts | ☐ Athletic Supporter |
| ☐ Slip | |

### Games

| | |
|---|---|
| ☐ Chess | ☐ Checkers |
| ☐ Dominoes | |

### Other

ISSUE
SHOWER SHOES
LEGAL WORK
PRESCRIPTION GLASSES

### Hobby Items

SENT HOME ALL FOOD
ITEMS

## NON-EXPENDABLE ITEMS

| | |
|---|---|
| ☐ Television | ☐ A/C Adapter |
| Operational | ☐ Yes ☐ No |
| Model: | |
| SR/N: | |
| ☐ CD/Cassette Player | ☐ A/C Adapter |
| Operational | ☐ Yes ☐ No |
| Model: | |
| SR/N: | |
| ☐ Radio | ☐ A/C Adapter |
| Operational | ☐ Yes ☐ No |
| Model: | |
| SR/N: | |
| ☐ Musical Instrument | |
| Operational | ☐ Yes ☑ No |
| Type: | |
| Model: | |
| SR/N: | |
| ☐ Typewriter | |
| Operational | ☐ Yes ☐ No |
| Model: | |
| SR/N: | |
| ☐ Fan | |
| Model: | |
| ☐ Lamp | ☐ Electric Shaver |
| ☐ Blow Dryer | ☐ Hair Dryer |
| ☐ Curling Iron | ☐ Hair Rollers |
| ☐ Pressing Comb | ☐ Calculator |

All nonoperational items shall either be repaired, sent home, or disposed of. Note disposition of the item below:

| Inmate's Signature Noting Disposition | Date |
|---|---|

| TO BE SIGNED UPON INVENTORY OF THE INMATE'S PROPERTY | TO BE SIGNED UPON RETURN TO THE INMATE |
|---|---|
| The above listed items constitute all of my personal property which I am authorized to retain. | I have received all the above listed personal property or have noted any discrepancies below: |
| INMATE'S SIGNATURE: | DATE: | INMATE'S SIGNATURE: _____ DATE: 8-3-04 |
| RECEIVED IN R&R BY: | INSTITUTION | DATE |

**All property being disposed of per CCR Section 3091 shall be listed on a separate inventory.**

Distribution: Original: R&R     Copy: Inventory Officer     Copy: Inmate     Copy: Retained in Property being Shipped/Transported

REPORT DATE: 09/21/04
PAGE NO:       1

CALIFORNIA DEPARTMENT OF CORRECTIONS
SALINAS VALLEY STATE PRISON
INMATE TRUST ACCOUNTING SYSTEM
INMATE TRUST ACCOUNT STATEMENT

FOR THE PERIOD: MAR. 01, 2004 THRU SEP. 21, 2004

ACCOUNT NUMBER   : P00376                    BED/CELL NUMBER: FDB1T1000000129L
ACCOUNT NAME     : HASH, LAWRENCE GEORGE          ACCOUNT TYPE: I
PRIVILEGE GROUP: D

TRUST ACCOUNT ACTIVITY

| DATE | TRAN CODE | DESCRIPTION | COMMENT | CHECK NUM | DEPOSITS | WITHDRAWALS | BALANCE |
|------|-----------|-------------|---------|-----------|----------|-------------|---------|
| 01/2004 | | BEGINNING BALANCE | | | | | 0.00 |
| 07*VD54 | | INMATE PAYROL | 0586 P5/04 | | 3.89 | | 3.89 |
| 07*VD54 | | INMATE PAYROL | 0586 P6/04 | | 1.13 | | 5.02 |
| 08 W512 | | LEGAL POSTAGE | 0600 ENVEL | | | 1.55 | 3.47 |
| 08 W512 | | LEGAL POSTAGE | 0600 LPOST | | | 1.92 | 1.55 |
| 09 W512 | | LEGAL POSTAGE | 0604 ENVEL | | | 1.55 | 0.00 |

CURRENT HOLDS IN EFFECT

| DATE PLACED | HOLD CODE | DESCRIPTION | COMMENT | HOLD AMOUNT |
|-------------|-----------|-------------|---------|-------------|
| 10/2003 | H107 | POSTAGE HOLD | 1330 PPOST | 5.30 |
| 01/2003 | H107 | POSTAGE HOLD | 1498 POST | 1.06 |
| 17/2004 | H107 | POSTAGE HOLD | 0462 PPOST | 9.50 |
| 15/2004 | H119 | ARTIFICIAL APPLIANCE HOLD | 0673 ORTHO | 59.30 |
| 17/2004 | H118 | LEGAL COPIES HOLD | 0698 LCOPY | 0.30 |
| 17/2004 | H109 | LEGAL POSTAGE HOLD | 0698 ENVEL | 1.55 |

* RESTITUTION ACCOUNT ACTIVITY

DATE SENTENCED: 05/29/98                    CASE NUMBER: CR61262
COUNTY CODE: RIV                           FINE AMOUNT: $  10,000.00

| DATE | TRANS | DESCRIPTION | TRANS. AMT. | BALANCE |
|------|-------|-------------|-------------|---------|
| 01/2004 | | BEGINNING BALANCE | | 9,803.00 |
| 07/04 | VR54 | RESTITUTION DEDUCTION-SUPPORT | 1.74- | 9,801.26 |
| 07/04 | VR54 | RESTITUTION DEDUCTION-SUPPORT | 0.50- | 9,800.76 |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

**INMATE PROPERTY INVENTORY**

CDC 1083 (Rev 2/00)

| INMATE'S NAME | CDC NUMBER | PRIVILEGE GROUP | INSTITUTION | DATE |
|---|---|---|---|---|
| HASH | P00376 | | SVSP | 5-27-04 |

| PROPERTY INVENTORIED BY | TITLE | REASON FOR INVENTORY | NUMBER OF BOXES |
|---|---|---|---|
| Montana | C/O | Legal Exchange | |

## CANTEEN ITEMS

| | |
|---|---|
| ☐ Cereal | ☐ Cheese |
| ☐ Cocoa | ☐ Cookies |
| ☐ Crackers | ☐ Creamer |
| ☐ Dry Meat | ☐ Dry Drink Mix |
| ☐ Health Food | ☐ Protein Supplement |
| ☐ Vitamins | ☐ Soap |
| ☐ Nuts | ☐ Sugar Cubes |
| ☐ Tea | ☐ Instant Coffee |
| ☐ Soda | ☐ Peanut Butter |
| ☐ Jelly | ☐ Chips |
| ☐ Honey | ☑ Pork Rinds |
| ☐ Hot Sauce | |

### Stationary Items

| | |
|---|---|
| ☐ Envelopes | ☐ Stamps |
| ☐ Stamped Envelopes | ☐ Greeting Cards |
| ☐ Writing Tablets | ☐ Stationary |
| ☐ Pencil Sharpener | ☐ Pens |
| ☐ Writing Paper | ☐ Pencils |

### Hygiene Items

| | |
|---|---|
| ☐ Razor | ☐ Tweezers |
| ☐ Shaving Cream | ☐ After Shave |
| ☐ Nail Clippers | ☐ Nail Polish |
| ☐ Soap | ☐ Soap Dish |
| ☐ Toothpaste | ☐ Mouthwash |
| ☐ Baby Powder | ☐ Talc |
| ☐ Shampoo | ☐ Conditioner |
| ☐ Hair Grease/Gel | ☐ Deodorant |
| ☐ Perm Kit | ☐ Mirror |
| ☐ Nail Polish | ☐ Foundation |
| ☐ Makeup Ball | ☐ Blush |
| ☐ Mascara | ☐ Other: _____ |

### Tobacco Items

| | |
|---|---|
| ☐ Pipe Tobacco | ☐ Chewing Tobacco |
| ☐ Other Tobacco | ☐ Cigarette Lighter |
| ☐ Tobacco Pouch | ☐ Cigarette Case |
| ☐ Cigarette Roller | ☐ Smoking Pipe |

### Other Items

| | |
|---|---|
| ☐ Immersion Heater | ☐ Tumbler |
| ☐ Bowl | ☐ Can Opener |
| ☐ Shoe Polish | ☐ Extension Cord |
| ☐ Batteries | Size: _____ |

## PERSONAL ITEMS

| | |
|---|---|
| ☐ Photo Albums | ☐ Photos |
| ☐ Cassette Tapes | ☐ CDs |
| ☐ Religious Medallion | ☐ Ring G S |
| ☐ Chain G S | ☐ Earrings G S |
| ☐ Watch G S | ☐ Wallet |
| ☐ Prescription Glasses | ☐ Sunglasses |
| ☐ Handkerchief | ☐ Wash Cloth |
| ☐ Magazines | ☐ Books |
| ☐ Address Book | ☐ Calendar |
| ☐ Shoe Horn | ☐ Shaving Bag |
| ☐ Brush | ☐ Comb |
| ☐ Cosmetic Bag | ☐ Perm Rods |

### Clothing Items

| | |
|---|---|
| ☐ B/B Hat | ☐ Watch Cap |
| ☐ Head Band | ☐ Gloves |
| ☐ Shower Thongs | ☐ Slippers |
| ☐ Sweat Pants | ☐ Sweat Shirt |
| ☐ Tennis Shoes | ☐ Raincoat |
| ☐ Thermal Top | ☐ Thermal Pants |
| ☐ Bras | ☐ Panties |
| ☐ Gym Shorts | ☐ Athletic Supporter |
| ☐ Slip | |

### Games

| | |
|---|---|
| ☐ Chess | ☐ Checkers |
| ☐ Dominoes | |

### Other

Exchanged Legal
Paperwork

**Hobby Items**

## NON-EXPENDABLE ITEMS

| | |
|---|---|
| ☐ Television | ☐ A/C Adapter |

Operational ☐ Yes ☐ No

Model: _____

SR/N: _____

| | |
|---|---|
| ☐ CD/Cassette Player | ☐ A/C Adapter |

Operational ☐ Yes ☐ No

Model: _____

SR/N: _____

| | |
|---|---|
| ☐ Radio | ☐ A/C Adapter |

Operational ☐ Yes ☐ No

Model: _____

SR/N: _____

| | |
|---|---|
| ☐ Musical Instrument | |

Operational ☐ Yes ☐ No

Type: _____

Model: _____

SR/N: _____

| | |
|---|---|
| ☐ Typewriter | |

Operational ☐ Yes ☐ No

Model: _____

SR/N: _____

| | |
|---|---|
| ☐ Fan | |

Model: _____

| | |
|---|---|
| ☐ Lamp | ☐ Electric Shaver |
| ☐ Blow Dryer | ☐ Hair Dryer |
| ☐ Curling Iron | ☐ Hair Rollers |
| ☐ Pressing Comb | ☐ Calculator |

All nonoperational items shall either be repaired, sent home, or disposed of. Note disposition of the item below:

| Inmate's Signature Noting Disposition | Date |
|---|---|
| | |

| TO BE SIGNED UPON INVENTORY OF THE INMATE'S PROPERTY | TO BE SIGNED UPON RETURN TO THE INMATE |
|---|---|
| The above listed items constitute all of my personal property which I am authorized to retain. | I have received all the above listed personal property or have noted any discrepancies below: |
| INMATE'S SIGNATURE: _____ DATE: 5-27-04 | INMATE'S SIGNATURE: _____ DATE: |
| RECEIVED IN R&R BY: _____ INSTITUTION: _____ DATE: _____ | |

All property being disposed of per CCR Section 3091 shall be listed on a separate inventory.

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS
**INMATE PROPERTY INVENTORY**
**CDC 1083 (Rev 2/00)**

| INMATE'S NAME HASH | CDC NUMBER P-00376 | PRIVILEGE GROUP | INSTITUTION SVSP | DATE 09-28-04 |
|---|---|---|---|---|
| PROPERTY INVENTORIED BY HICKS, DIAZ | TITLE c/o | REASON FOR INVENTORY EVIDENCE | | NUMBER OF BOXES |

## CANTEEN ITEMS

| | |
|---|---|
| ☐ Cereal | ☐ Cheese |
| ☐ Cocoa | ☐ Cookies |
| ☐ Crackers | ☐ Creamer |
| ☐ Dry Meat | ☐ Dry Drink Mix |
| ☐ Health Food | ☐ Protein Supplement |
| ☐ Vitamins | ☐ Soup |
| ☐ Nuts | ☒ Sugar Cubes |
| ☐ Tea | ☐ Instant Coffee |
| ☐ Soda | ☐ Peanut Butter |
| ☐ Jelly | ☐ Chips |
| ☐ Honey | ☐ Pork Rinds |
| ☐ Hot Sauce | |

### Stationary Items

| | |
|---|---|
| ☒ Envelopes X 6 | ☐ Stamps |
| ☐ Stamped Envelopes | ☐ Greeting Cards |
| ☐ Writing Tablets | ☐ Stationary |
| ☐ Pencil Sharpener | ☐ Pens |
| ☐ Writing Paper | ☐ Pencils |

### Hygiene Items

| | |
|---|---|
| ☐ Razor | ☐ Tweezers |
| ☐ Shaving Cream | ☐ After Shave |
| ☐ Nail Clippers | ☐ Nail Polish |
| ☐ Soap | ☐ Soap Dish |
| ☐ Toothpaste | ☒ Mouthwash |
| ☐ Baby Powder | ☐ Talc |
| ☐ Shampoo | ☐ Conditioner |
| ☐ Hair Grease/Gel | ☐ Deodorant |
| ☐ Perm Kit | ☐ Mirror |
| ☐ Nail Polish | ☐ Foundation |
| ☐ Makeup Ball | ☐ Blush |
| ☐ Mascara | ☐ Other:_____ |

### Tobacco Items

| | |
|---|---|
| ☐ Pipe Tobacco | ☐ Chewing Tobacco |
| ☒ Other Tobacco | ☐ Cigarette Lighter |
| ☐ Tobacco Pouch | ☐ Cigarette Case |
| ☐ Cigarette Roller | ☒ Smoking Pipe |

### Other Items

| | |
|---|---|
| ☐ Immersion Heater | ☐ Tumbler |
| ☐ Bowl | ☐ Can Opener |
| ☐ Shoe Polish | ☐ Extension Cord |
| ☒ Batteries | Size:_____ |

## PERSONAL ITEMS

| | |
|---|---|
| ☐ Photo Albums | ☐ Photos |
| ☒ Cassette Tapes | ☐ CDs |
| ☒ Religious Medallion | ☐ Ring G S |
| ☐ Chain G S | ☐ Earrings G S |
| ☐ Watch G S | ☐ Wallet |
| ☐ Prescription Glasses | ☒ Sunglasses |
| ☐ Handkerchief | ☐ Wash Cloth |
| ☐ Magazines | ☒ Books |
| ☐ Address Book | ☐ Calendar |
| ☐ Shoe Horn | ☐ Shaving Bag |
| ☐ Brush | ☐ Comb |
| ☐ Cosmetic Bag | ☐ Perm Rods |

### Clothing Items

| | |
|---|---|
| ☐ B/B Hat | ☐ Watch Cap |
| ☐ Head Band | ☐ Gloves |
| ☐ Shower Thongs | ☐ Slippers |
| ☐ Sweat Pants | ☒ Sweat Shirt |
| ☐ Tennis Shoes | ☐ Raincoat |
| ☐ Thermal Top | ☐ Thermal Pants |
| ☐ Bras | ☒ Panties |
| ☐ Gym Shorts | ☐ Athletic Supporter |
| ☐ Slip | |

### Games

| | |
|---|---|
| ☒ Chess | ☐ Checkers |
| ☐ Dominoes | |

### Other

INDIGENT ENVELOPES(X34)
_____
_____
_____
_____
_____

### Hobby Items

_____
_____
_____
_____
_____
_____

## NON-EXPENDABLE ITEMS

| | |
|---|---|
| ☐ Television | ☐ A/C Adapter |

Operational ☐ Yes ☐ No

Model: N/A

SR/N:_____

| | |
|---|---|
| ☐ CD/Cassette Player | ☐ A/C Adapter |

Operational ☐ Yes ☐ No

Model: N/A

SR/N:_____

| | |
|---|---|
| ☐ Radio | ☐ A/C Adapter |

Operational ☐ Yes ☐ No

Model: N/A

SR/N:_____

☐ Musical Instrument

Operational ☐ Yes ☐ No

Type: N/A

Model:_____

SR/N:_____

☐ Typewriter

Operational ☐ Yes ☐ No

Model: N/A

SR/N:_____

☐ Fan

Model: N/A

| | |
|---|---|
| ☐ Lamp | ☐ Electric Shaver |
| ☐ Blow Dryer | ☐ Hair Dryer |
| ☐ Curling Iron | ☐ Hair Rollers |
| ☐ Pressing Comb | ☐ Calculator |

All nonoperational items shall either be repaired, sent home, or disposed of. Note disposition of the item below:

| Inmate's Signature Noting Disposition | Date |
|---|---|

| TO BE SIGNED UPON INVENTORY OF THE INMATE'S PROPERTY | TO BE SIGNED UPON RETURN TO THE INMATE |
|---|---|
| The above listed items constitute all of my personal property which I am authorized to retain. | I have received all the above listed personal property or have noted any discrepancies below: |
| INMATE'S SIGNATURE: DATE: | INMATE'S SIGNATURE: DATE: |
| RECEIVED IN R&R BY: INSTITUTION DATE | |

**All property being disposed of per CCR Section 3091 shall be listed on a separate inventory.**

Distribution: Original: R&R     Copy: Inventory Officer     Copy: Inmate     Copy: Retained in Property being Shipped/Transported

| DATE | CDC# | NAME | SENDER |
|------|------|------|--------|
| 02/26/04 | P00376 | HASH | CLERK, US COURT OF APPEALS; PASADENA, CA 91105 |
| 03/17/04 | P00376 | HASH | USDC, CLERK; LA, CA 90012 |
| 03/17/04 | P00376 | HASH | STATE LIAISON; WASHINGTON, DC 20006 |
| 03/19/04 | P00376 | HASH | US COURT OF APPEALS; SAN FRAN, CA 94119 |
| 04/16/04 | P00376 | HASH | CHIEF, INMATE APPEALS; SACTO, CA 94283 |
| 04/26/04 | P00376 | CHOI | NATN'L RCRDS CNTR; LEE'S SUMMIT MO 64064 |
| 05/12/04 | P00376 | HASH | DEPT OF CORONER; LA CA 90033 |
| 05/17/04 | P00376 | HASH | DEPT OF JUSTICE; LEE'S SUMMIT MO 64064 |
| 06/07/04 | P00376 | HASH | US COURT OF APPEALS; SAN FRAN, CA 94119 |
| 06/21/04 | P00376 | HASH | CLERK, US COURT OF APPEALS; SAN FRAN, CA 94119 |
| 06/30/04 | P00376 | HASH | KLOPPER INVSTGTNS; SAN JOSE CA 95159 |
| 07/22/04 | P00376 | HASH | GIGI GORDON, AAL; LA, CA 90025 |
| 09/07/04 | P00376 | HASH | US COURT OF APPEALS; SAN FRAN, CA 94119 |
| 09/16/04 | P00376 | HASH | HINKLE & ASSOC; MURRIETA, CA 92562 |
| 09/28/04 | P00376 | HASH | CYNTHIA CHANDER, ESQ; OAKLAND, CA 94612 |
| 09/29/04 | P00376 | HASH | APPELLATE DEFENDERS INC; SAN DIEGO, CA 92101 |
| 10/12/04 | P00376 | HASH | PETER GOLD, AAL; BERKELEY, CA 94705 (FWD TO D8-214 ON 10-20-04) |
| 10/20/04 | P00376 | HASH | PETER GOLD, AAL; BERKELEY, CA 94705 (PREV SENT TO D1-129 ON 10-12-04) |
| 11/02/04 | P00376 | HASH | HINKLE & ASSOC; MURRIETA, CA 92562 |
| 11/09/04 | P00376 | HASH | LAW OFFICE HARMON & HARMON; RIVERSIDE, CA 92501 |
| 11/10/04 | P00376 | HASH | APPELLATE DEFENDERS INC; SAN DIEGO, CA 92101 |
| 11/16/04 | P00376 | HASH | OFFICE OF THE INSPECTOR GENERAL; SACTO, CA 95834 |
| 11/23/04 | P00376 | HASH | PETER GOLD A.A.L SAN FRANCISCO CA 94123 |
| 11/30/04 | P00376 | HASH | C.J. FORD P.I. PLACENTIA CA 92870 |

Incoming Mail-SVSP

*14*

LEGAL MATERIAL BELONGING TO L. HASH, #P-00376

TOTAL OF FIVE (5) LARGE ENVELOPES
WHICH CONTAIN THE FOLLOWING:

1.  Habeas Corpus Brief - Riverside County Superior Court.

2.  Petitioner's Pro Per Ex Parte Application for Relief from
    Default; Request to File Extended Length Supplemental Traverse II.

3.  Petitioner's Supplemental Traverse.

4.  Answer to Amended Petition for Writ of Habeas Corpus.

5.  Reply to Petition for Review.

6.  Habeas Corpus Brief - California Court of Appeal.

7.  Notice of Appeal (Federal Court) - with attached Magistrate's
    Report and Recommendation - attached District Court Docket Sheet.

8.  Petition for Rehearing - 9th Circuit.

9.  Request for Certificate of Appealability.

10. Habeas Corpus Petition - Federal District Court.

11. Answer to Petition for Review - California Supreme Court.

12. Complaint Against Dr. Choi - with numerous letters and documents
    related to Dr. Choi.

HASH, #P-00376

# EXHIBIT
# I

804 to Records: _____ Date: _____

STATE OF CALIFORNIA

**RULES VIOLATION REPORT**

DEPARTMENT OF CORRECTION

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| P-00376 | HASH | | SVSP | D8-214 | FD-04-10-00 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR §3005(b) | Refusing a Direct Order (Cellmate) | D8 | 10/10/04 | 1100 Hours |

CIRCUMSTANCES

On 10/10/04, at approximately 1100 hours I instructed Inmate HASH, P-00376 (D8-214) that he was expected to and would be receiving a compatible cellmate, per Operational Procedures #42. I was attempting to house Inmate HUGHES, (D-22473) HASH refused to accept the cellmate by stating, "No" I notified HASH that this excuse was not acceptable and again instructed HASH that he was expected to and would be receiving a compatible cellmate. HASH again refused to accept a compatible cellmate by stating, "No" A review of HASH'S CDC-114-D and it reflects that he was double cell approved by Captain P. Mandeville in I.C.C. on 7/17/04. A review of HUGHES' CDC-114-D was also conducted and it reflects the he was double cell approved in I.C.C. on 10/04/04. Due to HASH'S refusal to accept a cellmate, he is in direct violation of O.P. #42 and is disrupting the normal operation of ASU, where the need to consolidate is high as is the need to place inmates awaiting ASU placement in the facilities is high. HASH is aware of this report. Inmate HASH **is not** a participant in the Mental Health Services Delivery System.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ D. Perez, Correctional Officer | 10/14/04 | D8 S&E Officer #1 | F/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| | 10/14/04 | DATE _____ LOC. _____ | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☒ ADMINISTRATIVE | F | 10/18/04 | ▶ J. Celaya | ☐ HO  ☒ SHO  ☐ SC  ☐ F |
| ☒ SERIOUS | | | | |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ | 10/20/04 | 1000 | |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | ▶ | | | ▶ | | |

HEARING

Plea: Not Guilty.

Findings: Inmate HASH was found guilty of "Refusal to Obey Orders (Cellmate)" a Division "F(3)" offense, howeve this Serious CDC 115 is being reduced to an Administrative CDC 115. This finding is based on the preponderance evidence presented at the hearing which does substantiate the charge. (Con't See CDC 115-C)

Disposition: This RVR is being reduced from a Division "F" to an Administrative offense.

Additional Disposition: Inmate HASH was counseled, warned, and reprimanded.

Classification Referral: Refer to UCC for program review.

| REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA | | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
| G. Biaggini, Correctional Lieutenant | ▶ | 11/18/04 | 1220 |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
| ▶ G.D. Lewis, Cpt. | 11/29/04 | ▶ A. Hedgpeth, CA | 11/29/04 |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ | | DATE 12/1/04  TIME 08 |

CDC 115 (7/88)

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**                                    PAGE___OF___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-00376 | HASH | FD-04-10-0029 | SVSP | 11/18/04 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER_____ |

Hearing: 11/18/04.    Time: 1220 hours.    Any Postponement Explained: None.

MHSDS:    Inmate HASH is not a participant in the Mental Health Services Delivery System.

Date of Discovery: 10/10/04.        Initial RVR copy issued on: 10/22/04.
Hearing started on: 11/18/04.       Last document issued to inmate on: 10/22/04.
D.A. postponed date: None.          D.A. results issued date: None.        Time Constraints: Met.

Staff Assistant (SA):  A Staff Assistant was not assigned per CCR §3315(d)(2).

Investigative Employee (IE):  An Investigative Employee was not assigned per CCR §3315(d)(1).

D.A. Referral: None.  Evidence Requested or Used: None.  External/Outside Evidence: None.  Video Tape Evidence: N/A.

Inmate Plea Statement: Inmate HASH entered a plea of not guilty and stated, "I could not cell up with the guy because he was from "C" Yard.  That's why I refused.  I will take one."

Witnesses Requested or Provided: CDC 115-A witness box indicated that Inmate HASH requested Officer D. Perez, Reporting Employee, to be present at RVR hearing.  SHO granted Inmate HASH'S request.  Officer Perez was present at RVR hearing and made the following statement: "Inmate HASH would not cell with Inmate HUGHES because he was from "C" Yard."

Findings:  Inmate HASH is found guilty of "Refusal to Obey Orders."  The preponderance of evidence which was relied upon to render a finding of guilt included:

**A:**  Rules Violation Report Log #FD-04-10-0029 authored by Correctional Officer D. Perez wherein Inmate HASH is identified as refusing to accept a compatible cellmate.

**B:**  Inmate HASH'S partial admission of guilt when he made the following statements at RVR hearing.  Specifically, "I could not cell up with the guy because he was from "C" Yard.  That's why I refused.  I will take one."

Inmate HASH was found guilty of "Refusal to Obey Orders" based on the RVR indicating that on 10/10/04 Inmate HASH refused to accept a compatible cellmate.  However, SHO elects to reduce the RVR to an Administrative offense to facilitate progressive discipline due to Inmate HASH willingness to comply with double cell mandates.

Appeal Rights:  At the conclusion of the hearing, Inmate HASH was advised of his rights to appeal pursuant to CCR §3084.1.  Inmate HASH was advised that he will receive a completed copy of the RVR upon final audit by the Chief Disciplinary Officer.

G. Biaggini, Correctional Lieutenant

| SIGNATURE OF WRITER | | DATE SIGNED 11/18/0_ |
|---|---|---|
| | GIVEN BY: (Staff's Signature) | DATE SIGNED 12/1/04 | TIME SIGNED 0800 |
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | | | |

CDC 115-C (5/95)                                                            OSP 99 25082

STATE OF CALIFORNIA                                                        DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| P-00376 | HASH | CCR §3005(b) | 10/10/04 | SVSP | FD-04-10-0029 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | N/A |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I REVOKE** my request for postponement. | ▶ N/A | |

## STAFF ASSISTANT

| STAFF ASSISTANT ☑ REQUESTED  ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|

| ☐ ASSIGNED | DATE | NAME OF STAFF | |
|---|---|---|---|
| ☒ NOT ASSIGNED | REASON | DNMC Per 3315 I/m claims cant read | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE ☐ REQUESTED  ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|

| ☒ ~~ASSIGNED~~ | DATE | NAME OF STAFF | |
|---|---|---|---|
| ☒ NOT ASSIGNED | REASON | DNMC 3315    Ad-Seg DNMC 3315 | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☑ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER _____  ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| C/O D. Perez | ☑ | ☐ | | ☐ | ☐ |
| | | | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|---|

| ☑ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME 1000 | DATE 10/22/04 |
|---|---|---|---|

CDC 115-A (7/88)          *— If additional space is required use supplemental pages —*          OSP 98 8819

# EXHIBIT
# J

# CALIFORNIA DEPARTMENT OF CORRECTIONS

NAME: **HASH**                    CDC #: **P00376**                    BED: **D8-214L**

## COMMITTEE ACTION SUMMARY

RETAIN ASU PENDING SHU AUDIT & #FD-04-09-150 DATED 9-27-04. RVR #B04-07-0042 DATED 7-17-04, ASSESS & IMPOSE 14 MONTH MITIGATED SHU TERM MERD 6-2-05. REFER TO CSR FOR SHU AUDIT ONLY, CONTINUE DOUBLE CELLING/WALKALONE YARD. PSYCH. CLEAR.

## COMMITTEE'S COMMENTS

Inmate HASH appeared before Salinas Valley State Prison's (SVSP's) Administrative Segregation Unit (ASU) Institutional Classification Committee (ICC) today for his Program Review. HASH stated that his health was good and was willing to proceed. HASH received his 72-hour notice for the purpose of this review. Prior to committee reviewing and discussing this case, HASH was introduced to the committee members. According to HASH 'S CDC 114D, he was placed into SVSP's ASU on 7/17/2004 for: Battery on an Inmate w/SBI. Based upon a review of HASH'S CDC 114D, Central File, case factors, and through discussion with him, committee elects to: Retain ASU pending SHU audit & #FD-04-09-150 dated 9-27-04. RVR #B04-07-0042 dated 7-17-04, assess & impose 14 month mitigated SHU term MERD 6-2-05. Refer to CSR for SHU audit only, continue double celling/walkalone yard. Psych. clear.

**SHU ASSESSMENT**

SHU MERD: 6-2-05 - RVR #: B04-07-0042 (Batt. on an I/M w/SBI)

FOC: 360 days (Division A Offense) - D2D: From 7-17-04 to completion of SHU term per PC2933.6

SHU Term: 14 month(s), Mitigated (1 months)    No acts the same or similar

At the conclusion of this review, HASH was informed of his Appeal Rights with regards to this committee's actions. HASH acknowledged his understanding and agreement with committee's actions.

**STAFF ASSISTANT**

Not Assigned: (Issues not complex and non-participant in MHSDS)

## INMATE CASE FACTORS

| CUSTODY | CS/LEVEL | WG/PG & EFF. DATE | RELEASE DATE | GPL | RECLASS | ETHNIC | PSYCH - DATE 128C | NEXT BPT & DATE |
|---------|----------|-------------------|--------------|-----|---------|--------|-------------------|-----------------|
| MAX | 61/IV | D2D - 7/17/2004 | MEPD 11/29/2019 | 2.9 | 7/15/2004 | WHI | Clear 6/11/1998 | DOC #1  7/2004 |

## COMMITTEE MEMBERS

MEMBERS
A. Tucker, FC.; C. Sanders, Ph.D.

CHAIRPERSON
L. Scribner, CDW(A)

RECORDER
A. Williams, CCII

Committee Date: 11/4/2004          **PROGRAM REVIEW**          Committee: D110404ALW1

Typed By: ALW  - Distribution: C-File & Inmate          **SALINAS VALLEY STATE PRISON**          Classification Chrono CDC 128G (Rev: 5/01)

# EXHIBIT

# K

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
### WASHINGTON, DC  20543-0001

May 4, 2005

Lawrence G. Hash
CDC # P-00376, Bldg. D-8 Cell (121L)
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

    RE: Hash v. LaMarque, Warden
       (USAP9 No. 04-55296)

Dear Mr. Hash:

The above-entitled petition for a writ of certiorari was postmarked April 22, 2005 and received May 3, 2005.  The papers are returned for the following reason(s):

The petition is out-of-time.  The date of the lower court judgment or order denying a timely petition for rehearing was August 31, 2004.  Therefore, the petition was due on or before November 29, 2004.  Rules 13.1, 29.2 and 30.1.  When the time to file a petition for a writ of certiorari in a civil case (habeas action included) has expired, the Court no longer has the power to review the petition.

               Sincerely,

               William K. Suter, Clerk

               By:

               Clayton R. Higgins, Jr.
               (202) 479-3019

Enclosures

# EXHIBIT L

804 to Records: _____ Date: _____

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| P-00376 | HASH | | | SVSP | D8-121 | FD-05-04-020 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR §3005(b) | REFUSAL TO OBEY ORDERS | D8-121 | 04/19/05 | 1035 hours |

CIRCUMSTANCES

On 04/19/05, at approximately 1035 hours, I instructed Inmate HASH, (P-00376) (D8-121) that he is expected to and would be receiving a compatible cellmate, per Operational Procedure #42. I was attempting to house Inmate SHEA, (T-31480). HASH refused to accept the compatible cellmate by stating "No, I got to much court proceedings going on." I informed HASH that this excuse was not acceptable. I again informed HASH that he is expected to, and would be receiving a compatible cellmate. HASH again refused to accept a compatible cellmate by stating "No." A review of HASH CDC 114-D was conducted and it reflects that he was double cell approved by J. Enges CCII(A) during I.C.C on 11/04/04. A review of Inmate SHEA'S CDC 114-D was also conducted and it also reflects that he was double cell approved on 04/07/05. Both Inmates are (further bases for compatibility)non-SNY, near the same age and double cell approved. Due to HASH'S refusal to accept a cellmate, he is in direct violation of O.P. #42 and is disrupting the normal operation of ASU, where the need to consolidate is high as is the need to place Inmates awaiting ASU placement in the facilities is high. It is requested that HASH be taken back to I.C.C and placed on "C" status due to being a program failure while housed in Administrative Segregation. Inmate HASH is aware of this report. Inmate HASH is not participant in the Mental Health Service Delivery System.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| T.Hays | | D8-S&E #1 | F/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ | | DATE _____ LOC. _____ | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | | | ▶ | ☐ HO ☒ SHO ☐ SC ☐ FC |
| ☒ SERIOUS | | | | |

COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ | 4/25 | 1:05 | |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | ▶ | | | ▶ | | |

HEARING

REFERRED TO  ☐ CLASSIFICATION    ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| | | | |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ▶ | | ▶ | |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | ▶ | | |

CDC 115 (7/88)

# EXHIBIT
# M

I/m Copy

## OFFICE OF THE DISTRICT ATTORNEY

MEMORANDUM TO: SVSP
YOUR REPORT #: 04-07-0437 (FB3)
REPORT DATED: 07/17/2004
CHARGES:        4501, 245(a)(1)
NAME:           HASH – P00376

DISPOSITION OF CASE:

NOT GUILTY – DATE:
DISMISSED – DATE:    04/25/2005
PLED GUILTY TO & DATE:
FOUND GUILTY OF & DATE:
SENTENCED TO & DATE:

EVIDENCE:
NONE: _____
HOLD: _____
RELEASE: _____
DESTROY: _____

_____
Deputy District Attorney

05/04/2005    14:58    MT.CO.D.A./ADMIN. ( ) x )

State of California                                                Department of Corrections

# Memorandum

Date:     June 23, 2005

To:       S. Gomez, CCII(A)
          Appeals Coordinator
          Salinas Valley State Prison

Subject:  **SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-D-05-01637**

This appeal should be screened back to the appellant for the following reason:

RVR Log# B04-07-0042, which was ordered reissued and reheard, became Log# B05-03-0015. This same report was also referred to the District Attorneys Office for prosecution. The case was picked up by the District Attorney, and taken to trial. The trial concluded with the appellant being found not guilty, and the case was dismissed.

Because the appellant was found not guilty in a court of law, that decision is binding on the institutions disciplinary process with respect to RVR Log #B05-03-0015.

As a result, I adjudicated the CDC-115 on May 20, 2005, in absentia. Based upon the aforementioned circumstances, I dismissed the RVR; therefore, this appeal is no longer applicable, and should be screened out as #9 on your screen out form; which states in part: ***Failed to reasonably demonstrate the decision, action, policy, or condition as having an adverse affect upon the inmates welfare, per CCR-3084.1(a).***

Thanks for your time, and have a great day!


