IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE GEORGE HASH, )  No. C 08-3729 MMC (PR)
         Plaintiff, ) 
   v. )  **ORDER OF DISMISSAL WITH LEAVE TO AMEND**
MATTHEW CATE, et al., )
         Defendants. )
_____ )

On August 4, 2008, plaintiff, a California prisoner incarcerated at the Correctional Training Facility at Soledad and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

Plaintiff has filed a ninety-page complaint in which he makes the following allegations with respect to events that occurred at three different prisons between June 2004 and August 2008.

In June 2004, when plaintiff was housed in Facility B, in the general population at Salinas Valley State Prison ("SVSP"), prison officials, despite plaintiff's objections and in violation of prison regulations pertaining to double-celling, compelled plaintiff to be celled with "Dibble," a violent prisoner. As a result, plaintiff was twice attacked by Dibble in July 2004. Additionally, while breaking up the second attack, correctional officer Ramirez intentionally used excessive force against plaintiff. Plaintiff was not provided with timely or

adequate medical care following either attack.

In September 2004, Sgt. Washington searched plaintiff's cell and destroyed plaintiff's property in retaliation for plaintiff's refusal to cell with a white inmate from either Facility C or D. Plaintiff, who also is white, refused to cell with a Facility C or D white inmate as those inmates were at "war" with the white inmates in Facility B. When plaintiff objected to Sgt. Washington's actions, he was charged with a serious rules violation for aggravated battery on Sgt. Washington, placed on "management control status," and deprived of basic necessities for several days. Additionally, criminal aggravated battery charges were filed against plaintiff in Monterey County Superior Court. In April 2005, the criminal charges against plaintiff were dismissed, and, in May 2005, plaintiff was found not guilty of the serious rules violation. As a result of plaintiff's property having been confiscated, plaintiff was unable to file a timely petition for a writ of certiorari to the United States Supreme Court concerning the denial of petitioner's federal habeas corpus petition challenging his underlying state court criminal conviction.

From October 2004 through July 2005, plaintiff continued to refuse, on grounds of personal safety, to be housed with a Facility C or D inmate, and was disciplined as a result. On July 21, 2005, despite plaintiff's objections, plaintiff was reassigned to Facility C. On July 22, 2005, plaintiff filed an administrative appeal claiming his life was in danger, but the appeal was screened out. On July 26, 2005, plaintiff was attacked by his cellmate and stabbed thirty times. He was flown to Stanford Medical Center, where he underwent several surgeries.

After plaintiff was discharged from the hospital on August 2, 2005, and through December 15, 2005, plaintiff received inadequate follow-up medical care from doctors at SVSP for his injuries.

On December 16, 2005, plaintiff was transferred to the California Mens Colony ("CMC") in San Luis Obispo. In January 2006, he was found to be suffering from post-traumatic stress related to the SVSP stabbing incident. As a result, he was placed in a psychiatric program and prescribed medication. During the period of plaintiff's confinement

2

at CMC, which lasted until October 23, 2007, he received inadequate medical care for various injuries, some of which stemmed from the SVSP stabbing incident and others that were unrelated to that incident.

On October 23, 2007, plaintiff was transferred to the Correctional Training Facility ("CTF") at Soledad. While at CTF, he received inadequate medical care for spinal degeneration and for an eye injury stemming from the SVSP stabbing incident. Plaintiff was incarcerated at CTF when he filed the instant action on August 4, 2008.

## DISCUSSION

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Having reviewed the allegations in the complaint, the Court finds the following pleading deficiencies require that the complaint be dismissed with leave to amend.

A.  Misjoined Claims

Plaintiff asserts seven claims for relief against seventy-five defendants, from whom he seeks both injunctive relief and monetary damages. As set forth above, the allegations in the complaint cover a span of time from June 2004 through August 2008, during which period plaintiff was incarcerated at three different prisons. Specifically, plaintiff's claims fall into the following categories based on the alleged responsible defendants, the location where the alleged injuries occurred, and the dates when they occurred:

3

1    (1) <u>SVSP between June 2004 and December 16, 2005</u>: Claims against prison officials
2 at SVSP, supervisory officials at the California Department of Corrections and
3 Rehabilitation, and prosecutors at the Monterey County District Attorney's Office for
4 deliberate indifference to plaintiff's safety, the use of excessive force, deliberate indifference
5 to plaintiff's serious medical needs, retaliation, denial of access to the courts and malicious
6 prosecution.

7    (2) <u>CMC between December 16, 2005 and October 23, 2007</u>: Claims against prison
8 officials at CMC for deliberate indifference to plaintiff's serious medical needs

9    (3) <u>CTF between October 26, 2007 and August 4, 2008</u>: Claims against prison
10 officials at CTF for deliberate indifference to plaintiff's serious medical needs.

11    A plaintiff may properly join as many claims as he has against an opposing party.
12 Fed. R. Civ. P. 18(a). Nevertheless, while multiple claims against a single party may be
13 alleged in a single complaint, unrelated claims against different defendants must be alleged in
14 separate complaints. <u>See</u> <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under
15 Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against
16 twenty-four defendants). Further, parties may be joined as defendants only if "there is
17 asserted against them jointly, severally, or in the alternative, any right to relief in respect of
18 or arising out of the same transaction, occurrence, or series of transactions or occurrences and
19 if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ.
20 P. 20(a). As a practical matter, this means that claims involving different parties cannot be
21 joined together in one complaint if the facts giving rise to the claims were not factually
22 related in some way – that is, if there was not "similarity in the factual background."
23 <u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are not
24 sufficient to constitute similarity when the specifics are different. <u>Id.</u> The court, on its own
25 initiative, may dismiss misjoined parties from an action, and any claim against a misjoined
26 party may be severed and proceeded with separately. Fed. R. Civ. P. 21.

