IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE GEORGE HASH, | ) No. C 08-3729 MMC (PR) |
| Plaintiff, | ) **ORDER OF PARTIAL DISMISSAL AND SERVICE** |
| v. | ) |
| MATTHEW CATE, et al., | ) |
| Defendants. | ) |

On August 4, 2008, plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. Thereafter, the Court granted plaintiff leave to proceed in forma pauperis and dismissed the complaint with leave to amend. Now pending before the Court is plaintiff's first amended complaint ("FAC").

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claims

Based on the allegations in his 122-page FAC, plaintiff identifies, in the "Legal Claims" section of the FAC, approximately forty separate claims against eighty-four defendants concerning events that occurred when plaintiff was incarcerated at Salinas Valley State Prison ("SVSP") during 2004 and 2005. In particular, plaintiff claims he was assaulted and severely injured by other inmates, denied adequate medical care, subjected to the use of excessive force, retaliated against, denied access to the courts, classified and punished without due process, and maliciously prosecuted. He seeks monetary damages.

1.   Doe Defendants

Of the eighty-four defendants named in the FAC, many are identified simply as "Doe" defendants. The use of Doe defendants, however, is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Consequently, the Doe defendants will be dismissed without prejudice. Should plaintiff succeed in identifying the unknown defendants, he may move to amend to add them to his complaint. Id.

2.   Safety Claims

Plaintiff sets forth numerous claims in which he alleges prison officials at SVSP acted with deliberate indifference to his safety by not protecting him from assault by other inmates.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833. The failure of prison officials to protect inmates from attacks by other inmates violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. Id. at 834. Allegations in a pro se complaint that are sufficient to raise an inference that the named prison officials acted with deliberate

2

indifference – i.e., that they knew the plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it – state a "failure-to-protect" claim. Hearns v. Terhune, 413 F.3d 1036, 1041-42 (9th Cir. 2005).

The Court finds plaintiff's allegations of deliberate indifference to his safety, when liberally construed, state cognizable claims for relief against the following defendants: Lt. C. Blackstone, Officer Gant, Appeals Coordinator S. Gomez, G.D. Lewis, Lt. D.M. Mantel, Officer Fredrico Ramirez, Officer M. Rosa, Officer T. Stevens, Officer S. Thacker, S. Torres, D. Travers, Appeals Coordinator T. Variz, F. Winn, Capt. Gus Zavala.

Plaintiff's deliberate indifference to safety claims against all other defendants are not cognizable as a matter of law, and those claims will be dismissed without further leave to amend.

### 3. Medical Claims

Plaintiff sets forth numerous claims in which he alleges prison and medical officials at SVSP acted with deliberate indifference to his serious medical needs.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official acts with deliberate indifference if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer, 511 U.S. at 837.

The Court finds the allegations of deliberate indifference to plaintiff's serious medical needs, when liberally construed, state cognizable claims for relief against the following defendants: Appeals Examiner J.G. Arceo, Dr. Robert Bowman, Nurse Delps, Officer Gant, Chief of Inmate Appeals N. Grannis, Appeals Coordinator Carolina Kates, Sgt. R.A. Kessler, Nurse J. Krossa, Dr. Charles Lee, Dr. Pistone, Officer Fredrico Ramirez, Officer M. Rosa,

3

1  Officer T. Stevens, Officer S. Thacker, Lt. N. Walker, and Correctional Health Services
2  Administrator Kathleen Wall.

3  Plaintiff's claims against all other defendants for deliberate indifference to his serious
4  medical needs state, at most, claims for negligence, which are not cognizable under 42
5  U.S.C. § 1983 and, consequently, will be dismissed. See Toguchi v. Chung, 391 F.3d 1051,
6  1060-61 (9th Cir. 2004).

####    4.   Excessive Force

Plaintiff makes one claim alleging the use of excessive force against him. Whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). The Court finds plaintiff's allegations of excessive force, when liberally construed, state a cognizable claim for relief against defendant Officer Fredrico Ramirez.

####    5.   Retaliation

Plaintiff alleges numerous claims of retaliation. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

The Court finds plaintiff's allegations of retaliation, when liberally construed, state cognizable claims for relief against the following defendants: Officer Burke, Sgt. Kessler, Officer Mays, Officer D. Perez, and Sgt. L. Washington.

