**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE GEORGE HASH,<br><br>    Plaintiff,<br><br>  v.<br><br>CHARLES LEE, et al.,<br><br>    Defendants.<br>_____ | No. C 08-3729 MMC (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR CONTINUANCE TO COMPLETE DISCOVERY AND FILE DISPOSITIVE MOTIONS; DENYING PLAINTIFF'S REQUEST TO TAPE RECORD DEPOSITION; DENYING DEFENDANTS' MOTION TO STAY PLAINTIFF'S DISCOVERY; GRANTING IN PART AND DENYING IN PART PLAINTIFF'S PETITION TO SERVE REMAINING DEFENDANTS; DIRECTING PLAINTIFF TO EFFECTUATE SERVICE UPON OR PROVIDE COURT WITH LOCATION INFORMATION FOR UNSERVED DEFENDANTS; DIRECTIONS TO CLERK**<br><br>**(Docket Nos. 50, 51, 55, and 56 )** |

On August 4, 2008, plaintiff, a California prisoner then incarcerated at the Correctional Training Facility at Soledad and proceeding pro se, filed the above-titled civil rights action.[1]  Thereafter, the Court granted plaintiff leave to proceed in forma pauperis and dismissed the complaint with leave to amend.  Plaintiff filed a first amended complaint ("FAC") on June 29, 2009.  The Court found the complaint stated cognizable claims against 31 defendants for: (1) deliberate indifference to plaintiff's safety, in violation of the Eighth Amendment; (2) deliberate indifference to plaintiff's serious medical needs, in violation of

---

[1] Plaintiff currently is incarcerated at the California State Prison ("CSP"), at Solano.

the Eighth Amendment; (3) excessive force, in violation of the Eighth Amendment; (4) retaliation, in violation of the First Amendment; and (5) denial of plaintiff's access to courts, in violation of the Fourteenth Amendment. According to the FAC, the events giving rise to these claims occurred when plaintiff was incarcerated at Salinas Valley State Prison ("SVSP") during 2004 and 2005.

Now before the Court are four separate motions concerning discovery and service issues.

A.   Defendants' Motion For Continuance To Complete Plaintiff's Deposition And File Dispositive Motions

On July 14, 2010, defendants moved to compel plaintiff's deposition on the grounds that plaintiff refused to testify at his June 29, 2010 deposition, which had been properly noticed. In response, plaintiff stated he was unaware of his obligation to give deposition testimony absent a court order and that, having subsequently become aware of his obligation, he would proceed with the deposition. Accordingly, the Court granted defendants' motion to compel, and the deposition was re-noticed for September 20, 2010. Although plaintiff appeared and gave testimony on that date, defense counsel has submitted a declaration in which he reports that he was only able to question plaintiff for two hours due to circumstances beyond counsel's control. (Grigg Decl. at ¶¶ 5, 7, Sept. 22, 2010 .) In particular, as set forth in said declaration, the commencement of the deposition was delayed while prison officials located plaintiff's security clearance, and the parties were forced to vacate the deposition room early in order that it could be used for another inmate's parole hearing. (Id.) Defendants now request an additional nine hours of deposition time, which they argue is warranted by the factual complexity of the case. (Mot. for Cont. at 4-5.)[2] Defendants further represent that such additional questioning will form the basis for their dispositive motion and for that reason request an extension of the October 4, 2010 dispositive

---

[2] While a deposition typically is limited to "1 day of 7 hours," a federal district court "must allow additional time . . . if needed to fairly examine the deponent." Fed. R. Civ. Proc. 30(d) (emphasis added).

2

1 motion filing deadline.  (Mot. for Cont. at 5.)

2 Plaintiff's response, while couched in the form of an "opposition," essentially 3 concedes the need for additional deposition time, albeit with certain conditions imposed. 4 (See Pl.'s Opp. to Defs.' Proposed Order Denying Pl.'s Dep. Objections at 2 ("Plaintiff 5 hereby stipulates to more time to allow [defense counsel] to conduct a deposition with the 6 following conditions: no more than seven (7) hours a day with a thirty (30) minute lunch 7 break and, finishing no later than 4:45 p.m. each day to permit [p]laintiff to return to his 8 housing unit for count and dinner").)[3]

9 Good cause appearing, defendants' motion for an extension of time to complete 10 plaintiff's deposition and file dispositive motions will be granted, in accordance with the 11 instructions set forth in the this order's Conclusion.

