IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE GEORGE HASH, | No. C 08-3729 MMC (PR) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS UNSERVED DEFENDANTS; DIRECTING CLERK TO RE-ISSUE SUMMONS; REQUESTING SVSP LITIGATION COORDINATOR TO PROVIDE LOCATION INFORMATION FOR UNSERVED DEFENDANT** |
| v. | |
| CHARLES LEE, et al., | |
| Defendants. | |
| _____ | **(Docket No. 64)** |

On August 4, 2008, plaintiff, a California prisoner then incarcerated at the Correctional Training Facility at Soledad and proceeding pro se, filed the above-titled civil rights action.[1] Thereafter, the Court granted plaintiff leave to proceed in forma pauperis and dismissed the complaint with leave to amend. Plaintiff filed a first amended complaint ("FAC") on June 29, 2009. The Court found the complaint stated cognizable claims against thirty-one defendants for: (1) deliberate indifference to plaintiff's safety, in violation of the Eighth Amendment; (2) deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment; (3) excessive force, in violation of the Eighth Amendment; (4) retaliation, in violation of the First Amendment; and (5) denial of plaintiff's access to courts, in violation of the Fourteenth Amendment. According to the FAC, the

---

[1] Plaintiff currently is incarcerated at the California State Prison ("CSP"), at Solano.

events giving rise to these claims occurred when plaintiff was incarcerated at Salinas Valley State Prison ("SVSP") during 2004 and 2005.

On July 8, 2011, the Court issued an order noting that thirteen defendants remained unserved, and further noting therein that summonses for three of those defendants – T. Stevens, Officer Smith, and Officer Watson – had been returned unexecuted for lack of sufficient information. Accordingly, the Court ordered plaintiff to either effectuate service on said three defendants or provide the Court with their current locations such that the Marshal is able to effectuate service. With regard to the other ten unserved defendants, the Court noted that no summonses had been returned, either executed or unexecuted, and with respect to unserved defendant D. Perez, that no summons had ever been issued. Accordingly, the Court directed the Clerk to issue or re-issue summons as to those ten defendants.

Now before the Court is a motion to dismiss the unserved defendants, filed by the eighteen defendants who have been successfully served and who have appeared herein. As discussed below, the motion will be granted in part and denied in part.

1.  Defendants T. Stevens, Officer Smith, and Officer Watson

In its Order of July 8, 2011, the Court ordered plaintiff to file, no later than August 12, 2011, either proof of service on unserved defendants T. Stevens, Officer Smith, and Officer Watson or a declaration setting forth the current addresses for each of those defendants. Plaintiff was advised that his failure to do so would result in the dismissal of his claims against those defendants without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Although plaintiff has provided a badge number for T. Stevens, he has not provided current addresses for any of said three defendants, nor has he provided any other information beyond that already contained in the FAC.

In response to a recent inquiry made by Court staff, the SVSP Litigation Coordinator advises that (1) the person plaintiff identifies as T. Stevens has transferred to the California Correctional Institution in Tehachapi, California, and (2) the persons plaintiff identifies as Officer Smith and Officer Watson could not be located without a first name. Accordingly, the Court will order the Clerk to re-issue summons as to defendant T. Stevens as set forth in

2

the Conclusion of this Order, and defendants Officer Smith and Officer Watson will be dismissed without prejudice pursuant to Rule 4(m).

2. <u>Defendant D. Perez</u>

On July 11, 2011, summons was issued for D. Perez at SVSP. On August 4, 2011, the summons was returned unexecuted with the notation that SVSP had multiple employees with that name. The SVSP Litigation Coordinator advises that the person plaintiff identifies as D. Perez may be Daniel Perez, who has transferred to Calipatria State Prison. Accordingly, the Court will order the Clerk to serve defendant Daniel Perez as set forth in the Conclusion of this Order.

3. <u>Defendant D. Travers</u>

On July 11, 2011, summons was re-issued for D. Travers at SVSP. On August 4, 2011, the summons was returned unexecuted with the notation D. Travers had retired. Good cause appearing, and in the interest of expediting the progress of the instant action, the Court will request the SVSP Litigation Coordinator to provide the Court, under seal, with the most recent address on file for defendant D. Travers. Upon receipt of such information, the Court will order the Marshal to serve defendant D. Travers.

