IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE GEORGE HASH, ) | No. C 08-3729 MMC (PR) |
| ) | |
| Plaintiff, ) | **ORDER DISMISSING UNSERVED** |
| ) | **DEFENDANTS; SCHEDULING** |
| v. ) | **ORDER; DIRECTIONS TO CLERK** |
| ) | |
| CHARLES LEE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

On August 4, 2008, plaintiff, a California prisoner then incarcerated at the Correctional Training Facility at Soledad and proceeding pro se, filed the above-titled civil rights action.[1] Thereafter, the Court granted plaintiff leave to proceed in forma pauperis and dismissed the complaint with leave to amend. Plaintiff filed a first amended complaint ("FAC") on June 29, 2009. The Court found the complaint stated cognizable claims against thirty-one defendants for: (1) deliberate indifference to plaintiff's safety, in violation of the Eighth Amendment; (2) deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment; (3) excessive force, in violation of the Eighth Amendment; (4) retaliation, in violation of the First Amendment; and (5) denial of plaintiff's access to courts, in violation of the Fourteenth Amendment. According to the FAC, the events giving rise to these claims occurred when plaintiff was incarcerated at Salinas Valley State Prison ("SVSP") during 2004 and 2005.

---

[1] Plaintiff currently is incarcerated at the California State Prison ("CSP"), at Solano.

In an order filed July 8, 2011, the Court noted that thirteen defendants remained unserved, and further noted that summonses for three of those defendants, T. Stevens, Officer Smith, and Officer Watson, had been returned unexecuted for lack of sufficient information. Accordingly, the Court ordered plaintiff to either effectuate service on said three defendants or provide the Court with their current locations such that the Marshal is able to effectuate service. With regard to the other ten unserved defendants, the Court noted that no summonses had been returned, either executed or unexecuted, and with respect to unserved defendant D. Perez, that no summons had ever been issued. Accordingly, the Court directed the Clerk to issue or re-issue summons as to those ten defendants.

By that same order, the Court granted defendants' motion for a continuance to complete plaintiff's deposition and file dispositive motions. The Court stated that, once all service issues had been resolved, it would issue: (1) a scheduling order for the completion of plaintiff's deposition, and (2) a briefing schedule for dispositive motions.

On September 15, 2011, the Court dismissed unserved defendants Officer Smith, Officer Watson, and Frederico Ramirez without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, as two attempts to serve said defendants had been unsuccessful and plaintiff was unable to provide current addresses for said defendants.

Of the remaining ten unserved defendants, eight have been successfully served, and two, Gus Zavala and D. Travers, remain unserved. Two attempts to serve defendants Zavala and Travers have been unsuccessful, and plaintiff has been unable to provide a current address for said defendants. Accordingly, said defendants will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Defendants Zavala and Travers are hereby DISMISSED from this action without prejudice under Rule 4(m). The Clerk shall terminate Gus Zavala and D. Travers as defendants on the court docket.

2. To the extent defendants have not completed plaintiff's deposition, defendants

2

must do so with **120 days** of this order.

3. Within **30 days** of the date plaintiff's deposition is completed, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims found to be cognizable in the Court's Order of Service filed November 5, 2009. **If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, defendants shall so inform the Court prior to the date the motion for summary judgment or other dispositive motion is due.**

4. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.

5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **30 days** from the date defendants' motion is filed. In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is

3

cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendants shall file a reply brief no later than **15 days** after plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the plaintiff with the Court must be served on defendants' counsel, by mailing a true copy of the document to defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

IT IS SO ORDERED.

DATED: January 10, 2012

_____
MAXINE M. CHESNEY
United States District Judge