UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE GEORGE HASH,<br><br>　　　　　Plaintiff(s),<br><br>　　v.<br><br>MATTHEW CATE,<br><br>　　　　　Defendant(s).<br>_____/ | No. C 08-03729 MMC (DMR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL AND DENYING PLAINTIFF'S CROSS-MOTION TO COMPEL** |

Defendants in this civil rights case move pursuant to Federal Rule of Civil Procedure 37 and Civil Local Rule 37-1 (1) to compel *pro se* Plaintiff Lawrence G. Hash to appear for deposition for up to an additional 15 hours, (2) to compel him to testify during deposition, irrespective of whether correctional officers are present, and (3) to admonish him that further refusal to participate in his deposition without solid legal justification may result in sanctions. Plaintiff cross-moves to compel Defendants to provide him with all previous transcripts of his deposition testimony and the transcripts of "inmate Bengar" and "inmate Sidley's" deposition testimony. For the following reasons, the court grants Defendants' motion and denies Plaintiff's cross-motion.

**I. Background**

Plaintiff, currently incarcerated in Solano State Prison, filed this civil rights action on August 4, 2008 against numerous defendants whom he claims repeatedly violated his civil rights at Salinas Valley State Prison. [Docket No. 1.] He filed an amended complaint, which lists 84 defendants, on June 29, 2009. [Docket No. 12.] On November 5, 2009, the court dismissed several defendants without prejudice and allowed the case to proceed against 31 individuals ("Defendants"). [Docket No. 14.] The court subsequently dismissed without prejudice five other defendants. [Docket Nos. 71, 82.]

Plaintiff's deposition has been the subject of previous discovery disputes. Despite the District Court's November 5, 2009 order, which held that "[n]o further court order under Federal Rule of Civil Procedure 30(a)(2) . . . is required before the parties may conduct discovery," [Docket No. 14 at 10-11], Plaintiff invoked Rule 30(a)(2) to resist deposition. In response, defense counsel filed a motion to compel him to submit to a deposition, [Docket No. 46], which the court granted, [Docket No. 48]. The commencement of the next deposition was delayed while prison officials located Plaintiff's security clearance, and the parties were forced to vacate the deposition room early so that it could be used for another inmate's parole hearing. (Grigg Decl. ¶¶ 5, 7, Sept. 22, 2010.) Moreover, during that attempted deposition, Plaintiff allegedly refused to testify and raised numerous objections. (Grigg Decl. ¶ 6.) By the time these multiple issues were resolved, defense counsel had only two hours in which to depose him. (Grigg Decl. ¶ 7.) Plaintiff refused to continue the deposition at a later date, citing the general rule that depositions should span a single day. (Defs.' Mot. Compel 2.) Defense counsel thereafter filed another motion to compel, [Docket No. 50], which the District Court granted, [Docket No. 59]. The next deposition session took place with correctional officers present in an adjoining room so that the officers could watch, but not hear, Plaintiff's testimony per an agreement between the parties. Defense counsel avers that during that session, Plaintiff raised unfounded, often already-resolved objections to the proceedings that allowed defense counsel to glean only limited testimony from Plaintiff. During the following session, Plaintiff refused to testify with any of the correctional officers in the room. (Grigg Decl. ¶ 2, Aug. 20, 2012.)

In response to this impasse, defense counsel filed the present motion to compel, asking the court to compel Plaintiff (1) to appear for deposition for up to an additional 15 hours, given Plaintiff's record of delaying the proceedings and the large number of defendants and claims, and (2) to testify irrespective of whether correctional officers are present. (Grigg Decl. ¶ 6, Aug. 20, 2012.) Defense counsel also asks the court to admonish Plaintiff that further refusal to participate in his deposition without solid legal justification may result in sanctions. Plaintiff has cross-moved to compel Defendants to provide him with all previous transcripts of his deposition testimony and the

2

transcripts of "inmate Bengar" and "inmate Sidley's" deposition testimony. (Pl.'s Opp'n 13-15.) The Honorable Maxine M. Chesney referred this motion to the undersigned. [Docket No. 97.]

## II. Defendants' Motion to Compel

### A. Defendants' Arguments

Defense counsel maintains that he requires up to 15 additional hours to complete Plaintiff's deposition. The complexity of Plaintiff's claims, which are brought against 31 defendants, and allege "a variety of purported instances of deliberate indifference, excessive force and retaliation," effectively make the case "dozens of cases in one." (Defs.' Mot. Compel 4 (citing Grigg Decl. ¶ 4).) Moreover, defense counsel asserts that Plaintiff's penchant for "asserting lengthy baseless objections about everything from the length of breaks taken during the deposition to court reporter's qualifications" necessitate this extra time. (Defs.' Mot. Compel 4.)

