UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE GEORGE HASH,<br><br>    Plaintiff(s),<br><br>v.<br><br>MATTHEW CATE,<br><br>    Defendant(s).<br>_____/ | No. C 08-03729 MMC (DMR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL RESPONSES TO WRITTEN DISCOVERY** |

Defendants in this civil rights case move pursuant to Federal Rule of Civil Procedure 37 and Civil Local Rule 37-1 to compel *pro se* Plaintiff Lawrence G. Hash (1) to provide responses to interrogatories and requests for production and admissions by Defendants S. Gomez, G. D. Lewis, D. Perez, S. Torres, N. Walker, L. Washington, and F. Winn and (2) to provide full and complete further responses to interrogatories and requests for production and admissions by Defendants J. G. Arceo, C. Blackstone, Dr. Robert Bowman, J. Burke, Delfs, Gant, N. Grannis, R. A. Kessler, J. Krossa, Charles D. Lee, D. M. Mantel, Dr. Pistone, M. Rosa, T. Stevens, S. Thacker, T. Variz, and Kathleen Wallman. For the following reasons, the court grants in part and denies in part Defendants' motion.

**I. Background**

Plaintiff, currently incarcerated in Solano State Prison, filed this civil rights action on August 4, 2008 against numerous defendants, whom he claims repeatedly violated his civil rights at Salinas

1  Valley State Prison. [Docket No. 1.] He filed an amended complaint, which lists 84 defendants, on
2  June 29, 2009. [Docket No. 12.] On November 5, 2009, the court dismissed several defendants
3  without prejudice and allowed the case to proceed against 31 individuals. [Docket No. 14.] The
4  court subsequently dismissed without prejudice five other defendants. [Docket Nos. 71, 82.]

In March 2012, Defendants propounded interrogatories and requests for production and admissions upon Plaintiff. (Grigg Decl. ¶ 2, Aug. 20, 2012.) Plaintiff served partial responses to the discovery of Defendants Arceo, Blackstone, Bowman, Burke, Delfs, Gantt, Grannis, Kessler, Krossa, Lee, Mantel, Pistone, Rosa, Stevens, Thacker, Variz, and Wallman late the next month. (Grigg Decl. ¶ 3.) According to Defendants, he failed to respond to the discovery served by Defendants Gomez, Lewis, Perez, Torres, Walker, Washington, and Winn. (Grigg Decl. ¶ 5.) In mid-July 2012, Defendants sent Plaintiff a detailed letter regarding the deficiencies in his discovery responses. (Grigg Decl. ¶ 6.) Defendants subsequently filed the present motion to compel. [Docket No. 93.]

## II. The Parties' Arguments

### A. Defendants' Contentions

Defendants assert that Plaintiff's discovery responses are "evasive and incomplete" in that they "provid[e] baseless boilerpate objections and no substantive response," "referenc[e] other evasive, irrelevant discovery responses," "referenc[e Plaintiff's] First Amended Complaint (which itself contains no response)," and "offer[] conclusory opinions rather than the facts, admissions or documents sought." (Mot. Compel 3; *accord* Mot. Compel 4-6.) Defendants contend that, with respect to other discovery requests, Plaintiff failed to respond whatsoever. (Mot. Compel 5-6.) Defendants therefore ask the court to compel Plaintiff to provide legally appropriate responses to their requests for admissions or else have the matters therein deemed admitted, and to properly respond to their interrogatories and requests for production with specific, responsive, substantive answers. (Mot. Compel 4, 9.)

### B. Plaintiff's Contentions

Plaintiff responds that he has never attempted to frustrate the discovery process. He contends that he did not have sufficient time to respond to the deficiencies in his discovery

1 responses that Defendants highlighted in their mid-July 2012 letter because he "suffered serious
2 post-surgery medical complications and was rehoused in a unit where he had absolutely no access to
3 any of his records relevant to this case." (Pl.'s Opp'n 5.) Plaintiff avers that, due to this
4 predicament, he drafted a proposed stipulation, which he sent to Defendants, requesting an extra 30
5 days to respond to Defendants' letter, but Defendants never responded. (Pl.'s Opp'n 5, Ex. 2; Hash
6 Decl. ¶¶ 3-4, Oct. 17, 2012.) Plaintiff also insists that he served his responses to Defendants Gomez,
7 Lewis, Perez, Torres, Walker, Washington, and Winn's discovery on April 24, 2012. (Pl.'s Opp'n
8 11 (citing Pl.'s Opp'n Exs. 3, 4).) He also asserts that he has no further documents to provide in
9 response to Defendants' requests for production apart from those appended to his amended
10 complaint. (Pl.'s Opp'n 52.) Plaintiff includes several amended discovery responses in his
11 opposition brief. (Pl.'s Opp'n 12-51.)

