IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE GEORGE HASH, | No. C 08-3729 MMC (PR) |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; SCHEDULING MOTION FOR SUMMARY JUDGMENT** |
| CHARLES LEE, et al., | |
| Defendants. | |
| | **(Docket No. 135)** |

On August 4, 2008, plaintiff, a prisoner then incarcerated at the California Correctional Training Facility, Soledad, and proceeding pro se, filed the above-titled civil rights action.[1] His original complaint was a 299-page document naming seventy-eight individual defendants. The Court granted plaintiff leave to proceed in forma pauperis and dismissed the complaint with leave to amend.

On June 29, 2009, plaintiff filed his First Amended Complaint ("FAC"). The Court thereafter found the FAC stated cognizable claims against thirty-one defendants for one or more of the following: (1) deliberate indifference to plaintiff's safety, in violation of the Eighth Amendment; (2) deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment; (3) excessive force, in violation of the Eighth

---

[1] Plaintiff currently is incarcerated in California State Prison, Solano.

Amendment; (4) retaliation, in violation of the First Amendment; and (5) denial of plaintiff's access to courts, in violation of the Fourteenth Amendment. According to the FAC, the events giving rise to these claims occurred when plaintiff was incarcerated at Salinas Valley State Prison during the years 2004 and 2005.

As of July 8, 2011, plaintiff still had not effectuated service on thirteen of the thirty-one defendants. Subsequently, eight of those thirteen defendants were served, and five were dismissed by separate orders filed, respectively, on September 15, 2011 and January 10, 2012. The only claims pertaining to the twenty-six remaining defendants are First Amendment retaliation claims and Eighth Amendment deliberate indifference claims.

Now before the Court is plaintiff's motion, filed July 3, 2013, for leave to file a second amended complaint, For the reasons discussed below, the motion will be denied.

**DISCUSSION**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course within 21 days after serving it or, if the pleading is one to which a responsive pleading is required, within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(b). Here, because plaintiff has already amended the complaint once, plaintiff requires leave of court to file a second amended complaint.

Rule 15(a) instructs that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Leave need not be granted," however, "where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989). A district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously filed an amended complaint. Wagh v. Metris Direct, Inc., 363 F.3d 821, 830 (9th Cir. 2003), overruled on other grounds, Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir. 2007).

Here, applying the applicable standard, the Court first finds the proposed amendment

2

would create undue delay. As noted above, this matter has been pending since August 4, 2008, a period of five years. Further, the deadline for filing dispositive motions has been extended seven times prior to the filing of the instant motion, the vast majority of such extensions being attributable to plaintiff's failure to cooperate in discovery.[2] Most recently, the deadline for defendants' dispositive motion was set for July 2, 2013, and the Court ordered an eighth extension, for purposes of addressing the instant motion. Moreover, by way of the instant motion, plaintiff seeks to name thirty-six additional defendants based on events allegedly occurring in 2004 and 2005, i.e., eight to nine years ago. Plaintiff provides no justification for his failure to seek such leave earlier, and nothing in the record suggests any such justification exists. Under such circumstances, the Court finds the proposed amendment would result in additional and unjustified delay. See Parker v. Joe Lujan Enters., Inc., 848 F.2d 118, 121 (9th Cir. 1988) (finding undue delay where motion to amend to add new theory of liability filed two and one-half years after accident giving rise to initial claims and proposed amendment).

Next, the Court finds an order granting leave to permit such amended pleading would result in prejudice to the opposing party. Defendants report they had just completed plaintiff's deposition and were finalizing their dispositive motion when plaintiff filed the instant motion for leave to amend. (See Doc. No. 134 at 4; Doc. No. 137 at 6.) It took defendants more than six attempts to complete plaintiff's deposition. (See Doc. No. 132-1 at 1.) If the requested leave were granted, defendants would be required to respond to a new set of claims, likely entailing considerable additional discovery, and all after completing plaintiff's deposition and preparing a dispositive motion. See IXYS Corp. V. Advanced

---

[2] See Doc. No. 46 (describing plaintiff's refusal to testify at deposition); Doc. No. 50 (describing plaintiff's continued obstruction of deposition process); Doc. No. 86 (describing plaintiff's refusal to testify at deposition); Doc. No. 105 (describing plaintiff's continued efforts to evade discovery obligations); Doc. No. 129 (describing plaintiff's continued efforts to thwart deposition process); Doc. No. 132 (describing plaintiff's continuing refusal to answer questions at deposition); see also Doc. No. 119 (Order Granting Defendants' Motion to Compel and Denying Plaintiff's Cross-Motion to Compel, filed Dec. 4, 2012, by Magistrate Judge Donna M. Ryu) at 5 (noting "[p]laintiff's improper delays of the deposition process").

3

Power Tech., Inc., 2004 WL 135861, at 3. (N.D. Cal. 2004) ("[T]he need for a party to conduct supplemental discovery or to consider a new line of legal argument are classic sources of prejudice that have regularly proven sufficient to defeat a motion for leave to amend.")

Finally, by the proposed amendment, plaintiff seeks to bring claims that already have been found not cognizable, and to assert such claims against defendants who have already been dismissed from the action. Consequently, the Court finds the proposed amendment would be futile. See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient.")

In sum, it is time for this case to move forward.

## CONCLUSION

For the reasons stated above, plaintiff's motion for leave to file a second amended complaint is hereby DENIED.

The deadline for defendants to file a motion for summary judgment or other dispositive motion is hereby EXTENDED to **September 20, 2013**. Plaintiff shall file any opposition to defendants' motion within **twenty-eight (28)** days of the date the motion is filed. Defendants shall file a reply within **fourteen (14)** days of the date the opposition is filed. Given the length of time the case has been pending, no further extensions will be granted.

This order terminates Docket No. 135.

IT IS SO ORDERED.

DATED: August 19, 2013

MAXINE M. CHESNEY
United States District Judge