IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE GEORGE HASH,  )<br>　　　　Plaintiff,　　　　　)<br>　　v.　　　　　　　　　　　)<br>CHARLES LEE, et al.,　　　)<br>　　　　Defendants.　　　　)<br>_____) | No. C 08-3729 MMC (PR)<br><br>**ORDER GRANTING PLAINTIFF'S THIRD REQUEST FOR EXTENSION OF TIME**<br><br>**(Docket No. 161)** |

　　　　On August 4, 2008, plaintiff, a California prisoner then incarcerated at the Correctional Training Facility at Soledad and proceeding pro se, filed the above-titled civil rights action.[1] On June 29, 2009, plaintiff filed a first amended complaint ("FAC"), which the Court found stated cognizable claims against thirty-one defendants based on events alleged to have occurred at Salinas Valley State Prison ("SVSP") during 2004 and 2005.

　　　　As of July 8, 2011, plaintiff had not effectuated service on thirteen of the thirty-one defendants. Eight of those defendants were later served, five of whom were dismissed by orders filed September 15, 2011 and January 10, 2012. The only claims pertaining to the twenty-six remaining defendants are First Amendment retaliation claims and Eighth Amendment deliberate indifference claims.

　　　　On September 23, 2013, defendants filed a motion for summary judgment. Plaintiff's opposition was due on or before October 21, 2013. On October 29, 2013, at plaintiff's

---

[1] Plaintiff currently is incarcerated at San Quentin State Prison.

request, the Court granted plaintiff an extension of time, to December 9, 2013, to file his opposition. On December 16, 2013, at plaintiff's request, the Court granted plaintiff a second extension of time, to February 5, 2014, to file his opposition; in said order, the Court advised plaintiff that, given the length of time the case had been pending, no further extensions would be granted.

On February 6, 2014, plaintiff filed his third request for an extension of time to file his opposition, in this instance based on his recent placement in administrative segregation and resultant inability during that time to receive legal papers for a period of approximately two weeks; plaintiff requests an additional twenty days, until February 25, 2014, to file his opposition. Defendants oppose any further extensions, stating, plaintiff was placed in administrative segregation due to his own misconduct, and pointing out, inter alia, that plaintiff has already been given more than five months to prepare his opposition and has not shown he acted diligently throughout that time.

The Court agrees that plaintiff has not shown good cause for a third extension of time. The Court notes, however, based on a recent review of the docket, that shortly after plaintiff filed his third motion for an extension of time, he was transferred to San Quentin State Prison, which transfer ordinarily would constitute good cause for a limited extension.

Accordingly, the Court hereby GRANTS plaintiff an extension of **twenty (20)** days from the date of this order. Plaintiff must file his opposition on or before **March 24, 2014**. Defendants shall file a reply within **fourteen (14)** days of the date the opposition is filed.[2]

This order terminates Docket No. 161.

IT IS SO ORDERED.

DATED: March 4, 2014

MAXINE M. CHESNEY
United States District Judge

---

[2] In light of their counsel's need to prepare for and attend an upcoming trial of a complex civil case, defendants anticipate they will have difficulty responding in timely fashion should plaintiff's request be granted. Once plaintiff's opposition has been filed, if defendants require an extension to file their reply, they may seek one at that time.