**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE GEORGE HASH, | No. C 08-3729 MMC (PR) |
| Plaintiff, | **ORDER RE: UNOPPOSED MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| CHARLES LEE, et al., | |
| Defendants. | |

    On August 4, 2008, plaintiff, a California prisoner then incarcerated at the Correctional Training Facility at Soledad and proceeding pro se, filed the above-titled civil rights action.[1] On September 23, 2013, defendants filed a combined motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 and an unenumerated Rule 12(b) motion to dismiss plaintiff's claims as unexhausted. Plaintiff thereafter sought and received three separate extensions of time to file his opposition. Pursuant to the third, and most recent, order extending time, plaintiff's opposition was due on or before March 24, 2014.

    On March 31, 2014, however, the Clerk of Court received a letter from plaintiff inquiring whether the Clerk had received plaintiff's opposition. The letter is an unsworn statement, and plaintiff does not indicate when he purportedly sent the opposition.

    Plaintiff has now had over six months to prepare his opposition and, to date, plaintiff's opposition has <u>not</u> been received. Plaintiff is hereby advised that if his opposition is not

---

[1] Plaintiff currently is incarcerated at San Quentin State Prison.

received by **April 30, 2014**, the Court will deem defendants' motion unopposed and will proceed to rule on it.

In light of the Ninth Circuit's recent opinion in Albino v. Baca, No. 10-55702, slip op. 1, 4 (9th Cir. Apr. 3, 2014) (en banc), the parties are advised that the Court will treat defendants' unenumerated Rule 12(b) motion to dismiss as a motion for summary judgment pursuant to Rule 56.  Plaintiff is further advised that the Rand notice previously provided to plaintiff, instructing him on what he must do to oppose a motion for summary judgment (see Dkt. No. 157), applies to defendants' arguments regarding failure to exhaust as well as to the other issues raised in defendants' pending dispositive motion.  The Court repeats the information herein for plaintiff's information in connection with said motion.

### NOTICE — WARNING (SUMMARY JUDGMENT)

The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

IT IS SO ORDERED.

DATED: April 9, 2014

MAXINE M. CHESNEY
United States District Judge

2