J.W. Luman III
Correctional Lieutenant
SVSP, B-Yard

Case No.: SS04291 9A
Date: 04/25/2005
Time: 8:30 am
Event: Jury Trial
Bail Type:
Charges: 1 PC4501 - FEL
2 NOT - ENH

Def. Hoth, Lawrence
Judge: JRFM
Courtroom 4

Clerk: Jamie Adcock
DDA: Freedum
OSC:
Amt: 1 PC4501 - FEL
2 PC1170.12(C)(1) - ALLSP

DOB: 05/02/1957
Wnt:
A-didi/Info
Status:
2 PC245(A)(1) - FEL
2 PC245(A)(1) - FEL

Def Atty: West, Rick
Custody Status: In Custody

FUTURE EVENTS:    Date:    Time:    Event:

**CUSTODY STATUS**

**DEFENDANT / ATTY**

**BAIL/WARRANT**

**MOTIONS**

**MISC.**

**AMENDMENT**

**CHARGE/DISPOSITION**

**ENT'S**

# EXHIBIT

# N

# COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

## A. HOUSING

| | | | |
|---|---|---|---|
| None | | Bottom Bunk | P / T _____ |
| Barrier Free/Wheelchair Access | P / T _____ | Single Cell (See 128-C date: _____ ) | P / T _____ |
| Ground Floor Cell | P / T _____ | Permanent OHU / CTC (circle one) | P / T _____ |
| Continuous Powered Generator | P / T _____ | Other _____ | P / T _____ |

## B. MEDICAL EQUIPMENT/SUPPLIES

| | | | |
|---|---|---|---|
| None | | Wheelchair: (type) _____ | P / T _____ |
| Limb Prosthesis | P / T | Contact Lens(es) & Supplies | P / T _____ |
| Brace | P / T | Hearing Aid | P / T _____ |
| Crutches | P / T | Special Garment: | |
| Cane: (type) _____ | P / T _____ | (specify) _____ | P / T _____ |
| Walker | P / T _____ | Rx. Glasses: | P / T _____ |
| Dressing/Catheter/Colostomy Supplies | P / T _____ | Cotton Bedding | P / T _____ |
| Shoe: (specify) _____ | P / T _____ | Extra Mattress Extra pillow | P / T _____ |
| Dialysis Peritoneal | P / T _____ | Other _____ | P / T _____ |

## C. OTHER

| | | | |
|---|---|---|---|
| None | | Therapeutic Diet: (specify) | P / T _____ |
| Attendant to assist with meal access and other movement inside the institution. | P / T _____ | _____ | |
| | | Communication Assistance | P / T _____ |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | | Transport Vehicle with Lift | P / T _____ |
| | | Short Beard | P / T _____ |
| Wheelchair Accessible Table | P / T _____ | Other | P / T _____ |

## D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?    ☐ Yes    ☒ No

If yes, specify: _____

| INSTITUTION SL SP | COMPLETED BY (PRINT NAME) | | TITLE |
|---|---|---|---|
| SIGNATURE | DATE 5/3/05 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH | |
| HCM/CMO SIGNATURE | DATE 6/7/05 | HASH | |
| (CIRCLE ONE)  APPROVED / DENIED | | D9-120 | |

**COMPREHENSIVE ACCOMMODATION CHRONO**

CDC 7410 (03/04)

Distribution:
Original - Unit Health Record    Canary - Central File    Pink - Correctional Counselor    Gold - Inmate

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

# COMPREHENSIVE ACCOMMODATION CHRONO    DS-12+

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

## A. HOUSING

| | | | |
|---|---|---|---|
| None | | (Bottom Bunk) | (P)/T |
| Barrier Free/Wheelchair Access | P/T | Single Cell (See 128-C date: _____ ) | P/T |
| Ground Floor Cell | (P)/T | Permanent OHU / CTC (circle one) | P/T |
| Continuous Powered Generator | P/T | Other _____ | P/T |

## B. MEDICAL EQUIPMENT/SUPPLIES

| | | | |
|---|---|---|---|
| None | | Wheelchair: (type) _____ | P/T |
| Limb Prosthesis | P/T | Contact Lens(es) & Supplies | P/T |
| Brace | P/T | Hearing Aid | P/T |
| Crutches | P/T | Special Garment: | |
| Cane: (type) _____ | P/T | (specify) _____ | P/T |
| Walker | P/T | Rx. Glasses: _____ | P/T |
| Dressing/Catheter/Colostomy Supplies | P/T | Cotton Bedding | P/T |
| Shoe: (specify) _____ | P/T | (Extra Mattress) | P/T |
| Dialysis Peritoneal | P/T | Other _Extra pillow_ | (P)/T |

## C. OTHER

| | | | |
|---|---|---|---|
| (None) | | Therapeutic Diet: (specify) _____ | P/T |
| Attendant to assist with meal access and other movement inside the institution. | P/T | _____ | |
| | | Communication Assistance | P/T |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | | Transport Vehicle with Lift | P/T |
| | | Short Beard _____ | P/T |
| Wheelchair Accessible Table | P/T | Other _____ | P/T |

## D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?    ☐ Yes    ☑ No

If yes, specify: _____

| INSTITUTION<br>S V S P | COMPLETED BY (PRINT NAME)<br>K. CORDERO | TITLE<br>M D |
|---|---|---|
| SIGNATURE<br>_Reynaldo K. Cordero MD_ | DATE<br>11-3-94 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO SIGNATURE | DATE<br>11/4/04 | Hash,<br><br>P 00376<br><br>5/2/57 |
| (CIRCLE ONE) (APPROVED) / DENIED | | |

**COMPREHENSIVE ACCOMMODATION CHRONO**

CDC 7410 (03/04)

Distribution:
Original - Unit Health Record    Canary - Central File    Pink - Correctional Counselor    Gold - Inmate

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

# COMPREHENSIVE ACCOMMODATION CHRONO   08-121

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

## A. HOUSING

| | | |
|---|---|---|
| None | Bottom Bunk | P / T _____ |
| Barrier-Free/Wheelchair Access  P / T _____ | Single Cell (See 128-C date: _____ ) | P / T _____ |
| Ground Floor Cell  P / T _____ | Permanent OHU / CTC (circle one) | P / T _____ |
| Continuous Powered Generator  P / T _____ | Other _____ | P / T _____ |

## B. MEDICAL EQUIPMENT/SUPPLIES

| | | |
|---|---|---|
| None | Wheelchair (type) _____ | P / T _____ |
| Limb Prosthesis  P / T _____ | Contact Lens(es) & Supplies | P / T _____ |
| Brace  P / T _____ | Hearing Aid | |
| Crutches  P / T _____ | Special Garment: Thermal on ... shirt | |
| Cane (type) _____  P / T _____ | (specify) ... | P / T _____ |
| Walker  P / T _____ | Rx Glasses: _____ | P / T _____ |
| Dressing/Catheter/Colostomy Supplies  P / T _____ | Cotton Bedding | P / T _____ |
| Shoe (specify) _____  | Extra Mattress | P / T _____ |
| Dialysis-Peritoneal  P / T _____ | Other | P / T _____ |

## C. OTHER

| | | |
|---|---|---|
| None | Therapeutic Diet (specify) | P / T _____ |
| Attendant to assist with meal access  P / T _____ | _____ | |
| and other movement inside the institution. | Communication Assistance | P / T _____ |
| Attendant will not feed or lift the inmate/patient | Transport Vehicle with Lift | P / T _____ |
| or perform elements of personal hygiene. | Short Beard | P / T _____ |
| Wheelchair-Accessible Table  P / T _____ | Other | P / T _____ |

## D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?   ☐ Yes   ☒ No

If yes, specify: _____

| INSTITUTION  S V S P | COMPLETED BY (PRINT NAME) | TITLE  M.D. |
|---|---|---|
| SIGNATURE  Robert Bowman | DATE  1/18/05 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO SIGNATURE | DATE  1/2/05 | Hash |
| (CIRCLE ONE)   APPROVED / DENIED | | P00316  5857 |

**COMPREHENSIVE ACCOMMODATION
CHRONO**

CDC 7410 (03/04)

Distribution:
Original - Unit Health Record        Canary - Central File        Pink - Correctional Counselor        Gold - Inmate

# COMPREHENSIVE ACCOMMODATION CHRONO 08-12

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

## A. HOUSING

| | | | |
|---|---|---|---|
| None | | Bottom Bunk | P / T _____ |
| Barrier Free/Wheelchair Access | P / T _____ | Single Cell (See 128-C date: _____ ) | P / T _____ |
| Ground Floor Cell | P / T _____ | Permanent OHU / CTC (circle one) | P / T _____ |
| Continuous Powered Generator | P / T _____ | Other _____ | P / T _____ |

## B. MEDICAL EQUIPMENT/SUPPLIES

| | | | |
|---|---|---|---|
| None | | Wheelchair: (type) _____ | P / T _____ |
| Limb Prosthesis | P / T _____ | Contact Lens(es) & Supplies | P / T _____ |
| Brace | P / T _____ | Hearing Aid | P / T _____ |
| Crutches | P / T _____ | Special Garment: | |
| Cane: (type) _____ | P / T _____ | (specify) _____ | P / T _____ |
| Walker | P / T _____ | Rx. Glasses: _____ | P / T _____ |
| Dressing/Catheter/Colostomy Supplies | P / T _____ | Cotton Bedding | P / T _____ |
| Shoe: (specify) _____ | P / T _____ | Extra Mattress | P / T _____ |
| Dialysis Peritoneal | P / T _____ | Other _____ | P / T 3 mth |

## C. OTHER

| | | | |
|---|---|---|---|
| None | | Therapeutic Diet: (specify) | P / T _____ |
| Attendant to assist with meal access and other movement inside the institution. | P / T | _____ | |
| | | Communication Assistance | P / T _____ |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | | Transport Vehicle with Lift | P / T _____ |
| | | Short Beard | P / T _____ |
| Wheelchair Accessible Table | P / T _____ | Other _____ | P / T _____ |

## D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?   ☐ Yes   ☐ No

If yes, specify: _____

| | | |
|---|---|---|
| INSTITUTION | COMPLETED BY (PRINT NAME) | TITLE |
| SIGNATURE | DATE | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO SIGNATURE | DATE 3/10/06 | |
| (CIRCLE ONE):  APPROVED / DENIED | | |

**COMPREHENSIVE ACCOMMODATION CHRONO**

CDC 7410 (03/04)

Distribution:
Original - Unit Health Record    Canary - Central File    Pink - Correctional Counselor    Gold - Inmate

STATE OF CALIFORNIA                                                                                         DEPARTMENT OF CORRECTIONS

# COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

## A. HOUSING

| | | | |
|---|---|---|---|
| None | | Bottom Bunk | P / T _____ |
| Barrier Free/Wheelchair Access | P / T _____ | Single Cell (See 128-C date: _____ ) | P / T _____ |
| Ground Floor Cell | P / T _____ | Permanent OHU / CTC (circle one) | P / T _____ |
| Continuous Powered Generator | P / T _____ | Other _____ | P / T _____ |

## B. MEDICAL EQUIPMENT/SUPPLIES

| | | | |
|---|---|---|---|
| None | | Wheelchair: (type) _____ | P / T _____ |
| Limb Prosthesis | P / T _____ | Contact Lens(es) & Supplies | P / T _____ |
| Brace | P / T _____ | Hearing Aid | P / T _____ |
| Crutches | P / T _____ | Special Garment: | |
| Cane: (type) _____ | P / T _____ | (specify) _____ | P / T _____ |
| Walker | P / T _____ | Rx. Glasses: _____ | P / T _____ |
| Dressing/Catheter/Colostomy Supplies | P / T _____ | Cotton Bedding | P / T _____ |
| Shoe: (specify) _____ | P / T _____ | Extra Mattress | P / T _____ |
| Dialysis Peritoneal | P / T _____ | Other _____ | P / T _____ |

## C. OTHER

| | | | |
|---|---|---|---|
| None | | Therapeutic Diet: (specify) | P / T _____ |
| Attendant to assist with meal access and other movement inside the institution. | P / T _____ | _waist restraints or exclud._ Communication Assistance | P / T |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | | Transport Vehicle with Lift | P / T _____ |
| | | Short Beard | P / T _____ |
| Wheelchair Accessible Table | P / T _____ | Other _Extra pillow_ | (P)/ T |

## D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?   ☐ Yes   ☐ No

If yes, specify: _____

| INSTITUTION _VSP_ | COMPLETED BY (PRINT NAME) _____ | TITLE _MD_ |
|---|---|---|
| SIGNATURE _____ | DATE _____ | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO SIGNATURE _____ | DATE _/13/05_ | _Park Lawrence_ _P00376_ |
| (CIRCLE ONE) **APPROVED** / DENIED | | |

**COMPREHENSIVE ACCOMMODATION CHRONO**

CDC 7410 (03/04)

Distribution:
Original - Unit Health Record    Canary - Central File    Pink - Correctional Counselor    Gold - Inmate

# EXHIBIT

# O

INMATE/PAROLEE
APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region _____    Log No. _____    Category **12**

1. _____    1. _____
2. _____    2. _____    **CAT 1ST**

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly. **release ASU**

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| LAWRENCE G. HASH | P-00376 | AD/SEG | D-9-120L |

A. Describe Problem: I REQUEST THE ICC COMMITTEE TO DETERMINE WHETHER THERE IS A LEGITIMATE BASIS FOR CONTINUING MY RETAINMENT IN AD/SEG. I BELIEVE THE TIME THAT I HAVE SERVED IN AD/SEG IS IN EXCESS OF ANY VIOLATION TERMS RELEVANT TO CONTINUING MY RETENTION IN AD/SEG, THEREFORE I REQUEST A "DUE PROCESS OF LAW" HEARING ON THIS MATTER. PLEASE NOTE THAT ON 5/4/2005 THE MONTEREY COUNTY D.A.'S OFFICE FAXED S.V.S.P THE DISPOSITION OF REPORT # FB3-04-07-0437 INDICATING MY CASE WAS DISMISSED FOR INSUFFICENCY OF EVIDENCE AND IN THE INTEREST OF JUSTICE. I BELIEVE I'M BEING RETAINED IN AD/SEG WITHOUT A LEGITIMATE CAUSE, AND AS SUCH, THIS IS CONTRIBUTING TO THE FACT THAT I HAVE NOT RECEIVED AN ANNUAL ASSESSMENT OF

f you need more space, attach one additional sheet.    ✱ SEE ADDENDUM ATTACHED TO THIS APPEAL.

B. Action Requested: I REQUEST THE I.C.C COMMITTEE TO RETURN ME TO THE GENERAL INMATE POPU-LATION WHERE I CAN OBTAIN THE MENTAL HEALTH MEDICATION I REQUESTED (RIMARON) AND A COUNSELOR CAN DETERMINE MY CORRECT CLASSIFICATION SCORE AND APPROPRIATE CUSTODY LEVEL.

Inmate/Parolee Signature: _Lawrence H. Hash_    Date Submitted: 6/17/2005

. INFORMAL LEVEL (Date Received: _____ )

taff Response: _____    **REC'D JUN 2 0 2005**

_____

**BYPASS**

aff Signature: _____    Date Returned to Inmate: _____

. FORMAL LEVEL
ou are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and bmit to the institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

nature: _____    Date Submitted: _____

e: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
rd of Control form BC-1E, Inmate Claim

STATE OF CALIFORNIA

# CDC Reclassification Score Sheet

DEPARTMENT OF CORRECTIONS

## II. RECALCULATION OF SCORE

### A. UNFAVORABLE BEHAVIOR SINCE LAST REVIEW

**Last Review Date**

| 7 | – | 1 | 3 | – | 0 | 1 | 24 |

mo    day    year

1. Number of serious disciplinaries
   dates: _____ x 6 = [____] 30

2. Number of escapes during current period
   date: _____ x 8 = [____] 32

3. Number of physical assaults on staff
   date: _____ x 8 = [____] 34

4. Number of physical assaults on inmates
   date: _____ x 4 = [____] 36

5. Number of smuggling/trafficking in drugs ,
   date: _____ x 4 = [____] 38

6. Number of deadly weapon possessions
   date: _____ x 16 = [____] 40

7. Number of inciting disturbance
   date: _____ x 4 = [____] 42

8. Number of assaults that caused serious injury
   date: _____ x 16 = [____] 44

9. TOTAL UNFAVORABLE POINTS = + _NUP_

### B. FAVORABLE BEHAVIOR SINCE LAST REVIEW

Number of Six Month Periods

1. Continuous minimum custody _____ x 4 = [____] 46

2. Continuous dorm living _____ x 2 = [____] 48

3. No serious 115's   2 x 2 = [ 4 ] 50

4. Average or above performance in work, school, or vocational program   2 x 2 = [ 4 ] 52

5. TOTAL FAVORABLE CREDITS = – 8

### C. COMPUTATION OF CLASSIFICATION SCORE (5)

1. Prior Classification Score = [ 6 9 ] 54

2. Net Change in Behavior Score (A.9 minus B.5) = [ – 8 ] (+ or –) 57

3. Change in term points = [ 5 7 ] (+ or –) 60

4. Current Classification Score = [ 6 1 ] 63

## III. PLACEMENT

### A. SPECIAL CASE FACTORS

1. Placement Concerns

   a) Hold (enter A,P, or •)    b) Restricted Custody Suffix (enter R or •)    c) Medical Restriction (enter FULL, REST, UNAS, or •)

   Felony [ ] 66   INS [ ] 67   [ ] 68   [ ] 69

2. Other Placement Concerns

   a) (•) [ V I O ] 73    b) (•) [ C I F ] 77

3. Caseworkers

   a) Counselor [ H A G E R ] [ R ] 81
   Last Name                        FI

   b) Supervisor [ D U E G A W ] [ E ] 90
   Last Name                        FI

4. Current custody [ C L O ] – [ B ] – [ : ] 99

5. Current Institution and Facility [ S V S P ] – [ I I V I ] 107

### B. CLASSIFICATION STAFF REPRESENTATIVE ACTION

1. Classification Staff Representative [ ] 114
   Last Name

2. Date of CSR Action [ ] – [ ] – [ ] 122
   mo       day       year

3. Administrative Determinants

   a) (•) PRIMARY [ ] 128

   b) (•) [ ] 132    c) (•) [ ] 136

4. Placement Approved    a) Cat. [ ]

   b) Institution and Facility [ ] – [ ] 141

5. Reason for Administrative or Irregular Placement [ ] 148

## I. IDENTIFYING INFORMATION

A. CDC NUMBER

[ P ] [ 0 0 3 7 6 ] 1

B. INMATE'S LAST NAME

_____

C. DATE OF CURRENT REVIEW

[ 7 ] – [ 1 6 ] – [ 0 2 ] 15
mo       day       year

D. PAROLE VIOLATOR [ ] [ ]

STATE OF CALIFORNIA

# CDC Reclassification Score Sheet

DEPARTMENT OF CORRECTIONS

## II. RECALCULATION OF SCORE

### A. UNFAVORABLE BEHAVIOR SINCE LAST REVIEW

Last Review Date

| | 7 | – | 2 | 5 | – | 0 | 0 | | 24 |

mo    day    year

1. Number of serious disciplinaries
dates: _____    _____ x 6 = [ ] 30

2. Number of escapes during current period
date: _____ x 8 = [ ] 32

3. Number of physical assaults on staff
date: _____ x 8 = [ ] 34

4. Number of physical assaults on inmates
date: _____ x 4 = [ ] 36

5. Number of smuggling / trafficking in drugs
date: _____ x 4 = [ ] 38

6. Number of deadly weapon possessions
date: _____ x 16 = [ ] 40

7. Number of inciting disturbance
date: _____ x 16 = [ ] 42

8. Number of assaults that caused serious injury
date: _____ x 16 = [ ] 44

9. TOTAL UNFAVORABLE POINTS = + _____

### B. FAVORABLE BEHAVIOR SINCE LAST REVIEW

Number of Six Month Periods

1. Continuous minimum custody _____ x 4 = [ ] 46

2. Continuous dorm living _____ x 2 = [ ] 48

3. No serious 115's   *2* x 2 = *4* 50

4. Average or above performance in work, school, or vocational program   *NQP* x 2 = [ ] 52

5. TOTAL FAVORABLE CREDITS = – *4*

### C. COMPUTATION OF CLASSIFICATION SCORE

1. Prior Classification Score = [ *73* ] 54

2. Net Change in Behavior Score (A.9 minus B.5) = [ – ] *4* 57
(+ or –)

3. Change in term points = [ ] *05* 60
(+ or –)

4. Current Classification Score = [ *69* ] 63

## III. PLACEMENT

### A. SPECIAL CASE FACTORS

1. Placement Concerns

a) Hold (enter A,P, or *)
Felony [ ] 66   INS [ ] 67

b) Restricted Custody Suffix (enter R or *) [ ] 68

c) Medical Restriction (enter FULL, REST, UNAS, or *) [ ] 69

2. Other Placement Concerns
a) (*) [ V | I | O ] 73   b) (*) [ L | I | F ] 77

3. Caseworkers
a) Counselor [ K | I | L | P | A | T | R | I ] [ D ] 81
Last Name                                      FI

b) Supervisor [ N | U | E | G | A | W ] [ E ] 90
Last Name                                      FI

4. Current custody [ C | L | O ] – [ B ] – [ | ] 99

5. Current Institution and Facility [ S | V | S | P ] – [ I | V | ] 107

### B. CLASSIFICATION STAFF REPRESENTATIVE ACTION

1. Classification Staff Representative [ ] 114
Last Name

2. Date of CSR Action [ ] – [ ] – [ ] 122
mo    day    year

3. Administrative Determinants
a) (*)   PRIMARY [ ] 128

b) (*) [ ] 132   c) (*) [ ] 136

4. Placement Approved   a) Cat. [ ]

b) Institution and Facility [ ] – [ ] 141

5. Reason for Administrative or Irregular Placement [ ] 148

## I. IDENTIFYING INFORMATION

A. CDC NUMBER [ P | 0 | 0 | 3 | 7 | 6 ] 1

B. INMATE'S LAST NAME [ ]

C. DATE OF CURRENT REVIEW [ 7 ] – [ 1 | 3 ] – [ 0 | 1 ] 15
mo    day    year

D. PAROLE VIOLATOR [ ]

STATE OF CALIFORNIA

# CDC Reclassification Score Sheet

DEPARTMENT OF CORRECTIONS

## II. RECALCULATION OF SCORE

### A. UNFAVORABLE BEHAVIOR SINCE LAST REVIEW

Last Review Date

| 1 | 1 | – | 1 | 7 | – | 9 | 9 | 24 |
|---|---|---|---|---|---|---|---|---|
| mo | | | day | | | year | | |

1. Number of serious disciplinaries
dates: _____ ___ x 6 = [ ] 30

2. Number of escapes during current period
date: ___ x 8 = [ ] 32

3. Number of physical assaults on staff
date: ___ x 8 = [ ] 34

4. Number of physical assaults on inmates
date: ___ x 4 = [ ] 36

5. Number of smuggling/trafficking in drugs
date: ___ x 4 = [ ] 38

6. Number of deadly weapon possessions
date: ___ x 16 = [ ] 40

7. Number of inciting disturbance
date: ___ x 4 = [ ] 42

8. Number of assaults that caused serious injury
date: ___ x 16 = [ ] 44

9. TOTAL UNFAVORABLE POINTS = + **0**

### B. FAVORABLE BEHAVIOR SINCE LAST REVIEW

Number of Six Month Periods

1. Continuous minimum custody ___ x 4 = [ ] 46

2. Continuous dorm living ___ x 2 = [ ] 48

3. No serious 115's **2** x 2 = [ **4** ] 50

4. Average or above performance in work, school, or vocational program ___ x 2 = [ ] 52

5. TOTAL FAVORABLE CREDITS = – **4**

### C. COMPUTATION OF CLASSIFICATION SCORE

1. Prior Classification Score = [ **7 7** ] 54
   **7 3**

2. Net Change in Behavior Score (A.9 minus B.5) = [ **– 4** ] 57 (+ or –)

3. Change in term points = [ **6 9** ] 60 (+ or –)

4. Current Classification Score = [ **7 3** ] 63

## III. PLACEMENT

### A. SPECIAL CASE FACTORS

1. Placement Concerns

a) Hold (enter A,P, or •) Felony [ ] 66 INS [ ] 67
b) Restricted Custody Suffix (enter R or •) [ ] 68
c) Medical Restriction (enter FULL, REST, UNAS, or •) [ ] 69

2. Other Placement Concerns
a) (•) [ **V I O** ] 73
b) (•) [ **C I F** ] 77

3. Caseworkers
a) Counselor [ **K I L P A T R I** ] [ **D** ] 81
   Last Name · FI

b) Supervisor [ **M O O R E** ] [ **G** ] 90
   Last Name · FI

4. Current custody [ **C L O** ] – [ **B** ] – [ ] 99

5. Current Institution and Facility [ **S V S P** ] – [ **1 V 1** ] 107

### B. CLASSIFICATION STAFF REPRESENTATIVE ACTION

1. Classification Staff Representative [ ] 114
   Last Name

2. Date of CSR Action [ ] – [ ] – [ ] 122
   mo · day · year

3. Administrative Determinants
a) (•) PRIMARY [ ] 128
b) (•) [ ] 132
c) (•) [ ] 136

4. Placement Approved a) Cat. [ ]
b) Institution and Facility [ ] – [ ] 141

5. Reason for Administrative or Irregular Placement [ ] 148

## I. IDENTIFYING INFORMATION

A. CDC NUMBER

[ **P 0 0 3 7 6** ] 1

B. INMATE'S LAST NAME

C. DATE OF CURRENT REVIEW



[ **7** ] – [ **2 5** ] – [ **0 0** ] 15
mo · day · year

D. PAROLE VIOLATOR

# CDC Reclassification Score Sheet

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

## II. RECALCULATION OF SCORE

### A. UNFAVORABLE BEHAVIOR SINCE LAST REVIEW

Last Review Date
`0 9` - `3 0` - `9 9`  24
mo      day      year

ISR
SRP

1. Number of serious disciplinaries
dates: _____   _____ × 6 = [     ] 30

2. Number of escapes during current period
date: _____ × 8 = [     ] 32

3. Number of physical assaults on staff
date: _____ × 8 = [     ] 34

4. Number of physical assaults on inmates
date: _____ × 4 = [     ] 36

5. Number of smuggling/trafficking in drugs
date: _____ × 4 = [     ] 38

6. Number of deadly weapon possessions
date: _____ × 16 = [     ] 40

7. Number of inciting disturbance
date: _____ × 4 = [     ] 42

8. Number of assaults that caused serious injury
date: _____ × 16 = [     ] 44

9. TOTAL UNFAVORABLE POINTS = + _____

### B. FAVORABLE BEHAVIOR SINCE LAST REVIEW

                                    Number of Six Month Periods

1. Continuous minimum custody    _____ × 4 = [     ] 46

2. Continuous dorm living    _____ × 2 = [     ] 48

3. No serious 115's    _____ × 2 = [     ] 50

4. Average or above performance in work, school, or vocational program    _____ × 2 = [     ] 52

5. TOTAL FAVORABLE CREDITS = – _____

### C. COMPUTATION OF CLASSIFICATION SCORE

CORRECTED 7-11-00
CCS D 2 rule

1. Prior Classification Score = `0 7 8` 54
                                    73

2. Net Change in Behavior Score (A.9 minus B.5) = [     ] 57
                                    (+ or –)

3. Change in term points = [     ] 60
                                    (+ or –)   73 → 78

4. Current Classification Score = `0 7 9` 63

## III. PLACEMENT

### A. SPECIAL CASE FACTORS

1. Placement Concerns

   a) Hold (enter A,P, or •)
      Felony [  ] 66    INS [  ] 67
   b) Restricted Custody Suffix (enter R or •) [  ] 68
   c) Medical Restriction (enter FULL, REST, UNAS, or •) [  ] 69

2. Other Placement Concerns
   a) (•) [ U I C ] 73    b) (•) [ C I F ] 77

3. Caseworkers
   a) Counselor [ S N E A D ] [ L ] 81
      Last Name                    FI
   b) Supervisor [ C U R R Y ] [ V ] 90
      Last Name                    FI

4. Current custody [ M A X ] – [ B ] – [   ] 99

5. Current Institution and Facility [ C E N ] – [ I V ] 107

### B. CLASSIFICATION STAFF REPRESENTATIVE ACTION

1. Classification Staff Representative [ D I A Z ] 114
   Last Name

2. Date of CSR Action [ 1 1 ] – [ 2 3 ] – [ 9 9 ] 122
   mo      day      year

3. Administrative Determinants
   a) (•)  PRIMARY [ L I F ] 128
   b) (•) [   ] 132   c) (•) [ U I C ] 136

4. Placement Approved   a) Cat. [ P ]

   b) Institution and Facility [ S V S P ] – [ I V ] 141

5. Reason for Administrative or Irregular Placement [     ] 148

## I. IDENTIFYING INFORMATION

A. CDC NUMBER [ P 0 0 3 7 6 ] 1

B. INMATE'S LAST NAME

C. DATE OF CURRENT REVIEW [ 1 1 ] – [ 1 7 ] – [ 9 9 ] 15
   mo      day      year

D. PAROLE VIOLATOR

STATE OF CALIFORNIA

# CDC Reclassification Score Sheet

DEPARTMENT OF CORRECTIONS

## II. RECALCULATION OF SCORE

### A. UNFAVORABLE BEHAVIOR SINCE LAST REVIEW

Last Review Date

| 0 1 | - | 2 1 | - | 9 9 | 24 |
| mo | | day | | year | |

1. Number of serious disciplinaries dates: 5/7/99  6/12/99
   2 × 6 = | 1 2 | 30

2. Number of escapes during current period date:
   ___ × 8 = | | 32

3. Number of physical assaults on staff date:
   ___ × 8 = | | 34

4. Number of physical assaults on inmates date:
   ___ × 4 = | | 36

5. Number of smuggling/trafficking in drugs date:
   ___ × 4 = | | 38

6. Number of deadly weapon possessions date:
   ___ × 16 = | | 40

7. Number of inciting disturbance date:
   ___ × 4 = | | 42

8. Number of assaults that caused serious injury date:
   ___ × 16 = | | 44

9. TOTAL UNFAVORABLE POINTS = + 12

### B. FAVORABLE BEHAVIOR SINCE LAST REVIEW

Number of Six Month Periods

1. Continuous minimum custody
   ___ × 4 = | | 46

2. Continuous dorm living
   ___ × 2 = | | 48

3. No serious 115's
   NQP × 2 = | | 50

4. Average or above performance in work, school, or vocational program
   NQP × 2 = | | 52

5. TOTAL FAVORABLE CREDITS = − ___

### C. COMPUTATION OF CLASSIFICATION SCORE

1. Prior Classification Score = | 0 6 7 | 54
   61

2. Net Change in Behavior Score (A.9 minus B.5) = | + 1 2 | 57
   (+ or −)

3. Change in term points = ___ | | 60
   (+ or −)

4. Current Classification Score = | 0 7 9 | 63
   7 3

## III. PLACEMENT

### A. SPECIAL CASE FACTORS

1. Placement Concerns

   a) Hold (enter A,P, or *)
   Felony | | 66   INS | | 67

   b) Restricted Custody Suffix (enter R or *) | | 68

   c) Medical Restriction (enter FULL, REST, UNAS, or *) | | 69

2. Other Placement Concerns

   a) (*) | V I O | 73   b) (*) | L I F | 77

3. Caseworkers

   a) Counselor | S N E A D | L | 81
   Last Name   FI

   b) Supervisor | A L K I R E | B | 90
   Last Name   FI

4. Current custody | M A X | - | B | - | . | 99

5. Current Institution and Facility | C E N | - | I V | 107

### B. CLASSIFICATION STAFF REPRESENTATIVE ACTION

1. Classification Staff Representative
   | | 114
   Last Name

2. Date of CSR Action
   | | - | | - | | 122
   mo    day    year

3. Administrative Determinants

   a) (*) PRIMARY | | 128

   b) (*) | | 132   c) (*) | | 136

4. Placement Approved   a) Cat. | |

   b) Institution and Facility | | - | | | 141

5. Reason for Administrative or Irregular Placement
   | | 148

## I. IDENTIFYING INFORMATION

A. CDC NUMBER | P | 0 0 3 7 6 | 1

C. DATE OF CURRENT REVIEW
| 0 9 | - | 3 0 | - | 9 9 | 15
mo    day    year

B. INMATE'S LAST NAME

D. PAROLE VIOLATOR | | |

STATE OF CALIFORNIA     **CDC Reclassification Score Sheet**     DEPARTMENT OF CORRECTIONS

## II. RECALCULATION OF SCORE

### A. UNFAVORABLE BEHAVIOR SINCE LAST REVIEW

Last Review Date

| 0 | 7 | – | 2 | 0 | – | 9 | 8 | 24 |
|---|---|---|---|---|---|---|---|---|
| mo | | | day | | | year | | |

1. Number of serious disciplinaries
   dates: _____ × 6 = [    ] 30

2. Number of escapes during current period
   date: _____ × 8 = [    ] 32

3. Number of physical assaults on staff
   date: _____ × 8 = [    ] 34

4. Number of physical assaults on inmates
   date: _____ × 4 = [    ] 36

5. Number of smuggling/trafficking in drugs
   date: _____ × 4 = [    ] 38

6. Number of deadly weapon possessions
   date: _____ × 16 = [    ] 40

7. Number of inciting disturbance
   date: _____ × 4 = [    ] 42

8. Number of assaults that caused serious injury
   date: _____ × 16 = [    ] 44

9. TOTAL UNFAVORABLE POINTS = + _____

### B. FAVORABLE BEHAVIOR SINCE LAST REVIEW

Number of Six Month Periods

1. Continuous minimum custody _____ × 4 = [    ] 46

2. Continuous dorm living _____ × 2 = [    ] 48

3. No serious 115's _____ × 2 = [    ] 50

4. Average or above performance in work, school, or vocational program _____ × 2 = [    ] 52

5. TOTAL FAVORABLE CREDITS = – _____

### C. COMPUTATION OF CLASSIFICATION SCORE

CORRECTED 7-11-00
ccl D July Cl

1. Prior Classification Score = [ 67 ] 54
   61

2. Net Change in Behavior Score (A.9 minus B.5) = [    ] 57
   (+ or –)

3. Change in term points = [    ] 60
   (+ or –)

4. Current Classification Score = [ 67 ] 63
   61

## III. PLACEMENT

### A. SPECIAL CASE FACTORS

1. Placement Concerns

   a) Hold (enter A,P, or ∗)   b) Restricted Custody Suffix (enter R or ∗)   c) Medical Restriction (enter FULL, REST, UNAS, or ∗)

   | | 66 | | 67 | | 68 | | | | | 69 |
   | Felony | | INS | | | | | | | | |

2. Other Placement Concerns

   a) (∗) [ L I F ] 73    b) (∗) [ V I O ] 77

3. Caseworkers

   a) Counselor
   [ B O R E M ] [ E ] 81
   Last Name    FI

   b) Supervisor
   [ B U C K L E Y ] [ C. ] 90
   Last Name    FI

4. Current custody
   [ C L O ] – [ A ] – [    ] 99

5. Current Institution and Facility
   [ C A L ] – [ I V ] 107

### B. CLASSIFICATION STAFF REPRESENTATIVE ACTION

1. Classification Staff Representative
   [ UUU ] 114
   Last Name

2. Date of CSR Action
   [    ] – [ 2 6 ] – [ 9 9 ] 122
   mo   day   year

3. Administrative Determinants

   a) (∗) PRIMARY [ V I O ] 128

   b) (∗) [ L I F ] 132    c) (∗) [    ] 136

4. Placement Approved   a) Cat. [ P ]

   b) Institution and Facility
   [ C E N ] [ IV ] 141

5. Reason for Administrative or Irregular Placement
   [    ] 148

## I. IDENTIFYING INFORMATION

A. CDC NUMBER

| P | 0 | 0 | 3 | 7 | 6 | 1 |
|---|---|---|---|---|---|---|

B. INMATE'S LAST NAME

C. DATE OF CURRENT REVIEW

| 0 | 1 | – | 2 | 1 | – | 9 | 9 | 15 |
|---|---|---|---|---|---|---|---|---|
| mo | | | day | | | year | | |

CDC FORM 839 (7/88)

# CDC CLASSIFICATION SCORE SHEET

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

## I. IDENTIFYING INFORMATION

**C** RECEPTION CENTER: `N K S P R C` 15

**D** RACE/ETHNIC STATUS
WHI=White
HIS=Hispanic
BLA=Black
AME=American Indian
ASI=Asian/Pacific
OTH=Other
`W H I` 21

**E** YEAR OF BIRTH: `5 7` 24

**F** DATE RECEIVED CDC: mo `6` 26  day `1 1` 28  year `9 8` 30

**G** COUNTY OF COMMITMENT: `R I V E R` 32

**H** BASE OFFENSE: Murder 1st

**I** BASE OFFENSE CODE: `P` 37  NUMBER: `1 8 7` 38 `43`

## II. CALCULATION OF SCORE

### A. BACKGROUND FACTORS

1 Current Term of Incarceration 29 TO LIFE
  a) Length of term ( ) ( ) years months
  b) Term in years, minus 1 ( ) ( ) ( ) × 3 = ( ) years fractions = `5 9` 44
  c) Enter total term points (not to exceed 59)

2 Stability
  a) Under 26 years at reception 5/2/57 + 2 = `` 46
  b) Never married, or marriage/common law not intact for 12 months prior to reception POR Pg 2 + 2 = `2` 47  *unverified*
  c) Not high school graduate or GED corrected 9-11-00 CDT to notes + 2 = `O 2` 48
  d) Not more than 6 months with one employer, and not primary role maintaining household + 2 = `2` 49
  e) No military service or not honorable discharge + 2 = `2` 50

3 Prior Escapes
  a) Number of walkaways/minimum custody escapes dates: ___ × 4 = `` 51
  b) Number of breached perimeter/medium custody escapes dates: ___ × 8 = `` 53
  c) Number of escapes with force dates: ___ × 12 = `6 5` 55

4 TOTAL BACKGROUND FACTORS SCORE + `6 7`

IF NO PRIOR INCARCERATION OF 31 DAYS OR MORE, SKIP THE ITEMS BELOW; ENTER TOTAL BACKGROUND FACTORS SCORE IN BOX FOR TOTAL SCORE (Sec. III, Item A.8).