27    Here, the vast majority of the allegations in plaintiff's complaint concern his claims of
28 injury with respect to constitutional violations that allegedly occurred while he was

4

incarcerated at SVSP in 2004 and 2005. Additionally, as noted, plaintiff claims prison officials acted with deliberate indifference to his serious medical needs at CMC between December 16, 2005 and October 23, 2007, and at CTF between October 23, 2007 and August 2008. Based on the allegations in the complaint, the Court finds plaintiff has improperly joined the CMC and CTF defendants, and the claims against them, to his claims against the SVSP defendants. Specifically, while plaintiff asserts that prison officials at SVSP, CMC and CTF all violated his constitutional rights and, in particular, acted with deliberate indifference to his serious medical needs, the allegations against each group of defendants set forth distinct facts concerning alleged injuries that arose at separate prisons in different years. Thus, the claims that arose at SVSP in 2004 and 2005 did not arise out of the same transaction, occurrence, or series of transactions or occurrences as the claims asserted against the CMC and CTF defendants. Fed. R. Civ. P. 20(a). Accordingly, all of the CMC and CTF defendants, and the claims against them, will be dismissed from this action without prejudice to plaintiff's filing separate actions asserting those claims.[1]

B. <u>Claims Against SVSP Defendants</u>

When the allegations in the complaint concerning plaintiff's confinement at SVSP are liberally construed, plaintiff states the following seven cognizable claims for relief: deliberate indifference to plaintiff's safety, the use of excessive force, deliberate indifference to plaintiff's serious medical needs, retaliation, denial of access to the courts, and malicious prosecution. Plaintiff names sixty-nine defendants in connection with the noted claims.

Rule 8(a) of the Federal Rules of Civil Procedure requires that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to state the specific acts of the defendant that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). See Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). Additionally, Rule 8(e) requires that each averment of a

---

[1] Any claims against the CMC defendants for events that occurred at CMC must be filed in the United States District Court for the Central District of California, the proper venue for such claims. See 28 U.S.C. § 1391(b); 28 U.S.C. § 84.

5

pleading be "simple, concise, and direct." See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (quotation and citation omitted).

Under § 1983, liability may be imposed on an individual defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Similarly, a supervisor may be liable under § 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). Under no circumstances is there respondeat superior liability under § 1983. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, plaintiff's claims cannot proceed as pleaded because plaintiff has not directly linked all of the named defendants to his allegations. Specifically, each of plaintiff's claims is brought against numerous defendants, many of whom either are not mentioned in plaintiff's statement of facts, or are linked only in a conclusory manner to plaintiff's claims. Further, many of the defendants are supervisory officials, against whom liability is alleged solely in their respondent superior capacity. Additionally, while plaintiff does directly link some individual defendants to some of his claims, the allegations in the ninety-page complaint are so lengthy, repetitive and unnecessarily detailed that the Court cannot readily determine all of the injuries for which each defendant is allegedly liable.

In sum, even when plaintiff's claims are liberally construed, plaintiff has failed to provide adequate information for the Court to determine whether the allegations in the complaint state cognizable claims for relief with respect to each of the sixty-nine named defendants who were allegedly responsible for plaintiff's injuries at the time he was incarcerated at SVSP. Plaintiff also has failed to provide a simple, concise, narrative that sets

forth all of the injuries attributed to each individual defendant. Accordingly, plaintiff will be given leave to file an amended complaint in which he clearly links each defendant to the alleged injury, or injuries, for which that defendant is alleged to be responsible. While plaintiff must, in filing his amended complaint, provide sufficient information to give the defendants fair notice of the nature of the claims against them, plaintiff need not provide a lengthy narrative with respect to each defendant to satisfy the pleading requirements of Rule 8. Instead, plaintiff should provide a concise statement identifying each defendant and the specific action or actions the defendant took, or failed to take, that allegedly caused the deprivation of plaintiff's constitutional rights, as well as the injury resulting therefrom. Additionally, plaintiff should not name any defendant who is linked solely in his respondent superior capacity or against whom plaintiff cannot allege facts that would establish supervisorial liability.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. All misjoined CMC and CTF defendants, and the claims against them, are hereby DISMISSED from this action without prejudice to his refiling those claims in a separate action and in an appropriate venue.

2. Plaintiff's claims concerning the deprivation of his constitutional rights at such time as he was incarcerated at SVSP are hereby DISMISSED with leave to amend. Within **thirty (30) days** of the date this order is filed, plaintiff may file an AMENDED COMPLAINT, **using the court's form civil rights complaint**, in order to cure the deficiencies noted above. Plaintiff shall complete the form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 08-3729 MMC (PR), and the heading "AMENDED COMPLAINT."

An amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint. London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992). These rules govern

7

1 actions filed by pro se litigants as well as litigants represented by counsel.  See King v.
2 Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**If plaintiff fails to timely file an amended complaint in conformity with this order, the complaint will be dismissed without prejudice and the case will be closed.**

3. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

IT IS SO ORDERED.

DATED: April 6, 2009

_____
MAXINE M. CHESNEY
United States District Judge