####    6.   Due Process Claims

Plaintiff claims his right to procedural due process was violated at various classification and disciplinary hearings.

#####        a.   Due Process at Classification Hearings

A classification hearing is held to determine a prisoner's appropriate housing

4

placement. When a prisoner is classified for administrative reasons, due process requires only that he be provided with notice of the pending classification decision and an opportunity to present his views to the classification committee. See Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir. 1994). Here, plaintiff's allegations show that he was provided with notice and the opportunity to be heard at each of his administrative classification hearings. Consequently, plaintiff's objections to the procedures at such hearings fail to state cognizable claims for relief and will be dismissed.

          b.      Disciplinary Hearings

Prison disciplinary proceedings are not part of a criminal prosecution and, consequently, the full panoply of rights due a defendant in such proceedings does not apply. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Nevertheless, where serious rules violations are alleged, the sanctions to be applied stem from state regulations that narrowly restrict the power of prison officials to impose such sanctions, and the sanctions are severe, the Due Process Clause requires certain minimum procedural protections. See id. at 556-57, 571-72 n.19. In particular, the placement of a prisoner in isolation or segregation or the assessment of good-time credits against him as a result of disciplinary proceedings implicates a prisoner's right to procedural due process under Wolff if (1) the ability of prison officials to impose such deprivations of liberty is narrowly restricted by state regulations, and (2) the liberty in question is one of "real substance." See Sandin v. Conner, 515 U.S. 472, 477-87 (1995).

The five procedural requirements established by Wolff are: (1) written notice of the charges; (2) a period of no less than twenty-four hours to prepare for the disciplinary hearing; (3) a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action; (4) a limited right to call witnesses and present documentary evidence at the disciplinary hearing; and (5) a limited right to receive assistance from a fellow inmate or correctional staff. See Wolff, 418 U.S. at 564-70.

Here, the Court need not reach the threshold question whether the sanctions applied to plaintiff as the result of disciplinary proceedings against him implicate his constitutional right

5

to procedural due process because, assuming such right is implicated, plaintiff's allegations demonstrate plaintiff was provided with all of the procedures to which he was constitutionally entitled. Specifically, with respect to each disciplinary hearing, plaintiff does not allege facts that show he was denied any of the five procedural requirements identified in Wolff. Rather, his complaint concerns the division of labor between his two assigned staff assistants, without pointing to any inadequacy in the assistance they provided, and a claim that the evidence presented against him was insufficient. Such allegations, however, do not state constitutionally cognizable claims for relief.

In sum, the Court finds plaintiff has not stated cognizable due process claims and such claims will be dismissed.

7.   Access to Courts Claims

Plaintiff claims he was denied access to the courts when he was deprived of his legal property. Prisoners have a constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 350 (1996). To establish a claim for any violation of the right of access to the courts, a prisoner must prove there was an inadequacy in the prison's legal access program that caused him an actual injury. Id. at 350-55. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. Id. at 354-55. The right of access to the courts is limited to the initiation of a court action; the state is not required to enable the prisoner to discover grievances or to litigate effectively once in court Id. at 354.

Here, plaintiff's allegations, when liberally construed, state a cognizable claim for denial of access to the courts against defendants Officer Watson and Officer Smith for allegedly depriving plaintiff of his legal property for sixteen days, thereby preventing him from filing a timely challenge to his criminal conviction. Plaintiff's claim of denial of access to the courts against defendants Capt. G. Biaggini and Sgt. J. Ippolito for depriving him of his legal property for ten days does not state a cognizable claim for relief and will be dismissed, as no actual injury with respect to plaintiff's ability to litigate a court action is

alleged.

### 8. Malicious Prosecution Claim

Plaintiff alleges he was subjected to malicious prosecution when prosecutors with the Monterey County District Attorney's Office charged plaintiff with assaulting and inflicting great bodily injury upon another inmate, but then dropped the charges on the day of trial. Further, plaintiff alleges that a correctional officer used excessive force against plaintiff during the incident and that such officer as well as the prison officials who investigated such officer's use of force are guilty of malicious prosecution for failing to determine the evidence would not be sufficient to convict plaintiff and prevent his prosecution.