12 B.   Plaintiff's Request To Tape Record Deposition

13 Plaintiff requests an order directing CSP to provide him with a tape recorder to record 14 any further depositions.  Plaintiff states he "has no other means to insure the record is 15 correctly transcribed."  (Pl.'s Pet. to Tape Record Dep. at 3.)  As defendants point out, 16 however, plaintiff has the right to review and correct any transcript inaccuracies, pursuant to 17 Fed. R. Civ. Proc. 30(e).[4]  Given such safeguards, plaintiff fails to show a need for the relief

---

[3] Plaintiff states CSP "conducts a count at 5:00 p.m. each day."  (Id.)

[4] Rule 30(e) provides:

> **(1) *Review; Statement of Changes.*** On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
>   **(A)** to review the transcript or recording; and
>   **(B)** if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.
>
> **(2) *Changes Indicated in the Officer's Certificate.*** The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

Fed. R. Civ. P. 30(3).

1  requested, and accordingly, plaintiff's request for a tape recorder will be denied.

2  Nothing in this order, however, prevents any party from arranging for audio or audiovisual

3  recording, or for stenographic recording and transcription, of deposition testimony with a

4  certified service at that party's expense. See Fed. R. Civ. P. 30(b)(3)(A).[5]

C.     Defendants' Motion For Protective Order

Citing Crawford-El v. Britton, 523 U.S. 574 (1998), defendants move to stay plaintiff's discovery pending the Court's ruling on their forthcoming motion for summary judgment, which, defendants represent, will assert their entitlement to qualified immunity. (Defs.' Mot. for Protec. Order at 4.)   Defendants argue such discovery will be unnecessary and burdensome.[6]

In Crawford-El, the Supreme Court held that where a plaintiff files a § 1983 complaint that "requires proof of unlawful motive," the district court, may, "prior to permitting any discovery at all," either (1) require the plaintiff to plead sufficient facts to "establish improper motive causing cognizable injury" or (2) if qualified immunity is raised as a defense, "assum[e] the truth of the plaintiff's allegations" and "resolve that threshold question."  See id. at 597-98.

Although a district court "must exercise its discretion in a way that protects the substance of the qualified immunity defense," id., the Supreme Court has recognized that the immunity question may require "complicated analysis of legal issues," id.  Consequently, a district court, in lieu of resolving that question prior to discovery, may choose the former

---

[5] As a further qualification, plaintiff objects to the presence of correctional officers at the depositions; in response, defendants point out the need for security. The parties are in apparent agreement, however, that such officers may be stationed in a room adjacent to that in which the deposition is conducted and from which the proceedings can be viewed but not heard, which procedure was used at plaintiff's initial deposition. (See Pl.'s Standing Objections at 2; Def.'s Opp. to Standing Objections at 3:24-27.)  Under such circumstances, the Court deems the matter moot and does not address it further herein.

[6] The order sought by the motion is unilateral in its effect. In other words, as discussed herein, defendants seek to conduct discovery during the period for which they seek to preclude plaintiff from doing so.

4

alternative, which "places no burden on the defendant-official." See id.; see also Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1560 (11th Cir. 1985) (holding district court has "broad discretion" in deciding whether to stay discovery pending decision on dispositive motion).

Here, the Court, by its prior orders, has required plaintiff to plead sufficient facts to support his claims (see Order of Dismissal with Leave to Amend, Apr. 6, 2009; Order of Partial Dismissal and Service, Nov. 5. 2009), and, by doing so, has, in effect, elected the first of the above-referenced two alternatives. Moreover, the second alternative appears inapplicable in this instance, as there is no indication that defendants, for purposes of their anticipated motion, intend to rely solely on the face of plaintiff's amended complaint. (See Def.'s Mot. for More Time, Sept. 22, 2010); Crawford-El (holding, if court chooses second of two alternatives, court makes determination of qualified immunity "assuming the truth of the plaintiff's allegations"). Finally, as set forth below, the Court has considered whether the relief defendants request nonetheless is warranted, and has determined the request should be denied.