4. <u>Defendants C. Blackstone, D.M. Mantel, M. Rosa, S. Thacker, T. Variz, Gus Zavala, and T. Mays</u>

On July 11, 2011, summonses were re-issued for C. Blackstone, D.M. Mantel, M. Rosa, M. Rosa, S. Thacker, T. Variz, Gus Zavala, and T. Mays. On September 1, 2011, the summonses were returned executed as to D.M. Mantel, S. Thacker, T. Variz, and T. Mays. On September 9, 2011, the summons was returned executed as to M. Rosa. Accordingly, those five defendants have been successfully served.

The summonses for C. Blackstone and Gus Zavala once again have not been returned as either executed or unexecuted. The SVSP Litigation Coordinator advises that (1) the person plaintiff identifies as C. Blackstone has transferred to Kern Valley State Prison, and (2) the person plaintiff identifies as Gus Zavala has transferred to the California State Prison in Lancaster, California. Accordingly, the Court will order the Clerk to re-issue summons as

3

to defendants C. Blackstone and Gus Zavala as set forth in the Conclusion of this Order.

     5.    Frederico Ramirez

On July 11, 2011, summons was re-issued for Frederico Ramirez at SVSP. Once again the summons was not returned as either executed or unexecuted. The SVSP Litigation Coordinator advises that no person with the name Frederico Ramirez was employed at SVSP in 2004 and 2005, the time of the events giving rise to plaintiff's claims. Consequently, it appears that any further attempts to serve this defendant would be futile, and defendant Frederico Ramirez will be dismissed without prejudice pursuant to Rule 4(m).

     6.    Defendants' Motion to Dismiss

Defendants request dismissal of all thirteen of the defendants discussed herein on the ground that, absent a showing of good cause, Rule 4(m) requires dismissal where a plaintiff fails to effectuate service within 120 days of the filing of a complaint. As noted, however, plaintiff's efforts to serve have been hampered to a certain extent in that summons was never issued as to D. Perez and several summonses were never returned. Moreover, under the current rule, the district court had discretion to grant an extension even in the absence of good cause. See Henderson v. United States, 517 U.S. 654, 662 (1996).

Here, for the reasons set forth above, defendants' motion to dismiss will be granted as to three of the thirteen defendants who remained unserved at the time of the filing of said motion, and in all other respects will be denied

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Defendants' motion to dismiss the unserved defendants is hereby GRANTED as to defendants Officer Smith, Officer Watson, and Frederico Ramirez, and said three defendants are hereby DISMISSED without prejudice pursuant to Rule 4(m).

2. Defendants' motion to dismiss the unserved defendants is hereby DENIED as to defendants T. Stevens, D. Perez, D. Travers, C. Blackstone, D.M. Mantel, M. Rosa, S. Thacker, T. Variz, Gus Zavala, and T. Mays.

3. The Clerk shall re-issue summons and the United States Marshal shall, without

4

prepayment of fees, serve said summons, along with a copy of the FAC (Docket No. 12) and all attachments thereto (Docket No. 13), a copy of the Court's November 5, 2009 Order of Service, and a copy of this Order, upon the following defendants as set forth below:

(1) T. Stevens, California Correctional Institution, 24900 Highway 202, Tehachapi, CA 93561 or P.O. Box 1031, Tehachapi, CA 93581.

(2) Daniel Perez, Calipatria State Prison, 7018 Blair Rd., P.O. Box 5001, Calipatria, CA 92233.

(3) C. Blackstone, Kern Valley State Prison, 3000 West Cecil Ave., P.O. Box 3130, Delano, CA 93216.

(4) Gus Zavala, California State Prison, Los Angeles County, 44750 60th Street West, Lancaster, CA 93536.

4. The Clerk shall forward a copy of this order to the SVSP Litigation Coordinator, 31625 Highway 101, P.O. Box 1020, Soledad, CA 93960, and the SVSP Litigation Coordinator is hereby REQUESTED to provide to the Court, under seal, and within **thirty (30)** days of the date this order is filed, the most recent address on file for defendant D. Travers.

5. The Clerk shall terminate Officer Smith, Officer Watson, and Frederico Ramirez as defendants on the court docket.

This order terminates Docket No. 64.

IT IS SO ORDERED.

DATED: September 15, 2011

_____
MAXINE M. CHESNEY
United States District Judge

5