Defense counsel also asserts that legitimate safety concerns warrant the presence of correctional officers in the room during the deposition. He notes that Plaintiff has been convicted of murder, and is of sizeable physical stature, with a history of prison violence and "an anger problem." (Grigg Decl. ¶¶ 3-4, Aug. 20, 2012.) Although during the prior deposition session defense counsel agreed to proceed with correctional officers present in an adjoining viewing room, he asserts that he is "not inclined to again endanger his safety," and that the court reporter has stated that there is "no way" that she wants to proceed without correctional officers present. (Defs.' Mot. Compel 3 (citing Grigg Decl.).)

### B. Plaintiff's Arguments

Plaintiff opposes the request for additional deposition time and further contends that defense counsel waived Defendants' remaining time to depose Plaintiff when defense counsel refused, without notice, to proceed with the deposition without correctional officers in the room. (Pl.'s Opp'n 10-12.) Plaintiff likewise takes issue with defense counsel's allegation that Plaintiff "used up a portion of [defense counsel's] deposition time with . . . extensive objections" as not supported by evidence. (Pl.'s Opp'n 12.)

Plaintiff also contends that he legitimately objects to "having correctional officers sit in on, and listen to his deposition, which involve[s] adverse claims against various other correctional

3

officers." (Pl.'s Opp'n 3.) He asserts that various correctional officers at his current prison have harassed and taunted him in retaliation for bringing suit against other correctional officers. For example, Plaintiff asserts that shortly after the April 20, 2012 deposition proceeding, two correctional officers made demeaning and threatening remarks to him regarding his suit. (Hash Decl. ¶ 2, Oct. 17, 2012.) According to Plaintiff, later that day, two correctional referred to him as "that inmate that likes to sue [correctional officers]" and took him to program office, "where they had [him] strip naked to examine the inside of [his] mouth, arm pits [sic], genitals, buttocks, and [his] feet, shoes and clothing. The two officers harassed [him] about suing [correctional officers] and made demeaning and threatening remarks . . . ." (Hash Decl. ¶ 4.) Plaintiff fears that if correctional officers "are allowed to actually listen in on his deposition regarding his allegations against their fellow correctional officers, there is a strong likelihood that [he] will suffer additional retaliation." (Pl.'s Opp'n 9 (quotation marks omitted); *accord* Hash Decl. ¶ 6.) Further, he disputes defense counsel's characterization of him as a violent prisoner and notes that defense counsel previously agreed to depose him in a manner which allowed correctional officers to view the deposition through a neighboring room with a large viewing window. (Pl.'s Opp'n 3, 6, 9.) In this manner, the officers maintained security and safety measures, but could not listen in on his allegations against other correctional officers. According to Plaintiff this procedure "worked flawlessly." (Pl.'s Opp'n 3.)

Plaintiff also contends that Federal Rule of Civil Procedure 26(c)(1)(E) and California Code of Regulations Title 15, Section 3178(m) provide grounds for proceeding with the deposition without the correctional officers' presence. (Pl.'s Opp'n 7.) The former states, in relevant part, that:

> (1) In General. A party . . . from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . (E) designating the persons who may be present while the discovery is conducted.

Fed. R. Civ. P. 26(c)(1). The latter mandates that "[c]onversations between an inmate and an attorney and/or attorney representative shall not be listened to or monitored, except for that visual observation by staff which is necessary for the safety and security of the institution/facility." Cal. Code Regs. tit. 15, § 31378(m).

### III. Applicable Law and Discussion

**A. Defendants' Request for Extra Time to Depose Plaintiff**

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party may move the court to compel the deposition of a party who improperly fails to testify at deposition. Fed. R. Civ. P. 37(a); *see Hart v. PAE Gov't Servs., Inc.*, No. 10-1672, 2011 WL 2580389, at *1 (E.D. Cal. June 28, 2011). In circumstances when the time allotted for deposition does not permit the deponent to be "fairly examine[d]," the court "must allow additional time" for the deposition. Fed. R. Civ. P. 30(d)(1). This mandate applies to situations where the complexity of the case necessitates additional time, as well as when the deponent or other circumstances have "impede[d] or delay[ed] the examination." *Id.*