### III. Applicable Law

When served with interrogatories or requests for production, the responding party must serve its answers and any objections within 30 days. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). "Each interrogatory must, to the extent it is not objected to, be answered *separately and fully* in writing under oath." Fed. R. Civ. P. 33(b)(3) (emphasis added).

> [A]n answer to an interrogatory must be responsive to the question. It should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers.

*Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Ind. 2000) (citations and quotation marks omitted). "'Incorporation by reference is not a responsive answer.'" *Id.* (quoting *Cont'l Ill. Nat. Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 686 (D. Kan. 1991)). The responding party must state any objections "with specificity." Fed. R. Civ. P. 33(b)(4).

When responding to requests for production, a party must produce all relevant documents within his "possession, custody or control." *McBryar v. Int'l Union of United Auto. Aerospace & Agr. Implement Workers of Am.*, 160 F.R.D. 691, 695 (S.D. Ind.1993) (quotation marks omitted). A party has control or custody of a document when he "has the legal right to obtain the document, even though in fact he has no copy." *Id.* (citing *Scott v. Arex, Inc.*, 124 F.R.D. 39 (D.Conn. 1989); *In re*

*Folding Carton Antitrust Litig.*, 76 F.R.D. 420 (D.C. Ill. 1977)). Answers to requests for production "must be complete, explicit and responsive. If a party cannot furnish details, he should say so under oath, say why and set forth the efforts he used to obtain the information. He cannot plead ignorance to information that is from sources within his control." *Milner v. Nat'l Sch. of Health Tech.*, 73 F.R.D. 628, 632 (D.C. Pa. 1977). The requesting party "is entitled to individualized, complete responses to each of the requests . . . , accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." *Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D. Cal. 2006).

Once served with requests for admission, a party has 30 days to respond with "a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). If the party does not admit a matter, "the answer must *specifically deny* it or *state in detail* why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). Failure to respond to requests of admission in a proper or timely manner will result in the matter's being deemed admitted. Fed. R. Civ. P. 36(a)(3) (emphasis added); *accord Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981) ("[F]ailure to answer or object to a proper request for admission is itself an admission: the Rule itself so states."). Similarly, the court "may, under proper circumstances and in its discretion, order admitted matters which an answering party has failed to admit or deny, where the information known or readily obtainable after reasonable inquiry was sufficient to enable the answering party to admit or deny." *Asea, Inc.*, 669 F.2d at 1245.

## IV. Discussion

After examining Plaintiff's discovery responses provided by Defendants, (*see* Grigg Decl. Ex. 1), and Plaintiff, (*see* Pl.'s Opp'n 12-51,[1] Exs. 3-4), the court makes the following findings:

Plaintiff's answers to the following interrogatories do not comply with the standards set forth in Rule 33 of the Federal Rules of Civil Procedure because they are not internally complete, provide no response, reference other documents, reference other interrogatory answers which reference other

---

[1] Although Defendants maintain that the revised discovery responses which Plaintiff included in his opposition brief, (*see* Pl.'s Opp'n 12-51), are defective, (Defs.' Reply 5-6), for the sake of expediency, the court will consider them in its analysis.

documents, and/or present illegitimate objections: Arceo's Interrogatories 1-3, 7-10, 14, 17-22; Blackstone's Special Interrogatories 7, 11-19, 22; Bowman's Special Interrogatories 1-8, 11-17, 19-22, 24, 25; Burke's Special Interrogatories 1-4, 6-19; Delfs's Special Interrogatories 8, 9, 11, 13-25; Gnatt's Special Interrogatories 11-13, 15-20, 22; Gomez's Interrogatories 1, 3-9, 12, 13, 16-21, 24; Grannis's Special Interrogatories 1, 5-9, 11-14, 17, 18, 20-23; Kessler's Interrogatories 1-3, 8-10, 12, 14, 15, 18-22, 25; Krossa's Special Interrogatories 1, 2, 4-11, 13-15, 19-22, 25; Lee's Special Interrogatories 5, 8, 10; Lewis's Interrogatories 1, 3-11, 13, 14, 17-22, 25; Mantel's Special Interrogatories 6, 7, 12-19, 22, 23; Perez's Interrogatories 1-11, 13-19, 21-24; Pistone's Special Interrogatories 6, 10, 12, 13, 15; Rosa's Special Interrogatories 6, 10-19, 21, 24, 25; Stevens's Special Interrogatories 2-4, 6-25; Thacker's Special Interrogatories 5, 7-19, 21-25; Torres's Interrogatories 1-9, 13, 14, 17-20, 25; Variz's Interrogatories 8, 12, 15-17, 20-21; Walker's Interrogatories 1-3, 5-8, 10, 11, 16-20; Wallman's Special Interrogatories 5-8, 12-17, 19-25; Washington's Interrogatories 1-18, 21-24; and Winn's Interrogatories 1-4, 6-14, 17-19, 22-25. The court therefore orders Plaintiff to provide Defendants with amended answers to these interrogatories. Plaintiff must produce full, complete answers for each interrogatory. He may not refer to other discovery responses or external documents in his responses. For example, Plaintiff may not refer to his complaint, because statements in a complaint are just allegations; interrogatory responses, however, must contain facts, and the party responding must verify that those facts are true and correct to the best of his knowledge. If Plaintiff raises any objections to an interrogatory, he must have a sound legal basis for the objection and must state the objection with specificity.