### B. PRIOR INCARCERATION BEHAVIOR

1 Unfavorable Prior Behavior
  a) Number of serious disciplinaries last incarcerated year dates: ___ × 4 = `` 57
  b) Number of escapes in last incarceration or escape is commitment offense dates: ___ × 4 = `` 59
  c) Number of physical assaults on staff dates: ___ × 8 = `` 61
  d) Number of physical assaults on inmates dates: ___ × 4 = `` 63
  e) Number of smuggling/trafficking drugs dates: ___ × 4 = `` 65
  f) Number of deadly weapon possessions (Double-weight if within last 5 years) dates: ___ × 4 = `` 67
  g) Number of inciting disturbance dates: ___ × 4 = `` 69
  h) Number of assaults that caused serious injury dates: ___ × 16 = `` 71

2 TOTAL UNFAVORABLE POINTS + ___

3 Favorable Prior Behavior
  a) No serious disciplinaries in last 12 months of incarceration(s) −4 = `4` 73
  b) Successfully completed at least 12 months of minimum custody in last incarceration(s) OR Successfully completed at least 4 months of minimum custody, or 4 months of dormitory living during last incarceration(s) −___ = `` 74
  c) Average or above performance in work, school, or vocational program for last incarcerated year −___ = `` 75

4 TOTAL FAVORABLE CREDITS

IF POINTS ASSESSED IN ITEMS B 1-4 ABOVE SKIP ITEM B.5

5 Undocumented Prior Incarceration Behavior
  a) Records of incarceration behavior inadequate to assess unfavorable or favorable points (limit to 3 priors) × 4 = `` 76

6 TOTAL PRIOR INCARCERATION BEHAVIOR SCORE

*(left margin handwritten:)* 33, Convicted 14/19/06, X Robbery, converted 14/19/06

## III. PLACEMENT

### A. SPECIAL CASE FACTORS

1 Medical Restriction
  (If not camp eligible enter F U L L duty but not camp; R E S T ricted or light duty; or U N A S signed medically) `` 77

2 Holds, Detainers, and Warrants (enter A for Active or P for Potential)
  a) Felony Hold `` 81
  b) Immigration and Naturalization Hold `` 82

3 Restricted Custody Suffix Required (enter R) `` 83

4 Category or Special Housing Recommendation (enter appropriate letter) `` 84

5 Other Placement Concerns
  a) `L I F` 85  b) `V I O` 88  c) `` 91

6 Work Skills `` 94

7 Caseworkers
  a) Counselor: `F E R R E I R A` `D` 101  Last name  FI
  b) Supervisor: `S T E E D` `J` 110  Last name  FI

8 TOTAL CLASSIFICATION SCORE
  (Combine from Section II, A.4 Total Background Factors Score and B.6 Total Prior Incarceration Behavior Score) `6 7` 119  *(handwritten: 61)*

### B. CLASSIFICATION STAFF REPRESENTATIVE ACTION

1 Classification Staff Representative: `L A N K F O R D` 122  Last name

2 Date of CSR Action: mo `7` − day `2 8` − year `9 8` 130

3 Administrative Determinants
  a) PRIMARY: `L I F` 136  b) `V I O` 139  c) `` 142

4 Category/Special Housing: `P` 145  5 Institution Approved: `C A L` − `I V` 146

6 Reason for Administrative or Irregular Placement `` 153

**A** CDC NUMBER: `D 0 0 3 7 6`  **B** INMATE'S LAST NAME: `H A C H`

DEPARTMENT OF CORRECTIONS
Original - Central File
Canary - OIS
Green - Inmate

**CDC 840 (Rev 07/02)**

# CDC RECLASSIFICATION SCORE SHEET

| 4. DATE OF LAST SCORE SHEET | 5. FORM IDENTIFICATION (ENTER X in a, b or c) | DATE CORRECTED | |
|---|---|---|---|

**4. DATE OF LAST SCORE SHEET**
MO 7 - DAY 16 - YR 02  16

**5. FORM IDENTIFICATION (ENTER X in a, b or c)**
a) NEW X 24    b) CORRECTION 25    DATE CORRECTED MO - DAY - YR 26    c) DELETE 32

## B. ANNUAL/ 6 MONTH REVIEW PERIOD DATES

**1. REVIEW PERIOD BEGINNING DATE**
MO 7 - DAY 1 - YR 02  33    **3. (Enter X)** Annual X 39

**2. REVIEW PERIOD ENDING DATE**
MO 6 - DAY 30 - YR 03  40    **4. Number of Full Review Periods** 2

## C. FAVORABLE BEHAVIOR SINCE LAST REVIEW

1. Continuous Minimum Custody
   7/1/02 - 12/31/02
   1/1/03 - 6/30/03    x 4 = [ ]  46

2. No Serious Disciplinary    x 2 = 0  48

3. Average or Above Performance in Work, School or Vocational Program  2    x 2 = 4  50

4. TOTAL FAVORABLE POINTS  = 4

## D. UNFAVORABLE BEHAVIOR SINCE LAST REVIEW

**SERIOUS DISCIPLINARIES**    **Number of**

1. Div. A-1/A-2    x 8 = [ ]  52
   Dates:

   Div. B, C & D    x 6 = [ ]  54
   Dates:

   Div. E & F  9/3/02, 4/8/03    2  x 4 = 8  56
   Dates:

2. Battery or Attempted Battery on a Non-Prisoner    x 8 = [ ]  58
   Dates:

3. Battery or Attempted Battery on an Inmate    x 4 = [ ]  60
   Dates:

4. Distribution of Drugs    x 4 = [ ]  62
   Dates:

5. Possession of a Deadly Weapon    x 16 = [ ]  64
   Dates:

6. Inciting a Disturbance    x 4 = [ ]  66
   Dates:

7. Battery Causing Serious Injury    x 16 = [ ]  68
   Dates:

8. TOTAL UNFAVORABLE POINTS = + 8

## E. SCORE ADJUSTMENT

1. TOTAL CORRECTION/ADJUSTMENT    (+ OR -) [ ]  70

## F. COMPUTATION OF SCORE

1. PRIOR PRELIMINARY SCORE
   (Preliminary Score from 839/New Preliminary Score from 840 or 841)    = 57  73

2. Net Change in Score
   (D. 8 minus C. 4)    = (+ or -) + 4  76

3. PRELIMINARY SCORE SUBTOTAL
   (Not less than 0)    = [ ]

4. Change in Term Points (T/P) (x 2)
   - Old T/P _____ + New T/P _____    = [ ]  79

5. NEW PRELIMINARY SCORE
   (Not less than 0)    = 61  62

## G. PLACEMENT

**MANDATORY MINIMUM SCORE FACTOR CODES AND SCORES**

| CODE | | SCORE | CODE | | SCORE |
|---|---|---|---|---|---|
| [A] | Condemned | 52 | [E] | Warrants "R" Suffix | 19 |
| [B] | Life Without Possibility of Parole | 52 | [F] | Violence Exclusion | 19 |
| [C] | CCR 3375.2(a)(7) Life Inmate | 28 | [G] | Public Interest Case | 19 |
| [D] | History of Escape | 19 | [H] | Other Life Sentence | 19 |

1. SCORE FACTOR CODE
   (Assess Only Highest Factor)  F  85

2. MANDATORY MINIMUM SCORE  19  86

3. PLACEMENT SCORE
   ENTER NEW PRELIMINARY SCORE OR MANDATORY MINIMUM SCORE WHICHEVER IS GREATER  61  88

## H. SPECIAL CASE FACTORS

1. HOLDS, WANTS and DETAINERS (Enter A, P or *)
   Felony 91    USINS 92

2. RESTRICTED CUSTODY SUFFIX (Enter R or *) 93

3. ELIGIBLE FOR RESTITUTION CENTER (Enter Y or N) N 94

4. LEVEL IV DESIGN
   a) 180 Status (Y/N) N
   b) Reason Code [ ]

5. US ARMED FORCES (Enter Y or N) N 95

6. CURRENT INSTITUTION AND FACILITY  S U S P - I V  96

7. COUNTY OF LAST LEGAL RESIDENCE  R I V  103

8. CASEWORKER'S NAME  H A G E R    R  106

## I. CLASSIFICATION STAFF REPRESENTATIVE

1. LAST NAME  G O N Z A L E S  115

2. DATE OF ACTION  O 7 - 3 O - O 3  123

3. LEVEL IV DESIGN
   a) 180 Status (Enter Y or *) 129
   b) Reason Code 130

4. MINIMUM CUSTODY
   a) Eligibility (Enter E, L or P) P  132
   b) Reason Code  L i f  133

5. CCRC ELIGIBILITY (Enter REN, REX or *) 136

6. DEVELOPMENTAL DISABILITY PROGRAM (DDP) CODE  N C F  139

7. DISABILITY PLACEMENT PROGRAM (DPP) CODE(S)
   a) (*) Primary (affects placement) 142    b) (*) 146    c) (*) 150    d) (*) 154

8. ADMINISTRATIVE DETERMINANT CODE(S)
   a) (*) 156    b) (*) 162    c) (*) 166    d) (*) 170    e) (*) 174

9. MENTAL HEALTH LEVEL OF CARE (Enter C or E)
   CCCMS EOP 178

10. INSTITUTION APPROVED  L A C - I V  179

11. REASON FOR ADMINISTRATIVE OR IRREGULAR PLACEMENT 186

## A. IDENTIFYING INFORMATION

NUMBER  0 3 7 6  1

2. INMATE'S LAST NAME  H A S H  7

3. DATE COMPLETED  7 - 1 4 - 0 3  12

OSP 02 71597

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
Original - Central File
Canary - OIS
Green - Inmate

**CDC 840 (Rev 07/02)**

# CDC RECLASSIFICATION SCORE SHEET

| 4. DATE OF LAST SCORE SHEET | | | 9. FORM IDENTIFICATION (ENTER X in a, b or c) | | |
|---|---|---|---|---|---|

MO | DAY | YR
5 | 5 | 0 5 | 18

a) NEW □ 24　b) CORRECTION □ 25　DATE CORRECTED MO - DAY - YR 26　c) DELETE □

## B. ANNUAL / 6 MONTH REVIEW PERIOD DATES

1. REVIEW PERIOD BEGINNING DATE　MO DAY YR 33
3. (Enter X) Annual □ 39

2. REVIEW PERIOD ENDING DATE　MO DAY YR 40
4. Number of Full Review Periods

## C. FAVORABLE BEHAVIOR SINCE LAST REVIEW

1. Continuous Minimum Custody _____ x 4 = ____ 46
2. No Serious Disciplinary _____ x 2 = ____ 48
3. Average or Above Performance in Work, School or Vocational Program _____ x 2 = ____ 50
4. TOTAL FAVORABLE POINTS = ____

## D. UNFAVORABLE BEHAVIOR SINCE LAST REVIEW

SERIOUS DISCIPLINARIES　Number of

1. Div. A-1/A-2 Dates: _____ x 8 = ____ 52
   Div. B, C & D Dates: _____ x 6 = ____ 54
   Div. E Dates: 7 6 04 | 1 | x 4 = 4 56
2. Battery or Attempted Battery on a Non-Prisoner Dates: _____ x 8 = ____ 58
3. Battery or Attempted Battery on an Inmate Dates: _____ x 4 = ____ 60
4. Distribution of Drugs Dates: _____ x 4 = ____ 62
5. Possession of a Deadly Weapon Dates: _____ x 16 = ____ 64
6. Inciting a Disturbance Dates: _____ x 4 = ____ 66
7. Battery Causing Serious Injury Dates: _____ x 16 = ____ 68
8. TOTAL UNFAVORABLE POINTS = 4

## E. SCORE ADJUSTMENT

1. TOTAL CORRECTION/ADJUSTMENT (+ or -) ____ 7

## F. COMPUTATION OF SCORE

1. PRIOR PRELIMINARY SCORE (Preliminary Score from 839/New Preliminary Score from 840 or 841) = 5 3
2. Net Change in Score (D. 8 minus C. 4) (+ or -) + 4
3. PRELIMINARY SCORE SUBTOTAL (Not less than 0) = 5 7
4. Change in Term Points (T/P) (x 2) - Old T/P _____ + New T/P _____ (+ or -) ____
5. NEW PRELIMINARY SCORE (Not less than 0) = 5 7

## G. PLACEMENT

### MANDATORY MINIMUM SCORE FACTOR CODES AND SCORES

| CODE | CODE | SCORE | CODE | CODE | SCORE |
|---|---|---|---|---|---|
| [A] | Condemned | 52 | [E] | Warrants "R" Suffix | 19 |
| [B] | Life Without Possibility of Parole | 52 | [F] | Violence Exclusion | 19 |
| [C] | CCR 3375.2(a)(7) Life Inmate | 28 | [G] | Public Interest Case | 19 |
| [D] | History of Escape | 19 | [H] | Other Life Sentence | 19 |

1. SCORE FACTOR CODE (Assess Only Highest Factor) F 85
2. MANDATORY MINIMUM SCORE 1 9 8
3. PLACEMENT SCORE ENTER NEW PRELIMINARY SCORE OR MANDATORY MINIMUM SCORE WHICHEVER IS GREATER 5 7 8

## H. SPECIAL CASE FACTORS

1. HOLDS, WANTS and DETAINERS (Enter A, P or *) Felony 91 USINS 92
2. RESTRICTED CUSTODY SUFFIX (Enter R or *) 93
3. ELIGIBLE FOR RESTITUTION CENTER (Enter Y or N) 94
4. LEVEL IV DESIGN a) 180 Status (Y/N) 28 b) Reason Code
5. US ARMED FORCE (Enter Y or N) 9
6. CURRENT INSTITUTION AND FACILITY S V S P - A S U 96
7. COUNTY OF LAST LEGAL RESIDENCE 10
8. CASEWORKER'S NAME C A S T O R E N FI B 106

## I. CLASSIFICATION STAFF REPRESENTATIVE

1. LAST NAME _____ 115
2. DATE OF ACTION MO DAY YR 123
3. LEVEL IV DESIGN a) 180 Status (Enter Y or *) 129　b) Reason Code 130
4. MINIMUM CUSTODY a) Eligibility (Enter E, L or P) 132　b) Reason Code 133
5. CCRC ELIGIBILITY (Enter REN, REX or *) 13
6. DEVELOPMENTAL DISABILITY PROGRAM (DDP) CODE 139
7. DISABILITY PLACEMENT PROGRAM (DPP) CODE(S) a) Primary (affects placement) 142　b) (*) 146　c) (*) 150　d) (*) 15
8. ADMINISTRATIVE DETERMINANT CODE(S) a) (*) 158　b) (*) 162　c) (*) 166　d) (*) 170　e) (*)
9. MENTAL HEALTH LEVEL OF CARE (Enter C or E) CCCMS □ EOP □ 178
10. INSTITUTION APPROVED 179
11. REASON FOR ADMINISTRATIVE OR IRREGULAR PLACEMEN 186

## A. IDENTIFYING INFORMATION

1. CDC NUMBER P 0 0 3 1 6 7
2. INMATE'S LAST NAME H A S H
3. DATE COMPLETED MO - DAY - YR

OSP 02 71597

STATE OF CALIFORNIA
**CDC 840 (Rev 07/02)**
DEPARTMENT OF CORRECTIONS
Original - Central File
Canary - OIS
Green - Inmate

# CDC RECLASSIFICATION SCORE SHEET

| 4. DATE OF LAST SCORE SHEET | 5. FORM IDENTIFICATION (ENTER X in a, b or c) |
|---|---|
| MO `7` DAY `14` YR `03` 18 | a) NEW `X` 24  b) CORRECTION 25  DATE CORRECTED MO— DAY— YR 26  c) DELETE 32 |

## B. ANNUAL/ 6 MONTH REVIEW PERIOD DATES

1. REVIEW PERIOD BEGINNING DATE  MO `7` – DAY `1` – YR `0 4` 33   3. (Enter X) Annual `X` 39

2. REVIEW PERIOD ENDING DATE  MO `6` – DAY `30` – YR `04` 40   4. Number of Full Review Periods `2`

## E. SCORE ADJUSTMENT

1. TOTAL CORRECTION/ADJUSTMENT   (+ OR -) 70

## F. COMPUTATION OF SCORE

1. PRIOR PRELIMINARY SCORE (Preliminary Score from 839/New Preliminary Score from 840 or 841) = `6 1` 73

2. Net Change in Score (D. 8 minus C. 4)  (+ or -) `–` `8` 76

3. PRELIMINARY SCORE SUBTOTAL (Not less than 0) = 79

4. Change in Term Points (T/P) (x 2) (+ or -) 79
   - Old T/P _____  + New T/P _____

5. NEW PRELIMINARY SCORE (Not less than 0) = `5 3` 82

## C. FAVORABLE BEHAVIOR SINCE LAST REVIEW

1. Continuous Minimum Custody _____ x 4 = 46

2. No Serious Disciplinary `2` x 2 = `4` 48

3. Average or Above Performance in Work, School or Vocational Program `2` x 2 = `4` 50

4. TOTAL FAVORABLE POINTS = `8`

## D. UNFAVORABLE BEHAVIOR SINCE LAST REVIEW

| SERIOUS DISCIPLINARIES | Number of |
|---|---|
| 1. Div. A-1/A-2 Dates: | _____ x 8 = 52 |
|    Div. B, C & D Dates: | _____ x 6 = 54 |
|    Div. E & F Dates: | _____ x 4 = 56 |
| 2. Battery or Attempted Battery on a Non-Prisoner Dates: | _____ x 8 = 58 |
| 3. Battery or Attempted Battery on an Inmate Dates: | _____ x 4 = 60 |
| 4. Distribution of Drugs Dates: | _____ x 4 = 62 |
| 5. Possession of a Deadly Weapon Dates: | _____ x 16 = 64 |
| 6. Inciting a Disturbance Dates: | _____ x 4 = 66 |
| 7. Battery Causing Serious Injury Dates: | _____ x 16 = 68 |

8. TOTAL UNFAVORABLE POINTS = + `0`

## G. PLACEMENT

MANDATORY MINIMUM SCORE FACTOR CODES AND SCORES

| CODE | SCORE | CODE | SCORE |
|---|---|---|---|
| [A] Condemned | 52 | [E] Warrants "R" Suffix | 19 |
| [B] Life Without Possibility of Parole | 52 | [F] Violence Exclusion | 19 |
| [C] CCR 3375.2(a)(7) Life Inmate | 28 | [G] Public Interest Case | 19 |
| [D] History of Escape | 19 | [H] Other Life Sentence | 19 |

1. SCORE FACTOR CODE (Assess Only Highest Factor) `F` 85

2. MANDATORY MINIMUM SCORE `1 9` 86

3. PLACEMENT SCORE ENTER NEW PRELIMINARY SCORE OR MANDATORY MINIMUM SCORE WHICHEVER IS GREATER `5 3` 88

## H. SPECIAL CASE FACTORS

1. HOLDS, WANTS and DETAINERS (Enter A, P or *)  Felony 91  USINS 92    2. RESTRICTED CUSTODY SUFFIX (Enter R or *) 93

3. ELIGIBLE FOR RESTITUTION CENTER (Enter Y or N) `N` 94    4. LEVEL IV DESIGN a) 180 Status (Y/N) `N`  b) Reason Code    5. US ARMED FORCES (Enter Y or N) `N` 95

6. CURRENT INSTITUTION AND FACILITY `S V S P - A S U` 96    7. COUNTY OF LAST LEGAL RESIDENCE 103

8. CASEWORKER'S NAME `M U R R A Y` `T` 106

## I. CLASSIFICATION STAFF REPRESENTATIVE

1. LAST NAME 115    2. DATE OF ACTION MO— DAY— YR 123

3. LEVEL IV DESIGN a) 180 Status (Enter Y. or *) 129  b) Reason Code 130    4. MINIMUM CUSTODY a) Eligibility (Enter E, L or P) 132  b) Reason Code 133    5. CCRC ELIGIBILITY (Enter REN, REX or *) 136

6. DEVELOPMENTAL DISABILITY PROGRAM (DDP) CODE 139    7. DISABILITY PLACEMENT PROGRAM (DPP) CODE(S) a) (*) Primary (affects placement) 142  b) (*) 146  c) (*) 150  d) (*) 154

8. ADMINISTRATIVE DETERMINANT CODE(S) a) (*) 158  b) (*) 162  c) (*) 166  d) (*) 170  e) (*) 174

9. MENTAL HEALTH LEVEL OF CARE (Enter C or E) CCCMS  EOP 178    10. INSTITUTION APPROVED 179    11. REASON FOR ADMINISTRATIVE OR IRREGULAR PLACEMENT 186

## A. IDENTIFYING INFORMATION

1. CDC NUMBER `P 0 0 3 7 6` 7    2. INMATE'S LAST NAME `H A S H` 7    3. DATE COMPLETED MO `5` – DAY `5` – YR `05` 12

XSP 02 71597

REPORT DATE: 09/21/04
PAGE NO:        1

CALIFORNIA DEPARTMENT OF CORRECTIONS
SALINAS VALLEY STATE PRISON
INMATE TRUST ACCOUNTING SYSTEM
INMATE TRUST ACCOUNT STATEMENT

FOR THE PERIOD: MAR. 01, 2004 THRU SEP. 21, 2004

OUNT NUMBER : P00376                    BED/CELL NUMBER: FDB1T1000060129L
OUNT NAME   : HASH, LAWRENCE GEORGE       ACCOUNT TYPE: I
VILEGE GROUP: D

TRUST ACCOUNT ACTIVITY

| E | TRAN CODE | DESCRIPTION | COMMENT | CHECK NUM | DEPOSITS | WITHDRAWALS | BALANCE |
|---|-----------|-------------|---------|-----------|----------|-------------|---------|
| 01/2004 | | BEGINNING BALANCE | | | | | 0.00 |
| 07*VD54 | | INMATE PAYROL | 0586 P5/04 | | 3.89 | | 3.89 |
| 07*VD54 | | INMATE PAYROL | 0586 P6/04 | | 1.13 | | 5.02 |
| 08 | W512 | LEGAL POSTAGE | 0600 ENVEL | | | 1.55 | 3.47 |
| 08 | W512 | LEGAL POSTAGE | 0600 LPOST | | | 1.92 | 1.55 |
| 09 | W512 | LEGAL POSTAGE | 0604 ENVEL | | | 1.55 | 0.00 |

CURRENT HOLDS IN EFFECT

| DATE PLACED | HOLD CODE | DESCRIPTION | COMMENT | HOLD AMOUNT |
|-------------|-----------|-------------|---------|-------------|
| /10/2003 | H107 | POSTAGE HOLD | 1330 PPOST | 5.30 |
| /01/2003 | H107 | POSTAGE HOLD | 1498 POST | 1.06 |
| /19/2004 | H107 | POSTAGE HOLD | 0462 PPOST | 9.50 |
| /15/2004 | H119 | ARTIFICIAL APPLIANCE HOLD | 0673 ORTHO | 59.30 |
| /17/2004 | H118 | LEGAL COPIES HOLD | 0698 LCOPY | 0.30 |
| /17/2004 | H109 | LEGAL POSTAGE HOLD | 0698 ENVEL | 1.55 |

* RESTITUTION ACCOUNT ACTIVITY

TE SENTENCED: 05/29/98                    CASE NUMBER: CR61262
UNTY CODE: RIV                            FINE AMOUNT: $  10,000.00

| DATE | TRANS | DESCRIPTION | TRANS. AMT. | BALANCE |
|------|-------|-------------|-------------|---------|
| /01/2004 | | BEGINNING BALANCE | | 9,803.00 |
| /07/04 | VR54 | RESTITUTION DEDUCTION-SUPPORT | 1.74- | 9,801.26 |
| /07/04 | VR54 | RESTITUTION DEDUCTION-SUPPORT | 0.50- | 9,800.76 |

# EXHIBIT
# P

STATE OF CALIFORNIA
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 9/98)

DEPARTMENT OF CORRECTIONS

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER |
|---|---|
| HASH | P-00376 |

## REASON(S) FOR PLACEMENT (PART A)

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[ ] ENDANGERS INSTITUTION SECURITY    [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:
Inmate HASH, you were placed in Administrative Segregation on 07/17/2004 for Battery on an Inmate, and subsequently found not guilty and all charges were dismissed. However, while you were housed in ASU you received a CDC Form 115 Rules Violation Report for Aggravated Battery on a Peace Officer (Gassing) dated 09/27/2004, Log #AD-04-09-0150. As a result of your actions you are deemed a threat to the safety and security of the institution. Therefore, you will remain in Administrative Segregation pending the Disciplinary process an DA referral. Due to this placement, your custody level, credit earning group, privilege group, and visiting status are subject to change. This placement has been ordered by Correctional Lieutenant N. Walker. Inmate HASH is not a participant in the Mental Health Delivery System.

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)    [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: / /

| DATE OF PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 6/29/05 | N. WALKER | | Lieutenant |

| DATE NOTICE SERVED | TIME | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF TITLE |
|---|---|---|---|---|
| 6/30/05 | 1310 | PERKINS, G.J | | CO |

[X] INMATE REFUSED TO SIGN    INMATE SIGNATURE    CDC NUMBER P-00376

## ADMINISTRATIVE REVIEW (PART B)
*Having to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT'S NAME  ASSIGNED | TITLE  CCI | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

IS THIS INMATE:

LITERATE? [ ]YES [ ]NO
FLUENT IN ENGLISH? [ ]YES [ ]NO
ABLE TO COMPREHEND ISSUES? [ ]YES [ ]NO
FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? [ ]YES [ ]NO
DECLINING FIRST STAFF ASSISTANT ASSIGNED? [ ]YES

EVIDENCE COLLECTION BY IE UNNECESSARY [ ]YES [ ]NO
DECLINED ANY INVESTIGATIVE EMPLOYEE [ ]YES [ ]NO
ASU PLACEMENT IS FOR DISCIPLINARY REASONS [ ]YES [ ]NO
DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED [ ]YES

Any "NO" requires SA assignment

[ ] NOT ASSIGNED

[ ] NOT ASSIGNED

Any "NO" may require IE assignment

## INMATE WAIVERS

[X] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[ ] NO WITNESSES REQUESTED BY INMATE    INMATE SIGNATURE  REFUSED    DATE 6/30/05

## WITNESSES REQUESTED FOR HEARING

| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |

DECISION: [ ] RELEASE TO UNIT/FACILITY    [X] RETAIN PENDING ICC REVIEW    [X] DOUBLE CELL    [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION: RETAIN, ASU PENDING ADJUDICATION OF DUE PROCESS (RVR) AND ICC REVIEW. DOUBLE CELL CLEAR.

| ADMINISTRATIVE REVIEWER'S PRINTED NAME  J.D.BENNETT | TITLE  CAPT @. | DATE OF REVIEW  6/30/05 | TIME  2030 | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME  (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

See Chronological Classification Review document (CDC 128-G) for specific hearing information

# EXHIBIT
# Q

NAME and NUMBER       Hash    P00376             D1-214L ·              CDC-128-B (Rev. 4/74)

On Sunday, July 10, 2005, **YOU DISRUPTED THE ADMINISTRATIVE SEGREGATION PROGRAM BY COVERING YOUR CELL WINDOWS PREVENTING OFFICERS FROM BEING ABLE TO CONDUCT PROPER SECURITY CHECKS AND COUNTS OF YOU AND YOUR CELL.** Based on your actions you are being placed on "Management Cell Status". Your placement on **"Management Cell Status",** is ordered and authorized bv Correctional Captain(A) G. Biaggini  per **O.P. #29.5.25.1.13**.  This placement will be effective on **07/10/05** and will be reviewed by the Facility Captain daily, to review your compliance with operational procedures.

  While on **MCS** all property and clothing will be removed with the exception of a Mattress, one blanket, one (1) Pair of boxer shorts, one (1) Zylon spoon, one (1) toothbrush, toothpaste and a daily supply of toilet tissue.

Central File
Associate Warden                                    J. Ippolito, Correctional Sergeant
Facility Captain                                       D Administrative Segregation
ASU Correctional Lieutenant ·                  Salinas Valley State Prison
CCI
CCII
CDC 114a
Inmate

**DATE** 07/10/05              **Management Cell Status (MCS)**              GENERAL CHRONO

# MCS

## Begin 7-10-05

# EXHIBIT R

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

## COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

### A. HOUSING

| | | | | |
|---|---|---|---|---|
| None | | Bottom Bunk | P/T 12 month | |
| Barrier Free/Wheelchair Access | P/T | Single Cell (See 128-C date: _____ ) | P/T | |
| Ground Floor Cell | P/T 12 month | Permanent OHU / CTC (circle one) | P/T | |
| Continuous Powered Generator | P/T | Other | P/T | |

### B. MEDICAL EQUIPMENT/SUPPLIES

| | | | | |
|---|---|---|---|---|
| None | | Wheelchair: (type) | P/T | |
| Limb Prosthesis | P/T | Contact Lens(es) & Supplies | P/T | |
| Brace | P/T | Hearing Aid | P/T | |
| Crutches | P/T | Special Garment: Sweat shirt | P/T 12 month | |
| Cane: (type) _____ | P/T | (specify) & thermal | | |
| Walker | P/T | Rx. Glasses: | P/T | |
| Dressing/Catheter/Colostomy Supplies | P/T | Cotton Bedding | P/T | |
| Shoe: (specify) | P/T | Extra Mattress | P/T | |
| Dialysis Peritoneal | P/T | Other extra pillow | P/T 12 month | |

### C. OTHER

| | | | | |
|---|---|---|---|---|
| None | | Therapeutic Diet: (specify) | P/T | |
| Attendant to assist with meal access and other movement inside the institution. | P/T | Communication Assistance | P/T | |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | | Transport Vehicle with Lift local transport | P/T 12 month | |
| Wheelchair Accessible Table | P/T | Short Beard (lower restraint) Other | P/T 12 month | |

### D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?  ☑ Yes  ☐ No   Back

If yes, specify: _____

| INSTITUTION  SVP | COMPLETED BY (PRINT NAME) | TITLE MD |
|---|---|---|
| SIGNATURE | DATE 7/19/05 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO SIGNATURE | DATE 7/21/05 | P00376 |
| (CIRCLE ONE)  APPROVED / DENIED | | HASH, LAWRENCE |
| | | 3/2/57 |
| | | C3-206 |

**COMPREHENSIVE ACCOMMODATION CHRONO**

CDC 7410 (03/04)

Distribution:
Original - Unit Health Record     Canary - Central File     Pink - Correctional Counselor     Gold - Inmate

# EXHIBIT

# S

# CALIFORNIA DEPARTMENT OF CORRECTIONS

NAME: HASH                    CDC #: P00376                    BED: 

## COMMITTEE ACTION SUMMARY

**RELEASE TO FACILITY C ONLY DUE TO ENEMY CONCERNS ON D FACILITY, ESTABLISH CUSTODY LEVEL AT CLOB AND WG/PG AT A2B. PLACE ON THE SUPPORT SERVICES WAITING LIST. CONTINUE DOUBLE CELL. PSYCH. IS CLEAR.**

## COMMITTEE'S COMMENTS

Inmate HASH appeared before Salinas Valley State Prison's (SVSP's) Administrative Segregation Unit (ASU) Institutional Classification Committee (ICC) today for his Program Review. HASH stated that his health was good and was willing to proceed. HASH received his 72-hour notice for the purpose of this review. Prior to committee reviewing and discussing this case, HASH was introduced to the committee members. According to HASH'S CDC 114D, he was placed into SVSP's ASU on 7/17/2004 for: Hash was placed in ASU for Battery on an Inmate, he was found not guilty and the charges were dismissed. However while housed in ASU Hash committed Aggravated Battery on a Peace Officer (Gassing).. ICC notes CSR action dated 11/15/04, 14 month mitigated SHU with a MERD of 6/2/05 for RVR B04-07-0042 Battery on an Inmate w/ SBI, the RVR was ordered reissue rehear on 3/2/05, and on 5/20/05 the charges were dismissed in the Interest of Justice. ICC further notes Hash received an RVR on 9/27/04 for Aggravated Battery on a Peace Officer (Gassing), he has an projected,expired MERD of 6/27/05. The Monterey County District Attorney's office rejected the case on 4/25/05. *Vacate a 14 month SHU w/MERD 6/2/05.*

Based upon a review of HASH'S CDC 114D, Central File, case factors, and through discussion with him, committee elects to: Release to Facility C Only Due to Enemy Concerns on D Facility, Establish Custody Level at CLOB and WG/PG at A2B. Place on the Support Services Waiting List. Continue Double Cell. Psych. is Clear.

At the conclusion of this review, HASH was informed of his Appeal Rights with regards to this committee's actions. HASH acknowledged his understanding and agreement with committee's actions.

**STAFF ASSISTANT**

Not Assigned: (Issues not complex and non-participant in MHSDS)

## INMATE CASE FACTORS

| CUSTODY | PS/LEVEL | WG/PG & EFF. DATE | RECLASS DATE | GPL | RECLASS | AGE | ETHNIC | TERMER | NEXT BPT & DATE |
|---|---|---|---|---|---|---|---|---|---|
| MAX | 61/IV | D2D - 7/17/2004 | MEPD 11/29/2019 | 2.9 | 7/15/2004 | 48 | WHI | 1st | DOC #1 7/2004 |

| RECEIVED | RECEIVED FROM & TYPE OF TX | RECEIVED CDC | COUNTY OF COMMITMENT | SENTENCE | RESTITUTION |
|---|---|---|---|---|---|
| 12/1/1999 | CEN Non-Adverse | 6/1/1998 | Riverside | 29 yrs to Life | $10000.00 |

| COMMITMENT OFFENSE |
|---|
| PC 187 Murder 1st with use of Firearm |

| PRIOR ARREST HISTORY | DISCIPLINARY HISTORY |
|---|---|
| GT, RSP, Obstruct/Resist a Public Officer, Reckless Driving, Drunk Driving, Hit & Run with Death/Injury, False Report of a Crime, Present False / Fraudulent Insurance Claim, Burglary, Trespassing, Assault with a Deadly Weapon/Not Firearm GBI Likely, Carrying a Concealed Weapon on Person, Possession Burglary Tools, Taking a Vehicle w/out Owner's Consent, Vehicle Theft | Disruptive Behavior, Mutual Combat, Refusal to Comply with PC 296, Forgery, Refusal to Obey Orders, Battery on a Peace Officer w/SBI |

| SEX OFFENSES | ARSON OFFENSES | ESCAPES |
|---|---|---|
| Clear as of 7/18/2005 | Clear as of 7/18/2005 | Clear as of 7/18/2005 |

| ENEMIES | GANG/TIP | CONFIDENTIAL |
|---|---|---|
| Noted on CDC 812 & CDC 812C | No Gang | Noted & Reviewed |

| MEDICAL | TB - DATE 128C | DENTAL | DPP | SUBSTANCE ABUSE |
|---|---|---|---|---|
| Full Duty | 22 - 5/9/2005 | 2 | N/A | Noted |

| PSYCH | MDO | ODP |
|---|---|---|
| Clear | Doesn't Meet MDO Criteria | NCF |

| HOUSING | CELL STATUS | CAMP, MSF, CCF, SAP, CCRC, REST. CENTER, & MCCF ELIGIBILITY | | |
|---|---|---|---|---|
| 180 Design (A1) | Double Cell | Camp Eligible: No LIF - VIO | CCF Eligible: No LIF - VIO | CCRC Eligible: No LIF - VIO |
| | | MSF Eligible: No LIF - VIO | SAP Eligible: No LIF - VIO | Rest. Center Eligible: No LIF - VIO |
| | | MCCF Eligible: No - | | |

| FPTTP | HWD | JOB ASSIGNMENT |
|---|---|---|
| US Citizen | None | Unassigned |

## COMMITTEE MEMBERS

| CHAIRPERSON | MEMBERS | RECORDER |
|---|---|---|
| D. Travers, CDW (A) | G. Lewis, FC; S. Torres, PhD. | F. Winn, CCII |

| Committee Date: 7/21/2005 | **PROGRAM REVIEW** | Committee: ICC |
|---|---|---|

| Typed By: FAW - Distribution: C-File & Inmate | SALINAS VALLEY STATE PRISON | Classification Chrono CDC 128G (Rev: 3/05) |
|---|---|---|

# EXHIBIT

# T

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS

# PROGRAM STATUS REPORT
## PART B – PLAN OF OPERATION / STAFF & INMATE NOTIFICATION

| INSTITUTION | EFFECTIVE DATE OF PLAN | PRECIPITATING INCIDENT LOG NUMBER |
|---|---|---|
| SALINAS VALLEY STATE PRISON | July 20, 2005 | SVP-FC8-05-07-0458 |

| ☐ NORMAL PROGRAM | ☐ MODIFIED PROGRAM | ☒ LOCKDOWN | ☐ STATE OF EMERGENCY |
|---|---|---|---|

| ☐ INITIAL | ☒ UPDATE | ☐ CLOSURE |
|---|---|---|

**RELATED INFORMATION (CHECK ALL THAT APPLY)**

| AREA AFFECTED | INMATES AFFECTED | REASON |
|---|---|---|
| ☒ INSTITUTION | ☒ ALL LEVEL III / IV INMATES | ☐ BATTERY |
| ☐ FACILITY: _____ | ☐ BLACK | ☐ DEATH |
| | Total Affected: | |
| ☐ HOUSING UNIT: _____ | ☐ WHITE   4064 Inmates | ☐ RIOT / DISTURBANCE |
| ☐ VOCATION: _____ | ☐ HISPANIC | ☐ GROUPING |
| ☐ EDUCATION: _____ | ☐ OTHER | ☒ OTHER:  Attempted Murder of Peace |
| ☐ OTHER: _____ | | Officers |

| MOVEMENT | WORKERS | DAYROOM |
|---|---|---|
| ☐ NORMAL | ☒ CRITICAL WORKERS ONLY with Correctional Administrator Approval | ☐ NORMAL |
| ☒ ESCORT ALL MOVEMENT IN RESTRAINTS | ☐ CULINARY | ☒ NO DAYROOM ACTIVITIES A, B, C & D |
| ☒ UNCLOTHED BODY SEARCH PRIOR TO ESCORT | ☐ CLERKS | ☒ E FACILITY DAYROOM AUTHORIZED |
| ☐ CONTROLLED MOVEMENT | ☐ VOCATION/EDUCATION | ☐ MODIFIED: _____ |
| ☒ OTHER: WANDED PRIOR TO ESCORT | ☐ CANTEEN | **RECREATION** |
| **FEEDING** | ☐ CLOTHING ROOM | ☐ NORMAL |
| ☐ NORMAL | ☐ RESTRICTED WORK PROGRAM | ☒ NO REC. ACTIVITIES A, B, C & D |
| ☒ CELL FEEDING | ☐ PORTERS | ☒ E FACILITY REC YARD AUTHORIZED |
| ☐ CONTROLLED FEEDING IN DINING ROOM | ☒ NO WHITE INMATE WORKERS | ☐ MODIFIED: _____ |
| ☐ HOUSING UNIT/DORM AT A TIME | **SHOWERS** | **CANTEEN** |
| ☐ DORM POD AT A TIME | ☐ NORMAL | ☐ NORMAL |
| ☐ TIER AT A TIME | ☒ ESCORTED IN RESTRAINTS | ☒ NO CANTEEN |
| ☐ HOUSING UNIT SECTION AT A TIME | ☐ ONE INMATE PER SHOWER – OWN TIER | ☒ E FACILITY CANTEEN AUTHORIZED |
| ☐ SACK MEAL BREAKFAST | ☒ CELL PARTNERS TOGETHER – OWN TIER | ☐ MODIFIED: _____ |
| ☒ SACK MEAL LUNCH | ☐ DORM SHOWERING BY GROUP | **PACKAGES** |
| ☐ SACK MEAL DINNER | ☐ CRITICAL WORKERS ONLY | ☐ NORMAL |
| **DUCATS** | ☐ NO SHOWERS | ☒ NO PACKAGES |
| ☐ ALL DUCATS HONORED | **MEDICAL** | ☒ E FACILITY PKGS AUTHORIZED, IF HERE |
| ☐ MEDICAL DUCATS ONLY | ☐ NORMAL MEDICAL PROGRAM | ☐ MODIFIED: _____ |
| ☐ CLASSIFICATION DUCATS | ☒ PRIORITY DUCATS ONLY | **PHONE CALLS** |
| ☒ PRIORITY MEDICAL DUCATS ONLY | ☒ MTA CONDUCT ROUNDS IN UNITS | ☐ NORMAL |
| **VISITING** | ☐ INMATES ESCORTED TO SICK CALL | ☒ NO PHONE CALLS |
| ☐ NORMAL VISITING | ☐ EMERGENCY MEDICAL ONLY | ☒ E FACILITY PHONE CALLS AUTHORIZED |
| ☐ NON-CONTACT ONLY | ☐ OTHER: _____ | ☐ MODIFIED: _____ |
| ☒ NO VISITING | **LEGAL LIBRARY** | **RELIGIOUS SERVICES** |
| ☐ OTHER: _____ | ☐ NORMAL | ☐ NORMAL |
| | ☒ APPROVED COURT DEADLINES PAGING | ☐ NO RELIGIOUS SERVICES |
| | | ☒ MODIFIED: I/Ms allowed to worship in cells |

**REMARKS:**

Due to a serious assault on Peace Officers on July 14, 2005, Facilities A (including A Gym), B, C, and D are retained on Lockdown pending threat assessment. Any Level IV inmate to be removed from the cell must submit to an unclothed-body search and be placed in handcuffs prior to exiting the cell. In addition, the inmate must be wanded prior to escort. Facility E is returned to normal program. The CTC In-Patient and DMH are on Normal Program.

| PREPARED BY: | DATE | NAME / SIGNATURE (WARDEN) | DATE |
|---|---|---|---|
| J. W. Moss, Lt. | 7/20/05 | M. S. EVANS, WARDEN (A) | 7-20-05 |

# EXHIBIT U

STATE OF CALIFORNIA                                                                      DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

| Location: Institution/Parole Region | Log No. | Category ___2___ |
|---|---|---|
| 1. _____ | 1. _____ | _____ |
| 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| LAWRENCE HASH | P-00376 | UNASSIGNED | C-3 /206 U |

**A. Describe Problem:** ON 7/21/05 THE ICC COMMITTEE RELEASED ME FROM AD/SEG BASED ON A PART DISMISSAL OF RVR-FB-3-04-07-0437 AND A SUBSEQUENT NOT GUILTY 115 FINDING OF RVR# B-04-07-0042R. Although THERE WAS NO ADVERSE FINDINGS I WAS ASSIGNED TO "C" YARD, WHICH IS A 180 RATHER THAN A 270 DESIGN YARD like I SHOULD BE ON. Additionally, I'M ASSIGNED TO A TOP TIER/TOP BUNK WHEN I HAVE A MEDICAL CHRONO FOR A LOWER TIER/LOWER BUNK. FURTHERMORE, I HAVE NOT RECEIVED AN ANNUAL POINT SCORE REVIEW FOR SEVERAL YEARS, WHICH NEEDS TO BE DONE RIGHT AWAY, BECAUSE I NEED OFF "C" YARD, MY life IS IN DANGER HERE. THE "C" YARD WHITES ARE AT WAR WITH WHITES FROM "B" YARD

If you need more space, attach one additional sheet.                          RECD JUL 28 2005

**B. Action Requested:** I REQUEST THAT I RECEIVE A UP DATED POINT SCORE REVIEW AND AN ENDORSEMENT TO A INSTITUTION WITH A 270 DESIGN YARD WHERE I'M ASSIGNED TO A LOW TIER/LOWER BUNK like I SHOULD BE, AND WHERE I'M SAFE. PLEASE GIVE THIS APPEAL EMERGENCY PROCESSING BASED ON CCR 3084.7 (B)(1).