Plaintiff's claims for damages against the prosecutors cannot go forward as those defendants have absolute immunity from liability for their conduct as advocates during the initiation of a criminal case.  See Buckley v. Fitzsimmons, 509 U.S. 259, 272-73 (1993). Further, plaintiff's allegations against the correctional officer and prison officials who allegedly failed to prevent plaintiff's prosecution fail to state a cognizable claim for relief, because plaintiff has not alleged facts that show such defendants were in any way responsible for determining whether the evidence was sufficient to criminally charge plaintiff, or that the prosecutors were pressured or otherwise caused by such defendants to file such charges.  See Newman v. County of Orange, 457 F.3d 991, 993 (9th Cir. 2006) (holding investigating officers are immune from liability for malicious prosecution where evidence shows prosecutor exercised independent judgment in deciding to file criminal charges).  Notably, according to plaintiff's allegations, such defendants conducted or participated in an investigation as to whether, during the course of the assault alleged to have been committed by plaintiff on the other inmate, the correctional officer had used excessive force against plaintiff.`  The criminal charges brought by the prosecutor against plaintiff, however, were for the assault on the inmate, not for any conduct constituting plaintiff's interaction with prison staff.  Accordingly, plaintiff's malicious prosecution claims will be dismissed.

## C. Preliminary Injunction

In addition to the claims discussed above, plaintiff, who now is incarcerated at CSP-

7

Solano, has moved for a preliminary injunction requiring prison officials at CSP-Solano to retain him on single-cell status. No CSP-Solano prison official is a defendant to the instant action, however, and, the Court has no jurisdiction over any individual who is not a party to the action. Additionally, CSP-Solano is located in the venue of the United States District Court for the Eastern District of California. 28 U.S.C. § 84(b). Thus, to the extent plaintiff seeks relief with respect to events arising at CSP-Solano and defendants located there, he must file a separate action in the Eastern District. See 28 U.S.C. § 1391(b). Accordingly, plaintiff's motion for a preliminary injunction will be denied, without prejudice to plaintiff's presenting such request for injunctive relief in an action filed in the Eastern District.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Plaintiff's motion for a preliminary injunction is hereby DENIED.

2. All named and Doe defendants other than those listed below are hereby DISMISSED without prejudice as defendants to this action.

3. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the FAC (Docket No. 12) in this matter and all attachments thereto (Docket No. 13), and a copy of this order upon the following defendants: (1) at Salinas Valley State Prison: Appeals Examiner J.G. Arceo, Lt. C. Blackstone, Dr. Robert Bowman, Officer Burke, Nurse Delps, Officer Gant, Appeals Coordinator S. Gomez, Appeals Coordinator Carolina Kates, Sgt. R.A. Kessler, Nurse J. Krossa, Dr. Charles Lee, G.D. Lewis, Lt. D.M. Mantel, Officer Mays, Officer D. Perez, Dr. Pistone, Officer Fredrico Ramirez, Officer M. Rosa, Officer Smith, Officer T. Stevens, Officer S. Thacker, S. Torres, D. Travers, Appeals Coordinator T. Variz, Lt. N. Walker, and Correctional Health Services Administrator Kathleen Wall, Sgt. L. Washington, Officer Watson, F. Winn, and Capt. Gus Zavala; (2) at the California Department of Corrections and Rehabilitation in Sacramento: Chief of Inmate Appeals N. Grannis.

The Clerk shall also mail a courtesy copy of the FAC and this order to the California Attorney General's Office.

8

4. Within **ninety (90)** days of the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim found to be cognizable above.

   a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants shall so inform the Court prior to the date the summary judgment motion is due.**

5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30)** days from the date defendants' motion is filed.

   a. In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

   > The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

   b. In the event defendants file a motion for summary judgment, the Ninth

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

9

Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendants shall file a reply brief no later than **fifteen (15)** days after plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is

required before the parties may conduct discovery.

10.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11.  Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff's allegations, when liberally construed, state cognizable claims for relief against the defendants listed below.  All other defendants are hereby DISMISSED without prejudice as defendants to this action.

IT IS SO ORDERED.

DATED: November 5, 2009

_____
MAXINE M. CHESNEY
United States District Judge