First, there is little likelihood that defendants, even if they chose to move based solely on the allegations of the amended complaint, and assuming the truth of said allegations, see id., could demonstrate that reasonable officers would have believed the conduct so alleged was lawful, in that such alleged conduct includes defendants' arranging for plaintiff to be housed with inmates known to be violent, the resultant stabbing of plaintiff and his receiving numerous stab wounds, defendants' denial of plaintiff's requests for necessary medical care for his serious medical needs, and defendants' unprovoked and gratuitous use of excessive force against plaintiff in retaliation for plaintiff's refusal to be celled with dangerous inmates. See Pearson v. Callahan, 129 S. Ct. 808, 815-16, 823 (2009) (holding court considering qualified immunity must determine whether (1) plaintiff has alleged deprivation of constitutional right, and (2) whether right was clearly established such that it would be clear to reasonable officer that his or her conduct was unlawful given situation he or she confronted); Farmer v. Brennan, 511 U.S. 825, 833 (1994) (establishing prisoner's right to be

free from violence by other prisoners); see also Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997) (recognizing prisoner's claim of retaliation for exercise of First Amendment rights); Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (holding, where prisoner alleges excessive force, question is whether force was applied in good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm); Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (recognizing claim for deliberate disregard of prisoner's serious medical needs).[7]

Moreover, by his amended complaint, plaintiff seeks not only damages but also injunctive relief and a declaratory judgment. (FAC at 122.) Qualified immunity does not apply to such claims. See Walker v. Gomez, 370 F.3d 969, 978 (9th Cir. 2004) (holding qualified immunity "does not mean that [defendants] cannot be enjoined from future violations . . . . [n]or, of course, does qualified immunity preclude declaratory relief"). Consequently, even if defendants were to prevail on their claim of qualified immunity, such defense would not dispose of the entire case. See Panola, 762 F.2d at 1560 (holding error to preclude all discovery where all claims clearly will not be resolved by dispositive motion).

Lastly, defendants argue, without further elaboration, that responding to plaintiff's discovery would be unduly burdensome and time-consuming for the reason that plaintiff has failed to exhaust his administrative remedies "for the majority" of his claims. (Defs.' Mot. for Prot. Order at 4-5.) Given the lack of specificity as to the claims so affected, however, such argument likewise is unavailing.

In short, defendants have failed to show they are entitled to an order precluding plaintiff from conducting discovery pending resolution of defendants' dispositive motion.

D. Plaintiff's Motion For Service Of Remaining Defendants

Plaintiff moves the Court for an order compelling the United States Marshal to serve summons and a copy of the Court's November 5, 2009 Order of Service on the following

---

[7] Although defendants' assert there is "undisputable evidence" contradicting plaintiff's allegations, defendants in no manner endeavor to identify the nature of any such evidence. (See Def.'s Mot. for Protec. Order at 4:25-26.)

6

defendants at SVSP: Lt. C. Blackstone, Lt. D.M. Mantel, Officer Frederico Ramirez, Officer M. Rosa, Officer T. Stevens, Officer S. Thacker, Officer D. Travers, Appeals Coordinator T. Variz, Captain Gus Zavala, Officer Smith, Officer Watson, Officer T. Mays, and Officer D. Perez. A review of the docket in this case reflects three separate groups of service issues.

### 1. Defendants T. Stevens, Smith, and Watson

On December 8, 2009, the summonses for defendants Officer T. Stevens and Officer Smith were returned unexecuted with the remark that SVSP needed more information, such as a first name. (Docket Nos. 16 and 17.) On December 29, 2009, the summons for defendant Officer Watson was returned unexecuted for the same reason. (Docket No. 33.) Accordingly, these three defendants have not been served.

Plaintiff's complaint has been pending for over 120 days, and, consequently, absent a showing of "good cause," is subject to dismissal without prejudice as to the unserved defendants, for lack of timely service. See Fed. R. Civ. P. 4(m). Although, in cases involving a plaintiff proceeding in forma pauperis, the "officers of the court shall issue and serve all process," 28 U.S.C. § 1915(d), and although the court must appoint the United Sates Marshal to effect service, see Fed. R. Civ. P. 4(c)(3); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), overruled on other grounds by Sandin v. Conner, 515 U.S. 472, 483-84 (1995), "a plaintiff may not remain silent and do nothing to effectuate such service," see Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). Rather, "a plaintiff should . . . attempt to remedy any apparent defects of which [he] has knowledge." Id. Where, as here, the Marshal is unable to effectuate service because the plaintiff has not provided sufficient information to locate the defendant, such plaintiff must remedy the situation or face dismissal of the unserved defendant. See Walker, 14 F.3d at 1421-22 (9th Cir. 1994). Consequently, plaintiff must either effectuate service on defendants T. Stevens, Smith, and Watson or provide the Court with their current locations such that the Marshal is able to effectuate service. Plaintiff's failure to do so will result in dismissal of the claims against these three defendants pursuant to Rule 4(m).

//

#### 2. Defendant D. Perez

According to the docket in this action, summons has not been issued as to defendant Officer D. Perez. (Docket No. 15.) There is no indication such omission was by reason of any fault on the part of plaintiff. Accordingly, plaintiff's motion to serve D. Perez will be granted in accordance with the instructions set forth in this order's Conclusion.