The record demonstrates that deposing Plaintiff has proven difficult. Defense counsel repeatedly has had to turn to the court for assistance in completing the deposition. [*See, e.g.*, Docket Nos. 46, 48, 50, 59.] In addition, Plaintiff has objected and improperly refused to respond to defense counsel's questions. Rule 30(c)(2) of the Federal Rules of Civil Procedure, however, makes clear that an objection during a deposition "must be noted on the record, *but the examination still proceeds; the testimony is taken subject to any objection*." Fed. R. Civ. P. 30(c)(2) (emphasis added). A deponent may refuse to answer a question "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." *Id.*; *accord Craig v. St. Anthony's Med. Ctr.*, 384 F. App'x 531, 532-33 (8th Cir. 2010) ("The advisory committee's comments explain that argumentative objections, suggestive objections, and directions to a deponent not to answer often disrupt, unduly prolong, and unfairly frustrate deposition testimony."). Plaintiff has not abided by these requirements. In addition, Plaintiff has brought a complex case, encompassing 31 defendants and myriad legal claims. (*See generally* Am. Compl.) The standard amount of time allotted for a deposition is not adequate to meet Defendants' needs. Plaintiff's improper delays of the deposition process and the complexity of the case have not permitted defense counsel to "fairly examine" Plaintiff and warrant granting additional time to finish Plaintiff's deposition. *See E.E.O.C. v. Lowe's HIW, Inc.*, Nos. 08-331; 08-5053, 2009 WL 811495,

at *2 (W.D. Wash. Mar. 27, 2009). The court therefore grants Defendants 15 additional hours to depose Plaintiff, exclusive of breaks.

### B. Defendants' Request to Have Correctional Officers Present During the Deposition

A party to a deposition may obtain a protective order from the court which "designat[es] the persons who may be present" during the deposition upon showing "good cause" that the party requires protection from "annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Courts often employ a balancing test to determine whether good cause exists to issue the protective order. *See See Eisai Inc. v. Sanofi-Aventis U.S., LLC*, No. 08-4168, 2012 WL 1299701, at *6 (D.N.J. Apr. 16, 2012); *Crable v. State Farm Mut. Auto. Ins. Co.*, No. 10-CV-402, 2012 WL 602752, at *2 (M.D. Fla. Feb. 24, 2012).

The court understands Plaintiff's concern that providing deposition testimony about allegedly illegal acts by Salinas Valley State Prison correctional officers within hearing range of correctional officers from his current prison may subject him to harassment. However, the court also recognizes that defense counsel and the court reporter have reasonable safety concerns, (*see* Grigg Decl. ¶ 5), about proceeding with the deposition of a violent convicted murderer of imposing stature without a security presence in the room. Moreover, any feared retaliation that Plaintiff believes he may face will be tempered by the fact that his lawsuit does not implicate correctional officers or other individuals from his current prison. The court finds that, on balance, Plaintiff has not shown good cause for entry of a protective order excluding correctional officers from his deposition.[1] However, defense counsel is ordered to inform the correctional officers who are present during the deposition that the court orders the following: The correctional officers may not discuss the contents of the deposition with others.

### IV. Plaintiff's Cross-Motion to Compel

According to Plaintiff, Defendants promised to provide him with a copy of his September 20, 2010 deposition transcript within 30 days of the deposition. However, despite several attempts to

---

[1] Plaintiff's contention that Title 15, Section 3178(m) of the California Code of Regulations obliges prison officials to visually observe his deposition outside of hearing distance is baseless. This subsection concerns only "conversations" between a prisoner and his attorney or attorney representative. Defense counsel is not Plaintiff's attorney, and a deposition is not a conversation.

United States District Court
For the Northern District of California

1  have Defendants fulfill this promise, Plaintiff still has not received the full transcript for review, in
2  violation of Federal Rule of Civil Procedure 30(e). (Pl.'s Opp'n 3, 14-15; Pl.'s Supplemental Br. 3.)
3  In addition, Plaintiff notes that, although Defendants have deposed an inmate Begar and an inmate
4  Sidley due to their involvement in this action, Defendants have refused to produce copies of those
5  deposition transcripts as well. (Defs.' Opp'n 3.) On November 16, 2012, in response to an order for
6  supplemental briefing, [Docket No. 114], Defendants informed the court that they had provided
7  Plaintiff with copies of the deposition transcripts. [Docket No. 116.] The court therefore denies
8  Plaintiff's cross-motion as moot.

## V. Conclusion

For the reasons above, the court grants Defendants' motion to compel and denies Plaintiff's cross-motion to compel as moot. Defendants shall have a total of 15 remaining hours of deposition time from the date of this order. Plaintiff may not refuse to participate in his deposition if defense counsel or the court reporter requests that correctional officers be placed in the room for their safety. Defense counsel is ordered to inform the correctional officers who are present during the deposition that the court orders the following: The correctional officers may not discuss the contents of the deposition with others.

Although Plaintiff may make objections to defense counsel's inquiries for the record, he nevertheless must proceed to the questions to the best of his ability. The court warns Plaintiff that failure to participate in his deposition without sound legal cause may lead to sanctions, including adverse factual inferences, the striking of the Amended Complaint, or even dismissal of the case. *See* Fed. R. Civ. P. 37(b)(2)(A).

IT IS SO ORDERED.

Dated: December 4, 2012

DONNA M. RYU
United States Magistrate Judge