Plaintiff's responses to the following requests for production do not fulfill his discovery obligations because they do not provide individualized, complete responses for each request and/or contain improper objections. For example, Plaintiff often cites to information contained within his amended complaint, rather than producing the responsive documents. As noted above, citing to the complaint does not satisfy Plaintiff's discovery obligations, because the complaint contains only allegations, while documents produced during discovery are meant to provide verified factual information for use at trial or in motion work. In other responses, he invoked his then inability to access documents as the reason for not producing the documents, although it appears that the

inaccessible documents remain under his legal control. Blackstone's Requests for Production 4-7, 11-20, 24; Bowman's Requests for Production 1-8, 10-17, 19-22, 24-27, 29; Delfs's Requests for Production 1-10, 12-26; Gnatt's Requests for Production 3-10, 12-17, 19; Gomez's Requests for Production 1-7, 9-19 (20-21?), 22-24; Grannis's Requests for Production 3, 5-10, 12, 18, 19; Kessler's Requests for Production 3, 5-7, 10, 13, 21, 23; Krossa's Requests for Production 1-11, 13-17, 19-22, 24-28; Lewis's Requests for Production 1-13, 15-20, 23, 24; Mantel's Requests for Production 1, 3-8, 13-20, 23, 24; Perez's Requests for Production 1-9, 11-17, 19-22; Pistone's Requests for Production 3-7, 10-12-14-21; Rosa's Requests for Production 7, 11-14; Stevens's Requests for Production 1, 3-5, 7-22; Thacker's Requests for Production 3, 4, 8-13, 19; Torres's Requests for Production 1-13, 15-24; Variz's Requests for Production 3, 5-19, 22; Walker's Requests for Production 1-12, 15-21, 23, 24; Wallman's Requests for Production 1-8, 12-17, 19-27; Washington's Requests for Production 1-16, 19-22; and Winn's Requests for Production 1-13, 15-17, 19-24. The court therefore orders Plaintiff to provide Defendants with amended responses to these requests. The amended responses for each request must be complete and fully responsive. If Plaintiff cannot produce the requested information or documents, he must state under oath the reasons he cannot produce them and detail the efforts that he undertook to obtain the information sought. If he has no further responsive documents to a particular request, he should so indicate in his response as well.

      Plaintiff's responses to the following requests for admission are deficient because they fail to specifically admit or deny their respective requests and/or proffer illegitimate objections: Blackstone's Requests for Admission 1, 16; Burke's Requests for Admission 1, 7; Delfs's Requests for Admission (3?), 10; Gantt's Requests for Admission 1-3, 5, 6, 12; Grannis's Requests for Admission 1, 7, 15; Lee's Requests for Admission 1; Lewis's Requests for Admission 11; Mantel's Requests for Admission 1, 7, 16; Perez's Requests for Admission 1, 3-5, 8, 9, 13; Pistone's Requests for Admission 1, 8, 10; Rosa's Requests for Admission 1-7; Stevens's Requests for Admission 1, 2, 4, 5, 7, 8, 11-15; Thacker's Requests for Admission 1-6, 12; Torres's Requests for Admission 11, 17, 18; Variz's Requests for Admission 8; Walker's Requests for Admission 1, 14; and Winn's Requests for Admission 11. The court therefore orders Plaintiff to provide Defendants with

amended answers to the admission requests. Plaintiff must specifically admit or deny each request for admission. If he cannot do so, he must state in detail why he cannot. If any portion of a request for admission is true, Plaintiff must admit that portion before denying the remainder. Plaintiff must fairly respond to the substance of the request and may not avoid responding based on technicalities. Failure to provide proper responses may result in the matter's being deemed admitted. Fed. R. Civ. Proc 36(a)(6).

The remainder of Plaintiff's discovery responses contained within Defendant's motion and Plaintiff's opposition comport with the law.

## V. Conclusion

For the reasons provided above, the court grants in part and denies in part Defendants' motion to compel. The court orders Plaintiff to serve on Defendants amended responses to the above discovery requests, conforming to case law and the Rules of Civil Procedure, by no later than December 28, 2012. Failure by Plaintiff to provide proper responses may result in sanctions, including adverse factual inferences, the striking of the Amended Complaint, or even dismissal of the case. *See* Fed. R. Civ. P. 37(b)(2)(A).

IT IS SO ORDERED.

Dated: December 5, 2012



_____
DONNA M. RYU
United States Magistrate Judge

7