Inmate/Parolee Signature: _Larry Hash_                    Date Submitted: **7/22/2005**

**C. INFORMAL LEVEL** (Date Received: _____ )                RET'D JUL 28 2005

Staff Response: _____
_____
_____
_____
_____

Staff Signature: _____     Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____
_____
_____
_____
_____

Signature: _____     Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

_____

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the INFORMAL Level

*July 26, 2005*

*HASH, P00376*
*D1-214*

Log Number: SVSP-C-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*APPEAL CONTAINS MORE THAN 1 ISSUE*

RET'D JUL 8 8 2005

Appeals Coordinator
Salinas Valley State Prison

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

prison consistent with case factors.[99]  Pursuant to a 1983 order from the Marin Superior Court, the CDC reviewed its system and by 1989 had finally adopted and implemented a revised system.[100]

A reception center staff person – usually a "correctional counselor" (caseworker) – computes the classification score by assigning positive or negative points for set case factors, such as sentence length, prior criminal history, escape history, and certain social factors (see §§ 3.11 through 3.14). Under the CDC scoring system, a lower score indicates that a prisoner has fewer security and custody needs than a prisoner with a higher score, and four "levels" of security have been established.  The cut-off points in the CDC scoring system are as follows:[101]

| Classification Score | Institutional Assignment |
|---|---|
| 0 through 18 | Level I (minimum security) facility |
| 19 through 27 | Level II (medium security) facility |
| 28 through 51 | Level III (medium security) facility |
| 52 and above | Level IV (maximum security) facility |

Level IV prisons are further divided into two types: "180 degree" and "270 degree" design facilities, referring to how broadly the housing units fan out from the facility's central control.[102] Because of their physical design, 180 degree facilities allow more supervision and control of prisoners.  Level IV prisoners who meet certain criteria must be housed in 180 degree facilities. These include prisoners who were in a Security Housing Unit in the past three years, were found guilty of a Level A or B disciplinary offense (except possession of narcotics) in the past three years, were found guilty of inciting or participating in a riot in the last three years or are validated members or associates of a prison gang.  In addition, a Level IV prisoner who is a member or associate of a street gang will be restricted to a 180 degree design prison if he was found guilty of assault in the past three years, his commitment offense was related to street gang activity, he has two or more prior convictions for violent offenses listed in Penal Code section 667.5(c), he was sentenced under the Three Strikes law, he is serving life without parole, or he is serving a determinate sentence of 50 years or more.[103]

---

[99]  DOM § 62010.5.

[100]  The court order that caused the revision was entered in Wilson v. Deukmejian (Marin Superior Court No. 103454).  The Court order was based on evidence that the classification scoring system had resulted in the overly restrictive classification of prisoners.

[101]  The cut-off points of the scoring system are listed at 15 CCR § 3375.1(a).  The different facility classification levels are broadly defined in 15 CCR § 3377.1.  Occasionally, CDC changes the levels of prisoners that individual institutions may house.

[102]  180 degree facilities include Pelican Bay State Prison, California Correctional Institute–Tehachipi, California State Prison–Sacramento, Salinas Valley State Prison and High Desert State Prison.  270 degree facilities include Calipatria State Prison, Centinela State Prison, California State Prison–Corcoran, Corcoran Substance Abuse Treatment Facility, Mule Creek State Prison, Salinas Valley State Prison and California State Prison–Lancaster.

[103]  CDC Memorandum from Deputy Director David Tristan, dated March 14, 1996.

98

# EXHIBIT
# V

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART A - COVER SHEET
CDC 837-A (Rev. 09/03)

| PAGE 1 OF 3 | INCIDENT LOG NUMBER SVP-FC3-05-07-0479 | INCIDENT DATE 07/26/05 | INCIDENT TIME 12:56 |
|---|---|---|---|

| INSTITUTION | FACILITY | FACILITY LEVEL | INCIDENT SITE | LOCATION | | USE OF FORCE |
|---|---|---|---|---|---|---|
| SVSP | C | ☐ I  ☐ II<br>☐ III  ☒ IV | C3 | CELL-206 | ☐ ASU  ☐ SHU  ☐ PSU  ☐ PHU<br>☐ SNY  ☒ GP  ☐ CTC  ☐ RC<br>SEG. YARD: ☐ CC  ☐ WA  ☐ RM | ☐ YES  ☒ NO |

| SPECIFIC CRIME / INCIDENT | ☒ CCR  ☐ PC  ☐ N/A |
|---|---|
| Attempted Murder of an Inmate with a Weapon | NUMBER/SUBSECTION: 3005 (c) |

| D. A. REFERRAL ELIGIBLE | SERT ACTIVATED | NMT ACTIVATED | MUTUAL AID REQUEST | PIO/AA NOTIFIED |
|---|---|---|---|---|
| ☒ YES  ☐ NO | ☐ YES  ☒ NO | ☐ YES  ☒ NO | ☐ YES  ☒ NO | ☒ YES  ☐ NO |

## RELATED INFORMATION (CHECK ALL THAT APPLY)

| DEATH | CAUSE OF DEATH | | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY | |
|---|---|---|---|---|---|
| ☐ INMATE | ☐ ACCIDENTAL | ☐ SUICIDE | ☒ ON INMATE | ☐ BEATING | ☐ SPEARING |
| ☐ STAFF | ☐ EXECUTION | ☐ NATURAL | ☐ ON STAFF | ☐ GASSING | ☐ STABBING |
| ☐ VISITOR | ☐ HOMICIDE | | ☐ ON VISITOR | ☐ POISONING | ☐ STRANGLING |
| ☐ OTHER: | ☐ OVERDOSE | | ☐ OTHER: | ☐ SEXUAL | ☐ OTHER: |
| | ☐ UNKNOWN | | | ☐ SHOOTING | |
| ☒ N/A | ☒ N/A | | ☐ N/A | ☒ SLASHING | ☐ N/A |

| SERIOUS INJURY | INMATE WEAPONS | | SHOTS FIRED / TYPE WEAPON / FORCE | | | | |
|---|---|---|---|---|---|---|---|
| ☒ INMATE | ☐ CHEMICAL SUBSTANCE | TYPE: | WEAPON: | WARNING # | EFFECT # | TYPE: | NO: |
| ☐ STAFF | ☐ CLUB / BLUDGEON | ☐ COMMERCIAL WEAPON | ☐ MINI 14 | | | BATON ROUND: | |
| ☐ VISITOR | ☐ EXPLOSIVE | | ☐ 38 CAL. | | | WOOD | |
| ☐ OTHER: | ☐ FIREARM | ☒ INMATE MANUFACTURED | ☐ 9MM | | | RUBBER | |
| | ☐ HANDS / FEET | WEAPON | ☐ SHOTGUN | | | FOAM | |
| ☐ N/A | ☐ KNIFE | | LAUNCHER: | | | STINGER: | |
| | ☐ SAP/SLUNG SHOT | | ☐ 37MM | | | .32 (A) | |
| | ☐ PROJECTILE | | ☐ L8 | | | .60 (B) | |
| ESCAPES | ☐ SPEAR | | ☐ 40MM | | | EXACT IMPACT | |
| | ☒ SLASHING INSTRUMENT | | ☐ 40MM MULTI | | | CTS 4557 | |
| ☐ W / FORCE | ☐ STABBING INSTRUMENT | | ☐ HFWRS | | | XM 1006 | |
| ☐ W/O FORCE | ☐ OTHER: | | FORCE: | | | CHEMICAL: | |
| ☐ ATTEMPTED | | | ☐ SIDE-HANDLE BATON | | | ☐ OC | |
| | ☐ BODILY FLUID  ☐ OTHER FLUID: | | ☐ PHYSICAL FORCE | | | ☐ CN | |
| ☒ N/A | ☐ UNKNOWN LIQUID | | ☐ X10 | | | ☐ CS | |
| | ☐ N/A | | ☐ OTHER: | | | ☒ N/A | |

| CONTROLLED SUBSTANCE / WEIGHT | | | PROGRAM STATUS | EXCEPTIONAL ACTIVITY | |
|---|---|---|---|---|---|
| ☐ POSITIVE UA | ☐ CONTROLLED MEDS | | ☐ MODIFIED PROGRAM | ☐ EMPLOYEE JOB ACTION | ☐ WEATHER |
| ☐ WITH PACKAGING | ☐ WITHOUT PACKAGING | | ☐ LOCKDOWN | ☐ ENVIRONMENTAL HAZARD | ☐ SEARCH WARRANT |
| | PRELIMINARY | LAB | ☐ STATE OF EMERGENCY | ☐ EXPLOSION | ☐ ARREST |
| ☐ AMPHETAMINE | | | | ☐ FIRE | ☐ OTHER: |
| ☐ BARBITURATES | | | IF YES, LIST AFFECTED | ☐ GANG/DISRUPTIVE GROUP | |
| ☐ COCAINE | | | PROGRAMS: | ☐ HOSTAGE | |
| ☐ CODEINE | | | | ☐ INMATE STRIKE | EXTRACTION: |
| ☐ HEROIN | | | | ☐ MAJOR DISTURBANCE | ☐ CONTROLLED |
| ☐ MARIJUANA/THC | | | | ☐ MAJOR POWER OUTAGE | ☐ IMMEDIATE |
| ☐ METHAMPHETAMINE | | | | ☐ NATURAL DISASTER | |
| ☐ MORPHINE | | | | ☐ PUBLIC DEMONSTRATION | |
| ☐ OTHER: | | | ☒ N/A | ☐ SPECIAL INTEREST I/M | ☒ N/A |
| ☒ N/A | | | | | |

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES):

On Tuesday July 27, 2005 at approximately 1256 hours, inmate Sidley (E09073) attempted to murder his cell mate, inmate Hash (P00376) with an inmate manufactured slashing weapon.

COMPLETE SYNOPSIS / SUMMARY ON PART A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE | ID # | BADGE # |
|---|---|---|---|
| S. Plaza | Lieutenant | 2863651 | 54094 |

| SIGNATURE OF REPORTING STAFF | PHONE EXT. (INCIDENT SITE) | DATE |
|---|---|---|
| | 6502 | 07/26/05 |

| NAME OF WARDEN / AOD (PRINT/SIGN) | TITLE | DATE |
|---|---|---|
| G. Ponder, Facility C Captain | Captain | 7/27/05 |

STATE OF CALIFORNIA                                                                      DEPARTMENT OF CORRECTIONS
**CRIME / INCIDENT REPORT**
**PART A1 - SUPPLEMENT**
CDC 837-A1 (09/03)                                     PAGE __2__ OF __3__    | INCIDENT LOG NUMBER
                                                                              | SVP-FC3-05-07-0479

| INSTITUTION | FACILITY | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|
| SVSP | C | 07/26/05 | 12:56 |

TYPE OF INFORMATION:
[X] SYNOPSIS/SUMMARY OF INCIDENT   [ ] SUPPLEMENTAL INFORMATION   [ ] AMENDED INFORMATION   [ ] CLOSURE REPORT

**NARRATIVE:**

Control Booth Officer Greeson, notified Floor Officers Koen and Pierce of inmates yelling "man down" in C3 A-Pod. Officer Koen and Pierce responded to cell 206 occupied by inmates Sidley (s) and Hash (v). Both Officers Pierce and Koen observed inmate Hash lying on the ground, on his back with his head towards the cell door. Inmate Hash was wearing white boxer shorts and his entire body was covered with blood. Inmate Sidley was standing at the back of the cell. Officer Pierce activated his personal alarm and ordered inmate Sidley to back up to the cell door and submit to mechanical restraints, with positive results. Responding staff arrived, Sgt. Moore assessed the situation and requested the emergency response vehicle to report to C3 A-Pod, the Security Squad to bring a camera and report to cell 206, and ordered the cell door to be opened for inmate Sidley to be escorted to the top shower, then to C Facility Health Annex for completion of a CDC 7219 medical evaluation. Medical staff arrived on the scene and treated inmate Hash for his wounds and requested that he be taken to CTC for further medical treatment. Squad Officers Gibbs, Diaz and Henley responded to C3 A-Pod and secured the crime scene (cell 206). Security Squad Officer Henley discovered an inmate manufactured silver metal weapon, measuring 6 1/2 inches long in length and 1 inch in width, sharpened to a point at one end at the back of cell 206. The handle was fashioned out of a blue state sheet. Squad Officers Diaz and Henley took several roles of film of the crime scene and placed the evidence in the Investigative Services Unit, Evidence Locker #07 (A). Squad Officer Gibbs took photographs of the suspect, inmate Sidley, and placed the film in the film evidence locker, ISU July 05. Squad Officer Salao responded to CTC and took photographs of the victim inmate Hash, and placed the film evidence, into ISU July 05. Inmate Sidley was rehoused in Administrative Segregation without further incident. Inmate Hash was transported to an outside hospital for treatment of injuries.


SUSPECT(S): Inmate Sidley  (E09073)


VICTIM(S): Inmate Hash (P00376)


USE OF FORCE: N/A


ESCORTS:  Officers Koen and Blevins handcuffed and escorted inmate Sidley from his cell and placed him in the top shower. Officers Monroy and Baez removed inmate Sidley from the top shower and took him to the C Facility Health Annex and placed him in holding cell #2 for completion of a CDC 7219 medical evaluation. Officers Tsai and Macial escorted inmate Hash via the Emergency Response Vehicle to CTC for medical treatment.


CRIME SCENE/EVIDENCE: Squad Officers S. Henley and A Diaz secured the crime scene (cell 206). Officer Henley discovered and a inmate manufactured weapon made out of silver metal, measuring 6 1/2 inches in length and 1 inch in width. The handle was fashioned out of a state blue sheet. Officer Gibbs took photographs of the suspect inmate Sidley. Officer Salao took photographs of inmate Hash the victim. Officer Monroy took inmate Sidleys clothes and processed them into evidence locker number #11. Officer Macial took inmate Hash's socks and boxers and placed the evidence into separate evidence bags, and processed the bags into ISU evidence locker #9.


[ ] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE | ID # | BADGE # |
|---|---|---|---|
| S. PLAZA | Lieutenant | 2863651 | 54094 |

| SIGNATURE OF REPORTING STAFF | PHONE EXT. (INCIDENT SITE) | DATE |
|---|---|---|
|  | 6502 | 07/26/05 |

| NAME OF WARDEN / AOD (PRINT/SIGN) | TITLE | DATE |
|---|---|---|
| G. Ponder, Facility C Captain | Captain | 7/27/05 |

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT
PART A1 - SUPPLEMENT**
CDC 837-A1 (09/03)

DEPARTMENT OF CORRECTIONS

| | | | |
|---|---|---|---|
| | PAGE __3__ OF __3__ | | INCIDENT LOG NUMBER<br>SVP-FC3-05-07-0479 |

| INSTITUTION<br>SVSP | FACILITY<br>C | DATE OF INCIDENT<br>07/26/05 | TIME OF INCIDENT<br>12:56 |
|---|---|---|---|

TYPE OF INFORMATION:
☒ SYNOPSIS/SUMMARY OF INCIDENT   ☐ SUPPLEMENTAL INFORMATION   ☐ AMENDED INFORMATION   ☐ CLOSURE REPORT

**NARRATIVE:**

MEDICAL/MENTAL HEALTH EVALUATION/TREATMENT:  R.N. Moore completed a CDC 7219 medical evaluation on inmate Sidley noting no injuries, only a reddened area to the right hand knuckle. Inmate Sidley is not a participant of the mental health delivery system. R.N. Grantham completed a CDC 7219 medical evaluation on inmate Hash noting, multiple stab wounds to the left side of the face, right side of head and ear area, to the front of his chest, and to the right upper shoulder area. Inmate Hash is not a participant of the mental health delivery system.

CONCLUSION: This was an isolated incident, no staff or inmates were injured. Inmate Sidley  will be issued a California Code of Regulations, CDC 115 Rules Violation Report, for violation of California Regulations Code, 3005(c) for Attempted Murder of an Inmate with a Weapon. Inmate Hash was deemed the victim in this incident and will not be receiving a serious rules violation.

NOTIFICATION: This case will be referred to the Monterrey County District Attorney's Office for possible felony prosecution. All appropriate administrative staff were notified of this incident. You will be apprised of further developments in this matter as they occur, via a supplemental report.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE)<br>S. PLAZA | TITLE<br>Lieutenant | ID #<br>2863651 | BADGE #<br>54094 |
|---|---|---|---|
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE)<br>6502 | DATE<br>07/26/05 |
| NAME OF WARDEN / AOD (PRINT/SIGN)<br>G. Ponder, Facility C Captain | | TITLE<br>Captain | DATE<br>7/27/05 |

STATE OF CALIFORNIA

**MEDICAL REPORT OF INJURY**
**OR UNUSUAL OCCURRENCE**

DEPARTMENT OF CORRECTIONS

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT (circle) | | ON THE JOB INJURY | DATE |
|---|---|---|---|---|---|
| SVSP | Eo C3 | (INJURY) USE OF FORCE   UNUSUAL OCCURRENCE | PRE ADSEG ADMISSION | | 7/26/05 |

| THIS SECTION FOR INMATE ONLY | NAME | LAST Hash, | FIRST Lawrence | | CDC NUMBER POP 376 | HOUSING LOC. D3 206 | NEW HOUSING LOC. |
|---|---|---|---|---|---|---|---|
| THIS SECTION FOR STAFF ONLY | NAME | LAST | FIRST | | BADGE # | RANK/CLASS | ASSIGNMENT/RDO |
| THIS SECTION FOR VISITOR ONLY | NAME | LAST | FIRST | MIDDLE | JOB | OCCUPATION | |
| | HOME ADDRESS | | CITY | STATE | ZIP | HOME PHONE | |

| PLACE OF OCCURRENCE Housing | DATE/TIME OF OCCURRENCE 7/26/05 - ~1300 | NAME OF WITNESS(ES) | | | | |
|---|---|---|---|---|---|---|
| TIME NOTIFIED 1305 | TIME SEEN 1308 | ESCORTED BY | MODE OF ARRIVAL (circle) (LITTER) AMBULATORY  ON SITE | WHEELCHAIR | AGE | RACE C | SEX M |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

Assault by cell mate - multiple stab wounds



| INJURIES FOUND? YES / NO | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other | 17 |
| | 18 |
| | 19 |

| O.C. SPRAY EXPOSURE? | YES / NO |
|---|---|
| DECONTAMINATED? | YES / NO |
| Self-decontamination instructions given? | YES / NO |
| Refused decontamination? | YES / NO |
| Q 15 min. checks | |
| Staff wound exposure packet? | YES / NO |

| RN NOTIFIED/TIME 1300/ Grantham | PHYSICIAN NOTIFIED/TIME 1305 |
|---|---|

TIME/DISPOSITION
1343   Sent to outside hospital

| REPORT COMPLETED BY/TITLE   (PRINT AND SIGN) Grantham Rv   Grantham Rv | BADGE # 236 36 49 | RDOs Varies |
|---|---|---|

(Medical data is to be included in progress note or emergency care record filed in UHR)

CDC 7219 (Rev. 11/02)   DISTRIBUTION: ORIGINAL - UHR   CANARY - CUSTODY   PINK - HEALTH AND SAFETY/RTW COORDINATOR

# EXHIBIT
# W

MRN:  Visit:  DocType:

003210588

**Stanford Hospital and Clinics**
**Stanford, California 94305**

| | | |
|---|---|---|
| **NAME:** | Hash, Lawrence | **OPERATION REPORT** |
| **NUMBER:** | 993-68-69 | ACCOUNT NUMBER: 029990341819 |
| **ATTENDING:** | Rochelle A. Dicker, M.D. | |
| **DATE:** | 07/26/2005 | LOCATION: B1 B116A |

however, he was found to have equal breath sounds bilaterally. In addition, the patient was hemodynamically stable and the patient was therefore taken to the CT scanner. CT scan of the patient's head, neck, and chest done with a CT angiogram revealed no injury to the patient's blood vessels. This was obtained to the proximity of his stab wounds to the patient's thoracic inlet on the left as well as his neck on the left and his thorax on the left side. The CT scan did show a small pneumothorax, which was not evident on the patient's supine plain film. CT scan of the patient's abdomen done with a rectal contrast showed no extravasation of contrast and there was no other evidence of any intraabdominal injury; however, there was some free air noted with fluid in the abdomen and this prompted a decision to take the patient to the operating room for exploratory laparotomy due to the nature of his injuries.

Prior to being taken to the operating room, the patient underwent placement of a left-sided #32-French chest tube for his pneumothorax. An emergency two-physician consent was prepared and the patient was then taken to the operating room.

PROCEDURE IN DETAIL: The patient was brought into the operating room where he was positively identified. He was transferred to the operating room table in the supine position and general orotracheal tube anesthesia was induced. The patient received 600 mg of clindamycin intravenously as a prophylaxis and in addition he had sequential compression devices placed. The patient's abdomen was prepped and draped in the standard surgical fashion and an upper midline incision was made. Once the abdomen was entered, we palpated the patient's liver, which was normal. In addition, inspection of the patient's spleen also was unremarkable. We inspected the anterior wall of the stomach and no injuries were identified. We then exposed the ligament of Treitz and ran the entire length of the small bowel to the terminal ileum. There was no intestinal or mesenteric injury noted. Following this, we then followed the cecum up into the ascending colon across the transverse colon down the descending colon and no colonic injuries were identified. We did palpate the patient's gallbladder and he was found to have a single gallstone. We again retracted the spleen inferiorly and carefully visualized the splenic flexure since this was in proximity where his left flank wound was and we did not find any peritoneal injury, which would correlate with the entry wound of his stab wound. We probed the stab wound in the left flank and we were able to visualize the attending surgeon's finger, which was being inserted from outside of the stab wound towards the abdomen; however, there was no peritoneal defect through which the attending surgeon's glove could be identified. Nevertheless, we decided to take down the splenic flexure of the colon along the white line of Toldt and we inspected the retroperitoneal aspect of the colon to convince ourselves that there is no colonic injury, none was identified. Following this, we copiously irrigated the left upper quadrant. Pelvic fluid was also aspirated and the patient's abdomen was then closed with a running 0 looped PDS suture. The subcutaneous tissues were then irrigated and the skin was closed with staples.



* 1 5 1 1 0 2 *

**ORIGINAL**

Page 2 of 3

003210588

### Stanford Hospital and Clinics
### Stanford, California 94305

| | | |
|---|---|---|
| **NAME:** | Hash, Lawrence | **OPERATION REPORT** |
| **NUMBER:** | 993-68-69 | ACCOUNT NUMBER: 029990341819 |
| **ATTENDING:** | Rochelle A. Dicker, M.D. | |
| **DATE:** | 07/26/2005 | LOCATION: B1 B116A |

Following this, the patient's multiple stab incisions along his forehead, left neck, left thoracic inlet, left chest, left flank, and left forearm and hand were repaired with interrupted 3-0 nylon stitches. At the end of the procedure, all sponge and needle counts were correct and accounted for.

Dr. Dicker had been present for the procedure in its entirety, broke scrub.

The patient was successfully extubated in the operating room and transferred to the recovery room in stable condition.



Rochelle A. Dicker, M.D.                                    Filiberto Rodriguez, M.D.

cc:    Rochelle A. Dicker, M.D.
       Rm. H3680, MC: 5655
       300 Pasteur Drive
       Stanford CA 94305

       Filiberto Rodriguez, M.D.
       300 Pasteur Drive
       H3591 MC:5641
       Stanford CA 94305

d:    07/26/2005  6:16 P
t:    07/27/2005 12:31 P/jlg
i:    07/27/2005 11:56 A/jlg

doc:    3271298
15-1102

**ORIGINAL**

Page 3 of 3

003307901

**Stanford Hospital and Clinics**
**Stanford, California 94305**

| | | |
|---|---|---|
| **NAME:** | Hash, Lawrence | **OPERATION REPORT** |
| **NUMBER:** | 993-68-69 | ACCOUNT NUMBER: 029990341819 |
| **ATTENDING:** | Amy Ladd, M.D. | |
| **DATE:** | 08/01/2005 | LOCATION: B1 B116A |

PREOPERATIVE DIAGNOSIS:  Left forearm laceration with multiple extensor tendon lacerations.

POSTOPERATIVE DIAGNOSES:
1. Laceration of extensor carpi radialis brevis.
2. Laceration of extensor carpi radialis longus.

DESCRIPTION OF FINDINGS:  Laceration of extensor carpi radialis brevis and extensor carpi radialis longus tendons just proximal to the muscle bellies of abductor pollicis longus and extensor pollicis brevis with muscle retraction.

PROCEDURE PERFORMED:
1. Left extensor carpi radialis longus repair, CPT code 25270.
2. Left extensor carpi radialis brevis repair, CPT code 25270.
3. Exploration and closure of complex wound, 6 cm, CPT codes 13120, 13121.
4. Removal of sutures, CPT code 15851.

SURGEON:  Amy Ladd, MD

ASSISTANTS:  Charles Hsu, MD, Edward Nomoto.

ANESTHESIA:  General endotracheal.

IDENTIFICATION AND HISTORY:  This is a 47-year-old male prisoner who was stabbed in the forearm, chest, and abdomen while in jail.  He was seen on the Trauma Service and evaluated, and we are asked by them to assess his left upper extremity.  On examination he had ulnar deviation with wrist extension and was warranted therefore for exploration with suspected extensor carpi radialis longus tendon laceration.



**Original for Scanning**

Page 1 of 3

MRN:  Visit:   DocType:

Medical Record Number: MR # 99368698

Patient Acct: Acct # 29990341819

STANFORD HOSPITAL and CLINICS
STANFORD, CALIFORNIA 94305



**EMERGENCY •**
**LIFE FLIGHT MEDICAL TRANSPORT RECORD**

Addressograph Stamp - Patient Name, Medical Record Number

Page 1 of 9

| PATIENT INFORMATION | | | | TRANSPORT DATA | | | |
|---|---|---|---|---|---|---|---|

Name: Hash, Larry

| Age: 48 | Sex: M | DOB: 5/21/1957 | Pt. Weight: ~90 kg |
|---|---|---|---|

Date: 7/26/05   Transport #: 4163   AO#: 483   Pilot: E. Croes

Transport RNs: #1 S. Kimura   #2 W. Skala

Speciality Team Members:

Ride Along: Security officer

Valuables with:  ☐ Family  ☐ Patient  ☒ Not Received

Face Sheet:  ☐ Yes  ☐ No

| COMMUNICATIONS | | |
|---|---|---|
| Call Received: 1323 | Standby: | Depart: 1334  Arrive: 1404 |
| Activate: 1325 | Pt Contact/Leave Bedside: 1408/1412 | Depart: 1420  Arrive: 1450 |

Report Received From: Medic 28

PATIENT WAS:  ☐ Driver  ☐ Passenger  ☐ Pedestrian

INVOLVED WITH:  ☐ Auto  ☐ Truck  ☒ Fixed Object

SEAT BELT:  ☐ Yes  ☒ No
HELMET:  ☐ Yes  ☐ No

MECHANISM:  ☐ Motor Vehicle Crash  ☐ Fall  ☐ Auto vs Ped  ☐ Motorcycle Crash  ☒ Stabbing Victim

Pick Up Rendezvous or Landing Zone Site:  ☒ County Monterey Co.

Destination/Unit:  ☒ SHC   ED

| MODE OF TRANSPORT | | |
|---|---|---|
| Ground: | Helo: N117SV | Fixed Wing: |

☐ Hospital _____  ☐ SCVMC
☐ Other _____  ☐ LSPCH
→ Salinas AP (LZ)  ☐ Other

Hot Load:  ☐ Yes  ☒ No
Hot Unload:  ☐ Yes  ☒ No

Time of Incident or Referral Hospital Admission: ~1310

EXTRICATION: ☒ None  ☐ < 15 Min.  ☐ > 15 Min.

**CHIEF COMPLAINT:** "My hand hurts"

**HPI:** 48 y.o. ♂, solitude inmate, reportedly attacked and stabbed multiple times by unknown weapon ≈ 1310. Per medic, pt sustained multiple lacerations to scalp, penetrating wounds to anterior ® ⊕ chest, penetrating wounds to Ⓛ lower anterior chest, clavicle area posteriorly and lacerations to hands/lower arm. By report, ⊕ LOC, ↓ BS Ⓛ chest, SBP 80/palp. Interventions by Medics PTA ē LF flight 2 large bore IV's, 2 liters NS, occlusive dressings over penetrating chest wounds, dry dsg over head lacs ē ½ dollar size oozing of blood over Ⓡ eye. Ⓛ hand/wrist wrapped ē gauze ē moderate oozing through dsg, O₂ by NRFM @ 15LPM. (1408) First contact ē pt in back of ambulance. Pt alert, answering questions. Hematoma noted over Ⓡ eye. Chest wounds covered ē occlusive dsgs, ⊕ crepitus palpated right nse ē full of chest. Clear BS all fields, no respiratory distress noted. SpO₂ 100% on 15LPMNRFM. Ⓛ hand/wrist oozing blood through gauze Kerlix, good cap refill in fingertips. CSM intact both hands ē good radial pulses palpated. Feet pale & cool to touch but strong pedal pulses palpated (H/2) left back of ring secured pt to LF stretcher, medicated for no pain. (1413) Attached to Drager (SpO₂, EKG, NIBP), O₂ @ 15LPMNRFM. IV bags p'd to warm fluids. (1415) Premedicated for pain p̄ BP obtained. JVP ↓ to no active (1443) Pt tolerating transport well. Chest rechecked for crepitus, ⊕ palpated over chest wall. Facial hematoma/swelling over/eye Ⓛ noted to be increasing. Report called to SHC ED. Pt appears comfortable p̄ 3rd dose Fentanyl (cont'd page 3)

**PMH:** denies

**ALLERGIES:** PCN

**HOME MEDICATIONS:** denies

**WORKING DIAGNOSIS:** Multiple penetrating injuries to head, chest, back, and hands/lower arms.

Signatures: X _____ S. Kimura RN        _____ W. Skala RN

15-494 (1/04)        • White - Medical Records        Yellow - Life Flight

# EXHIBIT

# X

MRN:  Visit:  DocType:

RASH LAWRENCE                    M
AXX FORTYONE ALPHA
008 05/02/1957
DICKER ROCHELLE A              S
02 999U5 181 9

Addressograph or Label - Patient Name, Medical Record Number

STANFORD HOSPITAL and CLINICS
STANFORD, CALIFORNIA 94305

**9 9 3 6 8 6 9**

## CONSENT TO OPERATION, PROCEDURE AND ADMINISTRATION OF ANESTHESIA
Page 2 of 2

## INFORMED CONSENT ATTESTATION:

I have explained to the patient the nature of his/her condition, the nature of the operation or procedure and the benefits to be reasonably expected compared with alternative approaches.

I have discussed the likelihood of major risks or complications associated with this operation or procedure. I have also indicated that with any procedure there is always the possibility of an unexpected complication, and no guarantees or promises can be made concerning the results of any procedure or treatment.

☑Yes ☐ No   Moderate (conscious) sedation is planned to be used or may potentially be used during this procedure.

If yes, I have discussed the use of moderate sedation, also known as conscious sedation. These medications are administered to help the patient relax and relieve discomfort during the procedure. The risks include slower breathing, low blood pressure and occasionally, incomplete pain relief.

If no, and anesthesia is to be administered, the anesthesiologist will discuss the risks, benefits and alternatives of anesthesia with the patient and document.

☐ Yes ☑ No   Blood or blood product transfusion is planned to be used and/or may potentially be used during this operation or procedure.

If yes, I have discussed the risks, benefits and alternatives of transfusion and provided the patient or his/her representative with the pamphlet "A Patient's Guide to Blood Transfusions" as required by the state of California (Gann Act).

All questions were answered and the patient consents to the procedure.

7/31                          noon
DATE                         TIME

Hm  MD                                              1236
SIGNATURE and TITLE of Practitioner          Print Name          Dictation Number

### Note to Practitioner:
If use of a photographic or electronic reproduction does not fall specifically within the parameters of number 5 on the previous page, please be aware of the following additional requirements that may apply:
1. The patient's consent using the "Consent to Photograph" form (15-213 or 5775) must be obtained if any photographic or electronic reproductions that are *not intrinsic to the operation or procedure* are taken or transmitted for any reason.
2. The patient's authorization must be obtained if photographic or electronic reproductions *that identify the patient* are used or transmitted for any purpose other than the patient's treatment, or SHC/LPCH's internal training activities or quality assurance review. For more information, please consult with the SHC/LPCH Privacy Office.
3. Special rules apply to use of photographic or electronic reproductions for research purposes. For more information, please consult with the appropriate Stanford Institutional Review Board (IRB) or access the IRB website at http:\\humansubjects.stanford.edu.