#### 3. Defendants C. Blackstone, D.M. Mantel, Frederico Ramirez, M. Rosa, S. Thacker, D. Travers, T. Variz, Gus Zavala, and T. Mays

The summonses sent on November 10, 2009 to defendants C. Blackstone, D.M. Mantel, Frederico Ramirez, M. Rosa, S. Thacker, D. Travers, T. Variz, Gus Zavala, and T. Mays have not been returned as either executed or unexecuted. The Court will make one last attempt to have each of these defendants served at SVSP, in accordance with the instructions set forth in this order's Conclusion. In the event such final attempt to accomplish service on said defendants is ineffective, plaintiff will be notified and must remedy any deficiencies as to service issues or face dismissal of his claims against said defendants under Rule 4(m).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Defendants' motion for an extension of time to complete plaintiff's deposition is hereby GRANTED. Total additional deposition time is not to exceed nine hours, absent leave of Court. Plaintiff may be deposed for no more than seven hours a day, with each day finishing no later than 4:45 p.m. Each day of deposition shall include a lunch break of at least 30 minutes.

The deposition is STAYED, however, to give any unserved defendants who can be successfully located and served necessary time to appear in this action and participate in said deposition.[8] The Court will issue a scheduling order for the completion of plaintiff's

---

[8] The Court finds it in the interests of justice to afford the unserved defendants an opportunity to participate in plaintiff's deposition, as the served and unserved defendants are not necessarily similarly situated. For example, one unserved defendant, Frederico Ramirez, has a claim alleged against him for excessive force, which claim has not been brought against any of the defendants who have appeared to date. Accordingly, there is at least a question as to whether the served defendants will adequately represent at the deposition the interests of

8

deposition when all service issues have been resolved.

2. Defendants' motion for an extension of time to file dispositive motions is hereby GRANTED. The Court will issue a briefing schedule for dispositive motions when all service issues have been resolved.

3. Plaintiff's motion for an order directing CSP to provide a tape recorder for additional depositions is hereby DENIED.

4. Defendants' motion to stay plaintiff's discovery is hereby DENIED.[9]

5. Plaintiff is hereby ORDERED to either file, no later than August 12, 2011, proof of service on defendants T. Stevens, Smith, and Watson, or, by said date, file a declaration setting forth for said defendants the current addresses at which the Marshal will be able to serve them. Plaintiff's failure to do so as to any such defendant will result in the dismissal without prejudice of plaintiff's claims against such defendant pursuant to Rule 4(m).

6. The Clerk of the Court shall issue summons and the United States Marshal shall, without prepayment of fees, serve said summons, along with a copy of the FAC (Docket No. 12) in this matter and all attachments thereto (Docket No. 13), a copy of the Court's November 5, 2009 Order of Service, and a copy of this order, upon defendant D. Perez at Salinas Valley State Prison.

7. The Clerk of the Court shall reissue summons and the United States Marshal shall, without prepayment of fees, serve said summons, along with a copy of the FAC (Docket No. 12) and all attachments thereto (Docket No. 13), a copy of the Court's November 5, 2009 Order of Service, and a copy of this order, upon defendants C. Blackstone, D.M. Mantel, Frederico Ramirez, M. Rosa, S. Thacker, D. Travers, T. Variz, Gus Zavala, and T. Mays at Salinas Valley State Prison.

---

all of the unserved defendants. Participation by all defendants is likely to save the parties and CSP the time and expense of arranging for subsequent depositions.

[9]Nothing in this order, however, is intended to preclude defendants from making appropriate objection to any one or more of plaintiff's discovery requests, in accordance with the Federal Rules of Civil Procedure and/or applicable statutory and case authority.

9

8.  With respect to defendant William Delps, who has appeared in this action as William Delfs, the Clerk is directed to correct the spelling of said defendant's name on the docket to substitute the name "Delfs" for "Delps".

9.  Because defendant Matthew Cate was dismissed from the action on November 5, 2009, the caption of the action shall be changed from <u>Lawrence George Hash v. Matthew Cate, et al.</u> to <u>Lawrence George Hash v. Charles Lee, et al.</u>  The Clerk is directed to change the caption on the Court's docket forthwith, and the new caption shall be used in all future filings.

10.  The Clerk is directed to mail a courtesy copy of this order to the California Attorney General's Office.

This order terminates Docket Nos. 50, 51, 55, and 56.

IT IS SO ORDERED.

DATED: July 8, 2011

_____
MAXINE M. CHESNEY
United States District Judge