15-01 (3/03)

MRN:   Visit:   DocType:

STANFORD HOSPITAL and CLINICS
STANFORD, CALIFORNIA 94305

**CONSENT TO OPERATION, PROCEDURE
AND ADMINISTRATION OF ANESTHESIA**

Page 1 of 2

Dear Patient,

The purpose of this form is to advise you of important information regarding your operation or procedure recommended by your practitioner. **PLEASE READ THE ENTIRE FORM CAREFULLY BEFORE SIGNING.**

You have the right to be informed of the nature of your operation or procedure, and its risks, benefits and alternatives. Except in an emergency, an operation or procedure is not performed until you have had the opportunity to receive this information and have given your consent. Any operation or procedure may involve the risk of an unsuccessful result or complication, including but not limited to bleeding, infection, nerve/nervous system damage, injury or even death from both known and unforeseen causes. You have the right to consent to or refuse any proposed operation or procedure at any time prior to its performance. Your other medical care will not be adversely affected if you decide to withhold or withdraw your consent to this proposed treatment.

In addition to caring for patients, Stanford Hospital and Clinics (SHC) and Lucile Packard Children's Hospital (LPCH) are educational institutions. As part of the medical education program, residents, interns, medical students, postgraduate fellows, and other health care students may, under supervision of your attending physician, participate in your care.

Your signature on this form authorizes the pathologist to use his or her discretion in disposition of any member, organ or tissue removed from you during this operation or procedure.

The following operation or procedure will be carried out by the practitioner obtaining this consent together with associates and assistants, including anesthesiologists, pathologists and radiologists from the medical staff.

**NAME OF PRACTITIONER performing procedure:** _Dr. Hertz._

**OPERATION OR PROCEDURE (Spell out all words, do not abbreviate):** _____

_left wrist extensor tendon repair + wound repair possible tendon graft_
Additional comments by practitioner (if any): _exploration_

**PATIENT: By my signature below, I confirm that:**
1. I have read and understand the information provided on this form, and the operation or procedure and its risks have been explained to me.
2. I have had the opportunity to ask questions and have received all the information I desire about the operation or procedure.
3. I understand that in an emergency there may be different or further procedures required if my doctor believes they are necessary, and I consent to such procedures.
4. I authorize the administration of anesthesia/sedation and associated procedures performed as part of anesthesia administration if it is determined to be necessary to assure my safety and comfort, and understand that certain risks and complications may be associated with the use of anesthesia and/or sedation and the associated procedures.
5. I consent to the taking and transmittal of photographic and electronic reproductions that are necessary as an intrinsic part of my operation or procedure, and to the use of the same for SHC/LPCH internal training activities and quality assurance review. To the extent that I am not identifiable from such photographic or electronic reproductions, they may be used for scientific or educational purposes.
6. I consent to the performance of the operation or procedure listed above.

7/31          NOON.
DATE          TIME          SIGNATURE (Patient, Parent or Properly Designated Representative)

_____
RELATIONSHIP to Patient

If this document was translated: _____
15-01 (3/03)                   SIGNATURE (Interpreter)      Date    Time    Language

# EXHIBIT Y

MRN:  Visit:  DocType:

STANFORD HOSPITAL and CLINICS
STANFORD, CALIFORNIA 94305

Medical Record Number

9936869

**PROCEDURE • CHECKLIST**

*Addressograph or Label - Patient Name, Medical Record Number*

May be completed by Unit Secretary. May be completed by NA. **Must be completed by RN.**

Initial appropriate column when completed, and sign below:

### CHART PREPARATION

| YES | NO | N/A | |
|-----|-----|-----|---|
| RG | | | 1. Name and medical record number on patient's ID band match face sheet and addressograph plate. |
| RG | | | 2. Procedure consent is complete, dated, timed and signed. |
| | | RG | 3. Additional consent signed:  ☐ Sterilization  ☐ Intraoperative radiation  ☐ Experimental procedure |
| | | RG | 4. Ordered preprocedure labs are drawn and resulted. |
| | | RG | 5. Blood _____ units available. |
| | | RG | 6. Most recent ECG in chart. Date: _____  Time: _____ |
| RG | | | 7. H&P in chart. |
| RG | | | 8. Allergies noted on front of chart. |

### PATIENT PREPARATION

| YES | NO | N/A | |
|-----|-----|-----|---|
| | | RG | 1. Pre-op antimicrobial (chlorhexidine gluconate) shower/bath |
| | | RG | 2. Other preps (e.g., enema) completed. Specify _____ |
| RG | | | 3. Pre-procedure teaching completed. If no, explain _____ |

☑ Verbal explanation  ☐ Class  ☐ Slide/video program  ☐ Written material

☑ Review of post-op activities (incentive spirometry, cough & deep breath, getting in and out of bed)

| RG | | | 4. Patient demonstrates readiness to learn and understanding of teaching. |

If no, explain _____

| | | RG | 5. Special equipment:  ☐ SCDs with patient  ☐ Other _____ |
| | | RG | 6. Other pertinent information:  ☐ Tubes/drains _____ |

☐ Infectious process  ☐ Mobility limitations  ☐ Communication difficulties
☐ Other _____

| RG | | | 7. Allergy band on. |
| RG | | | 8. Hairpins, hairpiece removed. |
| | | RG | 9. Jewelry, including rings, removed. |
| | | | 10. Belongings (✓ one column per item): |

| | NONE | TO OR WITH PATIENT | HOME WITH FAMILY | SENT TO SAFE | PATIENT ROOM |
|---|-----|-----|-----|-----|-----|
| Bridge; partials | ✓ | | | | |
| Complete dentures | ✓ | | | | |
| Glasses | ✓ | | | | |
| Contact lenses | ✓ | | | | |
| Hearing aid | ✓ | | | | |
| Rings | ✓ | | | | |
| Jewelry | ✓ | | | | |
| Watch | ✓ | | | | |
| Wallet | ✓ | | | | |
| Underwear | ✓ | | | | |
| Other (specify) | ✓ | | | | |

### FINAL PREPARATION

| YES | NO | N/A | |
|-----|-----|-----|---|
| RG | | | 1. Vital signs (within 4 hours): 112/61  T 36.3  P 67  R 18  BP __/__  95/RA |
| RG | | | 2. Height 6'5"  Last Weight 196 lbs |
| RG | | | 3. NPO since midnight 7/31/05 ; meds |
| RG | | | 4. Voided at 0815 8/1/05 |
| RG | | | 5. Pedal pulses  ☑ Right  ☑ Left  ☑ Palpable  ☐ Doppler |
| RG | | | 6. Pre-op meds given and charted.  ☑ Bed in low position; siderails up |
| RG | | | 7. Medication record (MAR) with chart |
| RG | | | 8. Addressograph plate with chart |
| | | | 9. Additional information: Pt is an inmate, 2 guards at bedside @ all times, shackled at ankles. |

Date: 8/1/05  Time departing Unit: 1205  Destination: ☑ OR  ☐ Cath Angio  ☐ Endoscopy  ☐ ATU  ☐ Other _____

| Initials | Signature | Initials | Signature | Initials | Signature |
|-----|-----|-----|-----|-----|-----|
| RG | Rgven pn, RN | | | | |

15-177  (7/04)  ESI #24717

MRN:  Visit:  DocType:

**Patient Name:** HASH, LAWRENCE
**Med Rec#:** 99368698
**DOB:** 05/02/1957
**Procedure Date:** 08/01/2005

9936869



STANFORD HOSPITAL AND CLINICS
STANFORD, CALIFORNIA 94305
**PROCEDURE - OPERATING ROOM**

## PREOPERATIVE ADMISSION ASSESSMENT

| | |
|---|---|
| Pre-Op ID ID Confirmed by Patient, RN, MD | **Yes** |
| Consent Confirmed by Patient, RN, MD | **Yes** |
| Allergies | **Y** |
| Surgery Site/Side Marked by Patient, Parent, Surgeon, Pre-Op Staff | **Y** |
| Assessment Review Completed by | **Chiang, Rosa RN** |

## INTRAOPERATIVE OUTCOMES

| Operating Room | Room Time  In | **13:12** | Operating Time | OP START | **13:40** |
|---|---|---|---|---|---|
| **Suite: A5** | Out | **16:20** | | OP STOP | **16:09** |

Preoperative Diagnosis    **TENDON LACERATION LEFT WRIST**

Procedure    **LEFT WRIST TENDON REPAIR /EXPLORATION, REMOVAL OF SUTURES**

## TIMEOUT

| | | | | |
|---|---|---|---|---|
| Timeout Occured | **Y** | Correct Position | **Y** | |
| Correct Patient Name | **Y** | Implants | **N/A** | |
| Correct Procedure | **Y** | Images | **N/A** | |
| Correct Site | **Y** | Mark Visible After Drape | **N/A** | |
| Correct Side | **Y** | Team Member | **Chiang, Rosa RN** | |

## PERSONNEL

| | | | |
|---|---|---|---|
| Surgeon/Fellow(s) | **HENTZ, VINCENT** | Assistant Surgeon/Fellow(s) | |
| Anesthesiologist/ | **CORNABY, TARA** | | |
| Resident(s) | **ROWE, ECHO** | | |
| Surgical Resident(s) | **HSU** | | |

| OPERATING ROOM STAFF | ROLE | IN | OUT |
|---|---|---|---|
| **Chiang, Rosa RN** | **Circulating Nurse Additional** | **13:12** | **14:10** |
| **Hernandez, Angelica ST** | **Scrub Person Primary** | **13:12** | **14:46** |
| **Zeitman, Candy RN** | **Circulating Nurse Relief** | **14:10** | **14:31** |
| **Chiang, Rosa RN** | **Circulating Nurse Primary** | **14:31** | **14:52** |
| **Haugen, Julianne RN** | **Scrub Person Relief** | **14:44** | **16:20** |
| **Lu-Do, Kathleen RN** | **Circulating Nurse Relief** | **14:47** | **16:20** |
| OTHER PERSONNEL | | | |

## POSITION/PREP/MEDS/SPECIMENS

| Positions | **Supine** | | |
|---|---|---|---|
| | | | Catheter D/C |
| Catheter | Urine Appearance | Inserted By | |
| **None** | | | |
| Prep Solution | | Prepped By | |
| **Chlorhexidine** | | **Chiang, Rosa RN** | |
| Medication(s)/Irrigation | ml | Rout/Location | Administered By |
| **Normal Saline 1 Liter** | | **Irrigation** | **HSU** |
| Specimen(s) | **N** | | |

# EXHIBIT Z

MRN:  Visit:  DocType:

003307901

**Stanford Hospital and Clinics**
**Stanford, California  94305**

| | | |
|---|---|---|
| **NAME:** | Hash, Lawrence | **OPERATION REPORT** |
| **NUMBER:** | 993-68-69 | ACCOUNT NUMBER:  029990341819 |
| **ATTENDING:** | Amy Ladd, M.D. | |
| **DATE:** | 08/01/2005 | LOCATION: B1 B116A |

PROCEDURE IN DETAIL: The patient was taken to the operating room and placed supine on the operative table. After intubation with general endotracheal anesthesia was obtained without problem the left upper extremity was prepped and draped in the standard sterile surgical fashion. After exsanguination of the limb with an Esmarch bandage and inflation of tourniquet to 250 mmHg we began the operation by using a 15 blade to incise the skin, using the existing skin lacerations and incorporating them into a zigzag incision extending both proximally and distally to the zone of injury. We dissected down through the subcutaneous tissue using Littler scissors until we were able to identify the muscle bellies of the abductor pollicis longus and extensor pollicis brevis. We dissected under this and were able to determine the lacerations of the extensor carpi radialis brevis and extensor carpi radialis longus tendons. The proximal and distal ends were then identified. We performed a repair of the extensor carpi radialis brevis and extensor carpi radialis longus tendons to each other as a single fixed unit using 3-0 Ethibond in horizontal mattress fashion. We also reinforced this repair with a figure-of-8 suture as well. Once this was done the area was copiously irrigated. We removed sutures that had been placed in other forearm lacerations which now had been healed. The wound was then closed in 2 layers using 3-0 Monocryl for deep dermal and 4-0 Monocryl for running subcuticular. We then placed the patient in a volar blocking splint in a position of safety. A sterile dressing was then applied over this. Drapes taken down. The patient was awakened from anesthesia and brought to the recovery room in stable condition.


Amy Ladd, M.D.                                    Charles Hsu, M.D.

cc:    Charles Hsu, M.D.
       770 Welch Road, Suite 400
       MC 5715
       Stanford CA 94305

       Amy Ladd, M.D.
       770 Welch Road
       Suite 400 MC 5715
       Stanford CA 94305



**Original for Scanning**

Page 2 of 3

MRN:  Visit:  DocType:

MRN:  Visit:  DocType:

1.4454 lawrence
Medical Record Number        3359 8

Patient Name  LAW CE  CC
    AKA  FORTYONE  ALPHA        9 936 869
DOB  05/02/1957
DICKER      ROCHELLE A
                                S
Addressograph (Stamp - Patient Name) Medical Record Number

STAMFORD HOSPITAL and CLINICS
STAMFORD, CALIFORNIA 94305

PROGRESS NOTES·INPATIENT·HISTORY,
PHYSICAL EXAMINATION AND PROGRESS RECORD

| DATE | TIME | |
|------|------|---|
| | | r 2805 |
| 7/28 | 4⁴⁵ pm | Hand svc |
| | | • Films reviewed again & splint applied. |
| | | • Pat likely has ECRL laceration as well; |
| | | please follow up this Mon in in hand clinic |
| | | c̄ Dr. ~Tse~ Raymond Tse. |
| | | - Please call if add'l ?'s |
| | | - Wear in splint, keep uve elevated. |
| | | |
| | | |
| 7/29 | 9:50am | Med Student  Note - ~Neuro Check~ Exam  Hay |
| | | Evaluated sight, hearing, oculomotor, pupil |
| | | reactivity, hypoglossal, neck movement |
| | | and swallowing |
| | | Ⓑ-sided pupils slow to react to light. |
| R] addendum - | | Pt also complains of black lines in Ⓛ eye. |
| | | Pt. has normal knee/arm reflexes. |
| | | Pt. has normal finger-nose-finger test |
| | | Pt. has normal strength in upper extremities |
| | | Pt. has normal gait |
| | | Pt. has normal sensation on face, upper and |
| | | lower extremities. |
| | | - Monitor pt.'s neuro status. |
| | | Pt. seems in good condition |
| | | - appreciate optho note |

Francisco Meza MS

15-64W (8/99)  ESI #24702

MRN:  Visit:  DocType:

STANFORD HOSPITAL and CLINICS
STANFORD, CALIFORNIA 94305

9936869

PROGRESS NOTES·INPATIENT·HISTORY,
PHYSICAL EXAMINATION AND PROGRESS RECORD

Addressograph Stamp · Patient Name, Medical Record Number

| DATE | TIME | |
|------|------|---|
| | | Hand |
| | 2805 | |
| | | Hand |
| 5/8/1 | 4 PM | Hand Intraop findings: |
| | | - ECRB / ECRL lacerated; EPL & APL / EPB intact. |
| | | - ECRB / ECRL repaired |
| | | - keep in splint @ all times, elevated & dry. |
| | | - Flu HAND CLINIC c̄ Hentz in 2 weeks |
| | | (Thursday). |
| | | HB |
| | | HAND |
| 9/2/05 | 0700 | ON: Ø acute events |
| | | S: Onumbness in thumb only. |
| | | O: Tm 38.2² (1800), P 114 (1800), Tc 37², P=80, VSS, UOP ~1.5L |
| | | LUE: In splint for wrist exterior, @finger ↑/↓ |
| | | - Stat Cr, SLCT |
| | | A: 48yo RHD s/p repair ECRB/ECRL (POD#1) |
| | | - cont cast splint x 2 wks |
| | | - cont Abx for 24° |
| | | - keep hand elevated |
| | | - RTC in 2 wks on Thursday c̄ Dr. Hentz |
| | | Klooms 1754 |

15-84W (8/99)  ESI #24702

MRN:  Visit:  DocType:

STANFORD HOSPITAL and CLINICS
STANFORD, CALIFORNIA 94305

9936869

PROGRESS NOTES•INPATIENT•HISTORY,
PHYSICAL EXAMINATION AND PROGRESS RECORD

Addressograph Stamp - Patient Name, Medical Record Number

| DATE | TIME | |
|---|---|---|
| | | 7 7605 |
| | | |
| 7/27 | 1 pm | Hand |
| | | Asked to see multiple stabs to ⓛ hand |
| | | √ 48° PHD ~~cut~~ prisoner (stabbed yest by cellmate) |
| | | chst & abdomen, + ⓛ hand. Taken emerg't |
| | | to OR for ex-lap last night (negative); also |
| | | got chst tube.  Pat states no pain in ⓛ |
| | | hand now. |
| | | PMH  Hep C              MEDS  prilosec        Per RN. |
| | | ~~BPH~~ prostate condition          terazosin |
| | | |
| | | O/ ⓛ hand: Multiple lac's over ~~the~~ forearm / hand dorsum |
| | | ~~O/ ⓛ hand:~~ Wrist flexors / ext intact    / thmb |
| | | All finger extensors intact |
| | | All finger flexors (FDP/FDS/FPL) intact |
| | | Rad / med / ~~ulnar~~ / dig nn all intact |
| | | rad / uln aa  ok. |
| | | |
| | | X-rays. Pending |
| | | |
| | | A/ ⓛ hand lac's involving skin only |
| | | — plu X-rays to r/o fb |
| | | — no splint needed @ this pt given only ~~trans~~ skin injury |
| | | — sutures can be d/c'd by PMD ~~or~~ or |
| | | trauma svc in 10-14 days.        Hsu |
| | | 1243t |
| | | |
| | | |

15-84W (8/99)  ESI #24702

# EXHIBIT
# 1-A

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS

**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**

**CDC 114-D (Rev. 9/98)**

DISTRIBUTION:
WHITE - CENTRAL FILE
BLUE - INMATE (2ND COPY)
GREEN - ASU
CANARY - WARDEN
PINK - HEALTH CARE MGR
GOLDENROD - INMATE (1ST COPY)

| INMATE'S NAME | CDC NUMBER |
|---|---|
| NASH | P-00376 |

## REASON(S) FOR PLACEMENT *(PART A)*

☐ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

☐ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

☒ ENDANGERS INSTITUTION SECURITY ☐ UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

On 08-02-05, Inmate Nash (P-00376), you are being placed in the Administrative Segregation, for the following: On 07-25-05 an act of Battery Upon An Inmate With/Weapon was committed upon you by Inmate Sidley ([illegible]), your cellmate. As a result of the above, your presence in the General Population could be deemed a threat to the safety of yourself, other inmates and to staff, as well as to the security of this institution. You will remain in Ad/Seg pending the completion of the Disciplinary process and Administrative Review and ICC to determine your appropriate housing and program needs. Due to this placement, your credit earning, custody level, privilege group and visiting status are subject to change. This placement is ordered by Correctional Lieutenant S. Plaza. Inmate Nash IS/IS NOT a participant in the Mental Health Services Delivery System at the CCCMS level of care.

☐ CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL) ☐ IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: / /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 08-02-05 | S. PLAZA | [signature] | LIEUTENANT |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [signature] | [illegible] |

| ☐ INMATE REFUSED TO SIGN | INMATE SIGNATURE | CDC NUMBER |
|---|---|---|
| | [signature] | [illegible] 376 |

## ADMINISTRATIVE REVIEW *(PART B)*

***The following to be completed during the initial administrative review by Captain or higher by the first working day following placement***

### STAFF ASSISTANT (SA) / INVESTIGATIVE EMPLOYEE (IE)

| STAFF ASSISTANT'S NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |
|---|---|---|---|
| | | | |

**IS THIS INMATE:**

LITERATE? ☐ YES ☐ NO
FLUENT IN ENGLISH? ☐ YES ☐ NO
ABLE TO COMPREHEND ISSUES? ☐ YES ☐ NO
FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? ☐ YES ☐ NO
DECLINING FIRST STAFF ASSISTANT ASSIGNED? ☐ YES

Any "NO" requires SA assignment

☐ NOT ASSIGNED

EVIDENCE COLLECTION BY IE UNNECESSARY ☐ YES ☐ NO
DECLINED ANY INVESTIGATIVE EMPLOYEE ☐ YES ☐ NO
ASU PLACEMENT IS FOR DISCIPLINARY REASONS ☐ YES ☐ NO
DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED ☐ YES

Any "NO" may require IE assignment

☐ NOT ASSIGNED

### INMATE WAIVERS

☐ INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER ☐ INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

| ☐ NO WITNESSES REQUESTED BY INMATE | INMATE SIGNATURE | DATE |
|---|---|---|
| | | |

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| | | | |

**DECISION:** ☐ RELEASE TO UNIT/FACILITY________ ☐ RETAIN PENDING ICC REVIEW ☐ DOUBLE CELL ☐ SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| | | | | |

| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | DATE OF REVIEW |
|---|---|---|
| | | |

**See Chronological Classification Review document (CDC 128-G) for specific hearing information**

# EXHIBIT
# 1-B

CALIFORNIA DEPARTMENT OF CORRECTIONS



| NAME: **HASH** | CDC #: **P00376** | BED: ~~C0123L~~ |
|---|---|---|

### COMMITTEE ACTION SUMMARY

RETAIN IN ASU PENDING COMPLETION OF INVESTIGATION INTO SAFETY CONCERNS, SINGLE CELL APPROVED, ASU YARD-W/A, PSYCH IS CLEAR, READING GPL 2.6, APPROVE ALLOWABLE PROPERTY, MH REVIEW CONDUCTED BY DR. ORLING, SA:C/O PRATTI.

### COMMITTEE'S COMMENTS

Inmate HASH appeared before Salinas Valley State Prison's (SVSP's) Administrative Segregation Unit (ASU) Institutional Classification Committee (ICC) today for his Initial ASU Review. HASH stated that his health was good and was willing to proceed. HASH received his 72-hour notice for the purpose of this review. Prior to committee reviewing and discussing this case, HASH was introduced to the committee members. According to HASH'S CDC 114D, he was placed into SVSP's ASU on 8/2/2005 for: Victim of Battery w/ Weapon by Inmate Sidley, E-09073.

Hash was placed in ASU on 8/2/05 for being the victim of a Battery on an Inmate With a Weapon. An investigation will be completed into this matter within 30 days. ICC elects to retain Hash in ASU pending completion of the investigation. Hash will be returned to ICC on 8/25/05 for review of his future housing and programming needs. ICC chose to single cell approve Hash due to safety concerns. Hash was the victim of an assault while in his assigned cell and ICC wants to complete the investigation into his safety concerns before determining if he is eligible for double celling.

Based upon a review of HASH'S CDC 114D, Central File, case factors, and through discussion with him, committee elects to: Retain in ASU Pending Completion of Investigation into Safety Concerns, Single Cell Approved, ASU Yard-W/A, Psych is Clear, Reading GPL 2.6, Approve Allowable Property, MH Review Conducted by Dr. Orling, SA:C/O Pratti.

At the conclusion of this review, HASH was informed of his Appeal Rights with regards to this committee's actions. HASH acknowledged his understanding and agreement with committee's actions.

**STAFF ASSISTANT**

Assigned: (Issues complex and/or Inmate participant in MHSDS) SA Present: C/O Pratti

### INMATE CASE FACTORS

| CUSTODY | CSI/LEVEL | WG/PG & EFF. DATE | RELEASE DATE | GPL | RECLASS | ETHNIC | PSYCH - DATE 128C | NEXT BPT & DATE |
|---|---|---|---|---|---|---|---|---|
| MAX S | 53/IV | D1D - 8/2/2005 | MEPD 11/29/2019 | 2.9 | 8/15/05 | WHI | Clear 6/11/1998 | IPCH 10/2018 |

### COMMITTEE MEMBERS

**CHAIRPERSON**
D. Travers, CDW(A)

*MEMBERS*
G. Lewis, FC; Dr. Gardi; Dr. Orling; Dr. Sanders

*RECORDER*
R. Burgh, CCII(A)

| Committee Date: 8/11/2005 | **INITIAL ASU REVIEW** | Committee: C081105RBB1 |
|---|---|---|

| Typed By: RBB - Distribution: C-File & Inmate | **SALINAS VALLEY STATE PRISON** | Classification Chrono CDC 128G (Rev: 1/05) |
|---|---|---|

# EXHIBIT
# 1-C

STATE OF CALIFORNIA                                                           DEPARTMENT OF CORRECTIONS

# COMPREHENSIVE ACCOMMODATION CHRONO    DS-121

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

## A. HOUSING

| | | | | |
|---|---|---|---|---|
| None | | Bottom Bunk | | P / T |
| Barrier Free/Wheelchair Access | P / T _____ | Single Cell (See 128-C date: _____ ) | | P / T |
| Ground Floor Cell | P / T _____ | Permanent OHU / CTC (circle one) | | P / T |
| Continuous Powered Generator | P / T _____ | Other _____ | | P / T |

## B. MEDICAL EQUIPMENT/SUPPLIES

| | | | |
|---|---|---|---|
| None | | Wheelchair: (type) _____ | P / T _____ |
| Limb Prosthesis | P / T _____ | Contact Lens(es) & Supplies | P / T _____ |
| Brace | P / T _____ | Hearing Aid | P / T _____ |
| Crutches | P / T _____ | Special Garment: | |
| Cane: (type) _____ | P / T _____ | (specify) _____ | P / T _____ |
| Walker | P / T _____ | Rx. Glasses: _____ | P / T _____ |
| Dressing/Catheter/Colostomy Supplies | P / T _____ | Cotton Bedding | P / T _____ |
| Shoe: (specify) _____ | P / T _____ | Extra Mattress | P / T _____ |
| Dialysis Peritoneal | P / T _____ | Other _Extra pillow_ | P / T _____ |

## C. OTHER

| | | | |
|---|---|---|---|
| None | | Therapeutic Diet: (specify) _____ | P / T _____ |
| Attendant to assist with meal access and other movement inside the institution. | P / T _____ | Communication Assistance | P / T _____ |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | | Transport Vehicle with Lift | P / T _____ |
| | | Short Beard | P / T _____ |
| Wheelchair Accessible Table | P / T _____ | Other _____ | P / T _____ |

## D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?    ☐ Yes   ☑ No

If yes, specify: _____

| INSTITUTION  SVSP | COMPLETED BY (PRINT NAME)  K. CORDERO | TITLE  M D |
|---|---|---|
| SIGNATURE  Keynaldo M. Cordero MD | DATE  11-3-04 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO SIGNATURE | DATE  11/4/04 | Hashi |
| (CIRCLE ONE)  APPROVED / DENIED | | P 00376 |
| | | 5/2/57 |

**COMPREHENSIVE ACCOMMODATION CHRONO**

CDC 7410 (03/04)

Distribution:
Original - Unit Health Record    Canary - Central File    Pink - Correctional Counselor    Gold - Inmate

**INMATE APPEAL ROUTE SLIP**

RECEIVED

AUG 1 9 2005

To: CA2                                    Date: August 18, 2005

From:  INMATE APPEALS OFFICE                    RECEIVED

Re: Appeal By Inmate  HASH, P00376       *77*          AUG 2 2 2005

Please assign this appeal to appropriate staff for INFORMAL level response.    FACILITY D

Appeal Issue:  LIVING CONDITIONS
Due Date:  08/31/2005                        
Special Needs:

STAFF INSTRUCTIONS:
Begin your response with:  GRANTED, DENIED, PARTIALLY GRANTED or
WITHDRAWN.  When complete, return appeal to the inmate. Every effort should be
made to resolve the matter at the lowest level possible.

Refer to D.O.M. 54100 for instructions.


T. VARIZ, CC-II / J. LUMAN, LT      *Rec . 8/29/05*
Appeals Coordinator
Salinas Valley State Prison

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region         Log No.              Category   9

*Dyd*

1. _____      1. _____
2. _____      2. _____   CA 2  inf

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

*Housing Assignment - law bunk / low tier*

NAME                          NUMBER        ASSIGNMENT              UNIT/ROOM NUMBER
LAWRENCE  HASH               P-00376       AD/SEG                  D-8-207L

A. Describe Problem: ONCE AGAIN I HAVE IMPROPERLY BEEN HOUSED ON A UPPER TIER WITH A SINGLE MATTRESS. THE MATTRESS IS MISSING THE OUTER CANVASS COVERING AND IS SOAKED WITH SOMEONE ELSES BLOOD, HAIR AND UNKNOWN FORMS OF HAZARDOUS WASTE. I IMMEDIATELY INFORMED THE REGULAR FLOOR OFFICERS AS TO THE MATTRESS PROBLEM AND ALSO AS TO THE FACT THAT I HAVE A VALID MEDICAL CHRONO TO BE HOUSED ON A LOWER TIER / LOWER BUNK WITH DOUBLE MATTRESS. THE OFFICERS SAID THEY ADVISED THEIR SEARGENT AS TO ALL OF THE ABOVE BUT NOTHING WAS BEING DONE ABOUT CORRECTING ANY OF THESE ABOVE PROBLEMS.

RECD AUG 17 2005

If you need more space, attach one additional sheet.

B. Action Requested: I REQUEST THAT I IMMEDIATELY BE REHOUSED ON A LOW TIER / LOWER BUNK WITH (2) CLEAN AND SANITARY MATTRESSES DUE TO HAVING VALID MEDICAL CHRONOS. THE DOCTOR JUST APPROVED A CHRONO FOR A SPECIAL PRESURE MATTRESS SO THAT TYPE OF MEDICAL MATTRESS IS WHAT I'M REQUESTING.

Inmate/Parolee Signature: _____ *Larry Hash* _____          Date Submitted: 8/17/05

RECD SEP 09 2005

C. INFORMAL LEVEL (Date Received: 8/30/05   )

Staff Response: PARTIALLY GRANTED - 1) YOU ARE BEING MOVED FROM D8-207L TO D9 WHERE THERE ARE NO UPPER TIER CELLS. YOUR PSYC IS CLEAR AS OF 9-1-05 (icc) 2) YOUR REQUEST FOR A SPECIAL PRESURE MATRESS NEEDS TO GO TO THE D9 SGT SO HE/SHE CAN FAX IT TO EX 5510 TO GET YOUR MATRESS.

DELIVERED SEP 16 2005

Staff Signature: R.A. KESSLER  *F. K. SGT*          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____
_____
_____
_____

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim                    CDC Appeal Number:

# EXHIBIT
# 1-D

MRN:  Visit:  DocType:

STANFORD HOSPITAL and CLINICS
STANFORD, CALIFORNIA 94305

9936869

**PROGRESS NOTES•INPATIENT•HISTORY,
PHYSICAL EXAMINATION AND PROGRESS RECORD**

Addressograph Stamp - Patient Name, Medical Record Number

| DATE | TIME | |
|------|------|---|
| | | Hand ~2805 |
| ⁹/⁸/₀₁ | 4 PM | Hand Intraop finding: |
| | | — ECRB / ECRL lacerated; EPL & APL/EPB intact. |
| | | — ECRB/ECRL repaired |
| | | — keep in splint @ all times, elevated & dry. |
| | | — f/u HAND CLINIC c̄ Hentz in 2 wks |
| | | (Thursday). |
| | | |
| | | |
| | | /HS |
| | | |
| | | HAND |
| 9/2/05 | 0700 | ON: ⊘ acute events |
| | | S: Onumbness in thumb only |
| | | O: Tm 39² (1800), P 114 (1800), Tc 37², P-80, VSS, UOP~1.5L |
| | | WE: In splint for wrist extensor, @fingers ↑/↓ |
| | | — Brisk Cr, SILT |
| | | A: 48yo RHD s/p repair ECRB/ECRL (POD#1) |
| | | — Cont cast splint × 2wks |
| | | — Cont Abx for 24° |
| | | — keep hand elevated |
| | | — RTC in 2wks, on Thursday c̄ Dr. Hentz |
| | | [signature] |
| | | Kevin 1754 |
| | | |
| | | |
| | | |
| | | |

15-84W (8/99)  ESI #24702

MRN: Visit: DocType:

STANFORD HOSPITAL and CLINICS
STANFORD, CALIFORNIA 94305

9 9 3 6 8 6 9

PROGRESS NOTES·INPATIENT·HISTORY,
PHYSICAL EXAMINATION AND PROGRESS RECORD

Addressograph Stamp - Patient Name, Medical Record Number

| DATE | TIME | |
|------|------|---|
| 7/27 | 1 pm | Hand |
| | | Asked to see multiple stabs to Ⓛ hand |
| | | ♂ 48 y° PMD → prisoner (stabbed yrst by cellmate) |
| | | chest + abdomen, + Ⓛ hand. Taken emergent |
| | | to OR for ex-lap last night (negative); also |
| | | got chest tube. Pat states no pain in Ⓛ |
| | | hand now. |
| | | PMH: Hep C                MEDS: prilosec       nu RN. |
| | | prostate condition        tamsulosin |
| | | |
| | | O/ Ⓛ hand: Multiple lacs over forearm / hand dorsum |
| | | Ⓛ hand: Wrist flexors / ext intact /thut |
| | | All finger extensors intact |
| | | All finger flexors (FDP/FDS/FPL) intact |
| | | Rad / med / ulnar / dig nn all intact |
| | | rad / uln aa ok. |
| | | |
| | | X-rays: pending |
| | | |
| | | A/ Ⓛ hand lacs involving skin only |
| | | — flu Xrays to r/o fb |
| | | — no splint needed @ this pt given only skin injury |
| | | — sutures can be d/c'd by PMD or |
| | | trauma svc in 10-14 days.        As |
| | | 12436 |

15-84W (8/99)   ESI #24702

Printed by CORONADOA            Page 98            Job # 20343996 at 02/02/06 09:41:19

# EXHIBIT
# 1-E

STATE OF CALIFORNIA

**INMATE/PAROLEE
APPEAL FORM**

CDC 602 (12/87)

Location: _____ Institution/Parole Region: SVSP  Log No. 1. CS.0334   Category: (8)

1. _____   2. _____   2. _____   CTC — 1

DEPARTMENT OF CORRECTIONS

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.  Access To Treatment / FOLLOWED    AUG 3 0 2005

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|-----------------|
| LAWRENCE HASH | P-00376 | UNASSIGNED | D-8-207L |

A. Describe Problem: ON 7/26/05 I WAS INJURED AND FLOWN BY life FLIGHT HELICOPTER TO STANFORD HOSPITAL WHERE I RECEIVED (2) SEPARATE OPERATIONS, THEN RETURNED TO S.V.S.P ON 8/2/05 FOR FOLLOW UP TREATMENT. UNFORTUNATELY, STANFORD HOSPITAL FORGOT TO FULLY SUTER CLOSED A CHEST TUBE HOLE IN MY LEFT RIB-CAGE, WHICH WAS DRAINING BODY FLUID & BLOOD. ADDITIONALLY, S.V.S.P MEDICAL STAFF FAILED TO REMOVE NUMEROUS STITCHES IN A TIMELY MANNER. ON 8/12/05 DR. KUMAR & HER ASSISTANT FINALLY REMOVED ALL BUT THE (2) STITCHES HOLDING THE CHEST TUBE HOLE CLOSED. DR. KUMAR ALSO REFERRED ME TO THE PRISON DENTIST FOR TEETH THAT WERE BROKEN DURING THE 7/26/05 INCIDENT AND ALSO MADE A REFERAL TO A ORTHOPEDIC SPECIALIST. ON NUMEROUS OCCASIONS BETWEEN 8/17/05 & 8/25/05 NURSE DEIPS EXAMINED MY CHEST TUBE HOLE PROBLEM →

If you need more space, attach one additional sheet.    SEE ADDENDUM ATTACHED TO THIS APPEAL.

B. Action Requested: I REQUEST THAT I immediately BE RETURNED TO STANFORD HOSPITAL SO THAT THE CHEST TUBE HOLE PROBLEM & THE PROBLEM WITH THE SKIN GRAPHING To THE TENDONS IN MY WRIST CAN BE CORRECTED BEFORE THE HEALING PROCESS MAKES IT TOO LATE To CORRECT THESE PROBLEMS, I ALSO REQUEST THIS PRISON TO FOLLOW STANFORD HOSPITALS DIRECTIONS TO HAVE A DENTAL SPECIALIST REPAIR THE BROKEN —

Inmate/Parolee Signature: Larry H Hash          Date Submitted: 8/29/05

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

**BYPASS**

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

**BYPASS**

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

TE TO APPEALS COORDINATOR
)     Drunce

: EMERGENCY APPEAL PROCESSING REQUESTED, SEE ADENDUM TO APPEAL FOR REASONING:

AVSP-D-05-03346 (HASH)

First Level  ☐ Granted  ☒ P. Granted  ☐ Denied  ☐ Other _____ 9/12/05 ___ Due Date 10/13/05

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 9/12/05    Due Date 10/13/05

Interviewed by: _____

SEE
Attached Response
AVSP-D-05-03346

RECD OCT 14 2005

Staff Signature: C. Kates    Title: AGPA    Date Completed: 10-11-2005

Division Head Approved: Kathleen M. Wall    Title: CHSA DELIVERED NOV 28 2005    Returned Date Returned 2005

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response. FAILURE TO GRANT EMERGENCY APPEAL PROCESSING & SLOW MEDICAL TREATMENT CAUSED MY CHEST TUBE TO HEAL INCORRECTLY LEAVING A ABNORMALLY LARGE SCAR & ALSO CAUSED MY WRIST TO HEAL INCORRECTLY. ADDITIONALLY, MY REQUEST FOR PHYSICAL THERAPY HAVE BEEN DENIED. I REQUEST CORRECTIVE SURGERY TO FREE UP THE TENDONS IN MY WRIST AND PHYSICAL THERAPY TO REGAIN MY WRIST MOVEMENT. I REQUEST AN (M.R.I) TO EVALUATE MY HEAD & BACK INJURIES FROM 7/6/05, AND MENTAL HEALTH TREATMENT FOR MY HEAD INJURIES. I REQUEST TO BE SEEN BY A ORTHOPEDIC SPECIALIST TO OBTAIN A MEDICAL PRESSURE MATTRESS. I REQUEST THAT MY 7/6/05 BROKEN DENTAL VENEER BE REPLACED WITH A NEW DENTAL VENEER.

Signature: Larry H. Hash    Date Submitted: 11-29-05

Second Level  ☐ Granted  ☒ P. Granted  ☐ Denied  ☐ Other    RECEIVED NOV 30 2005

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 12/7/05    Due Date: 12/28/05

☒ See Attached Letter

Signature: J.W. ROSS RN    Date Completed: 1/27/06

Warden/Superintendent Signature: _____    Date Returned DELIVERED FEB 08 2006    Date Returned to Inmate: 3/24/06

RECD JAN 31 2006

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response. PURSUANT TO CCR 3084.7(a)(1) BASED ON IRREPARABLE HARM & PAIN & SUFFERING. 2/10/06
ONCE AGAIN, I REASSERT THE SAME REQUEST IN SECTION "F" ABOVE, BECAUSE CDC MEDICAL STAFF HAVE FAILED TO COMPLY WITH THOSE PREVIOUS MEDICAL REQUEST. I FURTHER REQUEST CDC TO COMPLY WITH ALL RELEVANT COURT ORDERED MANDATES, INCLUDING BUT NOT LIMITED TO — PLATA-V-SCHWARZENEGGER, COLEMAN-V-SCHWARZENEGGER, AND ALL OTHER COURT ORDERED CLASS ACTION MENTAL AND PHYSICAL MANDATES, OR OTHER WISE NEEDED MEDICAL MEASURES RELEVANT TO THIS APPEAL. FAILURE TO COMPLY WITH THIS APPEAL IN A TIMELY MANNER WILL SUBJECT ALL RESPONSIBLE PARTIES TO A SECTION 1983 CIVIL RIGHTS LAW SUIT. THIS IS A FORMAL NOTICE.    Signature: Larry H. Hash    Date Submitted: 3/26/2006

RETD

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

EMERGENCY APPEAL RESPONSE REQUESTED. PREVIOUS APPEAL DELAYS ARE CAUSING ME PAIN AND SUFFERING AS IN CRUEL AND UNUSUAL PUNISHMENT, A VIOLATION OF THE U.S. CONSTITUTIONAL 8TH AMENDMEN

DIRECTOR'S ACTION:  ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other
☒ See Attached Letter
Date: MAY 26 2006

CDC 602 (12/87)

ADDENDUM TO 602 APPEAL DATED 8/29/05

SECTION "A" CONTINUED BELOW:

→ AND MONITORED THE HEALING PROCESS RELEVANT TO MY WRIST SURGERY FROM 7/31/05. HOWEVER, NURSE DEIPS REFUSED MY REQUEST TO HAVE A DOCTOR EXAMINE & POSSIBLY SUTURE THE CHEST TUBE HOLE CLOSED & REFUSED MY REQUEST TO HAVE A DOCTOR EXAMINE & POSSIBLY CORRECT A PROBLEM IN WHICH THE SKIN ON MY WRIST WAS GRAPHTING OR BONDING ITSELF TO THE TENDONS INSIDE MY WRIST. STANFORD HOSPITAL HAD PREVIOUSLY INSTRUCTED S.V.S.P MEDICAL STAFF TO HAVE ME RETURNED TO THE STANFORD HAND CLINIC ON 8/15/05, BUT CONTRARY TO THESE INSTRUCTIONS S.V.S.P SENT ME TO local HAND SPECIALIST IN SALINAS ON 8/26/05. THAT PARTICULAR HAND SPECIALIST ADVISED S.V.S.P. THAT I NEEDED TO BE IMMEDIATELY RETURNED TO STANFORD HOSPITAL SO THAT THE ORIGINAL SURGEON WHO PERFORMED MY WRIST SURGERY COULD ATTEMPT TO CORRECT THE "SKIN GRAPHTING TO MY TENDONS" PROBLEM WITH MY WRIST, SO THAT THE HEALING PROCESS CAN BE CORRECTED BEFORE IT'S TOO LATE TO CONSIDER CORRECTING IT !

SECTION "B" CONTINUED BELOW:

→ TEETH FROM THE 7/26/05 INJURY INCIDENT, FURTHERMORE, DR. KUMAR INDICATED THAT I WOULD BE SEEN BY A ORTHOPEDIC SPECIALIST AND SHE WOULD ARRANGE FOR ME TO RECEIVE A M.R.I TO EVALUATE MY 7/26/05 INJURIES. I REQUEST THAT I RECEIVE ALL OF THE ABOVE.

P.S.   I DO NOT HAVE ACCESS TO A TITLE-15 THEREFORE I CANNOT QUOTE THAT CORRECT C.C.R SECTION TO REQUEST EMERGENCY PROCESSING. HOWEVER, I REQUEST THE APPEALS COORDINATOR TO GIVE THIS APPEAL EMERGENCY (5) DAY PROCESSING BASED ON THE FACT THAT NORMAL APPEAL TIME CONSTRAINTS ARE TOO LENGTHY AND WILL NOT RESULT IN THE IMMEDIATE MEDICAL TREATMENT NEEDED TO CORRECT THE HEALING OF MY WRIST SURGERY, SPECIFICALLY THE SKIN ON MY WRIST INCORRECTLY GRAPHTING ITSELF TO THE TENDONS IN MY WRIST.

tate of California                                                                                          Department of Corrections and Rehabilitation

# A P P E A L   -   F I R S T   L E V E L   R E V I E W
## S A L I N A S   V A L L E Y   S T A T E   P R I S O N

**DATE:**        October 11, 2005

**NAME:**        **Hash**        **CDC #P00376**

**APPEAL #:**    **FIRST LEVEL APPEAL LOG #SVSP-D-05-03346**

**APPEAL DECISION: Partially Granted.**

**SUMMARY OF APPEAL:** Appellant states that on July 26, 2005 he was taken to Stanford Hospital to wherein he received two operations and returned to Salinas Valley State Prison on August 2, 2005 for follow up treatment. The appellant states that Stanford Hospital forgot to suture closed a chest tube hole in his left rib cage, and he was draining body fluid and blood. He states that SVSP medical staff failed to remove numerous stitches in a timely manner.

The appellant is requesting on appeal that he is ***returned immediately to Stanford Hospital so that the chest tube hole can be corrected.*** He requests that ***the skin grafting repair in the wrist tendons is corrected before healing occurs.*** He requests that SVSP follow Stanford Hospital's direction ***to have a dental* specialist *repair the broken*** teeth from the July 2005 injury. The appellant requests to be seen by an **orthopedic specialist and a MRI to evaluate his injuries of July 26, 2005.**

**SUMMARY OF INVESTIGATION:** The appellant was interviewed on September 22, 2005 by Dr. R. Bowman.

**APPEAL RESPONSE:** Dr. Bowman completed an examination of the appellant on September 22, 2005. It is the physician's opinion upon completion of the examination that the wound left by the chest tube has healed satisfactorily and is no longer an issue.

The incision on the back of the left wrist has developed some adhesion with some limitation in the movement of the wrist and finger extension tendons but there is minimal functional limitations. The physician makes his observation during the exam that the appellant's fingertips are able to flex to touch the palm and wrist extension and flexion is evaluated by the physician. Dr. Bowman notes that arrangements have been made for the appellant to be evaluated at Stanford where the original wrist surgery was performed.

Hash, P00376
Log No.: SVSP-D-05-03346
Page 2

It is the appellant's position that Stanford Hospital instructed the SVSP medical staff to return him to the Stanford Hand Clinic on August 15, 2005, however review of the unit health record indicates a notation by Stanford Hospital of an addendum to their report which states of the appellant's hand injury: "Please leave splint on for 4 weeks. No follow up for hand is necessary."

On August 12, 2005 the appellant's complained to the physician that the splint was too tight. The physician evaluated the condition of the appellant's hand noting that the left wrist had good pulses a clean suture line and some decrease in the range of motion. The sutures were removed and the splint was replaced. The appellant was seen on regular follow up appointments on August 23, 26, and 29th, 2005.

On Monday, October 3, 2005 the appellant was seen at Stanford Hospital. The only recommendation made by the physician at Stanford Hospital was that the appellant receives hand therapy to increase range of motion in the left wrist.

Review of the Unit Health Record indicates that no referral was made for any further MRI testing. The last MRI that the appellant received while at SVSP was on June 17, 2005 for a lumbar spine (not associated with assault injuries). While in Stanford Hospital, all necessary tests were conducted and no discharge recommendations were made for any further MRI test. There is no further referral by a physician for the appellant to be seen by an orthopedic surgeon.

The appellant's request for a dental appointment will be forwarded to the dental department.

If you are dissatisfied with this decision, you may appeal to the Second Level by following the instructions on your appeal form.


Carolina Kates, AGPA
Medical Appeals Coordinator
Salinas Valley State Prison

Kathleen Wall, RN
Correctional Health Services Administrator II

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date:    January 26, 2006

To:    Inmate Hash, P00376
       Salinas Valley State Prison                    REC'D FEB 07 2006

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-D-05-03346

**ISSUE**:

Appellant states that on June 26, 2005 he was taken to Stanford Hospital wherein he received two operations and "returned to Salinas Valley State Prison on August 2, 2005 for follow up treatment". The appellant states

Appellant requests on appeal that he is returned to Stanford Hospital so that the chest tube hole and the problem with his skin grafting of the tendons in his wrist can be corrected. The appellant further requests that a dental specialist repair his teeth from the injury incident of 7-26-05. A referral to an orthopedic specialist and that he is provided with an MRI to evaluate his injuries.

**REGULATIONS**: The rules governing this issue are:

**California Code of Regulations, Title 15 Section:**
3350   Provision of Medical Care and Definition
3350.1 Medical Treatment/Service Exclusions
3354.1 Health Care Responsibilities and Limitations

**SUMMARY OF INVESTIGATION**:

The First Level of Review (FLR) was completed on **October 11, 2005**. The appellant was interviewed on September 22, 2005 by **Dr. R. Bowman, J. Krossa, RN**, was assigned to investigate this appeal at the Second Level of Review. All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented, and evaluated in accordance with Salinas Valley State Prison (SVSP) Operational Procedures (OP); the California Code of Regulations (CCR); and the Departmental Operations Manual (DOM).

**DELIVERED FEB 03 2006**

Inmate Hash, P00376
Case No. SVSP-D-05-03346
Page 2

The delay of this appeal will not impede the appellant's due process. The appeal did not meet the criteria for an emergency appeal processing as the appellant had already been medically assessed and care and treatment was rendered. At the time that the appellant filed an appeal, he had already been provided emergent care at Stanford Hospital. Follow up care was provided by the institutional providers at Salinas Valley State Prison.

A follow up appointment with Stanford Hospital took place on October 3, 2005. Recommendations made by outside providers are reviewed to determine if they are within CDCR guidelines for the provision of care.

The appellant transferred to California Men's Colony (CMC) on December 16, 2005. The unit health record review revealed that the appellant was seen by Dr. Araya at CMC on January 12, 2006. The appellant presented to the physician with a complaint of "improper" healing of the left wrist repair and a decrease in the range of motion of the left hand and wrist. Dr. Araya assessed that appellant and referred him to an orthopedic specialist. Referral to physical therapy by CMC providers has not been recommended at this juncture, awaiting the specialist findings. If and when corrective surgery, dental treatment, and/or physical therapy is indicated such will be provided as determined by Health Care Services providers at your current institution CMC.

The appellant was transferred on December 16, 2005, approximately two weeks from elevating to the Second Level of Review. New issues introduced at this level will not be addressed.

**DECISION**: The appeal is Partially Granted.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.


CHARLES DUDLEY LEE, MD
Health Care Manager
Salinas Valley State Prison

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: MAY 2 6 2006

In re:   Hash, P-00376
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA  93409-8101

IAB Case No.: 0511041          Local Log No.: SVSP 05-03346

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. G. Arceo, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that since his two surgeries at Stanford Hospital following a July 26, 2005 incident, he has received poor follow-up treatment upon his return to Salinas Valley State Prison (SVSP). He contends that Stanford Hospital medical staff failed to suture closed a chest tube hole in his left rib cage that was draining body fluid. The SVSP medical staff completed the suturing but failed to remove his chest tube sutures in a timely manner. The appellant also complains that SVSP did not fix all of his broken teeth or ensure that the skin graph was successful and connected to the tendons inside his wrists. Further, the appellant also complains that SVSP disregarded the orders from Stanford Hospital's medical staff's order and failed to return him for a follow-up visit. He requests to be returned to Stanford Hospital immediately so his chest tube problem and skin graph surgery can be corrected before his wrist heals improperly. He also asks that SVSP medical staff follow Stanford Hospital's direction and have a dental specialist repair his broken teeth that resulted during the incident; to have a magnetic resonance imaging (MRI); and to be evaluated by an orthopedic specialist.

**II   SECOND LEVEL'S DECISION:** The reviewer found that according to SVSP, Dr. Bowman, the examination of the appellant revealed that the chest tube wound has healed satisfactorily and is no longer an issue. The incision on the back of the left wrist has developed some adhesion with some limitation in his movement in the wrist and finger extension tendons but there are minimal functional limitations. The appellant's fingertips are able to flex to touch the palm and wrist. Dr. Bowman notes that arrangements have been made for the appellant to be evaluated at Stanford Hospital where the original surgery was performed. While the appellant complained that SVSP failed to return the appellant to Stanford Hand Clinic on August 15, 2005, a review of his Unit Health Record (UHR) reveals that Stanford Hospital submitted an addendum to their original report that indicates no hand follow-up is necessary. On August 12, 2005, due to complaints by the appellant that the splint was too tight, the physician evaluated his hand condition and noted that the left wrist had good pulses, clean suture line and some decrease in range of motion. The sutures were removed and the splint was replaced. On August 23, 26, and 29, 2005, the appellant was seen for regular follow-up appointments. On October 3, 2005, the appellant was seen at Stanford Hospital for a follow-up appointment. Recommendations made during that visit included hand therapy to increase the range of motion in the left wrist. A review of the UHR verifies that no referral for further MRI testing was made. On June 17, 2005, the appellant received an MRI while at SVSP for a lumbar spine (not associated with assault injuries). While in Stanford Hospital all necessary tests were conducted and no discharge recommendations were made for any further MRI test. There is no referral by a physician for the appellant to be seen by an orthopedic surgeon. The appellant's request for a dental appointment will be forwarded to the dental department. On December 16, 2005, the appellant was transferred to the California Men's Colony (CMC). On January 12, 2006, the appellant was seen by Dr. Araya with a complaint of "improper" healing of the left wrist repair and a decrease in the range of motion of the left hand and wrist. Dr. Araya referred the appellant for an orthopedic specialist consult. No referral for physical therapy by CMC providers has been recommended at this time. If and when corrective surgery, dental treatment, and or physical therapy are indicated such will be provided as determined by Health Care Services providers at CMC.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

HASH, P-00376
CASE NO. 0511041
PAGE 2

**A. FINDINGS:** To the Director's Level of Review, the appellant has cited that the Department has failed to comply with numerous court decisions and has failed to provide medical care that is in compliance with those court decisions. The medical staff at SVSP has evaluated the appellant's medical condition and provided the level of care deemed appropriate by Stanford Hospital and in the judgment of the institutional physicians' evaluations of his overall complaints. Pursuant to the California Code of Regulations, Title 15, Section (CCR) 3350, the Department shall only provide medical services for inmates which are based on medical necessity and supported by outcome data as effective medical care. Medically Necessary means health care services that are determined by the attending physician to be reasonable and necessary to protect life, prevent significant illness or disability, or alleviates severe pain, and is supported by health outcome data as being effective medical care. It is the opinion of the examining physician that the chest tube wound has healed satisfactorily and is no longer an issue. The appellant has been referred to an orthopedic specialist for his complaints regarding his left wrist. The appellant's condition has been evaluated and he is receiving health care services according to his medical needs. No relief at the Director's Level of Review is warranted at this time.

**B. BASIS FOR THE DECISION:**
CCR: 3350, 3350.1, 3350.2, 3354

**C. ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, CMC
        Health Care Manager, CMC
        Appeals Coordinator, CMC
        Medical Appeals Analyst, CMC
        Appeals Coordinator, SVSP
        Medical Appeals Analyst, SVSP

# EXHIBIT
# 1-F

003346783

**Stanford Hospital and Clinics**
**300 Pasteur Drive**
**Stanford, CA 94305**

| | | |
|---|---|---|
| NAME: | Hash, Lawrence | CONSULTATION REPORT |
| NUMBER: | 993-68-69 | ACCOUNT NUMBER: 029990341819 |
| CONSULTANT: | Amy Ladd, M.D. | |
| DATE: | 10/03/2005 | LOCATION: B1 B116A |

HISTORY OF PRESENT ILLNESS: The patient is a 47-year-old male prisoner who was operated on 2 months ago on August 1, 2005, after sustaining a left forearm laceration with extensor tendon laceration, specifically the ECRB and ECRL. These were operatively repaired. He was planned to come back to clinic but was lost to followup for the past 2 months. He comes now today for his first followup appointment with complaints as follows.

CHIEF COMPLAINT:
1. Wrist stiffness.
2. Swelling of the wrist.
3. Some paresthesias and decreased sensation over the area of the incisions.
4. A dorsal wrist bump that changes with wrist position.

PHYSICAL EXAMINATION: On examination, he does have a mild-to-moderately swollen wrist on the left compared with the right. He has minimal tenderness to palpation anywhere. He does have some decreased sensation distal to the areas of the laceration. Otherwise, the incisions are well healed. He does also have some stiff wrist with decreased range of motion. He has what appears to be a bursa on the dorsal aspect of the wrist which does move with wrist motion.

ASSESSMENT AND PLAN: Wrist stiffness likely secondary to lack of hand therapy after the initial operation. He likely also has a bursa, which is not harmful, over the dorsal aspect of his wrist. He had some concerns about possible adhesion of his tendon repair to the overlying skin, but we assured him that he does need hand therapy before he would undergo a second operation, which he was concerned about. We will give him a prescription for hand therapy to be done near Salinas Prison and then he will follow up with us in 3 months' time.

Amy Ladd, M.D.                                    Charles Hsu, M.D.

cc:



# EXHIBIT
# 1-G

# CALIFORNIA DEPARTMENT OF CORRECTIONS

| NAME: HASH | CDC #: P00376 | BED: D-8-207L |
|---|---|---|

## COMMITTEE ACTION SUMMARY

**REFER TO CSR RX TX TO CMC-E-III/CTF-III. RETAIN IN ASU PENDING TRANSFER DUE TO SAFETY CONCERNS AT SVSP. CONTINUE SINGLE CELL WHILE ASSIGNED TO SVSP ASU. SUBJECT IS ELIGIBLE FOR 2XCELL UPON TRANSFER. CONTINUE W/A YARD AND PSYCH IS CLEAR.**

## COMMITTEE'S COMMENTS

Inmate HASH appeared before Salinas Valley State Prison's (SVSP's) Administrative Segregation Unit (ASU) Institutional Classification Committee (ICC) today for his Annual/Program Review. HASH stated that his health was good and was willing to proceed. HASH received his 72-hour notice for the purpose of this review. Prior to committee reviewing and discussing this case, HASH was introduced to the committee members.

According to HASH'S CDC 114D, he was placed into SVSP's ASU on 8/2/2005 for: Victim of Battery w/ Weapon by Inmate Sidley, E-09073. ICC is convinced that Hash will remain a target for attack if he remains at a SVSP GP facility due to the inmate politics surrounding White inmates who were assigned to SVSP Facility B and did not foment racial conflict between the Black and White inmates.

Committee notes that HASH'S Placement Score was adjusted by -4 points due to: 2 QPs of no serious CDC 115s. Transfer is Non-Adverse in nature. Subject is eligible for CLO-B Custody and WG/PG A2B with effective date of 07-10-2005 upon transfer. CDC forms 812, 812C, 127, MCSF, and 840 reviewed and updated as needed.

Based upon a review of HASH'S CDC 114D, Central File, case factors, and through discussion with him, committee elects to: Refer to CSR rx tx to CMC-E-III/CTF-III. Retain in ASU pending transfer due to safety concerns at SVSP. Continue Single Cell while assigned to the SVSP ASU. Subject is eligible for 2XCell upon transfer. Continue W/A Yard and Psych is Clear.

At the conclusion of this review, HASH was informed of his Appeal Rights with regards to this committee's actions. HASH acknowledged his understanding and agreement with committee's actions.

**STAFF ASSISTANT**

Assigned: (Issues complex and/or Inmate participant in MHSDS) SA Present: P. Nickerson, CCI

## INMATE CASE FACTORS

| CUSTODY | PSI/LEVEL | WG/PG & EFF. DATE | RELEASE DATE | GPL | RECLASS | AGE | ETHNIC | TERMER | NEXT BPT & DATE |
|---|---|---|---|---|---|---|---|---|---|
| MAX S | 49/III | DID - 8/2/2005 | MEPD 11/29/2019 | 2.9 | 8/15/2005 | 48 | WHI | 1st | IPCH 10/2018 |
| RECEIVED | | RECEIVED FROM & TYPE OF TX | RECEIVED CDC | | COUNTY OF COMMITMENT | | SENTENCE | | RESTITUTION |
| 12/1/1999 | | CEN Non-Adverse | 6/11/1998 | | Riverside | | 29 yrs to Life | | $10000.00 |

| COMMITMENT OFFENSE |
|---|
| PC 187 Murder 1st with use of Firearm |

| PRIOR ARREST HISTORY | DISCIPLINARY HISTORY |
|---|---|
| GT, RSP, Obstruct/Resist a Public Officer, Reckless Driving, Drunk Driving, Hit & Run with Death/Injury, False Report of a Crime, Present False / Fraudulent Insurance Claim, Burglary, Trespassing, Assault with a Deadly Weapon/Not Firearm GBI Likely, Carrying a Concealed Weapon on Person, Possession Burglary Tools, Taking a Vehicle w/out Owner's Consent, Vehicle Theft | Disruptive Behavior, Mutual Combat, Refusal to Comply with PC 296, Forgery, Refusal to Obey Orders, Battery on a Peace Officer w/SBI |

| SEX OFFENSES | | ARSON OFFENSES | | ESCAPES | |
|---|---|---|---|---|---|
| Clear as of 7/18/2005 | | Clear as of 7/18/2005 | | Clear as of 7/18/2005 | |
| ENEMIES | | GANG/TIP | | CONFIDENTIAL | |
| Noted on CDC 812 & CDC 812C | | No Gang | | Noted & Reviewed | |
| MEDICAL | | TB - DATE 128C | DENTAL | DPP | SUBSTANCE ABUSE |
| Full Duty | | 22 - 5/9/2005 | 2 | N/A | Denies usage |
| PSYCH | | | MDO | | DDP |
| Clear | | | Doesn't Meet MDO Criteria | | NCF |
| HOUSING | CELL STATUS | | CAMP, MSF, CCF, SAP, CCRC, REST, CENTER, & MCCF ELIGIBILITY | | |
| Level III | Single Cell | Camp Eligible: No LIF - VIO | CCF Eligible: No LIF - VIO | | CCRC Eligible: No LIF - VIO |
| | 8/11/2005 Safety Concerns | MSF Eligible: No LIF - VIO | SAP Eligible: No LIF - VIO | | Rest. Center Eligible: No LIF - VIO |
| | | MCCF Eligible: No - LIF - VIO | | | |
| FPTP | | | HWD | | JOB ASSIGNMENT |
| US Citizen | | | None | | Unassigned |

## COMMITTEE MEMBERS

**CHAIRPERSON**
G. Neotti, CDW (A)

**MEMBERS**
G. Ponder, FC, S. Torres, PhD

**RECORDER**
W. Wilson, CCII (Spec)

| Committee Date: 10/13/2005 | ANNUAL/PROGRAM REVIEW | Committee: ICC |
|---|---|---|

| Typed By:    - Distribution: C-File & Inmate | SALINAS VALLEY STATE PRISON | Classification Chrone CDC 128G (Rev: 3/05) |
|---|---|---|



# EXHIBIT
# 1-H

ATE OF CALIFORNIA                                                     DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**     Location:  Institution/Parole Region    Log No.                    Category
CDC 602 (12/87)                                              1. _____    1. _____
                                                            2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| LAWRENCE G. HASH | P-00376 | AD/SEG | D-8-207L |

A. Describe Problem: ON 7/26/05 WHILE IN CELL (C-3-206) I WAS INVOLVED IN A BATTERY INCIDENT IN WHICH I RECEIVED MULTIBLE STAB WOUNDS AND WAS LIFE FLIGHTED STRAIGHT TO STANFORD HOSPITAL. I NOW REQUEST THAT S.V.S.P PROVIDE ME WITH COPIES OF THE FOLLOWING: (1) FULL & COMPLETE INCIDENT PACKAGE RELEVANT TO MYSELF & I/M SIDNEY CDC #E-09073 ON 7/26/05, TO INCLUDE THE FULL & COMPLETE I.S.U INVESTIGATION REPORT AND ALL PHOTOGRAPHS RELEVANT THIS TO THIS INCIDENT.

RECEIVED SEP 2 9 2005

If you need more space, attach one additional sheet.    DELIVERED APR 0 7 2006

B. Action Requested: PURSUANT TO THE FREEDOM OF INFORMATION ACT (5)-U.S.C SECTIONS 552 AND 552(a): THE PRIVACY ACT AND CALIFORNIA PUBLIC RECORDS ACT- GOVERNMENT CODE SECTIONS 6250-TO-6268 I REQUEST THAT, DUE TO BEING A PARTY TO THE ABOVE 7/26/05 INCIDENT I BE PROVIDED WITH COPIES OF ALL THE RECORDS & MATERIALS DESCRIBED ABOVE IN SECTION "A".

Inmate/Parolee Signature: _____ Larry H. Hash _____    Date Submitted: 9/25/05

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

**BYPASS**

INMATE APPEALS BRANCH    RECEIVED JUN 29 2006

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**BYPASS**

INMATE APPEALS BRANCH    RECEIVED AUG - 4 2006

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

First Level  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

BYPASS

Staff Signature: _____  Title: _____  Date Completed: _____
Division Head Approved: _____                        Returned
Signature: _____  Title: _____  Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

BYPASS

Signature: _____  Date Submitted: _____

Second Level  ☐ Granted  ☒ P. Granted  ☐ Denied  ☐ Other     REC'D FEB 17 2006

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 1C/12/CS    Due Date: 1/14 CS
☒ See Attached Letter

Signature: _____ (4)                               Date Completed: 2/10/06
Warden/Superintendent Signature: _____ CDW 00    Date Returned to Inmate: 4/?/06

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response. IF YOU WITHHOLD ANY OF INFORMATION REQUESTED, NOTE A SPECIFIC STATUTE OF LAW ENTITLING YOU TO NON-DISCLOSE THE 2ND LEVEL RESPONSE FAILED TO PROVIDE COPIES OF "All PHOTOGRAPHS" RELEVANT TO THIS APPEAL, THEREFORE I REASSERT MY REQUEST FOR THEM, AS WELL AS THE "ISU REPORT" AND ANY OTHER RECORDS THAT WERE WITHHELD, ie COURTS HAVE CONSISTANTLY HELD THAT CALIF GOV'T CODE §6254(F) DOES NOT ENTITLE YOU TO AN EXEMPTION UNDER THE CALIF PUBLIC RECORDS ACT BECAUSE MY ASSAILANT (3/A SIDLEY) PLED GUILTY IN A COURT OF LAW, THEREFORE THERE IS NO CONCRETE AND DEFINITE PROSPECT FOR ENFORCEMENT PROCEEDINGS. SECTIONS 6253; 6256; 6257 ENTITLES ME TO INSPECT & RECEIVE THE INFORMATION REQUESTED. SECTION 6258 ENTITLES ME TO INSTITUTE LEGAL PROCEEDINGS. ALL I'm ASKING IS THAT C.D.C COMPLY WITH THE ACT AS STATED IN THIS APPEAL, Date Submitted: 6/20/06
THE ANY RECORDS DEEMED CONFIDENTIAL COMPLY _____
iTH CCR 3321 (d)(2).

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DIRECTOR'S ACTION:  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____
☐ See Attached Letter
CDC 602 (12/87)                                          Date: _____

State of California                                    Department of Corrections and Rehabilitation

# Memorandum



Date:    February 10, 2006

To:      Inmate Hash, P00376
         Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER SVSP-D-05-03842

**ISSUE:**

The appellant claims that he was assaulted on July 26, 2005 in cell C3-206. The appellant requests a full and complete incident package relevant to and this incident to include any Investigative Services Unit (ISU) and all photographs relevant to this incident.

**INTERVIEWED BY:** W.L. Muniz, Correctional Lieutenant

**REGULATIONS:** The rules governing this issue are:

        CCR 3370. Case Records File Material--Access and Release

**SUMMARY OF INVESTIGATION:**

The Informal and First Level of Review (FLR) were bypassed. W.L. Muniz, Public Information Officer was assigned to investigate this appeal at the Second Level of Review. All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented, and evaluated in accordance with Salinas Valley State Prison (SVSP) Operational Procedures (OP); the California Code of Regulations (CCR); and the Departmental Operations Manual (DOM).

Lt. Muniz interviewed the appellant on February 9, 2006, via telephone interview due to the inmate being housed at the California Men's Colony. Upon review of this appeal and the interview with the appellant, it is clear that the appellant is requesting all relevant information regarding the documentation of an incident wherein the appellant was assaulted in cell C3-206, by his cell partner on July 26, 2005.

The appellant will be afforded copies of non confidential copies of the incident and reports but will not be given copies or information that is deemed confidential to him. Specifically, information relative to the suspect in this incident has been redacted. ISU investigative reports are not included. Nor is information that can be deemed case records or case records file material.

Hash, P-00376
Case No. SVSP-D-05-03842
Page 2


**DECISION**:  The appeal is Partially Granted.

The appellant is advised that this issue may be submitted for a Director's Level
of Review if desired.


A. HEDGPETH
Chief Deputy Warden (A)
Salinas Valley State Prison

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



July 17, 2006


Appeals Coordinator
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020


RE: HASH, CDC #P-00376 Institution Appeal Log #SVSP-D-05-03842 Case Info & Records

To the Appeals Coordinator:

A response is needed at the next appropriate level of review.

Please verify date CDC 602 form was returned to inmate.  Please complete and return the requested documents to this office by August 16, 2006.


N. GRANNIS, Chief
Inmate Appeals Branch


---

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

State of California  Department of Corrections and Rehabilitation

# Memorandum

Date  :  July 28, 2006

To    :  N. Grannis, Chief
         Inmate Appeals Branch

Subject:  **DIRECTOR'S LEVEL SCREEN OUT –HASH, CDC# P00376 – SVSP-D-05-03842**

You requested SVSP Appeals to verify the date the appeal was returned to the appellant upon completion of the second level review.  A review of the appeal reveals the date returned to the appellant was approximately June 13, 2006.

. Variz
ppeals Coordinator
Salinas Valley State Prison

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:    OCT 2 1 2006

In re:    Hash, P-00376
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA  93409-8101

IAB Case No.: 0601446 and          Local Log No.:  SVSP  05-04337 and SVSP 05-03842
IAB Case No.: 0601449

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner K. J. Allen.  All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that he should be entitled to review the registry of institutional CDC Form 115, Rules Violation Reports (RVR) and make photocopies as needed.  The appellant states that departmental regulations allow him access to this information.  He states the records he requires to inspect are available through the California Public Records Act.  The appellant claims that he requires access because he was involved in a battery incident with another inmate.

**II    SECOND LEVEL'S DECISION:** The reviewer found that the appellant's request to review the RVR Log book could not be granted for various confidential reasons.  Case records and case records material is included in the RVR Log as well as documentation on inmates' mental health status.  The appellant's request to review the institution's RVRs and make photocopies of them was denied at the Second Level of Review.  The appellant was issued copies of all available information and reports relative to the incident in question.  The institution's Investigative Services Unit's reports were not included, nor were any other confidential information.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.    FINDINGS:** The appellant's belief that he has a right to review other inmate's personal information is incorrect.  The California Code of Regulations, Title 15, Section (CCR) 3450 allows the appellant to review his own record(s).  The appellant is allowed to request a copy of any RVR he has received; however, there may be a copy charge assessed as the appellant has already received a copy of any and all issued RVR.  He cannot review the institution's RVR Log book, nor is there any law that allows for such a review.  There is also no mandate that requires institution staff to maintain all confidential information in only one area.  As evident in the submitted appeal by the appellant, he has received all reports regarding the incident in which he was stabbed by another inmate.  Additional relief at the Director's Level of Review is unwarranted.

**B.    BASIS FOR THE DECISION:**
CCR: 3270, 3370, 3450

**C.    ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

*R. Manual*

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, CMC
Appeals Coordinator, CMC
Appeals Coordinator, SVSP

STATE OF CALIFORNIA

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: CMC    Institution/Parole Region: SVSP.D    Log No. OS.O4337    Category 6

DEPARTMENT OF CORRECTIONS

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| LAWRENCE G. HASH | P-00376 | UNASSIGNED | D-8-207L |

A. Describe Problem: PURSUANT TO THE California Public RECORDS ACT, GovT Code SECTIONS 6250-TO-6268, I REQUEST S.V.S.P TO Allow ME TO EXERCISE MY RIGHT TO INSPECT AND PHOTOCOPY ANY SO REQUESTED REPORTS REQUIRED TO BE FilED IN THE S.V.S.P REGISTER OF INSTITUTION VIOLATIONS. THIS REQUEST SHOULD NOT BE DENIED BASED UPON THE SAFETY & SECURITY OF THE INSTITUTION OR MY CURRENT CUSTODY STATUS BECAUSE OTHER INMATES FROM MY HOUSING UNIT ARE ROUTINELY ESCORTED TO MEDICAL OLSON REVIEWS MEDICAL APPOINTMENTS, ETC, ETC. THE REPORTS IN THE REGISTER OF INSTITUTION VIOLATION ARE PUBLIC DOCUMENTS, THEREFORE I REQUEST ACCESS TO THEM AS THEY ARE

If you need more space, attach one additional sheet. DESCRIBED UNDER TITLE 15 - CCR §3326.(a)(1)(2).

B. Action Requested: MY REQUEST IS SET FORTH ABOVE IN SECTION "A". BY California law S.V.S.P HAS (10) DAYS TO RESPOND TO THIS REQUEST IN ACCORDANCE TO THE California Public RECORDS ACT; AND CCR SECTION 3384.6 (a)(4). THE RECORDS I'M REQUESTING TO INSPECT & POSSIBLE PHOTO COPY ARE DESCRIBED UNDER CCR 3326.(a)(1)(2).

Inmate/Parolee Signature: _Larry A. Hash_    Date Submitted: 10-18-2005

RECEIVED NOV 16 2005

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: _____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: [                    ]

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date:    February 10, 2006

To:      Inmate Hash, P00376
         Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER SVSP-D-05-04337

**ISSUE**:

The appellant claims that he is entitled by the California Public Records Act to exercise his right to inspect and photocopy as needed the Salinas Valley State Prison (SVSP) Registry of Institutional Rules Violation Reports.

**INTERVIEWED BY**: W.L. Muniz, Correctional Lieutenant

**REGULATIONS**:  The rules governing this issue are:

CCR 3370. Case Records File Material--Access and Release

**SUMMARY OF INVESTIGATION**:

The Informal and First Level of Review (FLR) were bypassed.  W.L. Muniz, Public Information Officer was assigned to investigate this appeal at the Second Level of Review.  All submitted documentation and supporting arguments have been considered.  Additionally, a thorough examination has been conducted regarding the claim presented, and evaluated in accordance with Salinas Valley State Prison (SVSP) Operational Procedures (OP); the California Code of Regulations (CCR); and the Departmental Operations Manual (DOM).

Lt. Muniz interviewed the appellant on February 9, 2006, via telephone interview due to the inmate being housed at the California Men's Colony.  Upon review of this appeal and the interview with the appellant simply believes it to his right to review the Registry of Institutional Rules Violations Report and photocopy as needed.

The request to review the Registry Log book would expose information regarding other inmates to the appellant that are for various reasons confidential violations.  Case records and case records material is included in the registry as well as documentation on mental health status.

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



July 17, 2006


Appeals Coordinator
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020


RE:  HASH, CDC #P-00376 Institution Appeal Log #SVSP-D-05-04337 Case Info
& Records

To the Appeals Coordinator:

A response is needed at the next appropriate level of review.

Please verify date CDC 602 form was returned to inmate.  Please complete and
return the requested documents to this office by August 16, 2006.


N. GRANNIS, Chief
Inmate Appeals Branch


<div style="border:1px solid">

**\*\*\*\*PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE\*\*\*\***

</div>

State of California
Case 3:08-cv-03729-MMC    Document 2-2    Filed 08/04/2008    Page 58 of 104
Department of Corrections and Rehabilitation

# Memorandum



Date : July 28, 2006

To : N. Grannis, Chief
Inmate Appeals Branch

Subject: **DIRECTOR'S LEVEL SCREEN OUT –HASH, CDC# P00376 – SVSP-D-05-04377**

You requested SVSP Appeals to verify the date the appeal was returned to the appellant upon completion of the second level review. A review of the appeal reveals the date returned to the appellant was approximately June 13, 2006.

T. Variz
Appeals Coordinator
Salinas Valley State Prison

## INMATE / PAROLEE APPEAL  SCREENING  FORM

INMATE: _HASH_     CDC #: _P00376_   CDC HOUSING: _D8-207_

### YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

[ ] Requested Action Already Taken      [ ] Requested Appeal Withdrawn

[ ] Duplicate Appeal; Same Issue      [ ] Appeal Previously Received and Processed

[ ] Appealing Action Not Yet Taken      [ ] Incomplete 602 – Complete Next Appropriate Section

[ ] Incomplete Appeal – Documents Not Attached      [ ] Incomplete 602 – Sign And Date Appropriate Section

[✓] Time Constraints Not Met      [ ] Limit Of One Continuation Page May Be Attached

[ ] Cannot Submit On Behalf Of Another Inmate      [ ] Incomplete Disciplinary Appeal – Missing Documents*

[ ] Appeal Process Abuse – Inappropriate Statements      [ ] Incomplete Property Appeal – Missing Documents*

[✓] No Significant Adverse Effect Demonstrated      [ ] Failed to Provide Necessary Copies of Chrono(s)*

[ ] Action / Decision Not Taken By CDCR      [ ] Appeal Process Abuse – Pointless Verbiage

[ ] Action Sought Is Under Sentencing Court Juirisdiction      [ ] May Submit One (1) Non-Emergency Appeal Per Week

[ ] Submit Issue to Assigned Parole Office      [ ] Attempting to Change Original Appeal Issue

[ ] Appeal Matter to VCGCB      [ ] Not Authorized to Bypass Any Level

[ ] DRB Decisions Are Not Appealable      [ ] Appeal Issue & Reasonable Accommodation Not 1824

[ ] Request For Interview; Not An Appeal      [ ] Not A Request Form; Use CDCR-7362

[ ] Complete At Second Level; Complete Section H (DLR)      [ ] Do Not Combine Staff Complaints With Other Issues

[ ] Emergency Not Warranted-CCR 3084.7

### Please attach the following items:

[ ] CDC 115/Hearing Officer's Results      [ ] CDC 128C Medical Chrono

[ ] CDC 115 with IE/DA information      [ ] CDC 1819 Denied Publications

[ ] Supplemental Reports to CDC 115      [ ] CDC 128 A

[ ] CDC 1030 Confidential Disclosure      [ ] CDC 128 B

[ ] CDC 114D Lockup Order      [ ] CDC 143 Property Transfer Receipt

[ ] CDC 128G ICC.      [ ] Cell Search Slip

[ ] CDC 128G CSR Endorsement Chrono      [ ] Receipts

[ ] CDC 839/840 Class/Reclass Score Sheet      [ ] Qtr. Pkg. Inventory Slip

[ ] CDC 7219 Medical Report      [ ] Trust Account Statement

[ ] Other: SEE COMMENTS BELOW      [ ] Property Inventory Receipt

## PLEASE FOLLOW INSTRUCTIONS AND RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS

Comments: You may write below or on back of this form to clarify or respond to the above.

_You write your letter to the Warden And you got an answer. You went around the appeals process And this is being To's for time No significant adverse effect._

_W. Luman III_
Appeals Coordinator      Date: _10-31-05_

This screening action may not be appealed.  If you allege the above reason is inaccurate, then attach an explanation on a separate piece of paper, or use the back of this screen out – do not write any more on the appeal itself.  Please return this form to the Appeals Coordinator with the necessary information.

## PERMANENT APPEAL ATTACHMENT - *DO NOT REMOVE*

STATE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| 1. _____ | 1. _____ | 10 |
| 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| LAWRENCE G. HASH | P-00376 | UNASSIGNED | D-8-207L |

A. Describe Problem: APPEALS COORDINATORS T. VARIZ AND J.W. LUMAN III ARE BOTH ABUSING THEIR DUTIES TO COORDINATE, PROCESS, AND OVERSEE THE FOLLOWING FUNCTIONS OF THE INMATE APPEAL SYSTEM.

① PURSUANT TO CCR 3084.3. ; SCREEN OUT ACTIONS ARE ROUTINELY BEING USED AGAINST INMATES WITHOUT GOOD CAUSE.

② "INMATE RESPONSES" TO SCREENED OUT APPEALS ARE ROUTINELY RETURNED TO INMATES WITH NO EXPLANATION OR ASSISTANCE AS TO HOW THE APPEAL SHOULD PROCEED.

If you need more space, attach one additional sheet. SEE ATTACHED ADDENDUM TO 602 APPEAL ➞

B. Action Requested: I REQUEST T. VARIZ, J.W. LUMAN III & THEIR APPEALS STAFF TO IMMEDIATELY REFRAIN FROM THE ABUSIVE TACTICS DESCRIBED IN SECTION "A". I REQUEST THAT THEY REVIEW MY ENTIRE APPEAL HISTORY TO SPECIFICALLY ADDRESS ALL CORRECTIVE ISSUES NEEDED TO PROCESS MY PAST & CURRENT APPEALS THAT WERE SCREENED OUT, DELAYED, OR HELD BACK THROUGH NO FAULT OF MY OWN.

RECEIVED OCT 25 2005

Inmate/Parolee Signature: _Lawrence G. Hash_                Date Submitted: 10-24-2005

RECEIVED NOV 1 0 2005

DELIVERED DEC 1 5 2005

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed          CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

ADDENDUM TO C.O.S. APPEAl DATED 10/24/2005 :

CONTINUATION
OF SECTION "A"

③ PURSUANT TO CCR 3084.7. (a)(1)(2)(A) APPEALS ALLEGED TO BE "EMERGENCY APPEALS" ARE BEING PROCESSED AS "REGULAR APPEALS" WITHOUT NOTIFICATION TO INMATES, OR SIMPLY SCREENED OUT, AND THEREFORE SUBJECTING INMATES TO IRREPARABLE HARM.

④ PURSUANT TO CCR 3084.6. APPEAL TIME LIMITS ARE ROUTINELY UNENFORCED AND IGNORED WHEN THEY APPLY TO "DEPARTMENTAL RESPONSES," BUT USED AS A "STRICTLY ENFORCED RULE TO DISPOSE OF INMATE APPEALS."

⑤ PURSUANT TO CCR 3084.5. THE LEVELS OF APPEAL REVIEW & DISPOSITIONS ON BEHALF OF DEPARTMENTAL STAFF ARE OFTEN UNRESPONSIVE TO APPEAL CLAIMS, NOT REVIEWED BY APPROPRIATE STAFF MEMBERS, INTENTIONALLY ALTERED, FABRICATED, FALSIFIED, AND IN SOME CASES, SIMPLY THROWN AWAY WITH ABSOLUTELY NO REFERALS FOR PENAL, OR CORRECTIVE OVER-SIGHT FROM THE APPEALS COORDINATORS IN-CHARGE OF THE S.V.S.P APPEAL SYSTEM.

PURSUANT TO CCR 3084.1. (d) THE ABOVE TACTICS AND WORK ETHICS ON BEHALF OF THE APPEALS COORDINATORS ARE ABUSIVE TO THE S.V.S.P APPEAL SYSTEM AND CONSTITUTE "REPRISAL" USED TO DISCOURAGE ALL INMATES WHO ATTEMPT TO USE THE S.V.S.P APPEAL SYSTEM. SAID TACTICS AND ABUSES AMOUNT TO A MATTER OF "DELIBERATE INDIFFERENCE" AGAINST THE USERS OF THE APPEAL SYSTEM AND AN IMPROPER METHOD OF DISPOSING OF INMATE APPEALS. AS SUCH, LETTERS OF COMPLAINT CITING THIS PARTICULAR APPEAL HAVE BEEN LODGED WITH M.S. EVANS (S.V.S.P WARDEN); C.D.C DEPARTMENTAL REVIEW BOARD; OFFICE OF THE INSPECTOR GENERAL; AND WITH SENATOR JOHN VASCONCELLOS.

DCR-695

## INMATE / PAROLEE APPEAL   SCREENING   FORM

INMATE: _Hasit_    CDC #: _P00376_    CDC HOUSING: _____

### YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

[ ] Requested Action Already Taken

[ ] Duplicate Appeal; Same Issue

[ ] Appealing Action Not Yet Taken

[ ] Incomplete Appeal – Documents Not Attached

[ ] Time Constraints Not Met

[ ] Cannot Submit On Behalf Of Another Inmate

[ ] Appeal Process Abuse – Inappropriate Statements

[X] No Significant Adverse Effect Demonstrated

[ ] Action / Decision Not Taken By CDCR

[ ] Action Sought Is Under Sentencing Court Juirisdiction

[ ] Submit Issue to Assigned Parole Office

[ ] Appeal Matter to VCGCB

[ ] DRB Decisions Are Not Appealable

[ ] Request For Interview; Not An Appeal

[ ] Complete At Second Level; Complete Section H (DLR)

[ ] Emergency Not Warranted-CCR 3084.7

[ ] Requested Appeal Withdrawn

[ ] Appeal Previously Received and Processed

[ ] Incomplete 602 – Complete Next Appropriate Section

[ ] Incomplete 602 – Sign And Date Appropriate Section

[ ] Limit Of One Continuation Page May Be Attached

[ ] Incomplete Disciplinary Appeal – Missing Documents*

[ ] Incomplete Property Appeal – Missing Documents*

[ ] Failed to Provide Necessary Copies of Chrono(s)*

[ ] Appeal Process Abuse – Pointless Verbiage

[ ] May Submit One (1) Non-Emergency Appeal Per Week

[ ] Attempting to Change Original Appeal Issue

[ ] Not Authorized to Bypass Any Level

[ ] Appeal Issue & Reasonable Accommodation Not 1824

[ ] Not A Request Form; Use CDCR-7362

[ ] Do Not Combine Staff Complaints With Other Issues

### Please attach the following items:

[ ] CDC 115/Hearing Officer's Results

[ ] CDC 115 with IE/DA information

[ ] Supplemental Reports to CDC 115

[ ] CDC 1030 Confidential Disclosure

[ ] CDC 114D Lockup Order

[ ] CDC 128G ICC.

[ ] CDC 839/840 Class/Reclass Score Sheet

[ ] CDC 7219 Medical Report

[ ] **Other: SEE COMMENTS BELOW**

[ ] CDC 128C Medical Chrono

[ ] CDC 1819 Denied Publications

[ ] CDC 128 A

[ ] CDC 128 B

[ ] CDC 143 Property Transfer Receipt

[ ] Cell Search Slip

[ ] Receipts

[ ] Qtr. Pkg. Inventory Slip

[ ] Trust Account Statement

[ ] Property Inventory Receipt

## PLEASE FOLLOW INSTRUCTIONS AND RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS

Comments: You may write below or on back of this form to clarify or respond to the above.

_____

_____

_____

_____

_____

.W. Lyman III    Date: _11/22/05_

Appeals Coordinator

This screening action may not be appealed.  If you allege the above reason is inaccurate, then attach an explanation on a separate piece of paper, or use the back of this screen out – do not write any more on the appeal itself.  Please return this form to the Appeals Coordinator with the necessary information.

## PERMANENT APPEAL ATTACHMENT - *DO NOT REMOVE*



**INMATE APPEAL ROUTE SLIP**

RECEIVED

NOV 1 0 2005

AW/COMPLEX II

To: CA2                                           Date: November 8, 2005

From: INMATE APPEALS OFFICE

Re: Appeal By Inmate HASH, P00376

Please assign this appeal to appropriate staff for INFORMAL level response.

Appeal Issue:  CASE INFO./RECORDS          *REC'D NOV 1 4 2005*
Due Date:  11/22/2005
Special Needs:

STAFF INSTRUCTIONS:
Begin your response with: GRANTED, DENIED, PARTIALLY GRANTED or
WITHDRAWN.  When complete, return appeal to the inmate. Every effort should be
made to resolve the matter at the lowest level possible.

Refer to D.O.M. 54100 for instructions.                    RECEIVED

T. VARIZ, CC-II / J. LUMAN, LT                    ASSOCIATE WARDEN, OPS
Appeals Coordinator
Salinas Valley State Prison

Log# CEN-01-10-0507 is not
Complex II - please reassign.

MOSS
Due 11/28/05

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| 1. _____ | 1. _____ | 6 |
| 2. _____ | 2. _____ | INF |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| LARRY G. HASH | P-00376 | UNASSIGNED | D-8-207L |

A. Describe Problem: WITH REGARD TO THE SALINAS VALLEY STATE PRISON REGISTER OF INSTITUTION VIOLATIONS THESE DOCUMENTS ARE A MATTER OF "PUBLIC RECORDS", WHICH ON REQUEST ARE REQUIRED TO BE OPEN FOR INSPECTION AND DISCLOSURE, PURSUANT TO THE CALIFORNIA PUBLIC RECORDS ACT/GOV'T CODE SECTIONS 6250-TO-6268 I REQUEST S.V.S.P OFFICIALS TO ALLOW ME TO INSPECT AND PHOTOCOPY THE FOLLOWING COMPLETE INCIDENT REPORT. SEE SECTION "B" BELOW.

I REQUEST THAT THIS APPEAL BE RESPONDED TO WITHIN (10) DAYS PURSUANT TO CCR # 3084.6. (b)(1) AND PURSUANT TO CALIF LAW AS NOTED IN SECTION "B" BELOW.

If you need more space, attach one additional sheet.

B. Action Requested: PURSUANT TO SECTION "A" ABOVE I REQUEST S.V.SP OFFICIALS TO GIVE ME REASONABLE ACCESS TO INSPECT AND PHOTOCOPY C.D.C INCIDENT REPORT LOG # SVP-GEN-01-10-0507 PURSUANT TO THE CALIF PUBLIC RECORDS ACT AND GOV'T CODE SECTIONS 6250-TO-6268 BY LAW S.V.SP OFFICIALS ARE REQUIRED TO RESPOND TO SUCH A REQUEST WITHIN (10) DAYS.

Inmate/Parolee Signature: _Larry Hash_                    Date Submitted: 11/6/2005

C. INFORMAL LEVEL (Date Received: RECD NOV 14 2005      RECEIVED NOV 07 2005

Staff Response: _____

_____

_____

_____

_____

Staff Signature: _____      Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____      Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

|  |
|  |

TO: J.W. LUMAN III,                                           11/06/05

FROM: I/m HASH #P-00376  D-8/207L


J.W. LUMAN III,

My FAMILY HAS BEEN IN TOUCH WITH VARIOUS STATE AGENCIES AND OFFICIALS REGARDING THE PROBLEMS I'M HAVING WITH MY APPEALS. I'VE DONE AS INSTRUCTED, MEANING I'VE DOCUMENTED EACH STEP OF MY EFFORTS TO GET MY APPEALS PROCESSED, BUT TO DATE THIS SEEMS TO BE A ON-GOING PROBLEM FOR WHICH YOU HAVE MADE ABSOLUTELY NO RESPONSE TO. DUE TO THE FACT THAT MY APPEALS KEEP VANISHING INTO THIN AIR? I'VE RESORTED TO SENDING SOME OF THEM TO YOU VIA "LEGAL MAIL" SO THAT MY (CDC 119) LEGAL MAIL LOG PROVES THAT THEY WERE MAILED DIRECTLY TO YOU.

1) ON 10/23/05 MY LEGAL MAIL LOG PROVES I MAILED YOU AN APPEAL. THAT PARTICULAR APPEAL INVOLVED A COMPLAINT AGAINST YOU & T. VARIZ FOR NOT PROPERLY PROCESSING MY APPEALS. PLEASE TELL ME IF IT HAS BEEN PROCESSED?

2) ON 10/27/05 I LEGAL MAILED TO YOU APPEAL #SUSP-D-05-03118 DID YOU PROCESS IT TO THE NEXT LEVEL?

3) ON 11/03/05 I LEGAL MAILED TO YOU (4) SEPARATE PREVIOUSLY SCREENED OUT APPEALS WITH REASONS WHY THEY SHOULD BE PROCESSED. DID YOU PROCESS THOSE (4) APPEALS?

4) ON 11/06/05 TODAY I'VE U-SAVE'ED YOU AN APPEAL DATED 11/06/05 PLEASE LET ME KNOW THAT YOU PROCESSED IT AS SOON AS POSSIBLE.

THANK YOU

# EXHIBIT
# 1-I

STATE OF CALIFORNIA
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

INMATE'S NAME: Hash, Lawrence

CDC NUMBER: P 00376

## REASON(S) FOR PLACEMENT *(PART A)*

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[ ] ENDANGERS INSTITUTION SECURITY    [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

Inmate Hash (P00376) You Are being Placed in Administrative Segregation due to the following: Upon your departure from Salinas Valley State Prison you were housed in Administrative Segregation, thus Upon Your return You will be Placed back into AD/SEG. You will remain in Ab/seg Under single cell status Pending Administrative Review for your Programing Needs. Due to this Placement, Your Custody Level, credit Earning Group, Privilege Group and visiting status Are subject to change, this Placement Has been ordered by Correctional Lieutenant J. Hughes. Inmate is not a Participant of the MHSDS.

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)    [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: / /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 11/18/05 | Hughes J | | LT |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 11/18/05 | | Burnes | | CO |

[ ] INMATE REFUSED TO SIGN    INMATE SIGNATURE    CDC NUMBER: P-00376

## ADMINISTRATIVE REVIEW *(PART B)*

**The following to be completed during the initial administrative review by Captain or higher by the first working day following placement**

| STAFF ASSISTANT (SA) | INVESTIGATIVE EMPLOYEE (IE) |
|---|---|
| STAFF ASSISTANT'S NAME: N/A    TITLE | INVESTIGATIVE EMPLOYEE'S NAME    TITLE |

**IS THIS INMATE:**

| | | |
|---|---|---|
| LITERATE? | [X] YES [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY [X] YES [ ] NO |
| FLUENT IN ENGLISH? | [X] YES [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE [X] YES [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [X] YES [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS [X] YES [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [X] YES [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED [ ] YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | |

[X] NOT ASSIGNED    Any "NO" requires SA assignment

[X] NOT ASSIGNED    Any "NO" may require IE assignment

## INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[ ] NO WITNESSES REQUESTED BY INMATE    INMATE SIGNATURE    DATE

## WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| N/A | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY____    [ ] RETAIN PENDING ICC REVIEW    [ ] DOUBLE CELL    [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION: RETAIN PENDING ICC. I/M ARRIVED S/w FRIDAY, 11/18/05 FROM CMC. I/M WENT OUT TO MEDICAL S/w MONDAY, 11/21/05 TO UC DAVIS. I/M TO TRANS. BACK TO CMC UPON RETURN.

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| J.W. Moss | CAPT (A) | 11/21/05 | 1305 | (Moss, CAPT (A)) |
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | DATE OF REVIEW |
| | | | | 11/22/05 |

# EXHIBIT
# 1-J

MHPCv3.0

**MENTAL HEALTH PLACEMENT**

CDC FORM 128C

NAME: HASH          CDC# P300          INST: CMC-E   ☐ HOUSING:
                         P00376

THIS INMATE HAS COMPLETED A MENTAL HEALTH EVALUATION WITH THE FOLLOWING RESULTS (check box[es] below):

a) ☐ **Does Not Meet Criteria** for inclusion in the MH Treatment Population.

b) ☑ **Meets Inclusion Criteria** for the MH Treatment Population (check level of care [LOC] below)

☐ **No**    ☐ **Yes**  Inclusion is a **Medical Necessity** (Obtain Chief Psychiatrist's signature below)

c) ☑ **Presently Included in MHSDS**, new LOC below (check LOC below)

☐ **Inpatient DMH**   ☐ **Crisis Beds (MHCB)**   ☐ **Enhanced Outpatient Program (EOP)**   ☑ **Clinical Case Management (CCMS)**

**Level of Functioning Assessment (GAF Score):** _____    **Psychotropic Medication Prescribed:** ☐ Yes  ☑ No

**Behavioral Alerts:** _____

E BUTLER PSYD          711          E Butler          _____
**CLINICIAN'S NAME** (Print)    **TELEPHONE/EXTENSION**    **CLINICIAN'S SIGNATURE**    **CHIEF PSYCHIATRIST OR DESIGNEE**

**Original** to be placed in Central File within 48 Hours;  cc: Correctional Counselor I, Unit Health Record

DATE: 1-17-06                                    CMC-MED-408(06/05) 2154

---

MHPCv3.0

**MENTAL HEALTH PLACEMENT**

CDC FORM 128C

NAME: HASH   Lawrence          CDC# P00376          INST: _____   ☐ HOUSING: 5178

THIS INMATE HAS COMPLETED A MENTAL HEALTH EVALUATION WITH THE FOLLOWING RESULTS (check box[es] below):

a) ☐ **Does Not Meet Criteria** for inclusion in the MH Treatment Population.

b) ☐ **Meets Inclusion Criteria** for the MH Treatment Population (check level of care [LOC] below)

☐ **No**    ☐ **Yes**  Inclusion is a **Medical Necessity** (Obtain Chief Psychiatrist's signature below)

c) ☑ **Presently Included in MHSDS**, new LOC below (check LOC below)

☐ **Inpatient DMH**   ☐ **Crisis Beds (MHCB)**   ☐ **Enhanced Outpatient Program (EOP)**   ☑ **Clinical Case Management (CCMS)**

**Level of Functioning Assessment (GAF Score):** 55    **Psychotropic Medication Prescribed:** ☑ Yes  ☐ No

**Behavioral Alerts:** _____

Bratton          7381          G. Bratton  LCSW          _____
**CLINICIAN'S NAME** (Print)    **TELEPHONE/EXTENSION**    **CLINICIAN'S SIGNATURE**    **CHIEF PSYCHIATRIST OR DESIGNEE**

**Original** to be placed in Central File within 48 Hours;  cc: Correctional Counselor I, Unit Health Record

DATE: 4-4-06                                    CMC-MED-408(06/05) 2154

# EXHIBIT
# 1-K

# EFFECTIVE COMMUNICATION FOR ATTACHED APPEAL

Date _JAN 24 2007_

To _C-Quad Sergeant_

_____

The attached Appeal Log Number CMC- _E-06-02539_ must be delivered and read to the following inmate:

Name _Hash_ _____ CDC Number _P-00376_ Housing _5106_

In reading the response to the inmate, I utilized the following technique(s) to ensure the inmate understood. (Check all that apply).

☐ Spoke slowly

☑ Rephrased sentences

☐ Used simple English

☐ Used interpreter

☐ Responded to questions the inmate asked.

☐ Other_____

Print name_____ Date_____

Sign_____

---

**Please return this completed form to the Inmate Appeals Office.**
All attached documents should be given to the inmate as directed above.

**INMATE/PAROLEE**
**APPEAL FORM** Location Document 2-3 Region

1. CMC-E   1. 06-2539   medical

CDC 602 (12/87)   2. _____   2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| LAWRENCE GEORGE HASH | P-00376 | N/A | 5106 |

A. Describe Problem: PER THE (PLATA PLAN) THE last (2) DIGITS OF MY CDC # REQUIRE DR. SMILOVITZ TO BE MY PRIMARY DOCTOR WITH DR. ARAYA AS MY SECONDARY DOCTOR. I'M REQUESTING TO BE REASSIGNED TO A DIFFERENT PAIR OF CMC DOCTORS BASED ON THE following INCIDENTS OF NEGLECT / AND DELIBERATE INDIFFERENCE TO MY MEDICAL NEEDS;
(1) MY 7/26/05 (LEFT WRIST) STABBING INJURY HEALED WRONG, BECAUSE AFTER MY TENDONS WERE SURGICALLY REATTACHED THE SKIN TISSUE ON MY WRIST HEALED ON TO MY TENDONS, WHICH RESTRICTED MY WRIST MOVEMENT. AT MY REQUEST DR. ARAYA REFERRED ME TO CMC SPECIALIST DR. GRIFFIN. AFTER WAITING SEVERAL MONTHS I WAS SEEN BY

If you need more space, attach one additional sheet. (SEE ATTACHED ADDENDUM TO THIS APPEAL)

B. Action Requested: DR. SMILOVITZ AND DR. ARAYA will NOT ALLOW ME TIME ENOUGH TO EXPLAIN MY MEDICAL NEED DR. ARAYA HAS BEEN RUDE AND DISRESPECTFUL BY INSISTING THAT I LEAVE HIS OFFICE WHILE I'M TRYING TO TALK TO HIM. I REQUEST TO BE REASSIGNED TO A DIFFERENT SET OF DOCTORS THAT will NOT ACT WITH A DELIBERATE INDIFFERENCE TO MY MEDICAL CARE AND DO NOT HAVE A HISTORY OF MALPRACTICE COMPLAINTS AN will MAKE REASONABLE DECISIONS BASED ON THE ISSUES STATED IN THIS APPEAL.

Inmate/Parolee Signature: *Lawrence George Hash*   Date Submitted: 10/13/2006

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

BYPASS

Staff Signature: _____   Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____   Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: [ ]

OCT 1 9 2006
CMC APPEALS OFFICE

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

BYPASS

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved:                   Returned

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

BYPASS

_____

Signature: _____ Date Submitted: _____

Second Level    ☒ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: **OCT 1 9 2006**   Due Date: **DEC 0 5 2006**

☒ See Attached Letter

Signature: _*Ellen Sunny*_ Acm   JAN 2 4 2007   Date Completed: 1/24/0_

Warden/Superintendent Signature: _E. Greenman, M.D, HCm_ CMC APPEALS OFFICE Date Returned to Inmate: JAN 2 4 2007

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to:   Director of Corrections
                                        P.O. Box 942883
                                        Sacramento, CA 94283-0001
                                        Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:   ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

                 ☐ See Attached Letter

                 CDC 602 (12/87)                                       Date: _____

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

*California Men's Colony*

# *MEMORANDUM*

APPEAL RESPONSE LEVEL:          SECOND

DATE:                          Tuesday, January 23, 2007

TO:                            HASH, LAWRENCE

CDC #:                         P00376

APPEAL LOG #:                  CMC-E-06-02539

ISSUE APPEALED:                Access to Care

INTERVIEW:

You were interviewed 12/04/06, and given the opportunity to clarify the issue of this appeal before two panel physicians and the medical appeals analyst.

PROBLEM DESCRIPTION / ACTION REQUESTED:

Hash, L. P-00376:  In your written appeal dated 10/13/06, you allege that your assigned primary physicians, Dr. Smilovitz and Dr. Araya, neglected you medical needs or acted with deliberate indifference toward your medical needs.  In your appeal you cite a number of incidents wherein you state that these physicians failed to provide necessary care, in support of your request for reassignment to a different set of doctors "that will not act with a deliberate indifference to my medical care and do not have a history of malpractice complaints and will make reasonable decisions based on the issues stated in this appeal."

APPEAL RESPONSE:

You were interviewed and your medical record was reviewed, as a result of this appeal.  For clarification, it should be stated that your primary physician was Dr. Smilovitz, Dr. Araya was covering for Dr. Smilovitz during sick call, but he was not actually your assigned physician during the time period to which you are referring.

As Dr. Smilovitz has recently retired from the California Men's Colony, it was necessary to reassign all of his patients to a new primary physician, hence, your request for reassignment to a new physician has been granted.  You must discuss your specific medical concerns with your new physician Dr, Perry, as medical treatment issues are not addressed through the medical appeals process.

APPEAL DECISION: Granted


*elle Simmons Hcm*

E. GREENMAN, M.D.                                              1/24/07

Health Care Manager                                           Date


Page 1 of 1

DR. GRIFFIN ~~as but he was not a doctor help~~ because ~~Dr. Araya neglected~~ TO
DESCRIBE WHY HE HAD REFERRED ME TO DR. GRIFFIN. SUBSEQUENTLY, DR. SMILOVITZ
MADE A 2ND REFERRAL BACK TO DR. GRIFFIN. SEVERAL MONTHS LATER I WAS AGAIN
SEEN BY DR. GRIFFIN WHOM TOLD ME THAT, NOW DR. SMILOVITZ NEGLECTED TO
DESCRIBE WHY HE REFERRED ME TO DR. GRIFFIN. AS A RESULT OF THIS NEGLIGENCE
I ASK TO BE SEEN BY A DIFFERENT C.M.C DOCTOR WHOM ARRANGED ~~PHYSICAL~~
PHYSICAL THEROPY FOR MY WRIST INJURY. WHEN DR. ARAYA DISCOVERED I WAS RECEIVING
PHYSICAL THEROPY HE IMMEDIATELY ACTED WITH "DELIBERATE INDIFFERENCE" BY CANCELLING
MY PHYSICAL THEROPY TREATMENT. FOR THE 3RD TIME I WAS AGAIN PLACED ON A
VERY LONG WAITING LIST TO SEE A SPECIALIST (EITHER DR. GRIFFIN OR DR. PEARON)
TO DETERMINE IF MY (LEFT WRIST) TENDONS CAN BE SURGICALLY SEPARATED FROM
THE SKIN TISSUE THAT IS HOLDING BACK MY WRIST MOVEMENT. THE MONTH AFTER
MONTH CONTINUING DELAYS AND LACK OF MEDICAL CARE ARE DIRECTLY ATTRIBUTABLE TO
DR. SMILOVITZ AND DR. ARAYA; THEREFORE I REQUEST TO BE REASSIGNED TO A
DIFFERENT PAIR OF COMPETENT DOCTORS THAT WILL NOT ACT NEGLIGENTLY OR WITH
A DELIBERATE INDIFFERENCE TOWARD MY MEDICAL CARE.

(2) MY 7/26/05 STABBING INJURIES HAVE RESULTED IN CEREBRAL SEIZURES
AND PAIN AND AGONY IN MY HEAD, NECK, AND LEFT SHOIDER BLADE AREA. DESPITE
MY REQUEST TO RECEIVE (PAIN MANAGEMENT MEDICATION/AND AN M.R.I.) DR. SMILOVITZ
AND DR. ARAYA HAVE ACTED WITH DELIBERATE INDIFFERENCE TOWARD THIS REQUEST.
I REQUEST THAT I BE REASSIGNED TO A PAIR OF DOCTORS THAT IS WILLING TO
PROVIDE AN APPROPRIATE TREATMENT FOR THE ABOVE STATED MEDICAL PROBLEMS,
INCLUDING AN (M.R.I) TO DETERMINE THE CAUSE OF MY PAIN AND SUFFERING.

(3) IN DECEMBER OF 2005 I HAD BACK SURGERY FOR A HERNIATED
DISK THAT WAS PUSHING ON MY LEFT LEG AND LEFT FOOT NERVES. THE EXACT
SAME NERVE PROBLEM HAS NOW RETURNED. DR. SMILOVITZ AND DR. ARAYA
HAVE BOTH ACTED WITH DELIBERATE INDIFFERENCE BY DENYING MY REQUEST
FOR A (M.R.I) TO DETERMINE IF MY PREVIOUS DISK PROBLEM HAS BECOME
HERNIATED ONCE AGAIN. I REQUEST TO BE REASSIGNED TO A PAIR OF DOCTORS
THAT ARE NOT DELIBERATELY INDIFFERENT TO MY NEED TO DETERMINE THE
CAUSE OF THIS PROBLEM.

(1)

FROM A LACK OF WEIGHT, ENERGY, STAMINA, AND ENDURANCE, WHILE MY ANXIETY AND DEPRESSION HAVE INCREASED. EARLIER THIS YEAR AFTER PERFORMING A BLOOD TEST MY LAB RESULTS INDICATED MY LEVEL OF TESTOSERONE WAS AROUND (400) ON A SCALE OF (0-TO-800). CONSIDERING I HAVE A FAMILY HISTORY OF NEEDING AN INCREASED LEVEL OF TESTOSERONE AND BECAUSE THE PHYSICIAN'S DESK REFERENCE MANUEL INDICATES A TESTOSERONE LEVEL OF (400) IS SUBSTANDARD FOR A MAN OF MY AGE I REQUESTED DR. SMILOVITZ AND DR. ANAYA TO PRESCRIBE TESTOSERONE TREATMENT FOR ME. BOTH DOCTORS ACTED WITH A DELIBERATE INDIFFERCE BY REFUSING MY REQUEST AND WERE UNWILLING TO DETERMINE WHY MY LAB REPORT WAS BASED ON A TESTOSERONE SCALE THAT CONFLICTED WITH THE PHYSICIAN'S DESK REFERENCE SCALE THAT INDICATED A TESTOSERONE LEVEL OF (400) WAS SUBSTANDARD FOR A MAN OF MY AGE. I REQUEST TO BE REASSIGNED TO A COMPETENT DOCTOR THAT IS WILLING TO MAKE APPROPRIATE TREATMENT RECOMMENDATIONS BASED ON THE INFORMATION IN THE PHYSICIAN'S DESK REFERENCE MANUEL THAT INDICATES TEST-OSERONE/ANDROGEN IS AN APPROPRIATE TREATMENT TO REDUCE ANXIETY, DEPRESSION, AND STIMULATE WEIGHT GAIN AND RED BLOOD CELLS AFTER A ILLNESS OR INJURY (SUCH AS MY 7/26/05 STABBING INJURIES).

(5.) DR. SMILOVITZ AND DR. ARAYA ARE ACTING WITH A DELIBERATE INDIFFERENCE TO MY NEED TO BE REFERRED TO A OUTSIDE THROAT & SINUS SPECIALIST, DESPITE THE FACT THAT THEY ARE BOTH AWARE THAT THE CMC MEDICAL STAFF HAVE EXHAUSTED THEIR REMEDIES RELEVANT TO MY THROAT & SINUS PROBLEM, I REQUEST TO BE SEEN BY A MEDICAL SPECIALIST THAT CAN COMPETENTLY ASSESS AND TREAT MY THROAT & SINUS PROBLEM, BECAUSE I AM IN CONSTANT AGONY 24/7 AND NEED TREATMENT IMMEDIATELY.

(6.) BOTH DR. SMILOVITZ & DR. ARAYA PRESCRIBED SUN SCREEN FOR ME THAT WAS NEVER ISSUED TO ME, BUT NEITHER DOCTOR IS WILLING TO MAKE AN EFFORT TO CORRECT THIS PROBLEM. AS A RESULT OF THEIR DELIBERATE INDIFFERENCE TO THIS PROBLEM I SUFFERED NUMEROUS SUNBURNS OVER & OVER AGAIN. I REQUEST TO BE REASSIGNED TO A PAIR OF DOCTORS THAT WILL MAKE THE EFFORT NEEDED TO CURE THIS PROBLEM.

RESPECTFULLY SUBMITTED;
LAWRENCE C. HASH #P-
(3)

# EXHIBIT
# 1-L

**INMATE/PAROLEE** Confidential Communication
**APPEAL FORM**

CDC 602 (12/87)

| | | Location: Institution/Parole Region | Log No. | Category |
|---|---|---|---|---|
| | 1. | CMC-E | 1. 07-0800 | medical |
| | 2. | | 2. | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| LAWRENCE HASH | P-00376 | N/A | 5106 |

A. Describe Problem: ON OR ABOUT JANUARY 1, 2007 DR. PERRY WAS ASSIGNED AS MY DOCTOR. I WAS HOPEFUL THAT I'D RECEIVE MEDICAL TREATMENT SHORTLY AFTER I REQUESTED IT IN JANUARY. Although I RECEIVED A DUCAT INDICATING I WOULD BE SEEN BY DR. PERRY, INSTEAD AFTER WAITING 3½ HOURS I WAS SEEN BY DR. FACHER. WHEN I TOLD DR. FACHER I WAS RELUCTANT TO HAVE MY APPOINTMENT WITH HIM BECAUSE OF HIS POOR REPUTATION AMONG THE INMATE POPULATION AND NUMEROUS MALPRACTICE LAW SUITS FILED AGAINST HIM HE REACTED VERY ARROGANTLY AND SAID I WAS WASTING HIS TIME AND HE DID'NT WANT TO OFFER ME ANY MEDICAL CARE, THEREFORE HE DENIED EVERY MEDICAL REQUEST I MADE. IN FEBRUARY I WAS FINALLY SEEN BY DR. PERRY. I HAD ALL MY MEDICAL NEEDS LISTED ON PAPER, BUT INSTEAD OF ADDRESSING MY MEDICAL NEEDS

If you need more space, attach one additional sheet. (SEE ATTACHED ADDENDUM TO THIS APPEAL)

B. Action Requested: DELETE ANY NEGATIVE COMMENTS IN MY MEDICAL FILE FROM DR. FACHER THAT HAVE NO BENEFIT TO MY FUTURE MEDICAL NEEDS AND SCHEDULE AN APPOINTMENT FOR ME TO BE SEEN BY DR. PERRY WITHOUT ANY FURTHER DELAYS. I HAVE PAIN ISSUES THAT NEED TO BE DEALT WITH AND I MAY NEED A M.R.I. FOUR MONTHS OF WAITING FOR TREATMENT IS JUST NOT REASONABLE.

Inmate/Parolee Signature: _Larry L. Hash_     Date Submitted: 4/5/2007

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

BYPASS

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____     Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

APR 0 5 2007
CMC APPEALS OFFICE

First Level  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____  Due Date: _____

Interviewed by: _____

_____

_____

_____

BYPASS

_____

_____

_____

Staff Signature: _____  Title: _____  Date Completed: _____
Division Head Approved:                                                          Returned
Signature: _____  Title: _____  Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

BYPASS

_____

Signature: _____  Date Submitted: _____

Second Level  ☐ Granted  ☒ P. Granted  ☐ Denied  ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: APR 0 5 2007  Due Date: MAY 1 7 2007
☐ See Attached Letter

                                              JUN 2 7 2007
Signature: R. Meyers, MD, HCM              CMC APPEALS OFFICE  Date Completed: JUN 27 2007
Warden/Superintendent Signature: _____  Date Returned to Inmate: 7/2/07

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

THE NEGATIVE COMMENTS MADE BY DR. FAECHER ARE INCORRECT & IMPROPER I REQUEST THEY
BE REMOVED FROM MY MEDICAL FILE, OR ALTERNATIVELY THAT THIS APPEAL REMAIN A PART OF THE
RECORD AS long AS THE DISPUTED INFORMATION IS RETAINED PURSUANT TO CCR§3450(a)(2)(3)(C).
NEW X-RAYS Still NEED TO BE REVIEWED TO DETERMINE MY NEED FOR A M.R.I. TyleNol IS NOT
HELPING MY PAIN, I NEED A DIFFERENT PAIN MEDICATION TO HELP MY SERIOUS PAIN PROBLEM.
PLEASE REFER ME BACK TO MY PRIMARY HEALTH CARE PROVIDER TO DETERMINE THE ABOVE MEDICAL
                                                                          NEED.
Signature: _____  Date Submitted: 7/4/07

For the Director's Review, submit all documents to: Director of Corrections
                                                    P.O. Box 942883
                                                    Sacramento, CA 94283-0001
                                                    Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other _____
☐ See Attached Letter
CDC 602 (12/87)                                              Date: OCT 1 9 2007

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: OCT 1 9 2007

In re:   Lawrence Hash, P00376
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA 93409-8101

IAB Case No.: 0702334          Local Log No.: CMC-07-00800

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner C. Hall, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position on January 1, 2007, Dr. Perry was assigned as his doctor, and was hopeful he would receive treatment as requested. The appellant alleges after waiting three hours, he was evaluated by Dr. Faecher. The appellant further contends he was hesitant to keep the appointment with Dr. Faecher due to his poor reputation and numerous malpractice lawsuits filed against him. The appellant claims when he saw Dr. Faecher, he was arrogant and stated he was wasting his time and would not offer any medical care, and denied every request the appellant had made. The appellant is requesting that any negative comments made by Dr. Faecher be removed from his Unit Health Record (UHR); and, to be seen by Dr. Perry without further delay. In addition, the appellant is requesting a magnetic resonance imaging (MRI) study of his back.

**II    SECOND LEVEL'S DECISION:** It is the institution's position the appellant was evaluated by Dr. Perry on April 6, 2007, in which time there was no mention of pain. The appellant was prescribed pain medication by Dr. Perry on May 2, 2007, who determined there was no neurological deficit and an MRI study was not warranted. On May 16, 2007, Dr. Perry completed a more comprehensive physical examination regarding the appellant's previous pain issue, and prescribed Tylenol. Once again, the appellant was informed a MRI study was not medically indicated. The appellant was also informed any comments made by Dr. Faecher could not be removed from his UHR, as they part of his medical history.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.    FINDINGS:** The appellant contends due to the negative comments made by Dr. Faecher, he and Dr. Perry have gotten off to a poor start. In addition, the appellant alleges Dr. Faecher refused to provide adequate health care intervention and is arrogant while dealing with him. The appellant failed to provide supporting documentation that confirmed such comments; therefore, his request is denied. The appellant has been evaluated numerous times by Dr. Perry and the appropriate interventions have been provided, including pain medications. However, it was determined by Dr. Perry that a MRI study of the appellant's lumbar spine was medically unnecessary. Although the appellant is dissatisfied with Dr. Faecher, he is reminded the California Code of Regulations, Title 15, Section (CCR) 3354 establishes that only qualified medical personnel shall be permitted to diagnose illness and/or other conditions, and prescribe medical treatment for inmates. It is not appropriate to self-diagnose medical problems and expect a physician to implement the appellant's recommendation for a course of medical treatment. In this particular matter, the appellant's contention that he has not received adequate medical care is refuted by the medical records and professional health care staff familiar with the appellant's medical history. After review, there is no compelling evidence that warrants intervention at the Director's Level of Review, as the appellant is receiving the treatment deemed medically necessary by his current primary care physician.

**B.    BASIS FOR THE DECISION:**
CCR: 3004, 3005, 3350, 3355.1

**C.    ORDER:** No changes or modifications are required by the Institution.

LAWRENCE HASH, P00376
CASE NO. 0702334
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:      Warden, CMC
         Health Care Manager, CMC
         Appeals Coordinator, CMC
         Medical Appeals Analyst, CMC

_ADDENDUM TO APPEAL_

CONTINUATION OF SECTION (A) APPEAL DATED 4/5/07 :

→   DR. PERRY WAS ONLY WILLING TO DISCUSS THE PREVIOUS NEGATIVE COMMENTS WRITTEN IN MY MEDICAL FILE BY DR. FACHER, AND AS FOR MY LIST OF MEDICAL NEEDS DR. PERRY TOLD ME HE'D REDUCAT ME IN TWO WEEKS SO THAT HE COULD HEAR WHAT MY MEDICAL NEEDS WERE.

IN MARCH I WAS REDUCATED, AND AFTER WAITING ANOTHER 2½ TO 3 HOUR WAITING PERIOD DR. PERRY TOLD ME MY MEDICAL FILE WAS UNAVAILABLE AND HE'D HAVE TO REDUCAT ME "AGAIN". IT'S NOW APRIL AND IT'S BEEN MORE THAN (4) MONTHS AND DR. PERRY STILL HAS'NT ADDRESSED MY LIST OF MEDICAL NEEDS. THANKS TO DR. FACHER AND HIS NEGATIVE COMMENTS IN MY MEDICAL FILE I'VE GOTTEN OFF TO A TERRIBLE START WITH DR. PERRY.

State of California                                      Department of Corrections and Rehabilitation
California Men's Colony

# MEMORANDUM

| | | |
|---|---|---|
| **APPEAL RESPONSE LEVEL** | : | SECOND |
| Date | : | Tuesday, June 26, 2007 |
| To | : | HASH, LAWRENCE |
| CDC# | : | P-00376 |
| APPEAL LOG # | : | CMC-E-07-00800 |
| ISSUE APPEALED | : | MEDICAL |

INTERVIEW:

You were interviewed by C. Ortiz Medical Appeals Analyst on 05/07/07, regarding this appeal.

PROBLEM / DESCRIPTION:

In your written appeal signed 04/05/07, you request that all negative comments made by Dr. Faecher be deleted from your medical file, you request to be scheduled for an appointment with Dr. Perry without further delay and you request to receive an MRI of your back.

RESPONSE:

You were seen by Dr. Perry on 04/06/07, at which time there was no mention of pain during your encounter. You received a prescription for a pain medication 05/02/07, resulting from your medical appointment with Dr. Perry, during your evaluation no neurological deficit was discovered and an MRI was not warranted. Your visit with Dr. Perry on 05/16/07, for a more comprehensive evaluation regarding the previous pain issue and did a thorough examination at which time Dr. Perry prescribed Tylenol for pain.

This appeal is partially granted as you received a comprehensive evaluation from Dr. Perry on 05/16/07. Your request for an MRI is denied. In California Department of Corrections and Rehabilitation (CDCR) it is the physician, not the patient who determines what therapy or diagnostic testing is indicated.

During interview you specifically requested the negative comments made by Dr. Faecher be deleted from your file is denied. Medical Records are part of your medical history and cannot be deleted from your Unit Health Care Record (UHR).

This appeal is partially granted as you were seen by your PCP, however your request for an MRI and the negative comments be stricken from your UHR is denied for above reasons.

APPEAL DECISION: Partially Granted

_____          6/26/07
R. Meyers, MD                                      Date
Health Care Manager

# EXHIBIT
# 1-M

S... OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region 1. CMC-E    Log No. 1. 07-1971    Category medical (8)

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

RB-237/L

| NAME LAWRENCE HASH | NUMBER P-00376 | ASSIGNMENT N/A | UNIT/ROOM NUMBER 421 |

**A. Describe Problem:** I HAVE WHAT FEELS LIKE A HERNIATED DISK IN MY LOWER BACK AND SEVERE PAIN IN MY NECK/UPPER BACK AND LEFT REAR SHOULDER DUE TO A PREVIOUS STABBING INCIDENT. I WAS REFERRED TO SEE DR. GRIFFIN SEVERAL MONTHS AGO AND PRESCRIBED SALOUT AND TYLANAL FOR MY PAIN. NEITHER PAIN MEDICATION IS RELIEVING MY PAIN AND THE WAIT TO SEE DR. GRIFFIN IS TAKING WAY TOO LONG! ACCORDING TO DR. GRIFFIN X-RAYS DON'T ALWAYS SHOW A HERNIATED DISK PROBLE THEREFORE A M.R.I IS USUALLY NECESSARY TO MAKE THAT DETERMINATION. THE PAIN IS MAKING IT DIFFICULT TO SLEEP ON A SOLID FRAMED BUNK.

If you need more space, attach one additional sheet.

**B. Action Requested:** I REQUEST TO BE SEEN BY DR. GRIFFIN DURING AUGUST 2007 TO DETERMINE MY ABOVE STATED NEEDS FOR A M.R.I AND FOR A MORE APPROPRIATE PAIN MEDICATION THAT WILL HELP RELIEVE THE PAIN ASSOCIATED WITH THE PROBLEMS STATED ABOVE IN SECTION "A".

Inmate/Parolee Signature: _Barry Hash_    Date Submitted: 8/12/07

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

BYPASS

INITIAL APPEALS BRANCH
NOV 26 2007
RECEIVED

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

BYPASS

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

RECEIVED
NOV 9 2007
CTF APPEALS

AUG 15 2007
CMC APPEALS OFFICE

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

BYPASS

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved:                                      Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

BYPASS

_____

Signature: _____ Date Submitted: _____

Second Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: AUG 1 5 2007    Due Date: SEP 2 7 2007
☒ See Attached Letter

OCT 3 0 2007

Signature: R. MEYERS, M.D., HEALTH CARE MANAGER    CMC APPEALS OFFICE    Date Completed: OCT 3 0 2007

Warden/Superintendent Signature: _____    Date Returned to Inmate: OCT 3 1 2007

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

AS INSTRUCTED I SUBMITTED A CDC 7362. WHEN I WAS SEEN BY A C.T.F PRIMARY CARE DOCTOR HE DID NOT ADDRESS MY NEED FOR PAIN MEDICATION OR A MRI EVEN THOUGH THESE NEEDS WERE STATED ON A CDC 7362 FORM. MY PAIN IS INTENSE AND IS CRITICAL TO MY ABILITY TO MOVE ABOUT. SOMETHING IS SERIOUSLY WRONG WITH MY SPINE. C.T.F HAS A MOBILE MRI SET UP PARKED HERE AT CTF PLEASE ALLOW ME TO HAVE A MRI PERFORMED TO DETERMINE WHERE ALL MY BACK PAIN IS COMING FROM AND PROVIDE ME WITH PAIN MEDICATION THAT IS STRONG ENOUGH TO REDUCE ALL MY BACK PAIN AND SHOULDER PAIN.

Signature: HELP #4 _____    Date Submitted: 11/16/2007

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____
☐ See Attached Letter                                         FEB 2 7 2008
                                                              Date: _____

CDC 602 (12/87)

Document Effective Communication

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: FEB 2 7 2008

In re: Lawrence Hash, P00376
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960

IAB Case No.: 0715153          Local Log No.: CMC-07-01971

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner V. O'Shaughnessy. All submitted documentation and supporting arguments of the parties have been considered.

**I  APPELLANT'S ARGUMENT:** It is the appellant's position that his current pain medication is no longer working. He also claims that he feels like he has a herniated disk in his lower back and severe pain in his neck, upper back and left rear shoulder due to a previous stabbing incident. The appellant is requesting to be seen by Dr. Griffin in August 2007 to determine his need for a magnetic resonance imaging (MRI) and for a more appropriate pain medication.

**II  SECOND LEVEL'S DECISION:** The reviewer found that the appellant transferred to the Correctional Training Facility (CTF) on October 23, 2007, prior to this appeal being addressed at the Second Level of Review (SLR). The appellant was interviewed via telephone. The appellant was seen by Dr. Griffin prior to transfer. The appellant's request for a better pain medication and an MRI were both determined by a licensed clinical physician to not be medically warranted. The appellant was advised to submit a CDC Form 7362, Health Care Services Request, to the CTF medical department for an evaluation by his new primary care provider. The appeal was granted in part at the SLR on October 26, 2007.

**III  DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.  FINDINGS:** The Director's Level of Review reviewed the appellant's appeal complaint, the SLR response and contacted the CTF medical department for additional information. On January 24, 2008, K. Dennis, Health Care Appeals Coordinator, reported that the appellant was examined on November 7, 2007 and January 10, 2008. Neurontin 600 milligrams was ordered for six months and a follow-up in two weeks by Dr. Khan. The appellant also received prescriptions for Flomax, Nasolide, Benadryl and a referral to optometry. Dr. Khan noted two pages for "follow-up of multiple medical concerns". It is apparent that physicians have examined the appellant and provided health care in accordance with their professional opinions. An inmate should not expect a physician to treat him in accordance with the inmate's judgment. The physician has the experience and license to determine the course of medical treatment. The appellant is encouraged to monitor his condition and notify medical staff of any changes. The issues on appeal have been addressed. No modification to the SLR is warranted.

**B.  BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3350, 3354

**C.  ORDER:** No changes or modifications are required by the Institution.

LAWRENCE HASH, P00376
CASE NO. 0715153
PAGE 2


This decision exhausts the administrative remedy available to the appellant within CDCR.


N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, CTF
        Health Care Manager, CTF
        Appeals Coordinator, CTF
        Medical Appeals Analyst, CTF
        Appeals Coordinator, CMC
        Medical Appeals Analyst, CMC

State of California            Department of Corrections and Rehabilitation

California Men's Colony

## MEMORANDUM

| | | | |
|---|---|---|---|
| **APPEAL RESPONSE LEVEL** | : | SECOND | **C-FILE** |
| Date | : | Thursday, October 25, 2007 | |
| To | : | HASH | |
| CDC# | : | P00376 | |
| APPEAL LOG # | : | CMC-E-07-01971 | |
| ISSUE APPEALED | : | Medication | |

INTERVIEW: You were interviewed by L. Bluford, Regional Health Care Appeals Analyst, on October 24, 2007, concerning the appeal issue.

PROBLEM / DESCRIPTION:

You claim your current pain medication was no longer working. Also, you were told by a doctor that x-rays don't show herniated disc. You request to be seen by the doctor sooner than your current appointment and to receive a better pain medication.

RESPONSE:

The appeal interview and all submitted documentation and supporting information has been considered. You were interviewed via telephone at the Correctional Training Facility (CTF) as you had transferred there on 10/23/07, prior to this appeal being addressed. The telephone interview was witnessed by Lieutenant P. Frudden. During the appeal interview you stated you had tried to have an MRI done and requested pain medication to no avail while at CMC. You were seen by Dr. Griffin one week prior to being transferred; however, you were not satisfied with the outcome. You stated the doctor informed you MRI's are to expensive and would not be done on a request basis but only if necessary. Prior to the interview, the Health Care Appeals Coordinator at CTF was contacted and a review of your Unit Health Record (UHR) was conducted. Based upon the review and interview, you were instructed to complete a CDC-7362 and submit requesting to be seen by Primary Care Physician at CTF as soon as possible. Then a determination would be made regarding the medical indication for pain medication and an MRI.

The request to be seen by a doctor sooner than your scheduled appointment was granted, in that you were seen by Dr. Griffin prior to transfer. However, you were denied your request for a better pain medication and an MRI as they were both determined to not be medically warranted by a licensed clinical physician.

APPEAL DECISION: For the reasons cited above, your appeal is partially granted.

_____      10/26/5)

R. Meyers, MD                     Date
Health Care Manager

# EXHIBIT
# 1-N

# SALINAS VALLEY RADIOLOGISTS, INC.

A MEDICAL GROUP
559 Abbott Street · Salinas, California 93901
Telephone (831) 775-5200

JAMES A. KOWALSKI, M.D.
DONALD A. CATALANO, M.D.
GLES A. DUESDIEKER, M.D.
MICHAEL E. BASSE, M.D.
DAVID A. STAUNTON, M.D.
GARY E. FALKOFF, M.D.
RICHARD A. VILLALOBOS, M.D.

CHRIS GLENN, M.D.
B. MISA HOSOHAMA, M.D.
Y-LAN HO, M.D.
BRUCE LIN, M.D.
F. SCOTT PERELES, M.D

| PATIENT NAME | ACCOUNT NO | | RADIOLOGY NUMBER |
|---|---|---|---|
| LAWRENCE-P00376 HASH | 9472365 | | 9131844 |

| AT THE REQUEST OF | DATE OF BIRTH | AGE/SEX | DATE OF SERVICE |
|---|---|---|---|
| SHAHIDKLIER KHAN MD | 05/02/1957 | 50/M | 04/07/2008 |
| PO BOX 686 | | | |
| SOLEDAD, CA 93960 | | | |

The study was performed by an outside facility and the film submitted to Salinas Valley Radiologists for interpretation.

MRI LUMBAR SPINE

HISTORY: 50-year-old male with back pain.

TECHNIQUE: Scanning was performed at 1.5 T in multiple planes with various standard and/or modified spin echo and/or gradient echo sequences to observe morphology and tissue signal characteristics. These will be detailed as may be appropriate in the report below.

FINDINGS: The vertebral bodies are normal in size, shape and general morphology but L5-S1 endplates show increased signal changes, somewhat more on T2 than on T1 and therefore probably a combination of Modic type 1 active degenerative and type 2 chronic degenerative signal findings. There is increased signal focally in the center of the nucleus on T2, clearly not the normal anatomic contours, however, as we see in some of the upper vertebral discs. Other discs are simply dehydrated. There is no visible herniation at the L5-S1 level and no evidence of any significant canal stenosis on any of the levels, central or foraminal. Post gadolinium images through L5-S1, as well as the other levels done with T1-weighting and fat saturation show enhancement of the upper and lower fibers bordering the nucleus of the disc. Therefore, clearly there is some type of inflammatory disc disease. Whether it is infectious or not is questionable as there are no other significant supportive signs.

IMPRESSION:
Abnormal T2 signal emanating from the L5-S1 nucleus with features as described and I suspect the most likely diagnosis is active degenerative change in the nucleus and annulus. It would be impossible to rule out infection. Perhaps correlation with ESR and other clinical information might help.

Thank you for referring your patient to us,

Arthur M. Nathanson, MD
AMN/vp
4/15/08

# EXHIBIT
# 1-O

MRN:  Visit:  DocType:

STANFORD HOSPITAL and CLINICS
STANFORD, CALIFORNIA 94305

9 936869

PROGRESS NOTES·INPATIENT·HISTORY,
PHYSICAL EXAMINATION AND PROGRESS RECORD

Addressograph Stamp - Patient Name, Medical Record Number

| DATE | TIME | |
|---|---|---|
| | | Ophtho (illegible) |
| 7/25 | 4:30pm | Continuation of note |
| PMH: ∅ | | 48 yo PHD prisoner stabbed yesterday |
| PMH: Hep C | | to chest (abd) hand above left eyebrow. Have (illegible) |
| | | to evaluate the eye. Pt (illegible) with (illegible) |
| Meds: (illegible) | | No flashes/floaters currently (illegible) |
| | | Vasc — 20/30    Pupil 3→1 (illegible) |
| HPI: PCN | | near card 3→250 |
| | | lacerations (illegible) |
| AC | | (illegible) |
| | | subconjunctival |
| Scattered | | hemorrhage |
| (illegible) | | Cornea: clear |
| | | 2+ periorbital ecchymosis    AC: deep (illegible) |
| 7/26 | | Dx (28% (illegible), 1% tropicamide) |
| C scan | | ON/M/v/p |
| | | wnl at |
| | | |
| (illegible) | | Imp: 1) Laceration above (L) eyebrow. sutured |
| | | 2) Traumatic mydriasis OS |
| | | 3) Subconjunctival hemorrhage OS (will resolve |
| | | next 2-3 wks) |
| | | Rec: F/u gen eye clinic (illegible) |
| | | (illegible). |

15-84W (8/98)  ESI #24702

MRN:  Visit:  DocType:

Medical Record Number   A9368698

Patient Name   Fatyare, alpha

*Addressograph Stamp - Patient Name, Medical Record Number*

STANFORD HOSPITAL and CLINICS
STANFORD, CALIFORNIA 94305



**PROGRESS NOTES·INPATIENT·HISTORY,
PHYSICAL EXAMINATION AND PROGRESS RECORD**

| DATE | TIME | |
|------|------|--|
| | | ophthal / S/P stab wound |
| 7/27/05 | 9:70PM | Pt in Ramm c trauma team about to insert chest tube. Pt c violation of abd fascia to OR stat for exploration. Per Dr. Altman, asked to deft detailed eye exam give other life threatening medical issues |
| | | Brief gross exam : at bedside above eyebrow laceration above eyebrow |
| | | at least CF Vas ~ at least CF TCP) P ~ 30 chancres pupils ~3-2 ~2 min. ~3 min. Vars 2x5mm |
| | | Will review CT scan abit   No dang rupture globe OS at brief exam Will √ Pt for full ophthal exam post-op P exlap.   12869 |

15-84W (8/99)  ESI #24702

# EXHIBIT
# 1-P

June 29, 2008

Larry Hash  C.D.C # P-00376
Correctional Training Facility/North
P.O.Box 705/Cell # RB-235
Soledad, Cal 93960-0705

Warden's Office
Salinas Valley State Prison
31625 HWY 101
P.O.Box 1020
Soledad, Cal 93960

RE: Calif Public Records Request

Dear Warden:

This request is made to you under the California Public Records Act, Calif Govn't Code Sections 6250-to-6268. Please provide me with the following:

1. A copy of the incident report relevant to the September 24, 2002 riot on "B" Facility. See attached Program Status Report for details.

2. A copy of C.D.C incident log # SVP-CEN-01-10-0507 relevant to the death of Robert Evan Canavan on 10-12-2003 along with the (i.s.u) investigation report.

3. With regard to incident log # SVP-FC3-05-07-0479 on July 26, 2005 involving Fredrick R. Sidley and myself as the victim please provide me with a copy of the entire incident package includin photocopies (color) of all relevant photographs, along with the (i.s.u) report.

4. With regard to all matters, incidents, stabbing, slashings, beatings or otherwise related issues relevant to the conflicts between white inmates from "B" facility – verses – white inmates from "C" and "D" facilities that were relevant to the September 24, 2002 riot on "B" facility please provide the following;

A. Copies of all S.V.S.P interdepartmental memoranums, notices, etc, that were distributed among S.V.S.P officials regarding problems between "B" facility white inmates – verses – "C" and or "D" facility white inmates as they were relevant to the September 24, 2002 riot on "B" facility.

B. Copies of all S.V.S.P (I.S.U) reports relevant to the conflicts between "B" facility white inmates – verses – white inmates from "C" and or "D" facility from September 24, 2002 forward to the date of this public records request.

It is based on information and belief that I am <u>certain</u> that the records and documents requested do exist and are within your access as the warden of Salinas Valley State Prison. I therefore ask that you respond honestly to this lawful request, and with full compliance with the California Public Records Act, which requires your response within (10) days of receiving this request. If you need an extention of that (10) day requirement please indicate that need to me in writing and indicate how much time you are requesting.

C.C: John Hagar, Special Master/U.S. Dist Court (N.D. Cal)
C.C: Inspector General
C.C: Bureau of Independent Review [B.I.R]
C.C: Director of Corrections Matthew Cate
C.C: Employment Advocacy Prosecution Team
C.C: Plemmons and Taylor LLC

Sincerely,

*Jerry A. Hooh*

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTI

# PROGRAM STATUS REPORT
## PART B – PLAN OF OPERATION / STAFF & INMATE NOTIFICATION

| INSTITUTION | EFFECTIVE DATE OF PLAN | PRECIPITATING INCIDENT LOG NUMBER |
|---|---|---|
| SALINAS VALLEY STATE PRISON | October 15, 2002 | SVP-FBY-01-11-0690 |

☐ NORMAL PROGRAM    ☒ MODIFIED PROGRAM    ☐ LOCKDOWN    ☒ STATE OF EMERGEN

☐ INITIAL    ☒ UPDATE    ☐ CLOSURE

### RELATED INFORMATION (CHECK ALL THAT APPLY)

| AREA AFFECTED | INMATES AFFECTED | REASON |
|---|---|---|
| ☐ INSTITUTION | ☒ ALL | ☐ BATTERY |
| ☒ FACILITY: FACILITY 'B' | ☐ BLACK | ☐ DEATH |
| ☐ HOUSING UNIT: | ☐ WHITE | ☒ RIOT / DISTURBANCE |
| ☐ VOCATION: | ☐ HISPANICS | ☐ GROUPING |
| ☐ EDUCATION: | ☐ OTHER: | ☐ OTHER: |

| MOVEMENT | WORKERS | DAYROOM |
|---|---|---|
| ☒ NORMAL Others | ☒ CRITICAL WORKERS ONLY Others only. NO VOLUNTEERS WHO ARE NOT ASSIGNED!!!! | ☐ NORMAL |
| ☒ ESCORT ALL MOVEMENT in restraints. Southern/Mexican National separate from Northern & Separate White & Black inmates. | ☐ CULINARY | ☒ NO DAYROOM |
| ☐ UNCLOTHED BODY SEARCH PRIOR TO ESCORT | ☒ CLERKS Program only as approved by Captain | ☐ MODIFIED: |
| ☐ OTHER: | ☒ CANTEEN Other Critical Workers | RECREATION |
| FEEDING | ☐ RESTRICTED WORK PROGRAM | ☐ NORMAL |
| ☐ NORMAL | ☒ PORTERS Others, Mexican National, Southern Hispanic | ☒ NO RECREATION ACTIVITIES |
| ☒ CELL FEEDING | SHOWERS | CANTEEN |
| ☐ CONTROLLED FEEDING IN DINING ROOM | ☐ NORMAL | ☐ NORMAL |
|   ☐ HOUSING UNIT/DORM AT A TIME | ☒ ESCORTED | ☒ NO CANTEEN White, Black, Hispanic |
|   ☐ DORM POD AT A TIME | ☒ EVERY 72 HOURS | ☒ MODIFIED: Critical Workers Only |
|   ☐ TIER AT A TIME | ☒ CELL PARTNERS TOGETHER – OWN TIER | PACKAGES |
|   ☐ HOUSING UNIT SECTION AT A TIME | ☐ DORM SHOWERING BY GROUP | ☒ NORMAL Others, Critical Workers |
| ☐ SACK MEAL BREAKFAST | ☒ CRITICAL WORKERS | ☒ NO PACKAGES White, Black & Hisipanic |
| ☒ SACK MEAL LUNCH | ☐ NO SHOWERS | ☐ MODIFIED: |
| ☐ SACK MEAL DINNER | MEDICAL | |
| DUCATS | ☒ NORMAL MEDICAL PROGRAM Others | PHONE CALLS |
| ☐ ALL DUCATS HONORED | ☒ PRIORITY DUCATS ONLY White, Black, Hispanic | ☐ NORMAL |
| ☐ MEDICAL DUCATS ONLY | ☒ MTA CONDUCT ROUNDS IN UNITS | ☒ NO PHONE CALLS White, Black and Hispar |
| ☐ CLASSIFICATION DUCATS | ☒ INMATES ESCORTED TO SICK CALL | ☒ MODIFIED: Critical Workers only. 2 hours |
| ☒ PRIORITY DUCATS ONLY | ☐ EMERGENCY MEDICAL ONLY | 1900-2100 hours. |
| VISITING | ☐ OTHER: | RELIGIOUS SERVICES |
| ☒ NORMAL VISITING Southern, Mexican National & Other | | ☐ NORMAL |
| ☐ NON-CONTACT ONLY | LEGAL LIBRARY | ☒ NO RELIGIOUS SERVICES |
| ☒ NO VISITING Northern Hispanic, White, Black | ☒ NORMAL Others | ☐ MODIFIED: |
| ☐ OTHER: | ☒ APPROVED COURT DEADLINES White, Black, Hisp | |

REMARKS:  On 11-11-01, at approximately 1125 hours, a Riot erupted on Facility B Recreation Yard #1 involving Southern and Northern Hispanic inmates. Northern Hispanic inmates received stab wounds and 12 inmate stabbing weapons were discovered.  On 12-04-01 the Black, White & Other inmates resum Normal Program.

On August 26, 2002, two (2) separate incidents involving Northern/Southern Hispanic inmates occurred on Facility B. On September 01, 2002, an incident involv Northern, Southern and Mexican National inmates occurred in the Facility B Visiting Room.  No visiting for Hispanic inmates.

On 09-24-02, at approximately 1007 hours a Riot erupted on the Facility B Recreation Yards #1 & #2 to include Buildings B1, B2, B3 and B4.  The inmates involv included Black, White and Other inmates.  There were numerous injuries sustained by inmates, numerous weapons discovered both on the Recreation Yards a inside of the Buildings.  This incident is currently under investigation by Facility B Staff.  Incident log number SVP-FBY-02-09-0479.

On Friday, September 27, 2002, Normal Visiting will be resumed for Mexican National/Southern Hispanic inmates only.  EFFECTIVE OCTOBER 3, 2002 A PACKAGES WILL BE RETURNED TO SENDER FOR ALL WHITE, BLACK AND HISPANIC INMATES.

| PREPARED BY: | DATE | NAME / SIGNATURE (WARDEN) | DATE |
|---|---|---|---|
| | | | |

# PROGRAM STATUS REPORT
## PART B – PLAN OF OPERATION / STAFF & INMATE NOTIFICATION

| INSTITUTION | EFFECTIVE DATE OF PLAN | PRECIPITATING INCIDENT LOG NUMBER |
|---|---|---|
| SALINAS VALLEY STATE PRISON | June 11, 2002 | SVP-FBY-02-05-0279 |

☐ NORMAL PROGRAM  ☐ MODIFIED PROGRAM  ☒ LOCKDOWN  ☒ STATE OF EMERGENCY

☒ INITIAL  ☐ UPDATE  ☐ CLOSURE

RELATED INFORMATION (CHECK ALL THAT APPLY)

| AREA AFFECTED | INMATES AFFECTED | REASON |
|---|---|---|
| ☐ INSTITUTION | ☒ ALL | ☐ BATTERY |
| ☒ FACILITY: FACILITY 'B' | ☐ BLACK | ☐ DEATH |
| ☐ HOUSING UNIT: _____ | ☐ WHITE | ☒ RIOT / DISTURBANCE |
| ☐ VOCATION: _____ | ☐ HISPANICS | ☐ GROUPING |
| ☐ EDUCATION: _____ | ☐ OTHER | ☐ OTHER: |

| MOVEMENT | WORKERS | DAYROOM |
|---|---|---|
| ☐ NORMAL | ☐ CRITICAL WORKERS ONLY | ☐ NORMAL |
| ☒ ESCORT ALL MOVEMENT in restraints. All races to be escorted separately. | ☐ CULINARY | ☒ NO DAYROOM ACTIVITIES |
| ☐ UNCLOTHED BODY SEARCH PRIOR TO ESCORT | ☒ CLERKS Program only as approved by Captain | ☐ MODIFIED: |
| ☐ OTHER: | ☐ CANTEEN | RECREATION |
| FEEDING | ☐ RESTRICTED WORK PROGRAM | ☐ NORMAL |
| ☐ NORMAL | ☐ PORTERS | ☒ NO RECREATION ACTIVITIES |
| ☒ CELL FEEDING | | |
| ☐ CONTROLLED FEEDING IN DINING ROOM | SHOWERS | CANTEEN |
| ☐ HOUSING UNIT/DORM AT A TIME | ☐ NORMAL | ☐ NORMAL |
| ☐ DORM POD AT A TIME | ☐ ESCORTED | ☒ NO CANTEEN |
| ☐ TIER AT A TIME | ☐ EVERY 72 HOURS | ☐ MODIFIED: |
| ☐ HOUSING UNIT SECTION AT A TIME | ☐ CELL PARTNERS TOGETHER – OWN TIER | |
| ☐ SACK MEAL BREAKFAST | ☐ DORM SHOWERING BY GROUP | PACKAGES |
| ☒ SACK MEAL LUNCH | ☐ CRITICAL WORKERS ONLY | ☐ NORMAL |
| ☐ SACK MEAL DINNER | ☒ NO SHOWERS | ☒ NO PACKAGES |
| DUCATS | MEDICAL | ☐ MODIFIED: |
| ☐ ALL DUCATS HONORED | ☐ NORMAL MEDICAL PROGRAM | |
| ☐ MEDICAL DUCATS ONLY | ☒ PRIORITY DUCATS ONLY | PHONE CALLS |
| ☐ CLASSIFICATION DUCATS | ☒ MTA CONDUCT ROUNDS IN UNITS | ☐ NORMAL |
| ☒ PRIORITY DUCATS ONLY | ☐ INMATES ESCORTED TO SICK CALL | ☒ NO PHONE CALLS |
| VISITING | ☐ EMERGENCY MEDICAL ONLY | ☐ MODIFIED: |
| ☐ NORMAL VISITING | ☐ OTHER: | |
| ☐ NON-CONTACT ONLY | | RELIGIOUS SERVICES |
| ☒ NO VISITING | LEGAL LIBRARY | ☐ NORMAL |
| ☐ OTHER: | ☐ NORMAL | ☒ NO RELIGIOUS SERVICES |
| | ☒ APPROVED COURT DEADLINES | ☐ MODIFIED: |

REMARKS: On 09-24-02, at approximately 1007 hours a Riot erupted on the Facility B Recreation Yards #1 & #2 to include Buildings B1, B2, B3 and B4. The inmates involved included Black, White and Other inmates. There were numerous injuries sustained by inmates, numerous weapons discovered both on the Recreation Yards and inside of the Buildings. This incident is currently under investigation by Facility B Staff.

| PREPARED BY: | DATE | NAME / SIGNATURE (WARDEN) | DATE |
|---|---|---|---|
| D.M. Mantel, Facility B Captain (A) | 9/24/02 | E.J. Caden, Chief Deputy Warden | 9.24.02. |

June 29, 2008

Larry Hash  CDC #P-00376
Correctional Training Facility/North
P.O. Box 705/Cell # RB-235L
Soledad, Cal 93960-0705

Appeals Coordinator/Litigation Coordinator
Warden's Office, Salinas Valley State Prison
P.O. Box 1020, Hwy 101
Soledad, Ca 93960

Dear Warden:

Previously While at S.V.S.P on November 29, 2005 I submitted (3) 602 appeals to the Appeals Coordinator.

① Appeal dated 11/13/05 regarding my notice of intent to file a civil rights lawsuit/and request for medical treatment was screened out and resubmitted with an explanation on 11/29/2005

② Also on 11/29/05 I resubmitted a screened out appeal log # S.V.S.P-D-05-03118 regarding my request to abolish or modify the (cell managment status) section of operational procedure 29, with my explanation of why that appeal should not be screened out.

③ Also on 11/29/05 I filed an original 602 appeal regarding my unlawful placement in ad/seg (D-9) as a medical patient.

ON OR ABOUT DECEMBER 16, 2005 I TRANSFERRED TO CALIF MEN'S COLONY IN SAN LUIS OBISPO (WITHOUT RECEIVING THE RETURN OF THE (3) 602 APPEALS AT ISSUE IN THIS LETTER). I'm RESPECTFULLY REQUESTING YOU TO MAKE AN EFFORT TO INQUIRE INTO THESE (3) 602 APPEALS TO SEE IF THEY CAN BE located BY THE APPEALS COORDINATOR AT S.V.S.P AND RETURNED TO ME.

   PLEASE DO INFORM ME IN WRITING AS SOON AS POSSIBLE THAT YOU RECEIVED THIS letter AND will UPDATE ME AS YOUR FINDINGS WITHIN A REASONABLE TIME FRAME. THANK YOU FOR YOUR ASSISTANCE.

                              SINCERELY,

                              Larry Hoah

# EXHIBIT
# 1-Q

STATE OF CALIFORNIA                                           DEPARTMENT OF CORRECTIONS AND REHABILITATION

## NOTICE OF CLASSIFICATION HEARING

CDC 128B1 (REV 4/99)

| INMATE'S NAME | CDCR NUMBER | HOUSING | DATE OF NOTIFICATION |
|---|---|---|---|
| HASH | P00376 | N-RB-235L | 7/10/2007 |

YOU ARE SCHEDULED TO APPEAR BEFORE A CLASSIFICATION COMMITTEE ON  7/15/2008  FOR CONSIDERATION OF A MAJOR PROGRAM CHANGE AS FOLLOWS:

☐ INITIAL REVIEW           ☐ PROGRAM REVIEW           ☐ SPECIAL REVIEW

☑ ANNUAL REVIEW           ☐ POST BOARD           REASON

COMMENTS

| NOTIFICATION BY | INSTITUTION |
|---|---|
| S. MITCHELL, CCI | Correctional Training Facility |

ROUTING INSTRUCTIONS: ORIGINAL - C-FILE   COPY - INMATE